Ursula Lalovic, CSB #215551
UrsulaLalovic@MarkowitzHerbold.com
Joseph M. Levy, CSB #329318
JosephLevy@MarkowitzHerbold.com
MARKOWITZ HERBOLD PC
1455 SW Broadway, Suite 1900
Portland, OR 97201
Telephone: (503) 295-3085
Facsimile: (503) 323-9105

Aaron J. Moss, CSB #190625
Aaron.Moss@MSK.com
Joshua M. Geller, CSB #295412
Josh.Geller@MSK.com
MITCHELL SILBERBERG & KNUPP LLP
2049 Century Park East, 18th Floor
Los Angeles, CA 90067
Telephone: (310) 312-2000
Facsimile: (310) 312-3100
*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| SPYDER GAMES LLC, a Louisiana limited liability company; and SPEEDY SIMULATOR GAMING, LLC, a Wyoming limited liability company, <br><br> Plaintiffs, <br><br> v. <br><br> MEMENTUM LAB, a French company, <br><br> Defendant. | Case No. 5:25-cv-10248-NW <br><br> **CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER** <br><br> Judge:   Noël Wise |

Defendant resides in Paris, France.  Plaintiffs have commenced service pursuant to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents, but defendant has not yet been served.  Accordingly, this Case Management Statement is submitted by plaintiffs

only.  **Plaintiffs respectfully request that the case management conference currently set for February 24, 2026 be continued until after defendant has been served**.

1. **Jurisdiction & Service**

This action was filed on November 26, 2025.  On or about December 2, 2025, plaintiffs' counsel engaged Divergent Language Solutions to translate the service packet into French.  The translated service materials were received on or about December 17, 2025.  On January 7, 2026, plaintiffs' counsel identified an additional court document requiring translation, which was received in translated form on or about January 9, 2026.

On January 27, 2026, plaintiffs transmitted a request for service via FedEx to France's Central Authority under the Hague Convention, Ministère de la Justice, Direction des Affaires Civiles et du Sceau, Département de l'entraide, du droit international privé et européen (DEDIPE), including all required documents in both English and French.

Because defendant is located abroad, the 90-day service deadline under Federal Rule of Civil Procedure 4(m) does not apply.  Fed. R. Civ. P. 4(m) ("This subdivision (m) does not apply to service in a foreign country under Rule 4(f) . . . .").

The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1338(a) (original jurisdiction of copyright claims).  The Court has personal jurisdiction over defendant pursuant to Federal Rule of Civil Procedure 4(k)(2) because plaintiffs' claims arise under federal law, defendant is not subject to the personal jurisdiction of any state court of general jurisdiction, and the exercise of jurisdiction is consistent with due process.

2. **Facts**

Plaintiffs own and operate the video game *Steal a Brainrot* (the "Game"), which is distributed and played on Roblox.  Roblox is an online platform that allows users to play games created by other users and video game studios.  In approximately six months, the Game has amassed billions of player visits, making it one of the most popular titles in Roblox history.

The Game is structured as a treasure hunt experience set in a world inhabited by characters known as "brainrots."  During gameplay, the brainrots proceed in a slow, continuous line along a

MARKOWITZ HERBOLD PC
1455 SW Broadway, Suite 1900
Portland, Oregon 97201
Tel (503) 295-3085 • Fax (503) 323-9105

1 red carpet that runs through the center of the arena. Players capture the brainrots and transport
2 them to designated bases (small holding areas located at the arena's perimeter), in order to earn
3 virtual currency.

4       The brainrots appearing in the Game were created by plaintiffs, but they are inspired by
5 humorous internet meme figures that were created using artificial intelligence programs.

6       Defendant has asserted that it owns intellectual property rights in certain brainrots
7 appearing in the Game and has accused plaintiffs of infringement. Defendant has demanded that
8 plaintiffs cease use of the brainrots and pay monetary damages.

**3. Legal Issues**

10       Whether defendant owns any valid, enforceable copyrights in the brainrots at issue,
11 including because, on information and belief, the underlying brainrot characters were generated
12 using artificial intelligence tools without the requisite human authorship, and therefore do not
13 qualify for copyright protection under the Copyright Act. *See Thaler v. Perlmutter*, 130 F.4th
14 1039, 1046 (D.C. Cir. 2025).

**4. Motions**

16       No motions have been filed.

**5. Amendment of Pleadings**

18       Because the complaint has not yet been served, plaintiffs cannot presently advise whether
19 additional parties or claims may be added, or proposed deadline for amendments

**6. Evidence Preservation**

21       Plaintiffs have reviewed the Court's ESI guidelines. The parties have not yet conferred
22 because defendant has not been served.

**7. Disclosures**

24       The parties have not made disclosures because defendant has not yet been served.

**8. Discovery**

26       The parties have not taken any discovery because defendant has not yet been served.
27 Plaintiffs do not anticipate seeking modification of the discovery rules. Plaintiffs are open to a
28 stipulated e-discovery order or discovery plan after defendant has been served.

MARKOWITZ HERBOLD PC
1455 SW Broadway, Suite 1900
Portland, Oregon 97201
Tel (503) 295-3085 • Fax (503) 323-9105

**9.   Class Actions**

Not applicable.

**10.  Related Cases**

Not applicable.

**11.  Relief**

Plaintiffs seek a declaration that:

(1)   The brainrots at issue are not subject to copyright protection because they were generated using artificial intelligence tools and lack the human authorship required under the Copyright Act; and/or otherwise fail to meet the threshold for copyright protection.

(2)   Defendant does not own or control any valid or enforceable copyright rights in the brainrots;

(3)   Plaintiffs' use, reproduction, distribution, display, or inclusion of the brainrots does not infringe any copyright rights of defendant; and

(4)   Defendant is not entitled to damages, injunctive relief, or any other remedy arising from plaintiffs' use of the brainrots.

**12.  Settlement and ADR**

Plaintiffs cannot advise regarding settlement or ADR because defendant has not yet been served.

**13.  Other References**

Plaintiffs do not believe the case is suitable for arbitration, a special master, or multidistrict litigation.

**14.  Narrowing of Issues**

Plaintiffs cannot advise regarding narrowing the issues because defendant has not yet been served.

**15.  Expedited Trial Procedure**

Plaintiffs cannot advise regarding expedited trial procedures because defendant has not yet been served.

MARKOWITZ HERBOLD PC
1455 SW Broadway, Suite 1900
Portland, Oregon 97201
Tel (503) 295-3085 • Fax (503) 323-9105

**16.    Scheduling**

Plaintiffs cannot provide proposed dates because defendant has not yet been served.

**17.    Trial**

The case will be tried to a jury.  Plaintiffs estimate a trial length of approximately 3-5 days.

**18.    Disclosure of Non-party Interested Entities or Persons**

Plaintiffs have filed a certification of interested entities or persons.

Pursuant to Civil L.R. 3-15(b)(1), plaintiffs are not aware of any conflict, financial or otherwise, that the presiding judge may have with the parties to the litigation.  Pursuant to Civil L.R. 3-15, the following listed persons, associations of persons, firms, partnerships, corporations (including, but not limited to, parent corporations), or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a nonfinancial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding: Sam Brakta, John Cannata, Mobile Game Advertising & More, Inc., and Michael Duffy.

**19.    Professional Conduct**

Plaintiffs' counsel has reviewed the applicable Guidelines of Professional Conduct.

**20.    Other**

Plaintiffs respectfully request that the Court continue the case management conference until after defendant has been served.

DATED:  January 30, 2026.        MARKOWITZ HERBOLD PC

/s/ Joseph M. Levy
Ursula Lalovic, CSB #215551
UrsulaLalovic@MarkowitzHerbold.com
Joseph M. Levy, CSB #329318
JosephLevy@MarkowitzHerbold.com

MITCHELL SILBERBERG & KNUPP LLP
Aaron J. Moss, CSB #190625
Aaron.Moss@MSK.com
Joshua M. Geller, CSB #295412
Josh.Geller@MSK.com
*Attorneys for Plaintiffs*

**CASE MANAGEMENT ORDER**

The above CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER is approved. The case management conference currently set for February 24, 2026 is continued until further order of the Court.

IT IS SO ORDERED.

Dated:

_____
UNITED STATES JUDGE NOËL WISE

2407810