GREGG A. MARTIN (SBN 135685)
GMartin@ggfirm.com
STEVEN A. STEIN (SBN 287401)
SStein@ggfirm.com
ANDREW P. LUX (SBN 345915)
ALux@ggfirm.com
GREENBERG GLUSKER FIELDS CLAMAN &
MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California  90067
Telephone:    310-553-3610
Facsimile:    310-553-0687

Attorneys for Defendant and Counterclaimant MEMENTUM
LAB SAS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SPYDER GAMES LLC, a Louisiana limited liability company; and SPEEDY SIMULATOR GAMING, LLC, a Wyoming limited liability company, <br><br> Plaintiffs and Counter-Defendants, <br><br> v. <br><br> MEMENTUM LAB SAS, a French company, <br><br> Defendant and Counterclaimant. | Case No. 5:25-cv-10248-NW <br><br> **DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' CLAIMS FOR LACK OF SUBJECT MATTER JURISDICTION UNDER FEDERAL RULES 12(B)(1) AND 12(H)(3)** <br><br> Hon. Noël Wise <br><br> Date: September 16, 2026 <br> Time: 9:00 a.m. <br> Courtroom: 3 <br><br> [*Filed concurrently with Declarations of Steven A. Stein and Matthieu Quiniou; and [Proposed] Order*] |

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California  90067

**TO PLAINTIFFS AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on September 16, 2026 at 9:00 a.m. or as soon thereafter as the matter may be heard in Courtroom 3 of the above-entitled Court, located at Robert F. Peckham Federal Building, 280 South 1st Street, 5th Floor, San Jose, California 95113, Defendant and Counterclaimant Mementum Lab SAS ("Mementum") will, and hereby does, move the Court for an order dismissing the Complaint of Plaintiffs and Counter-Defendants Spyder Games LLC and Speedy Simulator Gaming, LLC (collectively, "Plaintiffs") for lack of subject matter jurisdiction.

This motion is made under Rules 12(b)(1) and 12(h)(3) of the Federal Rules of Civil Procedure on the ground that the Court lacks subject matter jurisdiction over Plaintiffs' sole claim for declaratory relief. Mementum is the exclusive rightsholder to certain popular "brainrot" characters. Plaintiffs used these characters in their *Steal a Brainrot* video game (the "Game") without Mementum's consent. Based on language Plaintiffs take out of context from a cease-and-desist letter that Mementum sent, Plaintiffs seek a declaration that Mementum does not have a copyright in these characters under the Copyright Act. After Mementum was able to get its iconic character Tung Tung Sahur removed from Plaintiffs' Game by submitting a takedown request under the European Union's Digital Services Act, Mementum issued an unconditional and irrevocable covenant not to sue Plaintiffs or related parties for copyright infringement under United States law based on Plaintiffs' use of Tung Tung Sahur and the other characters at issue in their Game and not to submit any takedown request under the Digital Millennium Copyright Act as to Plaintiffs' use of those characters in their Game. This covenant moots Plaintiffs' declaratory relief claim, eliminating any actual case or controversy between the parties and divesting this Court of subject matter jurisdiction under Article III of the United States Constitution.

///

///

///

///

///

56669-00002/8066773.4

MOTION TO DISMISS PLAINTIFFS' CLAIMS FOR
LACK OF SUBJECT MATTER JURISDICTION
5:25-CV-10248-NW

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

This motion is based upon this Notice of Motion and Motion, the Memorandum of Points and Authorities, the concurrently filed Declarations of Steven A. Stein and Matthieu Quiniou and related exhibits, the pleadings and records on file in this action, and such other and further argument and evidence as may be presented at or before the hearing on this Motion.

DATED:  June 10, 2026

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP

By: _____
STEVEN A. STEIN (SBN 287401)
Attorneys for Defendant and
Counterclaimant MEMENTUM LAB SAS

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California  90067

56669-00002/8066773.4

3

MOTION TO DISMISS PLAINTIFFS' CLAIMS FOR LACK OF SUBJECT MATTER JURISDICTION
5:25-CV-10248-NW

**TABLE OF CONTENTS**

|  |  | Page |
|---|---|---|
| I. | INTRODUCTION | 7 |
| II. | SUMMARY OF RELEVANT FACTS | 8 |
| | A. Mementum Owns the Exclusive Rights to Tung Tung Sahur and Other Popular "Brainrot" Characters that Plaintiffs Use in Their Video Game Without Mementum's Consent | 8 |
| | B. In Response to a Cease-and-Desist Letter from Mementum, Plaintiffs Remove Tung Tung Sahur from Their Game, and Negotiate with Mementum to License Tung Tung Sahur and Other Brainrot Characters | 9 |
| | C. When the Parties' Licensing Negotiations Hit a Stalemate, Plaintiffs File this Lawsuit Seeking Declaratory Relief as to the Copyrightability of These Characters Under the Copyright Act and Put Tung Tung Sahur Back in Their Game Without Mementum's Consent | 9 |
| | D. Mementum Obtains the Removal of Tung Tung Sahur from Plaintiffs' Game under European Law, and Covenants Not to Sue Plaintiffs for their Use of the Characters at Issue in the Game Under the Copyright Act | 10 |
| III. | LEGAL STANDARD | 12 |
| IV. | ARGUMENT | 13 |
| | A. Mementum's Covenant Extinguishes Any Alleged Case or Controversy, Mooting Plaintiffs' Sole Claim for Declaratory Relief, and Requiring the Dismissal of Plaintiffs' Complaint for Lack of Subject Matter Jurisdiction | 13 |
| V. | CONCLUSION | 18 |

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

**TABLE OF AUTHORITIES**

**Page**

**CASES**

*Already, LLC v. Nike, Inc.*,
    568 U.S. 85 (2013) .................................................................................................... passim

*Alvarez v. Smith*,
    558 U.S. 87 (2009) ..................................................................................................... 13

*BuzzBallz, LLC v. MPL Brands NV, Inc.*,
    2025 WL 2052301 (N.D. Cal. July 22, 2025) .............................................................. 14

*Calderon v. Ashmus*,
    523 U.S. 740 (1998) ..................................................................................................... 12

*Cardinal Chem. Co. v. Morton Int'l, Inc.*,
    508 U.S. 83 (1993) ....................................................................................................... 12

*DaimlerChrysler Corp. v. Cuno*,
    547 U.S. 332 (2006) ..................................................................................................... 12

*Dow Jones & Co. v. Ablaise Ltd.*,
    606 F.3d 1338 (Fed. Cir. 2010) .................................................................................... 13

*Expensify, Inc. v. White*,
    2019 WL 5295064 (N.D. Cal. Oct. 18, 2019) ............................................................. 14

*Fulton v. Genea Energy Partners*,
    2014 WL 12597588 (C.D. Cal. Feb. 25, 2014) ........................................................... 13

*Kindred Studio Illustration & Design, LLC v. Elec. Commc'n Tech., LLC*,
    2018 WL 6985317 (C.D. Cal. Dec. 3, 2018) ............................................................... 15

*Lauren Moshi, LLC v. Fuentes*,
    2019 WL 8690213 (C.D. Cal. June 25, 2019) ............................................................. 14

*Peary v. DC Comics, Inc.*,
    2025 WL 1224219 (S.D.N.Y., Apr. 24, 2025) .............................................................. 17

*Robert Stigwood Grp. Ltd. v. O'Reilly*,
    530 F.2d 1096 (2d Cir. 1976) ....................................................................................... 17

*Rokit Sponsorships, Inc. v. Skoti Collins Prods., Inc.*,
    2022 WL 3131842 (C.D. Cal., June 24, 2022) ............................................................ 16

*Steel Co. v. Citizens for a Better Env't*,
    523 U.S. 83 (1998) ....................................................................................................... 12

*Subafilms, Ltd. v. MGM-Pathe Commc'ns Co.*,
    24 F.3d 1088 (9th Cir. 1994) ........................................................................................ 17

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

## TABLE OF AUTHORITIES
(continued)

Page

*Susan B. Anthony List v. Driehaus*,
  573 U.S. 149 (2014) ................................................................................................ 12

*Velvet Underground v. Andy Warhol Foundation for the Visual Arts, Inc.*,
  890 F. Supp. 2d 398, 402-03 (S.D.N.Y. 2012) ................................................ passim

*Veoh Networks, Inc. v. UMG Recordings, Inc.*,
  522 F. Supp. 2d 1265 (S.D. Cal. 2007) ................................................................ 17

**STATUTES**

28 U.S.C. § 2201(a) ................................................................................................... 12

**OTHER AUTHORITIES**

Fed. R. Civ. P. 12(b)(1) ................................................................................... 13, 14, 18

Fed. R. Civ. P. 12(h)(3) .......................................................................................... 13, 18

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.     INTRODUCTION**

The Court should dismiss Plaintiffs' Complaint for lack of subject matter jurisdiction because Plaintiffs' sole claim for declaratory relief is moot.

Plaintiffs Spyder Games LLC and Speedy Simulator Gaming, LLC filed their declaratory relief claim for tactical reasons, not because there was an actual controversy for this Court to resolve. Defendant Mementum Lab SAS is a French company that holds the exclusive rights to Tung Tung Sahur and other "brainrot" characters—surrealist and absurd characters that have become part of the fabric of online culture. Plaintiffs own the popular video game *Steal a Brainrot* and used Mementum's iconic character Tung Tung Sahur in their game without Mementum's consent. In September 2025, Mementum sent Plaintiffs a cease-and-desist letter asserting rights in Tung Tung Sahur under French and international law. Plaintiffs entered negotiations to license Tung Tung Sahur and other brainrot characters from Mementum and removed Tung Tung Sahur from their game for four months. When Plaintiffs were unable to obtain the licensing terms they wanted, they filed this lawsuit seeking a declaration that Tung Tung Sahur and other of Mementum's brainrot characters that Plaintiffs used in their game without Mementum's consent are not copyrightable under the Copyright Act and put Tung Tung Sahur back in their game without Mementum's consent. Based on language they took out of context from Mementum's cease-and-desist letter, Plaintiffs alleged that there was an actual controversy under the Copyright Act because Mementum purportedly had threatened to sue them for copyright infringement in the United States and submit a takedown request under the Digital Millennium Copyright Act.

Plaintiffs' strategy to manufacture a declaratory relief claim for leverage has backfired. After Plaintiffs filed their Complaint and put Tung Tung Sahur back in their game, Mementum submitted a takedown request under the European Union's Digital Services Act to Roblox (the platform that hosts the game), asserting that Mementum had a registered trademark in Tung Tung Sahur's name and image in France and that Plaintiffs were infringing by using the character in

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

their game.[1] Roblox responded that "the content identified in [Mementum's] trademark claim"—the name and image of Tung Tung Sahur—"has been removed."

Having obtained the removal of Tung Tung Sahur from Plaintiffs' game and facing a deeper pocketed adversary in a lawsuit in a foreign country, Mementum decided to pull the plug on Plaintiffs' complaint. Mementum covenanted not to engage in conduct that it had never threatened or intended to engage in, "unconditionally and irrevocably" covenanting not to sue Plaintiffs for copyright infringement in the United States for using the characters at issue in their game or to submit a DMCA takedown request on that basis. The case law is clear—such covenants moot declaratory relief claims like Plaintiffs', divesting courts of subject matter jurisdiction. Unfortunately, Plaintiffs have refused to dismiss their Complaint, forcing Mementum to file this motion.

Based on Plaintiffs' allegations, Mementum's covenant and settled case law, the Court should grant this motion and dismiss Plaintiffs' Complaint for lack of subject matter jurisdiction.

## II.   SUMMARY OF RELEVANT FACTS

### A.   Mementum Owns the Exclusive Rights to Tung Tung Sahur and Other Popular "Brainrot" Characters that Plaintiffs Use in Their Video Game Without Mementum's Consent

"Brainrot" characters are a genre of absurd, surrealist characters born from content creators that became wildly popular with Gen Alpha starting in early 2025. Declaration of Matthieu Quiniou ("Quiniou Decl."), ¶ 3. Drawing on inspiration from memes, politics and culture, individual content creators invented a universe of such characters, typically by combining objects, animals and human features. *Id*. Many of the characters have extensive backstories and interact with other brainrot characters. *Id*.

Mementum is a French startup that is the exclusive representative of the creators of the most popular brainrot characters in the world, including the iconic character Tung Tung Sahur, and has acquired the exclusive rights to those characters. Declaration of Matthieu Quiniou ("Quiniou Decl."), ¶¶ 2, 4. Mementum owns a registered trademark in the name and image of

---

[1] Mementum is asserting Counterclaims against Plaintiffs on this basis.

56669-00002/8066773.4

MOTION TO DISMISS PLAINTIFFS' CLAIMS FOR LACK OF SUBJECT MATTER JURISDICTION
5:25-CV-10248-NW

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

Tung Tung Sahur in France. *Id.*, ¶ 4; *see id.*, ¶ 7, Ex. 2. As a startup with limited resources, Mementum has focused to date on enforcing its rights in its characters in Europe. *Id.*, ¶ 5.

Plaintiffs own one of the most popular games in the world, *Steal a Brainrot* (the "Game"), which is hosted on the platform Roblox. *Id.*, ¶ 6; ECF No. 1 (Plaintiffs' Complaint), ¶¶ 1, 2, 17. Plaintiffs used the Tung Tung Sahur character in their Game without Mementum's consent, generating substantial revenue through in-game advertising and the sale of the character. Quiniou Decl., ¶ 6; ECF No. 1 (Plaintiffs' Complaint), ¶¶ 1, 18.

**B.    In Response to a Cease-and-Desist Letter from Mementum, Plaintiffs Remove Tung Tung Sahur from Their Game, and Negotiate with Mementum to License Tung Tung Sahur and Other Brainrot Characters**

On September 3, 2025, Mementum's French counsel sent Plaintiffs a cease-and-desist letter requesting that they remove Tung Tung Sahur from their Game, writing that "*Tung Tung Sahur* is a protected intellectual property asset, combining copyright, trademark, and unfair competition protections under French and international law." Quiniou Decl., Ex. 1. Mementum wrote that it was "open to exploring an amicable resolution," including compensation for Plaintiffs' past unauthorized use of the character and the negotiation of a license. *Id.*

After receiving the cease-and-desist letter, Plaintiffs removed the Tung Tung Sahur character from the Game and entered negotiations to license Tung Tung Sahur and other brainrot characters from Mementum. *Id.*, ¶ 7. The parties were unable to reach an agreement as to the scope of the license. *Id.*

**C.    When the Parties' Licensing Negotiations Hit a Stalemate, Plaintiffs File this Lawsuit Seeking Declaratory Relief as to the Copyrightability of These Characters Under the Copyright Act and Put Tung Tung Sahur Back in Their Game Without Mementum's Consent**

When the parties' licensing negotiations hit a stalemate, Plaintiffs filed this lawsuit and put Tung Tung Sahur back into the Game without permission. *Id.*

Plaintiffs' Complaint alleges a single claim for declaratory relief, seeking a declaration that Mementum does not own or control any valid or enforceable copyright under the United

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California  90067

MOTION TO DISMISS PLAINTIFFS' CLAIMS FOR
LACK OF SUBJECT MATTER JURISDICTION
5:25-CV-10248-NW

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

States Copyright Act in the characters identified in Exhibit 1 to the Complaint and that Plaintiffs' use of those characters does not infringe any copyright under the United States Copyright Act. ECF No. 1 (Plaintiffs' Complaint), ¶¶ 1, 13, 18, 24, 25. Plaintiffs allege that an actual controversy exists because Mementum "has asserted that it owns copyrights in certain 'brainrots' appearing in the Game and have claimed that plaintiffs' use of those brainrots infringes its purported copyrights," Mementum "has further demanded that plaintiffs cease use of the brainrots and pay monetary damages," and Plaintiffs "deny that defendant possess any valid, enforceable copyrights in the brainrots, including because, on information and belief, the brainrots were generated by artificial intelligence without human authorship, and do not qualify for copyright protection under the Copyright Act." *Id.*, ¶¶ 24-25. The only facts that Plaintiffs allege supporting their claim that there is an actual controversy for the Court to resolve is that Mementum sent Plaintiffs a cease-and-desist letter in which Mementum "claimed that the TikTok creator known as 'Noxa' created the brainrot character" Tung Tung Sahur, "assigned all of his intellectual property rights" in Tung Tung Sahur to Mementum, and Mementum "claimed that plaintiffs' use of Tung Tung in the Game violated its intellectual property rights, and it threatened to DMCA the Game and sue plaintiffs for copyright infringement." *Id.*, ¶ 20.

On April 24, 2026, Mementum filed its Answer, Affirmative Defenses and Counterclaims, asserting trademark infringement and unfair competition counterclaims, and alleging in its First Affirmative Defense that Plaintiffs' declaratory relief claim was not ripe because Mementum is a French company primarily represented by French counsel that had focused to date on enforcing its intellectual property rights under European law, and had sent Plaintiffs a cease-and-desist letter in which it asserted rights under French and international law. ECF No. 18 (Mementum's Answer, Affirmative Defenses, and Counterclaims), ¶¶ 30-31.

### D.   Mementum Obtains the Removal of Tung Tung Sahur from Plaintiffs' Game under European Law, and Covenants Not to Sue Plaintiffs for their Use of the Characters at Issue in the Game Under the Copyright Act

On April 8, 2026, Mementum's French counsel submitted a takedown request under the European Union's Digital Services Act ("DSA") to Roblox in Europe as to certain brainrot

characters for which Mementum is the exclusive rights holder that Plaintiffs used without permission in their Game. Quiniou Decl., ¶ 8, Ex. 2. As part of its request, Mementum asserted that the Game infringed its registered trademark in the name and image of Tung Tung Sahur in France. *Id*. On May 1, 2026, Roblox informed Mementum that, pursuant to its takedown request under the DSA, the "content identified in your trademark claim"—the name and image of Tung Tung Sahur—"has been removed" from the Game. *Id*., ¶ 9, Ex. 3.

With Tung Tung Sahur now removed from the Game, Mementum executed and sent Plaintiffs a Covenant Not to Sue effective May 21, 2026 in which it "unconditionally and irrevocably" covenanted not to sue Plaintiffs or any related individuals or entities under United States copyright law for their use of the characters at issue in the Game (as identified in Exhibit 1 to Plaintiffs' Complaint) or to submit a takedown request under the Digital Millennium Copyright Act based on copyright infringement of the characters under United States copyright law (the "Covenant"). Declaration of Steven A. Stein ("Stein Decl."), Ex. 1 at Ex. C.[2] Mementum otherwise preserved its rights not subject to the Covenant, including its ability to pursue trademark infringement claims against Plaintiffs concerning the characters at issue in the United States and abroad, its copyright infringement claims against Plaintiffs concerning these characters other than under United States copyright law, its ability to submit a takedown notice under the DSA as to these characters, and its full scope of rights in the United States and abroad as to its other characters. *See id*.

---

[2] Mementum's Covenant states in relevant part that Mementum, for and on behalf of itself and related parties (including anyone claiming to be in privity in contract with Mementum), "unconditionally and irrevocably covenants" to (a) "refrain from making any claim(s) or demand(s), or from commencing, causing, or permitting to be prosecuted any action in law or equity" against Plaintiffs and Plaintiffs' related parties (including any anyone claiming to be in privity in contract with Plaintiffs) "for infringement of any statutory or common law copyright in the brainrot characters identified in" Exhibit 1 to Plaintiffs' Complaint (defined as the "Characters") "under the copyright law of the United States, regardless of whether said Claim for copyright infringement accrues before, on, or after the Effective Date and regardless of whether said Claim arises from the [Plaintiffs'] or any other Covered Party's past, current, or substantially similar future use of the Characters in the Game as identified in the Complaint," and (b) "refrain from making any claim(s) or demand(s), or from submitting, causing to be submitted, or permitting to be submitted any takedown notice under the Digital Millennium Copyright Act or any other law of the United States based on copyright infringement of the Characters under United States law." Stein Decl., Ex. 1 at Ex. C.

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

In light of the Covenant, Mementum requested that Plaintiffs dismiss their Complaint for lack of subject matter jurisdiction, explaining that there was no longer an actual controversy for this Court to resolve under governing case law. *Id*, Ex. 1. The parties met and conferred (*id.*, ¶¶ 3-6, Exs. 2-5), and Plaintiffs refused to dismiss their Complaint for lack of subject matter jurisdiction because Plaintiffs' "prayer for relief seeks a declaration that Mementum has no enforceable copyright in the Characters and that Plaintiffs' use of the Characters does not infringe," but wrote that they would nonetheless seek leave to amend their Complaint to ask this Court to declare that (a) "under French copyright law" that Mementum (a French company) does not have a copyright in the characters at issue, and (b) Plaintiffs' use of Mementum's characters "across other games, derivative works, marketing materials, and merchandise" is not infringing (a claim that Mementum has not asserted or raised the prospect of asserting). *Id.*, Ex. 5.

## III.   **LEGAL STANDARD**

Article III of the Constitution grants federal courts authority to adjudicate "Cases" and "Controversies." A court may issue a declaratory judgment only "in a case of actual controversy within its jurisdiction." 28 U.S.C. § 2201(a). Courts have "no business" deciding legal disputes in the absence of such a case or controversy. *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 341 (2006). A party seeking a declaratory judgment bears the burden of establishing the existence of an actual case or controversy. *Cardinal Chem. Co. v. Morton Int'l, Inc.*, 508 U.S. 83, 95 (1993).

To establish a case or controversy, the plaintiff must show (1) an injury in fact, (2) a sufficient causal connection between the injury and the conduct complained of, and (3) a likelihood that the injury will be redressed by a favorable decision. *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 157–58 (2014). The controversy must be "definite and concrete," "real and substantial," and of "sufficient immediacy and reality" between parties with adverse legal interests. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 101 (1998). These requirements serve to prevent courts from issuing advisory opinions. *See Calderon v. Ashmus*, 523 U.S. 740, 746–47 (1998).

A justiciable controversy must exist "not only at the time the complaint is filed, but through all stages of the litigation." *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 90–91 (2013). A case

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

becomes moot—and ceases to be a case or controversy under Article III—"when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Id.* at 91. Even where the parties continue to dispute the lawfulness of the conduct that gave rise to the action, the matter is no longer justiciable if that dispute "is no longer embedded in any actual controversy about the plaintiffs' particular legal rights." *Alvarez v. Smith*, 558 U.S. 87, 93 (2009).

A party that has covenanted not to engage in the conduct allegedly giving rise to a declaratory relief claim may move to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) at any time. Fed. R. Civ. P. 12(b)(1), 12(h)(3).

## IV.    ARGUMENT

### A.    **Mementum's Covenant Extinguishes Any Alleged Case or Controversy, Mooting Plaintiffs' Sole Claim for Declaratory Relief, and Requiring the Dismissal of Plaintiffs' Complaint for Lack of Subject Matter Jurisdiction**

When a declaratory relief plaintiff seeks a declaration that an asserted right is invalid or unenforceable in intellectual property cases, and the declaratory relief defendant provides a covenant not to sue for infringement of that right, the covenant "extinguishes any current or future case or controversy between the parties, and divests the district court of subject matter jurisdiction." *Dow Jones & Co. v. Ablaise Ltd.*, 606 F.3d 1338, 1348 (Fed. Cir. 2010) (where declaratory relief defendant avowed in his covenant that he would not sue declaratory relief plaintiff for any acts of infringement, defendant extinguished any case or controversy between the parties, and "no amount of 'prudential reasons' or perceived increases in efficiency, however sound, can empower a federal court to hear a case where there is no extant case or controversy"); *see Fulton v. Genea Energy Partners*, 2014 WL 12597588, at *2 (C.D. Cal. Feb. 25, 2014) ("A covenant not to sue can deprive the Court of subject matter jurisdiction[.]").

In *Velvet Underground v. Andy Warhol Foundation for the Visual Arts, Inc.*, the Warhol Foundation claimed a copyright in a banana design, and after suit was filed seeking a declaration that the Warhol Foundation held no such copyright, executed a covenant in which it "unconditionally and irrevocably" agreed not to sue the plaintiff for copyright infringement based on its use of the design. 890 F. Supp. 2d 398, 402-03 (S.D.N.Y. 2012). The court granted the

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

Warhol Foundation's Rule 12(b)(1) motion, holding that the covenant "divests this Court of declaratory judgment jurisdiction over [plaintiff's] claim that the Warhol Foundation holds no copyright" in the design. Id. at 404.[3]

In Already, Nike sued Already for trademark infringement, Already counterclaimed challenging the validity of Nike's mark, and Nike issued four months after Already countersued a broad covenant not to sue and moved to dismiss the counterclaim. 568 U.S. at 88–89.[4] The Supreme Court unanimously held that the covenant—which prohibited Nike not just from filing suit but from making any claim or demand—made clear that the case was moot. Id. at 93, 102.

Relying on Velvet Underground and Already, California federal courts have applied these principles to dismiss infringement-related declaratory relief claims as moot based on covenants not to sue. See, e.g., BuzzBallz, LLC v. MPL Brands NV, Inc., 2025 WL 2052301, at *2–3 (N.D. Cal. July 22, 2025) (relying on Already to find that the covenant at issue mooted defendant's declaratory judgment counterclaims for infringement); Expensify, Inc. v. White, 2019 WL 5295064, at *5–6 (N.D. Cal. Oct. 18, 2019) (comparing the covenant at issue with the one in Already and finding the action moot because "there is no cognizable distinction" between the covenant at issue and the one in Already); Lauren Moshi, LLC v. Fuentes, 2019 WL 8690213, at *4 (C.D. Cal. June 25, 2019) (observing that "[i]n intellectual property actions involving requests

---

[3] The Warhol Foundation's covenant stated in relevant part that the Warhol Foundation "unconditionally and irrevocably" agreed to "refrain from making any claim(s) or demand(s), or from commencing, causing, or permitting to be prosecuted any action in law or equity" against Velvet Underground and related entities "for infringement of any statutory or common law copyright in the Banana Design under the current, former, or any future copyright law of the United States—regardless of whether said Claim for copyright infringement accrues before, on, or after the Effective Date and regardless of whether said Claim arises from [Velvet Underground's] or any other Cover[ed] Party's past, current or future conduct." Velvet Underground, 890 F. Supp. 2d at 403; see Stein Decl., Ex. 1 at Ex. A (attaching copy of Warhol Foundation's covenant).

[4] Nike's covenant stated in relevant part in its preamble that "Already's actions . . . no longer infringe or dilute the NIKE Mark at a level sufficient to warrant the substantial time and expense of continued litigation," and promised that Nike would not raise against Already or any affiliated entity any trademark or unfair competition claim based on any of Already's existing footwear designs, or any future Already designs that constituted a "colorable imitation" of Already's current products. Already, 568 U.S. at 88; see Stein Decl., Ex. 1 at Ex. B (attaching copy of Nike's covenant).

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

for judicial declarations of infringement or noninfringement, a defendant's covenant not to sue the plaintiff to enforce a certain intellectual property right can put an end to the controversy," and finding that the covenant at issue mooted plaintiff's copyright declaratory relief claim) (internal quotation marks omitted); *Kindred Studio Illustration & Design, LLC v. Elec. Commc'n Tech., LLC*, 2018 WL 6985317, at \*4–6 (C.D. Cal. Dec. 3, 2018) (finding that even though there were distinctions between the covenant at issue and the covenant in *Already*, the covenant at issue mooted plaintiff's infringement claim).

Like the covenants in *Velvet Underground*, *Already* and the above-referenced California federal district court cases, Mementum's Covenant extinguishes the alleged actual controversy purportedly giving rise to Plaintiffs' sole claim for declaratory relief.

Plaintiffs allege that there is an actual controversy as to whether the characters at issue that Plaintiffs used in their Game "qualify for copyright protection under the Copyright Act" because Mementum sent a cease-and-desist letter purportedly threatening to (1) "sue plaintiffs for copyright infringement" based on its claim that Plaintiffs' "use of Tung Tung in the Game" violated its intellectual property rights, and (2) "DMCA the Game" on the same basis. ECF No. 1 (Plaintiffs' Complaint), ¶¶ 20, 24.[5] Mementum's Covenant—which was based off of, and is at least as broad, as the covenants in *Velvet Underground* and *Already*—moots the two purported controversies giving rise to Plaintiffs' declaratory relief claim. As to the first purported controversy (that Mementum would sue Plaintiffs for copyright infringement under the Copyright Act for Plaintiffs' use of Tung Tung Sahur in the Game), Mementum has "unconditionally and irrevocably" covenanted that it will not do this as to all of the characters at issue in Plaintiffs' Complaint, or make any such claim or demand, regardless of when the claim accrues and regardless of whether it arises from past, current, or substantially similar future use of the characters in the Game. As to the second purported controversy (that Mementum would "DMCA the Game"), Mementum has "unconditionally and irrevocably" covenanted that it will not do this

---

[5] Plaintiffs' allegations mischaracterize Mementum's cease-and-desist letter, which reflects that Mementum was asserting rights under French and international law, not under the Copyright Act. *See* Quiniou Decl., Ex. 1 ("*Tung Tung Sahur* is a protected intellectual property asset, combining copyright, trademark, and unfair competition protections under French and international law.").

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

as to the characters at issue in Plaintiffs' Complaint. The Covenant is broad and applies not just to Plaintiffs but to parties with any conceivable legal connection to Plaintiffs.[6] The Covenant thus eliminates (and goes beyond) the alleged controversies that purportedly give rise to Plaintiffs' Complaint. This Court's analysis can start and stop there.

There is not, as Plaintiffs might argue, an actual controversy as to Plaintiffs' declaratory relief claim concerning the copyrightability of the characters at issue under the Copyright Act merely because Mementum maintains that it holds intellectual property rights in these characters (including trademarks and copyrights) and has preserved its ability to enforce such rights other than as prescribed in the Covenant. *See Velvet Underground,* 890 F. Supp. 2d at 405–06 ("an actual controversy cannot be based on the mere existence" of a defendant's claim to a copyright; absent a real and substantial prospect that the alleged copyright will impact the plaintiff's legal interests, the "mere assertion that it holds such rights does not support a declaratory judgment claim"); *id.* at 407 (the Declaratory Judgment Act "cannot be used to test the validity of an affirmative defense that a plaintiff anticipates the defendant will assert," and an anticipated defense "does not raise a separate and specific controversy of its own").[7]

There is also not, as Plaintiffs might argue, an actual controversy to resolve as to the rights that Mementum has preserved outside the United States based on the allegations in Plaintiffs' Complaint. Even if there were, it would not be proper for this Court (as opposed to a foreign court) to adjudicate the parties' rights under a different country's laws. *See, e.g., Rokit Sponsorships, Inc. v. Skoti Collins Prods., Inc.*, 2022 WL 3131842, at *2 (C.D. Cal., June 24,

---

[6] The Covenant applies to Plaintiffs, "any of [Plaintiffs'] partners, shareholders, managers, members, employees, or interest holders; any of parent, subsidiary, division, related or affiliated entity, sales agent, licensing agent, vendee, assign, independent contractor, distributor or person or entity claiming to be in privity of contract with [Plaintiffs] or any of [Plaintiffs'] partners, shareholders, managers, members, employees, or interest holders; and any predecessor, successor, manager, member, officer, director, employee, agent, distributor, independent contractor, partner, shareholder, interest holder, or assign of any of them (whether direct or indirect)." Stein Decl., Ex. 1 at Ex. C.

[7] Courts dismiss claims without prejudice when they are mooted by covenants not to sue (*see e.g., Velvet Underground*, 890 F. Supp. 2d at 411), and Plaintiffs can seek declaratory relief if and when there is an actual controversy to resolve.

MOTION TO DISMISS PLAINTIFFS' CLAIMS FOR LACK OF SUBJECT MATTER JURISDICTION
5:25-CV-10248-NW

2022) (recognizing that the Declaratory Judgment Act does not itself confer federal subject matter jurisdiction); *Veoh Networks, Inc. v. UMG Recordings, Inc.*, 522 F. Supp. 2d 1265, 1268 (S.D. Cal. 2007) (same); *Peary v. DC Comics, Inc.*, 2025 WL 1224219, at *5 (S.D.N.Y., Apr. 24, 2025) (holding that "foreign infringement claims" that "implicate several ancillary questions about the nature of [defendant's] copyrights under U.S. copyright law" do not pose a substantial federal question); *Robert Stigwood Grp. Ltd. v. O'Reilly*, 530 F.2d 1096, 1101 (2d Cir. 1976) ("Copyright laws do not have extraterritorial operation."); *Subafilms, Ltd. v. MGM-Pathe Commc'ns Co.*, 24 F.3d 1088, 1093 (9th Cir. 1994) (same).

Nor does any claim by Plaintiffs of actual or potential commercial or economic harm create an actual controversy. In *Velvet Underground*, the court rejected plaintiff's argument that a justiciable controversy existed because defendant's licensing of the work at issue would inflict "commercial injury" and "material adverse economic effect[s]," holding that declaratory relief is available only where there is a substantial controversy between parties with adverse *legal* interests, and that an "adverse economic interest" is "not a legally cognizable interest sufficient to confer declaratory judgment jurisdiction." 890 F. Supp. 2d at 408–09. The Supreme Court reached the same conclusion in *Already*, holding that plaintiff's concerns that defendant's retained intellectual property right would deter investment in plaintiff or "hang over" plaintiff's operations "like a Damoclean sword" did not suffice to support Article III standing after defendant issued a covenant making clear that the challenged conduct could not reasonably be expected to recur. 568 U.S. at 96–97.

Finally, if Plaintiffs try to go beyond the allegations in their Complaint to claim that there is an actual controversy to resolve, this would be improper. The existence of an actual controversy "must be evaluated on a claim-by-claim basis" based on what a declaratory relief plaintiff alleges. *Velvet Underground*, 890 F. Supp. 2d at 408. As noted above, because Plaintiffs' declaratory relief claim would be dismissed without prejudice, Plaintiffs retain their ability to assert a declaratory relief claim as to any actual controversies that have arisen or arise not alleged in their Complaint but cannot do so based on a complaint that does not contain such allegations.

To recap: While Mementum does not believe there ever was an actual controversy for this

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

Court to resolve, by covenanting not to engage in the alleged conduct purportedly creating an actual controversy for this Court to resolve, Mementum has mooted Plaintiffs' sole claim for declaratory relief and divested the Court of subject matter jurisdiction over Plaintiffs' Complaint.

## V.      CONCLUSION

For the above reasons, the Court should grant this motion and dismiss Plaintiffs' Complaint for lack of subject matter jurisdiction under Rules 12(b)(1) and 12(h)(3).

DATED:  June 10, 2026

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP

By: _____
STEVEN A. STEIN (SBN 287401)
Attorneys for Defendant and
Counterclaimant MEMENTUM LAB SAS

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

56669-00002/8066773.4

18

MOTION TO DISMISS PLAINTIFFS' CLAIMS FOR
LACK OF SUBJECT MATTER JURISDICTION
5:25-CV-10248-NW

GREGG A. MARTIN (SBN 135685)
GMartin@ggfirm.com
STEVEN A. STEIN (SBN 287401)
SStein@ggfirm.com
ANDREW P. LUX (SBN 345915)
ALux@ggfirm.com
GREENBERG GLUSKER FIELDS CLAMAN &
MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California  90067
Telephone:    310-553-3610
Facsimile:    310-553-0687

Attorneys for Defendant and Counterclaimant
MEMENTUM LAB SAS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SPYDER GAMES LLC, a Louisiana limited liability company; and SPEEDY SIMULATOR GAMING, LLC, a Wyoming limited liability company, | Case No. 5:25-cv-10248-NW |
| Plaintiffs and Counter-Defendants, | **[PROPOSED] ORDER GRANTING DEFENDANT AND COUNTERCLAIMANT'S MOTION TO DISMISS PLAINTIFFS' CLAIMS FOR LACK OF SUBJECT MATTER JURISDICTION UNDER FEDERAL RULES 12(B)(1) AND 12(H)(3)** |
| v. | |
| MEMENTUM LAB SAS, a French company, | Hon. Noël Wise |
| Defendant and Counterclaimant. | Date: September 16, 2026<br>Time: 9:00 a.m.<br>Courtroom: 3 |
| | [*Filed concurrently with Notice of Motion and Motion to Dismiss; Declarations of Steven A. Stein and Matthieu Quiniou*] |

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California  90067

## [PROPOSED] ORDER

Defendant and Counterclaimant Mementum Lab SAS' ("Mementum") Motion to Dismiss the Complaint filed by Plaintiffs and Counter-Defendants Spyder Games LLC and Speedy Simulator Gaming, LLC (collectively, "Plaintiffs") came on for hearing on September 16, 2026, in Courtroom 3 of the above-entitled Court, the Honorable Noël Wise presiding. Appearances were reflected on the record. The Court, having considered the motion and all supporting moving papers, the opposition papers, and the reply thereto, and the oral argument presented at the hearing, and for good cause appearing,

**IT IS HEREBY ORDERED THAT:**

1. Defendant and Counterclaimant's Motion to Dismiss is GRANTED.

2. The Complaint is dismissed with prejudice.

Honorable Noël Wise
United States District Court Judge

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

56669-00002/8088305.1

2

[PROPOSED] ORDER
5:25-CV-10248-NW