AARON J. MOSS (190625)
aaron.moss@msk.com
JOSHUA M. GELLER (295412)
josh.geller@msk.com
ARIANA T. ADDO-YOBO (363119)
ata@msk.com
MITCHELL SILBERBERG & KNUPP LLP
2049 Century Park East, 18th Floor
Los Angeles, CA 90067-3120
Telephone: (310) 312-2000
Facsimile: (310) 312-3100

Attorneys for Plaintiffs
SPYDER GAMES LLC and
SPEEDY SIMULATOR GAMING, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SPYDER GAMES LLC, a Louisiana limited liability company; and SPEEDY SIMULATOR GAMING, LLC, a Wyoming limited liability company,<br><br>      Plaintiffs and Counter-Defendants,<br><br>      v.<br><br>MEMENTUM LAB, a French company,<br><br>      Defendant and Counterclaimant. | CASE NO. 5:25-CV-10248-NW<br><br>**PLAINTIFFS AND COUNTER-DEFENDANTS' NOTICE OF MOTION AND MOTION TO MODIFY THE SCHEDULE AND FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT**<br><br>Hon. Noël Wise<br><br>Date:        September 16, 2026<br>Time:        9:00 a.m.<br>Courtroom:  3 |

Mitchell
Silberberg &
Knupp LLP

CASE NO. 5:25-CV-10248-NW

**PLAINTIFFS AND COUNTER-DEFENDANTS' NOTICE OF MOTION AND MOTION TO MODIFY THE SCHEDULE AND FOR LEAVE TO FILE FIRST AMENDED COMPLAINT**

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on September 16, 2026 at 9:00 a.m., or as soon thereafter as the matter may be heard in Courtroom 3 of the above-entitled Court, located at 280 South First Street, 5th Floor, San Jose, CA 95112, Plaintiffs and Counter-Defendants Spyder Games LLC and Speedy Simulator Gaming, LLC (collectively, "Plaintiffs") will, and hereby do, move for leave to modify the schedule set forth in the Court's "Initial Case Management Order for All Cases" (Dkt. No. 15) pursuant to Fed. R. Civ. P. 16(b) and to file a First Amended Complaint, a copy of which is attached hereto, against Defendant and Counterclaimant Mementum Lab SAS ("Mementum") pursuant to Fed. R. Civ. P. 15(a).

Modification of the deadline for amendment to pleadings is warranted under Rule 16(b). There is good cause to modify the schedule set forth in the Court's Initial Case Management Order for All Cases, including the deadline for amendment to the pleadings, because Plaintiffs diligently sought leave to amend after Mementum delivered its covenant not to sue, which is the development that prompted the proposed amendment, and Mementum will not be prejudiced by the proposed amendment.

Leave to amend is warranted under Rule 15(a)'s liberal standard. Plaintiffs do not seek to alter the nature of this litigation, but merely to add details regarding the declaratory relief claim asserted in their Complaint. Specifically, Plaintiffs seek to make explicit that their use of the "brainrot" characters at issue is not limited to the *Steal a Brainrot* video game or the seventeen characters initially identified in their Complaint; such use also includes merchandise and the twenty-two additional characters identified in Mementum's First Amended Counterclaims. Plaintiffs have not unduly delayed and bring this Motion in good faith. In addition, Plaintiffs' proposed amendment is not futile and will not cause any undue prejudice to Mementum.

This Motion is based on this Notice of Motion and Motion, the attached Memorandum of Points and Authorities, the Declaration of Aaron J. Moss and accompanying exhibits, any reply papers that may be filed, and on such further oral or documentary evidence as may be presented at or before the hearing on this matter.

DATED: JUNE 24, 2026          MITCHELL SILBERBERG & KNUPP LLP

By:  _____
     Aaron J. Moss
     Joshua M. Geller
     Ariana T. Addo-Yobo
     Attorneys for Plaintiffs
     SPYDER GAMES LLC and
     SPEEDY SIMULATOR GAMING, LLC

CASE NO. 5:25-CV-10248-NW

**PLAINTIFFS AND COUNTER-DEFENDANTS' NOTICE OF MOTION AND MOTION TO MODIFY THE SCHEDULE AND FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT**

Mitchell
Silberberg &
Knupp LLP

# **TABLE OF CONTENTS**

**Page**

I.    INTRODUCTION ................................................................................................7

II.   BACKGROUND .................................................................................................7

    A.    Plaintiffs Release the Roblox Game Depicting Mementum's Characters. ............7

    B.    Plaintiffs Use the Characters Beyond the Game. ..................................................8

    C.    Plaintiffs Commence This Action for Broad Declaratory Relief. ..........................9

    D.    Mementum Enters Into A Narrow Covenant Not to Sue. .......................................9

    E.    Plaintiffs Seeks Leave to Amend to Clarify the Scope of Their Use. ...................11

III.  ARGUMENT .....................................................................................................11

    A.    There Is Good Cause to Modify the Deadline for Amendment to Pleadings ........11

    B.    The Court Should Freely Grant Plaintiffs' Motion to Amend the Complaint. .....12

        1.    There Has Been No Undue Delay. .............................................................13

        2.    Plaintiffs' Motion to Amend Is Not Made In Bad Faith. ..........................14

        3.    Plaintiffs' Proposed Amendment Is Not Futile. ........................................14

        4.    There Is No Undue Prejudice to Mementum. ............................................16

IV.   CONCLUSION ..................................................................................................17

Mitchell
Silberberg &
Knupp LLP

**PLAINTIFFS AND COUNTER-DEFENDANTS' NOTICE OF MOTION AND MOTION TO MODIFY THE SCHEDULE AND FOR LEAVE TO FILE FIRST AMENDED COMPLAINT**

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*Abels v. JBC Legal Grp., P.C.*,
229 F.R.D. 152 (N.D. Cal. 2005) ...................................................................................... 13

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) .......................................................................................................... 15

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007) .......................................................................................................... 15

*DCD Programs, Ltd. v. Leighton*,
833 F.2d 183 (9th Cir. 1987) ............................................................................................ 13

*Edwards v. Bay Area Rapid Transit*,
No. 20-CV-07113-JSC, 2021 WL 1164944 (N.D. Cal. Mar. 26, 2021) ............................ 17

*Eminence Cap., LLC v. Aspeon, Inc.*,
316 F.3d 1048 (9th Cir. 2003) ............................................................................... 13, 14, 16

*Foman v. Davis*,
371 U.S. 178 (1962) .......................................................................................................... 13

*Griggs v. Pace Am. Grp., Inc.*,
170 F.3d 877 (9th Cir. 1999) ............................................................................................ 14

*Howey v. U.S.*,
481 F.2d 1187 (9th Cir. 1973) .......................................................................................... 13

*Humu, Inc. v. Hulu, LLC*,
No. 19-CV-00327-HSG, 2019 WL 3220271 (N.D. Cal. July 17, 2019) ............................ 15

*Hynix Semiconductor Inc. v. Toshiba Corp.*,
No. C-04-4708 VRW, 2006 WL 3093812 (N.D. Cal. Oct. 31, 2006) ................................ 15

*Johnson v. Mammoth Recreations, Inc.*,
975 F.2d 604 (9th Cir. 1992) ............................................................................................ 12

*Khanna v. Walia*,
No. 24-CV-03716-JSC, 2025 WL 2521734 (N.D. Cal. Sept. 2, 2025) .............................. 14

*Kingsley Mgmt. Corp v. City of Santa Ana*,
No. SACV 22-00076-CJC(DFMX), 2024 WL 3075230 (C.D. Cal. Mar. 11, 2024) ............ 13

*Mechanical Mktg., Inc. v. Sixxon Precision Mach. Co., Taiwan*,
No. 5:11-CV-01844 EJD, 2012 WL 669543 (N.D. Cal. Feb. 29, 2012) ............................ 15

Mitchell
Silberberg &
Knupp LLP

**PLAINTIFFS AND COUNTER-DEFENDANTS' NOTICE OF MOTION AND MOTION TO MODIFY THE SCHEDULE AND FOR LEAVE TO FILE FIRST AMENDED COMPLAINT**

# TABLE OF AUTHORITIES

**Page(s)**

*Meta Platforms, Inc. v. Bright Data Ltd.*,
   No. 23-CV-00077-EMC, 2024 WL 251406 (N.D. Cal. Jan. 23, 2024) ................................. 10

*Morongo Band of Mission Indians v. Rose*,
   893 F.2d 1074 (9th Cir. 1990) ............................................................................................ 16

*Owens v. Kaiser Found. Health Plan, Inc.*,
   244 F.3d 708 (9th Cir. 2001) ................................................................................... 7, 13, 16

*Segal v. Brachfeld*,
   No. C-11-05524 EDL, 2012 WL 3792756 (N.D. Cal. Aug. 31, 2012) ................................. 16

*Stephen D. Join Digital, Inc. v. Pivium, Inc.*,
   No. 24-CV-09138-HSG, 2025 WL 2662861 (N.D. Cal. Sept. 17, 2025) ............................. 14

*Traer v. Domino's Pizza LLC*,
   No. CV 21-6187-MWF (SKX), 2023 WL 4291975 (C.D. Cal. Jan. 11, 2023) ..................... 16

*Underwood v. O'Reilly Auto Enters., LLC*,
   342 F.R.D. 338 (D. Nev. 2022) ........................................................................................... 17

*Unisone Strategic IP, Inc. v. TraceLink, Inc.*,
   No. 3:13-CV-1743-GPC-LL, 2019 WL 4015837 (S.D. Cal. Aug. 26, 2019) ........................ 14

*United States v. Webb*,
   665 F.2d 977 (9th Cir. 1981) .............................................................................................. 13

*Ziptronix, Inc. v. Omnivision Techs., Inc.*,
   No. C 10-05525, 2012 WL 3155554 (N.D. Cal. Aug. 2, 2012) ...................................... 13, 16

**RULES**

Fed. R. Civ. P. 15 ..................................................................................................... 12, 13, 16

Fed. R. Civ. P. 16 .............................................................................................................. 12

**OTHER AUTHORITIES**

Fed. R. Civ. P. 16 Advisory Committee's Notes (1983 amendment) .......................................... 12

Mitchell
Silberberg &
Knupp LLP

**PLAINTIFFS AND COUNTER-DEFENDANTS' NOTICE OF MOTION AND MOTION TO MODIFY THE SCHEDULE AND FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT**

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

It is well-established that the rule favoring amendment to the pleadings—which requires that leave to amend be "freely" given—is applied with "extreme liberality." *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001).  Liberal application of this rule is particularly appropriate here, as Plaintiffs and Counter-Defendants Spyder Games LLC and Speedy Simulator Gaming, LLC (together, "Plaintiffs") merely seek to supplement the allegations in their Complaint to clarify the scope of the claim they already asserted.  Specifically, Plaintiffs seek to make explicit that Plaintiffs' use of the "brainrot" characters at issue (the "Characters," as defined *infra*) is not limited to the *Steal a Brainrot* video game (the "Game," as defined *infra*); it also includes merchandise.  Moreover, Plaintiffs seek to add details regarding their use of the twenty-two additional Characters that Defendant and Counterclaimant Mementum Lab SAS ("Mementum") claims to own in their First Amended Counterclaims.  While Mementum recently covenanted not to sue Plaintiffs for their use of a subset of the Characters in Game, the additional uses remain in dispute.

There is good cause to permit the proposed amendment because Plaintiffs diligently sought leave to amend after Mementum delivered the Covenant and asserted that it moots the Complaint, which is the development that prompted the proposed amendment.  Moreover, Plaintiffs' Motion to Amend is timely and made in good faith.  The proposed amendment is not futile, as Plaintiffs have plausibly stated a claim for declaratory relief that exceeds the scope of Mementum's narrow covenant not to sue.  And Mementum will not be prejudiced by the proposed amendment, particularly given the early stage of the case.  Leave to amend the Complaint is therefore warranted.

### II.    BACKGROUND

#### A.    Plaintiffs Release the Roblox Game Depicting Mementum's Characters.

This dispute arises from Plaintiffs' use of certain viral "brainrot" characters.  "Brainrot" characters are "a genre of absurd, surrealist characters born from content creators that became wildly popular with Gen Alpha starting in early 2025."  Amend. Countercl. (Dkt. No. 25) ¶ 1.  Mementum

Mitchell
Silberberg &
Knupp LLP

**PLAINTIFFS AND COUNTER-DEFENDANTS' NOTICE OF MOTION AND MOTION TO MODIFY THE SCHEDULE AND FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT**

claims to own or control the copyright rights in multiple brainrot characters, including, most notably, the brainrot character known as "Tung Tung Sahur." *Id.* ¶¶ 3, 7, 27; Answer (Dkt. No. 25) ¶ 7.

On or around May 16, 2025, Plaintiffs released a video game titled *Steal a Brainrot* (the "Game") on the Roblox platform. *See* Amend. Countercl. ¶ 6. Plaintiffs have published licensed versions of the Game on other platforms, including the Epic Games platform, and have entered into additional publishing agreements for further platform releases of the Game. *See* Declaration of Aaron Moss ("Moss Decl."), Ex. A (cited herein as "FAC") ¶ 23. The Game depicts numerous brainrot characters, including Tung Tung Sahur and dozens of additional brainrot characters that Mementum allegedly owns or controls (collectively, the "Characters"). *See* Amend. Countercl. ¶ 7. (As used herein, the term "Characters" refers to the seventeen brainrot characters identified in Exhibit A to the Complaint (Dkt. No. 1), which Mementum admitted it owns (Answer (Dkt. No. 25) ¶ 7), and the twenty-two additional brainrot characters identified in Mementum's Amended Counterclaims (Amend. Countercl. ¶ 5, n.1).) The Game "quickly became one of the most popular video games in the world, surpassing 20 million peak concurrent users in late 2025, garnering over 56 billion visits by early 2026, and generating tens of millions of dollars in revenue." Amend. Countercl. ¶ 8.

### B.   Plaintiffs Use the Characters Beyond the Game.

Plaintiffs' current use of the Characters goes beyond the Game. *See* FAC ¶¶ 23-27. Plaintiffs operate an active licensed-merchandise program under the *Steal a Brainrot* brand, selling collectible minifigures, graphic t-shirts, and sticker sets depicting the Characters through major retailers. *Id*. ¶¶ 24-25. Those products depict Characters that Mementum has expressly claimed to own in this action—including, on the sticker sets, "Tung Tung Sahur," the very character Mementum's cease-and-desist demand identified. *Id*. ¶ 25. Plaintiffs also have taken concrete steps toward additional licensed product lines—including apparel, accessories, stationery, and trading cards—entering into binding merchandising license agreements and approving product designs, artwork, packaging, and prototypes with their licensees. *Id.* ¶ 26. And Plaintiffs have entered into a development arrangement for a feature film based on the Game and its characters, publicly announced in January 2026. *Id*. ¶ 27.

**PLAINTIFFS AND COUNTER-DEFENDANTS' NOTICE OF MOTION AND MOTION TO MODIFY THE SCHEDULE AND FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT**

## C.     Plaintiffs Commence This Action for Broad Declaratory Relief.

On September 3, 2025, Mementum sent Plaintiffs a cease-and-desist letter asserting "intellectual property rights in Tung Tung Sahur." Amend. Countercl. ¶ 10. The parties were unable to reach a resolution. *Id.* ¶ 12. Accordingly, on November 26, 2025, Plaintiffs commenced this action against Mementum for declaratory relief. Specifically, in their Complaint, Plaintiffs seek a judicial declaration that: (1) "[t]he brainrots at issue are not subject to copyright protection"; (2) "[Mementum] does not own any valid or enforceable copyright rights in the brainrots"; (3) "[Plaintiffs'] use, reproduction, distribution, display, or inclusion of the brainrots does not infringe any copyright rights of [Mementum]"; and (4) "[Mementum] is not entitled to damages, injunctive relief, or any other remedy arising from [Plaintiffs'] use of the brainrots." Compl. ¶ 28. The Complaint seeks a declaration as to Plaintiffs' "use" of the Characters in unqualified terms, not limited to any particular game, product, or platform. See Compl. ¶ 28 (c) (seeking a declaration that "Plaintiffs' use, reproduction, distribution, display or inclusion of the brainrots . . . does not infringe any copyright rights of defendant"); *see also id.* ¶ 24.

On April 24, 2026, Mementum filed an Answer and Counterclaims (Dkt. No. 18), which it amended (Dkt. No. 25) in response to Plaintiffs' Motion to Dismiss (Dkt. No. 22). In its Amended Counterclaims, Mementum claims rights in twenty-two additional Characters, alleging that it "recently became the exclusive worldwide licensee and representative" of such Characters and that Plaintiffs "have used [them] in the Game without their permission." *Id.* ¶ 5, n.1.

This case remains in its early stages. Both sides have Motions to Dismiss pending. *See* Dkt. Nos. 27, 32. On May 15, 2026, the Court entered a Scheduling Order, which sets, among other deadlines, the close of fact discovery for March 26, 2027 and trial for November 8, 2027. *See* Dkt. No. 23. As of the date of this filing, the parties have exchanged initial disclosures and written discovery responses, but no documents have been produced and no depositions have been noticed or taken. *See* Declaration of Aaron J. Moss ("Moss Decl.") ¶ 4.

## D.     Mementum Enters Into A Narrow Covenant Not to Sue.

On May 21, 2026, Mementum delivered to Plaintiffs a "Covenant Not to Sue" (the "Covenant"). *See* FAC ¶ 30; Moss Decl. ¶ 5, Exs. C-D. By its terms, the Covenant releases only

Mitchell
Silberberg &
Knupp LLP

9                                    CASE NO. 5:25-CV-10248-NW

**PLAINTIFFS AND COUNTER-DEFENDANTS' NOTICE OF MOTION AND MOTION TO
MODIFY THE SCHEDULE AND FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT**

United States copyright claims arising from Plaintiffs' use of the *seventeen* "*brainrot characters identified in Attachment A* to [the Covenant] … *in the Game as identified in the Complaint*." *Id.*, Ex. D at pp. 2-3.[1]  Specifically, Mementum agreed not to sue Plaintiffs "for infringement of any statutory or common law copyright in the *[seventeen] brainrot characters identified in Attachment A* to this Covenant (the 'Characters') under the copyright law of the United States, regardless of whether said Claim for copyright infringement accrues before, on, or after the Effective Date and regardless of whether said Claim arises from the [Plaintiffs'] or any other Covered Party's past, current, or substantially similar future use of the Characters *in the Game as identified in the Complaint*." *Id.*  Accordingly, by its terms, the Covenant does not release Plaintiffs' use of the Characters beyond the Game, including in Plaintiffs' merchandise, nor does it release Plaintiffs' in-Game use of the twenty-two additional Characters identified in Mementum's Amended Counterclaims.

Mementum has confirmed that the Covenant is limited to the *seventeen Characters identified in Attachment A* to the Covenant and to Plaintiffs' use of the Characters *in the Game*. *See, e.g.*, *id.*, Ex. C at p. 9 (explaining "Mementum has entered a covenant whereby it agrees not to sue Plaintiffs for copyright infringement in the United States or submit a takedown request under the DMCA for Plaintiffs' use of the brainrot characters at issue *in the Game*"); Moss Decl. ¶ 7, Ex. E (explaining the Covenant is limited the "brainrot characters identified in Attachment A to the covenant" and to "future or modified versions of the Game").[2]  However, Mementum has declined to broaden the Covenant. *See* Moss Decl. ¶ 9.  Nevertheless, Mementum contends that the Covenant "moots Plaintiffs' Declaratory Relief claim, extinguishes the Court's subject matter jurisdiction over Plaintiffs' Complaint, and obligates Plaintiffs to dismiss their Complaint" (Moss Decl., Ex. C at p. 9; *see also id.*, Ex. E) and has filed a Motion to Dismiss on that basis (Dkt. No. 27).  Plaintiffs dispute that contention, as set forth in their concurrently-filed Opposition to Mementum's Motion to Dismiss.  For purposes of this Motion, the relevant point is narrow: by its terms, the Covenant

---

[1] Unless otherwise noted, all emphases in quotations throughout this brief have been added.

[2] Any ambiguities in the Covenant must be construed against Mementum.  *See Meta Platforms, Inc. v. Bright Data Ltd.*, No. 23-CV-00077-EMC, 2024 WL 251406, at *11 (N.D. Cal. Jan. 23, 2024) ("courts resolve ambiguities in contract language against the drafter") (citations omitted).

**PLAINTIFFS AND COUNTER-DEFENDANTS' NOTICE OF MOTION AND MOTION TO MODIFY THE SCHEDULE AND FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT**

Mitchell
Silberberg &
Knupp LLP

releases only Plaintiffs' use of the seventeen Characters "identified in Attachment A to [the] Covenant" "in the Game identified in the Complaint" (Moss Decl., Ex. D), and does not release Plaintiffs' use of the twenty-two Characters identified in Mementum's Amended Counterclaims or any uses of the Characters beyond the Game, including in the merchandise described above.

### E. Plaintiffs Seeks Leave to Amend to Clarify the Scope of Their Use.

As discussed above, Plaintiffs' claim is not limited to the Game.  Rather, Plaintiffs seek a broader declaration concerning their "use" of the Characters, which encompasses Plaintiffs' use of the Characters in the Game *and beyond*.  *See, e.g.*, Compl. ¶ 28(c) (seeking a declaration that "Plaintiffs' use, reproduction, distribution, display, or inclusion of the brainrots [*i.e.*, the Characters] does not infringe any copyrights of defendant"); *see also, e.g.*, *id.* ¶ 24 (alleging Mementum has "claimed that [P]laintiffs' use of [certain] brainrots infringes [Mementum's] purported copyrights" and that Mementum "demanded that [P]laintiffs cease use of the brainrots").  Mementum has declined Plaintiffs' request for a stipulation to an amendment of the pleadings clarifying the scope of Plaintiffs' use.  *See* Moss Decl. ¶ 9, Ex. G.

Plaintiffs therefore seek leave to amend their Complaint to make explicit that Plaintiffs' use of the Characters includes the twenty-two additional Characters identified in the Amended Counterclaims and extends beyond the Game.  Specifically, in the proposed First Amended Complaint, Plaintiffs allege that their current of use of the Characters includes, for example, retail merchandise such as minifigures, graphic t-shirts, and licensed sticker sets.  *See* FAC ¶¶ 24-25. Plaintiffs also allege that they have taken concrete steps to make additional uses of the Characters in the future, including in apparel, accessories, stationery, and trading cards.  *Id.* ¶ 26.

## III.  ARGUMENT

### A. There Is Good Cause to Modify the Deadline for Amendment to Pleadings.

The "Initial Case Management Order for All Cases," entered on February 13, 2026, provides that "the deadline for … amendment to the pleadings, without requesting leave of the Court, is 60 days after entry of this order or 60 days after service has been completed, whichever is later."  Dkt.

**PLAINTIFFS AND COUNTER-DEFENDANTS' NOTICE OF MOTION AND MOTION TO MODIFY THE SCHEDULE AND FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT**

No. 15.[3]  Because this deadline has passed, Plaintiffs must show "good cause" to modify the schedule.  *See* Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent.").  "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).  Prejudice to the nonmoving party, if any, may be considered, but "the focus of the inquiry is upon the moving party's reasons for seeking modification."  *Id.* (citation omitted).  The court "may modify the [pretrial] schedule … 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" *Id.* (quoting Fed. R. Civ. P. 16 Advisory Committee's Notes (1983 amendment)).

Plaintiffs have been diligent in seeking leave to amend.  The proposed amendment is prompted by Mementum's Covenant, which Mementum first entered into and delivered to Plaintiffs approximately one month ago (*i.e.*, on May 21, 2026).  *See* Moss Decl. ¶ 5, Exs. C-D.  Upon receipt, Plaintiffs promptly met and conferred with Mementum regarding the scope of the Covenant.  *Id.* ¶ 6.  On May 28, 2026, Mementum clarified that the Covenant is limited to the current Game and indicated that Mementum intended to move to dismiss for lack of subject matter jurisdiction based on its improperly narrow reading of the Complaint.  *Id.* ¶ 7, Ex. E.  Two days later, Plaintiffs explained to Mementum that the Covenant does not moot the Complaint because the Complaint already encompasses Plaintiffs' use of the Characters beyond the current Game, but to remove any ambiguity, Plaintiffs requested that Mementum stipulate to an amendment of the Complaint.  *Id.* ¶ 8, Ex. F.  Plaintiffs diligently prepared their proposed First Amended Complaint, requested that Mementum stipulate to the filing (which Mementum declined), and filed the instant Motion to Amend.  *See, e.g*, at *4 (N.D. Cal. Dec. 18, 2020).

**B.    <u>The Court Should Freely Grant Plaintiffs' Motion to Amend the Complaint.</u>**

Having found good cause for amendment, the court then evaluates the request to amend in light of Rule 15(a)'s liberal standard.  *See Johnson*, 975 F.2d at 608.  Pursuant to Fed. R. Civ. P. 15(a)(2), "[t]he court should freely give leave [to amend] when justice so requires."  "[T]his mandate

---

[3] The subsequent Scheduling Order, entered on May 15, 2026, did not set another deadline to amend pleadings.  *See* Dkt. No. 23.

**PLAINTIFFS AND COUNTER-DEFENDANTS' NOTICE OF MOTION AND MOTION TO MODIFY THE SCHEDULE AND FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT**

is to be heeded," *Foman v. Davis*, 371 U.S. 178, 182 (1962), and "applied with extreme liberality," *Owens*, 244 F.3d at 712. In determining whether to grant leave to amend, courts consider the following four factors: (1) undue delay; (2) bad faith; (3) futility of amendment; and (4) prejudice to the opposing party. *Id.* "Absent prejudice, or a strong showing of any of the remaining [three] factors, there exists a ***presumption*** under Rule 15(a) in favor of granting leave to amend." *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (citation omitted). "The party opposing the amendment carries the burden of showing why leave to amend should not be granted." *Ziptronix, Inc. v. Omnivision Techs., Inc.*, No. C 10-05525 SBA, 2012 WL 3155554, at *3 (N.D. Cal. Aug. 2, 2012) (citing *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987)).

As discussed below, all of the relevant factors weigh in favor of granting Plaintiffs' Motion.

### 1.    There Has Been No Undue Delay.

Plaintiffs have not unduly delayed in seeking leave to amend. This case still is in its early stages. Fact discovery will remain open for another nine months, and trial is over a year away. *See* Dkt. No. 23. Moreover, Plaintiffs bring this Motion approximately one month after Mementum first delivered the Covenant and asserted that it moots the Complaint, and just two weeks after Mementum filed its Counterclaims identifying the twenty-two additional Characters, which are the developments that prompted the proposed amendment. *See* FAC ¶ 18. Accordingly, there has been no undue delay on Plaintiffs' part. *See, e.g.*, *Abels v. JBC Legal Grp., P.C.*, 229 F.R.D. 152, 156 (N.D. Cal. 2005) (finding no "undue delay" and granting motion to amend where the "discovery deadline … ha[d] not yet passed" and plaintiff sought amendment "approximately a month after identifying [the new party]" and "ten months after the original complaint was filed"); *Kingsley Mgmt. Corp v. City of Santa Ana*, No. SACV 22-00076-CJC(DFMX), 2024 WL 3075230, at *1 (C.D. Cal. Mar. 11, 2024) (same, where "[t]he case [was] in the very early stages"). In any event, "delay alone no matter how lengthy is an insufficient ground for denial of leave to amend." *United States v. Webb*, 665 F.2d 977, 980 (9th Cir. 1981); *see also Howey v. U.S.*, 481 F.2d 1187, 1190 (9th Cir. 1973) (reversing denial of motion to amend based solely on "undue delay," noting "we know of no case where delay alone was deemed sufficient grounds to deny a Rule 15(a) motion to amend").

Mitchell
Silberberg &
Knupp LLP

13    CASE NO. 5:25-CV-10248-NW

**PLAINTIFFS AND COUNTER-DEFENDANTS' NOTICE OF MOTION AND MOTION TO MODIFY THE SCHEDULE AND FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT**

### 2.   Plaintiffs' Motion to Amend Is Not Made In Bad Faith.

Plaintiffs do not seek leave to amend in bad faith.  "Bad faith" refers to instances in which a motion to amend is filed for a "frivolous" or "improper purpose," *Eminence*, 316 F.3d at 1053, such as to "warrantlessly change the nature [ ] of the case," *Unisone Strategic IP, Inc. v. TraceLink, Inc.*, No. 3:13-CV-1743-GPC-LL, 2019 WL 4015837, at *2 (S.D. Cal. Aug. 26, 2019) (citation omitted), or "to harass or burden the other party," *Khanna v. Walia*, No. 24-CV-03716-JSC, 2025 WL 2521734, at *2 (N.D. Cal. Sept. 2, 2025) (citation omitted).  *See also Griggs v. Pace Am. Grp., Inc.*, 170 F.3d 877, 881 (9th Cir. 1999) ("bad faith" may be found where "the plaintiff merely is seeking to prolong the litigation by adding new but baseless legal theories").

None of the hallmarks of bad faith is present here.  Plaintiffs seek leave to amend to make explicit the continued existence of an actual controversy concerning their use of the Characters and to ensure that such controversy is resolved on the merits.  The proposed amendment does not change the nature of the case.  It involves the same parties, the same claim for declaratory relief, and the same core facts and issues concerning Plaintiffs' use of the Characters.  Nor is the proposed amendment intended to harass or burden Mementum, which would not be required to undertake additional discovery or otherwise alter its defense of this action, because the proposed amendment merely adds details to Plaintiffs' previously-asserted claim.  Because Mementum cannot establish bad faith, this factor weighs in favor of granting Plaintiffs leave to amend.  *See, e.g.*, *Unisone*, 2019 WL 4015837, at *2 (finding no "bad faith" and granting leave to amend where the plaintiff merely sought "to amend the complaint to 'provide more detailed allegations of infringement'" and did not "attempt to use the amendment to [ ] warrantlessly change the nature [ ] of the case," "seek[] to prolong the litigation by adding new but baseless legal theories," or "engage in any of [the] tactics" that "[c]ourts have previously found bad faith"); *Khanna*, 2025 WL 2521734, at **2-3 (same, where the defendant failed to "show[] bad faith sufficient to rebut the presumption in favor of granting leave to amend").

### 3.   Plaintiffs' Proposed Amendment Is Not Futile.

Mementum cannot establish that Plaintiffs' proposed amendment is "futile."  An amendment is "futile" only when "no set of facts can be proved under the amendment to the pleadings that would

Mitchell Silberberg & Knupp LLP

14

CASE NO. 5:25-CV-10248-NW

**PLAINTIFFS AND COUNTER-DEFENDANTS' NOTICE OF MOTION AND MOTION TO MODIFY THE SCHEDULE AND FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT**

constitute a valid and sufficient claim or defense." *Stephen D. Join Digital, Inc. v. Pivium, Inc.*, No. 24-CV-09138-HSG, 2025 WL 2662861, at *2 (N.D. Cal. Sept. 17, 2025) (citation omitted). "Courts rarely deny leave to amend based on futility and instead generally 'defer consideration of challenges to the merits of a proposed amended pleading until after leave to amend is granted and the amended pleading is filed.'" *Id.* (citation omitted). Accordingly, the Court need not resolve the merits of Plaintiffs' proposed amendment for purposes of this Motion. *See, e.g., id.* (declining to assess "futility" arguments and granting motion to amend, noting "[t]he merits or facts of a controversy are not properly decided in a motion for leave to amend and should instead be attacked by a motion to dismiss for failure to state a claim or for summary judgment") (citation omitted); *Hynix Semiconductor Inc. v. Toshiba Corp.*, No. C-04-4708 VRW, 2006 WL 3093812, at *2 (N.D. Cal. Oct. 31, 2006) (same, noting futility arguments "should be addressed in a motion to dismiss or for summary judgment, not in an opposition to … [a] motion for leave to amend").

In any event, Plaintiffs' proposed amendment is not futile. The First Amended Complaint contains "sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Mechanical Mktg., Inc. v. Sixxon Precision Mach. Co., Taiwan*, No. 5:11-CV-01844 EJD, 2012 WL 669543, at *1 (N.D. Cal. Feb. 29, 2012) ("In assessing the futility of an amendment, 'a court typically applies the same standard of legal sufficiency as applies under Federal Rule of Civil Procedure 12(b)(6).'") (citations omitted). Mementum likely will argue, consistent with its pending Motion to Dismiss (Dkt. No. 27), that the proposed amendment is futile because the Covenant divested the Court's subject matter jurisdiction. As discussed in Plaintiffs' concurrently-filed Opposition to Mementum's Motion to Dismiss, Mementum cannot meet its burden to make it "absolutely clear" that the Covenant extinguished the controversy between the parties, because the Covenant by its terms releases only Plaintiffs' use of the Characters in the Game and applies only to a subset of the Characters, and does not foreclose Mementum from pursuing claims based on Plaintiffs' other uses of the Characters. *See Humu, Inc. v. Hulu, LLC*, No. 19-CV-00327-HSG, 2019 WL 3220271, at *2 (N.D. Cal. July 17, 2019) (declining to dismiss declaratory judgment claim notwithstanding a covenant not to sue, where it was not "absolutely clear" that the

Mitchell
Silberberg &
Knupp LLP

15                                    CASE NO. 5:25-CV-10248-NW

**PLAINTIFFS AND COUNTER-DEFENDANTS' NOTICE OF MOTION AND MOTION TO MODIFY THE SCHEDULE AND FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT**

covenant eliminated all potential infringement disputes related to the plaintiff's "actual and imminently planned use[]" of the defendant's mark). At a minimum, the proposed amendment is not so clearly deficient that leave should be denied on futility grounds. This factor weighs in favor of granting leave to amend.

### 4. There Is No Undue Prejudice to Mementum.

The "touchstone of the inquiry" under Rule 15(a) is undue prejudice to the opposing party. *Eminence*, 316 F.3d 1048 at 1052 (collecting cases). Prejudice typically arises where the proposed amendment "greatly alter[s] the nature of the litigation" and would "require[] defendants to [] undertake[], at a late hour, an entirely new course of defense." *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990). As "[t]he party opposing amendment," Mementum "bears the burden of showing prejudice," and that "[p]rejudice must be **substantial.**" *Segal v. Brachfeld*, No. C-11-05524 EDL, 2012 WL 3792756, at *2 (N.D. Cal. Aug. 31, 2012) (citations omitted and emphasis added); *see also Traer v. Domino's Pizza LLC*, No. CV 21-6187-MWF (SKX), 2023 WL 4291975, at *3 (C.D. Cal. Jan. 11, 2023) ("The Ninth Circuit has repeatedly stated that a defendant must demonstrate that it would be 'substantially prejudiced' to overcome the presumption in favor of leave to amend.").

Mementum cannot meet its burden of showing substantial prejudice. As discussed above, the nature of this litigation—including the parties, the claim, and the relief requested—remains essentially the same under the proposed First Amended Complaint. Mementum would not be required to undertake additional discovery or change its course of defense in any meaningful respect. Any claim of prejudice is further undermined by the early stage of the case, with discovery still ongoing and trial over a year away. And Mementum cannot claim surprise: it knew, even before sending its cease-and-desist letter that Plaintiffs' use of the Characters extends beyond the Game. *See* FAC ¶¶ 21-22. Courts routinely find no undue prejudice and grant leave in these circumstances. *See, e.g.*, *Owens*, 244 F. 3d at 712 (affirming finding of no "undue delay, prejudice" and grant of motion to amend where "[t]he amendment caused no delay in the proceedings and required no additional discovery"); *Ziptronix*, 2012 WL 3155554, at *4 (finding no "undue prejudice" and granting motion to amend where the proposed amendment did not "radically shift[] the direction of

Mitchell
Silberberg &
Knupp LLP

**PLAINTIFFS AND COUNTER-DEFENDANTS' NOTICE OF MOTION AND MOTION TO MODIFY THE SCHEDULE AND FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT**

[the] case" or "greatly alter[] the nature of the litigation" and "discovery in [the] case ha[d] just begun"); *Edwards v. Bay Area Rapid Transit*, No. 20-CV-07113-JSC, 2021 WL 1164944 (N.D. Cal. Mar. 26, 2021), at *1 (same, where the "case [was] in its early stages" and "fact discovery [had] not close[d]"); *see also Underwood v. O'Reilly Auto Enters., LLC*, 342 F.R.D. 338, 344 (D. Nev. 2022) (noting the "proposed amendment [was] properly characterized as 'add[ing] more detail' to the claims already pled, rather than asserting new claims on new theories, which further militate[d] against a finding of prejudice").

## IV.    CONCLUSION

For all of the foregoing reasons, Plaintiffs respectfully request that the Court grant them leave to file their First Amended Complaint.

DATED: JUNE 24, 2026                MITCHELL SILBERBERG & KNUPP LLP

By: _____
Aaron J. Moss
Joshua M. Geller
Ariana T. Addo-Yobo
Attorneys for Plaintiffs
SPYDER GAMES LLC and
SPEEDY SIMULATOR GAMING, LLC

Mitchell
Silberberg &
Knupp LLP

17                                CASE NO. 5:25-CV-10248-NW

**PLAINTIFFS AND COUNTER-DEFENDANTS' NOTICE OF MOTION AND MOTION TO MODIFY THE SCHEDULE AND FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT**