AARON J. MOSS (190625)
aaron.moss@msk.com
JOSHUA M. GELLER (295412)
josh.geller@msk.com
MITCHELL SILBERBERG & KNUPP LLP
2049 Century Park East, 18th Floor
Los Angeles, CA 90067-3120
Telephone: (310) 312-2000
Facsimile: (310) 312-3100

Attorneys for Plaintiffs and Counter-Defendants
SPYDER GAMES LLC and SPEEDY
SIMULATOR GAMING, LLC


GREGG A. MARTIN (SBN 135685)
GMartin@ggfirm.com
STEVEN A. STEIN (SBN 287401)
SStein@ggfirm.com
ANDREW P. LUX (SBN 345915)
ALux@ggfirm.com
GREENBERG GLUSKER FIELDS CLAMAN &
MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California  90067
Telephone:    310-553-3610
Facsimile:    310-553-0687

Attorneys for Defendant and Counterclaimant MEMENTUM
LAB SAS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SPYDER GAMES LLC, a Louisiana limited liability company; and SPEEDY SIMULATOR GAMING, LLC, a Wyoming limited liability company, | Case No. 5:25-cv-10248-NW |
| Plaintiffs and Counter-Defendants, | **JOINT STATEMENT RE: DISCOVERY DISPUTE** |
| v. | Hon. Susan van Keulen<br>Courtroom: 6 |
| MEMENTUM LAB SAS, a French company, | |
| Defendant and Counterclaimant. | |

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California  90067

56669-00002/8097451.6

JOINT STATEMENT
5:25-CV-10248-NW

**JOINT STATEMENT RE: DISCOVERY DISPUTE**

I.      **OPENING PARAGRAPH**

Fact discovery closes on March 26, 2027; trial is set to start on November 8, 2027. This Joint Statement concerns whether (i) discovery propounded by Plaintiff and Counter-Defendant Spyder Games LLC ("Spyder") on Defendant and Counterclaimant Mementum Lab SAS ("Mementum") should proceed under the Hague Convention, as Mementum contends, or under the Federal Rules, as Spyder contends, in light of a June 5, 2026 opinion of the French SISSE under the French Blocking Statute concerning this discovery,[1] and (ii) whether the Court should issue a protective order directing that discovery to Mementum proceed under the Hague Convention, as Mementum requests, or compel Mementum to respond to Spyder's discovery requests under the Federal Rules, as Spyder requests. Mementum's proposed compromise is that (i) it will agree to the most expedited procedures available under the Hague Convention, and (ii) whatever limitations apply to discovery against Mementum under the Hague Convention will apply to the discovery it is seeking against Plaintiffs. Spyder's proposed compromise is that any specific objections (including based on confidentiality or overbreadth) be addressed in the ordinary course, but that there be no application of the Hague Convention procedures nor deviation from the Federal Rules.

II.     **MEMENTUM'S POSITION**

A.      **Brief Summary of Background Relevant to this Dispute**

Plaintiffs own a popular video game that has used Mementum's "brainrot" characters without permission. The parties seek licensing deals in the same space. Plaintiffs filed this lawsuit seeking declaratory relief as to Mementum's copyrights in certain characters based on a cease-and-desist letter Mementum's French counsel sent asserting rights under French and international law. Mementum has covenanted not to engage in the conduct purportedly giving rise to Plaintiffs' claim and has filed a motion to dismiss Plaintiffs' complaint for lack of subject matter jurisdiction set to be heard on September 16. Plaintiffs have filed a motion for leave to amend their complaint

---

[1] That opinion was attached as Exhibit A to Mementum's discovery responses. Spyder's requests and Mementum's responses are submitted concurrently herewith (Exs. 3-8).

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

56669-00002/8097451.6

JOINT STATEMENT
5:25-CV-10248-NW

and a motion to dismiss Mementum's trademark infringement and unfair competition counterclaims set to be heard on the same date.

**B.    The Court Should Issue the Requested Protective Order**

**1.    The French Opinion Concludes Mementum Would Expose itself to Fines and Imprisonment by Responding to Spyder's Discovery**

The French Blocking Statute (French Law No. 68-678 of July 26, 1968) ("FBS") was enacted to protect French nationals from discovery outside of the Hague Convention in foreign proceedings and was amended in 2022 (Decree No. 2022-207 of Feb. 18, 2022) ("2022 Amendment") to put teeth in the FBS and strengthen its protections in response to foreign courts ordering such discovery. Under the FBS, a French national must report discovery that might implicate the FBS to the *Service de l'Information Stratégique et de la Sécurité Économiques* ("SISSE"), and then SISSE issues an opinion as to whether the discovery implicates the FBS.

Spyder propounded on the earliest possible date discovery that sought, *inter alia*, economic, commercial, financial, and technical materials relating to the creation of Mementum's "brainrot" characters, licensing deals that Mementum has entered relating to those characters and Mementum's financials. Mementum complied with its obligation to report this discovery to SISSE. On June 5, 2026, SISSE issued an opinion (Ref. SISSE/2026/06/480) concluding that Mementum would expose itself to fines and imprisonment if it responded to this discovery, and that such discovery needed to occur through Hague Convention protocols.

Mementum objected to Spyder's discovery requests on this basis and is seeking a protective order requiring that discovery as to Mementum proceed under the Hague Convention.

**2.    Under the Comity Factors, there is Good Cause for Spyder's Discovery as to Mementum to Proceed under the Hague Convention**

There is good cause for Mementum's requested protective order under the comity factors in *Société Nationale Industrielle Aérospatiale v. U.S. Dist. Ct.*, 482 U.S. 522, 524 (1987) and *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1475 (9th Cir. 1992).

**Factor Six (Hardship to Mementum)**: This factor is the most important in this dispute and weighs strongly in favor of Mementum. The SISSE opinion presents an authoritative,

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

particularized statement of the risk of criminal prosecution. That Mementum could face criminal prosecution for complying with a U.S. court order is a "weighty excuse" for nonproduction. *See Sociéte Internationale Pour Participations Industrielles Et Commerciales, S.A. v. Rogers*, 357 U.S. 197, 211 (1958); *Kashef v. BNP Paribas S.A.*, 2022 WL 1617489, at *3-4 (S.D.N.Y. May 23, 2022) ("Plaintiffs are, in effect, asking Defendants to break the laws of the countries in which they operate"; while prosecutions might be rare, "the laws still exist and Defendants and the producing entities could expose themselves to potential liability, however slight"; and "[t]his represents a hardship to Defendants."); *Behrens v. Arconic, Inc.*, 2020 WL 1250956, at *7 (Mar. 13, 2020 E.D. Pa) (collecting cases where the courts confirmed that the FBS was applicable, and "reject[ing] Plaintiffs' suggestion that 'no harm' will accrue to France if production of the documents is compelled").

Almost all of the cases on which Spyder relies predate the 2022 Amendment, which was enacted to address foreign courts authorizing discovery in contravention of the FBS. *See Circulaire de Politique Pénale en matière de lutte contre la corruption internationale,* French Official Journal (June 2, 2020). Two of the post-2022 Amendment cases that Spyder cites, *In re Flint Water Cases* and *MGI Digital Tech., S.A. v. Duplo U.S.A. Corp.*, support Mementum's position. In *In re Flint Water Cases*, the Court ordered the parties to proceed pursuant to the Federal Rules primarily because the foreign national was "equivocal about whether it will fully comply *even if* the Court applie[d] the Hague Convention." 2024 WL 2139318, at *11 (E.D. Mich., May 13, 2024) (emphasis in original). That risk is not present here. Similarly, in *MGI Digital Tech., S.A.*, the Court denied the defendant's request to proceed under the Hague Convention as to its current employees, the Court granted the defendant's request as to the production of documents and deposition testimony from defendant's former employees. 2023 WL 6814579, at *5 (C.D. Cal. Aug. 24, 2023). The third case, *In re Hair Relaxer Mktg., Sales Practices, & Prods. Liab. Litig.*, concludes without explanation that the foreign entity did not identify "the specific French interests that would be undermined" by a discovery order (2024 WL 2133236, at *2 (N.D. Ill., Mar. 4, 2024)) whereas SISSE opinion addresses France's sovereign interest here.

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

**Factor Three (Location of Evidence)**: That documents and information "are located in a foreign country weigh[] against disclosure." *Richmark*, 959 F.2d at 1475. Mementum is a French startup, its operations, personnel, and records are in France, and the materials that Spyder seeks are in France. Records in the possession, custody and control of Mementum's clients Noxa (an Indonesian national) and Breno (a Brazilian national) are in Indonesia and Brazil, respectively, and Spyder will have to proceed under the Hague Convention to obtain these records. This factor favors Hague Convention protocols.

**Factor Four (Alternative Means to Secure the Information)**: An alternative, "substantially equivalent" channel to secure the information Spyder is seeking exists and has been identified by French authorities—the Hague Convention. *See Salt River Project Agric. Improvement & Power Dist. v. Trench France SAS*, 303 F. Supp. 3d 1004, 1008 (D. Ariz. 2018). This factor favors Hague Convention procedures.

**Factor Five (Sovereign Interest)**: SISSE's opinion concludes that any disclosure outside the Hague Convention's channels could constitute a criminal violation. France therefore has demonstrated a strong and particularized sovereign interest in ensuring that disclosure of the materials at issue for use in foreign proceedings proceeds under the Hague Convention, and this interest outweighs the U.S. interest in such discovery proceeding under the Federal Rules. *See Kashef*, 2022 WL 1617489, at *3-4 (finding that, while the United States has an interest in applying federal law to discovery, this interest was "low" and France's interest in protecting a French bank from such discovery was "high"). This factor favors Hague Convention protocols.

**Factor Seven (Enforceability)**: An order compelling Mementum to respond to Spyder's requests would put Mementum in an impossible position—by complying with this Court's order, it would be violating the FBS and could face fines and criminal exposure—whereas an order requiring that discovery proceed under the Hague Convention provides a lawful means for Mementum to comply with its obligations in this action and in France. Because Mementum "asserts without equivocation that it will comply with Hague procedures," this factor weighs in favor of Hague procedures." *See Salt River Project*, 303 F. Supp. 3d at 1008-10 (cleaned up).

**Factors One and Two (Relevance and Specificity)**: Spyder has not identified what

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

discovery it needs in this case that it would be unable to obtain through the Hague Convention or why the Hague Convention is not a suitable channel for its requests. It is. *See id*. (finding that these factors weighed in favor of using Hague Convention procedures). Even if Spyder can show these factors weigh in its favor, they do not override the hardship and other comity factors that strongly weigh in Mementum's favor.

Spyder's contention that Mementum failed to make "particularized objections" to its discovery requests is incorrect. Mementum served particularized objections to each and every request in addition to its general SISSE objection. To the extent Spyder seeks to parse out which requests should proceed under the Federal Rules and which should proceed pursuant to the Hague Convention, Spyder will only introduce inefficiency as the Court and parties will effectively be litigating two tracks at once. *Mendocino Environmental Center v. Mendocino County*, 192 F.3d 1283, 1300 (9th Cir. 1999) ("A major factor to consider in exercising our discretion is the interest in judicial efficiency.").

### C.    The Court Should Deny Spyder's Motions to Compel

For the same reasons above, the Court should deny Spyder's motions to compel.

### D.    Mementum's Proposed Compromise

When Mementum requested that Spyder stipulate to discovery under the Hague Convention, Spyder disputed that the SISSE opinion applied, and raised certain concerns, including that Mementum had propounded discovery to Spyder, was a counterclaimant and would obtain a strategic advantage in discovery by invoking the SISSE opinion.[2] As a compromise to ensure that discovery is symmetrical, Mementum proposed that : (1) Mementum would extend Spyder's discovery deadlines; (2) Mementum would use the most expedited procedures under the Hague Convention; (3) the limitations that applied under the Hague Convention as to discovery against Mementum would also apply as to discovery against Spyder; and (4) Mementum would pause the document subpoena it was pursuing against a third party until there was clarity on this

---

[2] In response to concerns Spyder raised, Mementum clarified to SISSE that it is a counterclaimant in this action, had propounded discovery to Plaintiffs (which it proposed pausing), and that documents could be designated confidential in this matter. If SISSE modifies its opinion, Mementum will advise Spyder and the Court along with the change in Mementum's position.

issue.

Spyder accepted part of this proposal, agreeing that Mementum should pause the subpoena and advise the third party of this fact. While Spyder has claimed without meaningful explanation that symmetrical discovery is "illusory" under this proposal, Mementum believes this is a sensible middle ground that ensures there is a level playing field, the parties get the discovery they need and Mementum is not exposed to fines and imprisonment. If the Court is inclined to compel Mementum to provide responses to Spyder's discovery, Mementum requests the opportunity to provide more briefing or for a hearing or telephonic conference given the potential ramifications for Mementum under French law.[3] If the Court is inclined to compel Mementum to provide substantive responses to Spyder's discovery, Mementum also believes it should consider that Judge Wise is set to hear on September 16 motions to dismiss that could dispose of or substantially narrow the parties' respective claims and provide clarity as to the scope of discovery at issue.

### III.    SPYDER'S POSITION

Mementum availed itself of this Court's jurisdiction. It filed counterclaims for trademark infringement, served Plaintiffs with hundreds of discovery requests, and subpoenaed a third party. It did not object to discovery under the Federal Rules in the parties' Joint Case Management Statement (ECF No. 21). But Mementum now refuses to answer anything, interposing a sweeping blocking-statute objection to every discovery request Plaintiffs served. Mementum cannot use the federal judiciary as a sword and the French Blocking Statute as a shield. A party that asks a U.S. court to vindicate its rights accepts the discovery obligations that accompany them, and the advisory opinion Mementum obtained—procured by misleading SISSE about its role in this action—does not excuse it from those obligations. If Mementum's objection is sustained, the Court's discovery and trial schedule would need to be vacated, and the prejudice would fall entirely on Plaintiffs. Plaintiffs are U.S. entities; routing discovery through the Hague Convention would force them to surrender their rights under the Federal Rules and absorb months of delays,

---

[3] Spyder added several arguments to the joint statement at the last minute to which Mementum did not have the opportunity to respond, underscoring the need for additional briefing and/or for a hearing or telephonic conference on this issue.

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

all to cure a fictitious obstacle of Mementum's own creation.

"It is well settled that [the French Blocking Statute] do[es] not deprive an American court of the power to order a party [] to produce evidence even though the act of production may violate that statute." *Société Nationale Industrielle Aérospatiale v. U.S. Dist. Ct. for S. Dist. of Iowa*, 482 U.S. 522, 544 n.29 (1987). Nor does it "engraft a rule of first resort onto the Hague Convention." *Id.* The overwhelming consensus among U.S. courts favors compelling discovery over such objections. *E.g.*, *Proofpoint, Inc. v. Vade Secure, Inc.*, 2020 WL 1911195, at *4–6 (N.D. Cal. Apr. 20, 2020); *In re Cathode Ray Tube (CRT) Antitrust Litig.*, 2014 WL 5462496, at *5–7 (N.D. Cal. Oct. 23, 2014). The 2022 amendment Mementum cites changed nothing. *E.g.*, *In re Flint Water Cases*, 2024 WL 2139318, at *9 (E.D. Mich. May 13, 2024) (compelling production); *EPAC Techs. LTD v. Interforum S.A.*, 251 N.Y.S.3d 6, 9 (2026) ("These amendments clarify procedural obligations, but do not substantively increase the risk of prosecution"); *accord MGI Digital Tech., S.A. v. Duplo U.S.A. Corp.*, 2023 WL 6814579, at *5 (C.D. Cal. Aug. 24, 2023); *In re Hair Relaxer Mktg., Sales Practices, & Prods. Liab. Litig.*, 2024 WL 2133236, at *2 (N.D. Ill. Mar. 4, 2024).

As a threshold matter, Mementum failed the good-faith obligation that precedes any reliance on the statute, which requires seeking the French sovereign's *permission* to produce. *CRT*, 2014 WL 5473236, at *2 (N.D. Cal. Sept. 8, 2014) (proceeding under FRCP where the French party never "attempted to secure a waiver"). Mementum sought no waiver. Worse, it misled SISSE by failing to disclose that it is a counterclaimant who served its own discovery under the Federal Rules. It would be unjust to allow Mementum, a counterclaimant availing itself of the U.S. judicial system, to afford itself an indefinite stay of discovery. *See Valois of Am., Inc. v. Risdon Corp.*, 183 F.R.D. 344, 349 (D. Conn. 1997) (denying a French counterclaimant's motion for Hague-only treatment as inequitable); *Coloplast A/S v. Generic Med. Devices, Inc.*, 2011 WL 6330064, at *4 (W.D. Wash. Dec. 19, 2011) (a party that "requests the power of a United States court to enforce rights . . . should be deemed to have accepted the consequences of complying with the Federal Rules"); *Optrics Inc. v. Barracuda Networks, Inc.*, 2019 WL 5485890, at *2 (N.D. Cal. Oct. 25, 2019) ("Having chosen to bring this lawsuit here, Optrics

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

cannot hide behind Canadian confidentiality laws as a shield against its discovery obligations.").

Regardless, the *existence* of a foreign blocking statute does not end the analysis. Mementum bears the "burden" of showing with "particularity and specificity" "whether the discovery sought is indeed prohibited by foreign law." *Proofpoint*, 2020 WL 1911195, at *5. The Ninth Circuit applies a seven-factor balancing test to evaluate whether a foreign statute can "excuse noncompliance with discovery orders." *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1475 (9th Cir. 1992). Each factor favors compelling discovery here.

**Factor 1 (Importance).** The discovery goes to the core of the case. This intellectual property dispute centers on whether Plaintiffs' use of "brainrots"—AI-generated viral meme characters—infringes Mementum's rights. Mementum claims to have licensed the brainrots from social media creators in Indonesia, Brazil, and elsewhere, and sent a cease-and-desist to Plaintiffs, triggering this action. Plaintiffs seek a declaration of copyright non-infringement and Mementum counterclaims for trademark infringement. At issue are whether the AI-generated characters are copyrightable, whether Mementum's licensing of the characters establishes trademark rights, and whether any such rights have been infringed.

Plaintiffs' requests generally fall into five topics: (1) creation process for the brainrots; (2) chain-of-title of Mementum's purported rights; (3) trademark-related evidence; (4) damages discovery; and (5) IP enforcement efforts. Each category is "directly relevant" to the dispute and "weigh[s] in favor of disclosure." *Richmark*, 959 F.2d at 1475. And because "Plaintiffs have . . . thus far not received any discovery whatsoever, . . . the discovery presently sought is vital to Plaintiffs' case." *Proofpoint*, 2020 WL 504962, at *2 (N.D. Cal. Jan. 31, 2020).

**Factor 2 (Specificity)**. Mementum failed to carry its burden of making particularized objections to Plaintiffs' discovery requests, so this factor favors disclosure. The fact that the requests may "seek[] a great deal of information" does "not favor nondisclosure." *Connex R.R. LLC v. AXA Corp. Sols. Assurance*, 2017 WL 3433542, at *12–13 (C.D. Cal. Feb. 22, 2017).

**Factor 3 (Origin).** The inquiry is where information "originated," not where the counterparty with the information is located. *Proofpoint*, 2020 WL 1911195, at *5. Little of what Plaintiffs seek originated in France. The records of the creation of the brainrots originate in

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

Indonesia and Brazil (where Mementum's clients reside) and predate their engagement with Mementum. Other information originates with Roblox, a U.S. company. And discovery on Mementum's trademark claim involves its use of a purported trademark *in U.S. commerce*.

**Factor 4 (Adequacy of alternative means).** Recourse to the Hague Convention is not the "substantially equivalent" alternative the law requires. *Connex*, 2017 WL 3433542, at *13 (quoting *Richmark*, 959 F.2d at 1475). Its procedures are "unduly time consuming and expensive, as well as less certain to produce needed evidence than direct use of the Federal Rules." *Aérospatiale*, 482 U.S. at 542. "France is particularly slow to execute Hague Convention requests, and when they are executed, often the results are unsatisfactory." *CRT*, 2014 WL 5462496, at *6. Mementum cites *Salt River Project Agric. Improvement & Power Dist. v. Trench France SAS*, 303 F. Supp. 3d 1004, 1008 (D. Ariz. 2018) as one of the rare cases where a French blocking statute objection was sustained; but in the case, the French company had an affiliate that was already providing the relevant discovery. *Id.* ("[T]he Court has no basis at this point for concluding that the documents are critically important to the resolution of this case."). Here, there is no alternative source from which Plaintiffs could obtain the requested information.

**Factor 5 (National interests).** "[T]he United States has a compelling interest in enforcing" its intellectual-property laws in its courts, *Optrics*, 2019 WL 5485890, at *2, and "a vital interest in providing a forum for the final resolution of disputes and for enforcing [their] judgments." *Proofpoint*, 2020 WL 1911195, at *5. France has no such interest. "The majority of courts that have examined the issue have held that France has little interest in the enforcement of its blocking statute." *United States v. Buff*, 636 F. Supp. 3d 441, 446 (S.D.N.Y. 2022). "France's interest in having its corporations avoid the 'intrusiveness' of American pretrial discovery rules is of a lesser quantum of importance than America's judicial interest in providing fairness in the discovery process." *Proofpoint*, 2020 WL 1911195, at *5.

**Factor 6 (Hardship).** The hardship Mementum invokes is fictional. The statute "is almost never enforced," and "does not subject defendants to a realistic risk of prosecution." *Buff*, 636 F. Supp. 3d at 447–48; *CRT*, 2014 WL 5462496, at *7 (prosecution risk is "minimal"). The SISSE opinion Mementum obtained is an "opinion on the applicability" of the statute but does not

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

threaten specific prosecution. *Cf. In re Flint*, 2024 WL 2139318, at \*11 (distinguishing "advisory letters" from actual enforcement). The sole instance of enforcement was a 2007 prosecution of a French lawyer for deceptive conduct; no court has found "any other case[] in which the Blocking Statute was enforced against a French company." *CRT*, 2014 WL 5462496, at \*7. Mementum's own cited authority makes the point. In *Kashef v. BNP Paribas S.A.*, 2022 WL 1617489, at \*4 (S.D.N.Y. May 23, 2022), the court acknowledged that "prosecutions in this area have been all-but-nonexistent" and that the hardship was "slight," but applied the Convention protocols because the material sought was not "important to [plaintiff's] case." *Id.*

**Factor 7 (Enforceability)**. "If the person or entity resisting discovery is a party to the action, a court order likely will be enforceable." *Connex*, 2017 WL 3433542, at \*18. That is true even if the order would force them to violate French law. *Aérospatiale*, 482 U.S. at 544 n.29.

Plaintiffs respectfully request that the Court deny Mementum's request for a protective order and order Mementum to promptly respond to Plaintiffs' discovery and produce responsive documents. Mementum's "compromise" position is nothing of the sort—it would force Plaintiffs to surrender their rights under the Federal Rules for no purpose. Plaintiffs have not accepted any of Mementum's proposed limitations on discovery; Mementum's decision to "pause" its own third-party subpoena was its own. Nor does the September 16 hearing justify delay. Discovery is not stayed and the Court's scheduling order expects the parties to complete discovery by March 2027; there is no good cause to deviate from that order. *Gray v. First Winthrop Corp.*, 133 F.R.D. 39, 40 (N.D. Cal. 1990) (pending motion to dismiss does not stay discovery).

DATED: July 1, 2026

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP


By:  /s/ *Steven A. Stein*
GREGG A. MARTIN (SBN 135685)
STEVEN A. STEIN (SBN 287401)
ANDREW P. LUX (SBN 345915)
Attorneys for Defendant and
Counterclaimant MEMENTUM LAB SAS

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

DATED: July 1, 2026                    MITCHELL SILBERBERG & KNUPP LLP


By: /s/ *Joshua M. Geller*
    AARON J. MOSS (190625)
    JOSHUA M. GELLER (295412)
    Attorneys for Plaintiffs and Counter-
    Defendants SPYDER GAMES LLC and
    SPEEDY SIMULATOR GAMING, LLC

**GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP**
2049 Century Park East, Suite 2600
Los Angeles, California 90067

# EXHIBIT 1

AARON J. MOSS (190625)
aaron.moss@msk.com
JOSHUA M. GELLER (295412)
josh.geller@msk.com
ARIANA T. ADDO-YOBO (363119)
ata@msk.com
MITCHELL SILBERBERG & KNUPP LLP
2049 Century Park East, 18th Floor
Los Angeles, CA 90067-3120
Telephone: (310) 312-2000
Facsimile: (310) 312-3100

Attorneys for Plaintiffs,
SPYDER GAMES LLC and
SPEEDY SIMULATOR GAMING, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SPYDER GAMES LLC, a Louisiana limited liability company; and SPEEDY SIMULATOR GAMING, LLC, a Wyoming limited liability company,<br><br>        Plaintiffs and Counter-Defendants,<br><br>    v.<br><br>MEMENTUM LAB, a French company,<br><br>        Defendant and Counterclaimant. | CASE NO.   5:25-CV-10248-NW<br><br>**[PROPOSED] ORDER GRANTING PLAINTIFFS AND COUNTER-DEFENDANTS' REQUEST FOR AN ORDER OVERRULING OBJECTION AND COMPELLING DEFENDANT AND COUNTERCLAIMANT MEMENTUM LAB TO RESPOND TO DISCOVERY**<br><br>Hon. Susan van Keulen<br> Courtroom: 6 |

Mitchell
Silberberg &
Knupp LLP

21345225.1

1                                          CASE NO. 5:25-CV-10248-NW
**[PROPOSED] ORDER**

**[PROPOSED] ORDER**

Having reviewed the parties' July 1, 2026 Joint Statement Re: Discovery Dispute, and good cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. Plaintiffs and Counter-Defendants' Request is GRANTED.

2. Defendant and Counterclaimant Mementum Lab's ("Mementum") objection to discovery proceeding under the Federal Rules of Civil Procedure based on French Law No. 68-678 of July 26, 1968, as amended, is overruled.

3. Mementum's request for a protective order and that discovery proceed pursuant to the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters is denied.

4. Mementum is ordered to provide full and complete responses to Spyder Games, LLC's Requests for Production (Set One), Requests for Admission (Set One), and Interrogatories (Set One) within seven (7) days and to produce all non-privileged documents responsive to the Requests for Production within fourteen (14) days.

_____
Honorable Susan van Keulen
Magistrate Judge

Mitchell
Silberberg &
Knupp LLP

21345225.1

2                                    CASE NO. 5:25-CV-10248-NW
**[PROPOSED] ORDER**

# EXHIBIT 2

GREGG A. MARTIN (SBN 135685)
GMartin@ggfirm.com
STEVEN A. STEIN (SBN 287401)
SStein@ggfirm.com
ANDREW P. LUX (SBN 345915)
ALux@ggfirm.com
GREENBERG GLUSKER FIELDS CLAMAN &
MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California  90067
Telephone:    310-553-3610
Facsimile:    310-553-0687

Attorneys for Defendant and Counterclaimant
MEMENTUM LAB SAS

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California  90067

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SPYDER GAMES LLC, a Louisiana limited liability company; and SPEEDY SIMULATOR GAMING, LLC, a Wyoming limited liability company, | Case No. 5:25-cv-10248-NW |
| Plaintiffs and Counter-Defendants, | **[PROPOSED] ORDER GRANTING DEFENDANT AND COUNTERCLAIMANT'S MEMENTUM LAB SAS'S MOTION FOR PROTECTIVE ORDER** |
| v. | Hon. Susan van Keulen |
| MEMENTUM LAB SAS, a French company, | Courtroom: 6 |
| Defendant and Counterclaimant. | |

56669-00002/8109217.1

[PROPOSED] ORDER
5:25-CV-10248-NW

**[PROPOSED] ORDER**

Defendant and Counterclaimant Mementum Lab SAS's Motion for Protective Order directing that the discovery propounded by Plaintiff and Counter-Defendant Spyder Games LLC seeking documents and information located in or originating from France, proceed exclusively through the procedures of the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters came on for hearing in Courtroom 6 of the above-entitled Court, the Honorable Susan van Keulen presiding. Appearances were reflected on the record. The Court, having considered the motion and all supporting moving papers, and the opposition papers, and for good cause appearing,

**IT IS HEREBY ORDERED THAT:**

1. Defendant and Counterclaimant's Motion for Protective Order is GRANTED.

2. Plaintiffs and Counter-Defendants' Motion to Compel is DENIED.

_____
Honorable Susan van Keulen
United States District Court Magistrate Judge

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

56669-00002/8109217.1

2

[PROPOSED] ORDER
5:25-CV-10248-NW

# EXHIBIT 3

AARON J. MOSS (190625)
aaron.moss@msk.com
JOSHUA M. GELLER (295412)
josh.geller@msk.com
MITCHELL SILBERBERG & KNUPP LLP
2049 Century Park East, 18th Floor
Los Angeles, CA 90067-3120
Telephone: (310) 312-2000
Facsimile: (310) 312-3100

Attorneys for Plaintiffs,
SPYDER GAMES LLC and
SIMULATOR GAMING, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SPYDER GAMES LLC, a Louisiana limited liability company; and SPEEDY SIMULATOR GAMING, LLC, a Wyoming limited liability company, | CASE NO. 5:25-CV-10248-NW |
| Plaintiffs, | **PLAINTIFF SPYDER GAMES LLC'S REQUESTS FOR ADMISSION, SET ONE TO DEFENDANT MEMENTUM LAB** |
| v. | Hon. Noel Wise |
| MEMENTUM LAB, a French company, | |
| Defendant. | |

**PROPOUNDING PARTY:**        **Plaintiff SPYDER GAMES LLC**

**RESPONDING PARTY:**        **Defendant MEMENTUM LAB**

**SET NO.:**        **ONE (1)**

Mitchell
Silberberg &
Knupp LLP

21497576.2

1

**PLAINTIFF'S REQUESTS FOR ADMISSION TO DEFENDANT, SET ONE**

Pursuant to Federal Rules of Civil Procedure 26 and 36, Plaintiff Spyder Games LLC ("Plaintiff") hereby requests that Defendant Mementum Lab ("Defendant" or "Mementum") provide answers to the following requests for admission (the "Requests"), to the undersigned counsel for Plaintiff, within 30 days of service.

## DEFINITIONS

As used below, the following terms have the meanings indicated:

1. "Defendant," "Mementum," "You," or "Your" means Mementum Lab, and all of its affiliates, predecessors, successors, subsidiaries, divisions, parent companies, and all past or present directors, officers, agents, representatives, employees, consultants, attorneys, and others acting on its behalf.

2. "Brainrots" means the characters identified in Exhibit 1 to the Complaint in this action (ECF No. 1) and Paragraph 5 and footnote 1 of Defendant's Counterclaims, (ECF No. 18), including all versions, iterations, variations, and derivative depictions thereof, whether in final or draft form. Such Brainrots include, without limitation, Tung Tung Tung Sahur, Tob Tobi Tob, Brr Es Teh Patipum, Pakrahmatmamat, La Esok Sekolah, U Din Din Din Din Dun Ma Din Din Din Dun, Garamararambraraman dan Madudungdung tak tuntung Perkuntung, Boneca Ambalabu, Il Cacto Hipopotamo, Brr Brr Patapim, Malamé Amaralé, Frigo Camelo, Ecco Cavallo Virtuoso, Tre Tigri Triste, Giraffa Celeste, Trenostruzzo Turbo 3000, La Vacca Saturno Saturnita, Cappuccino Assassino, Avocadini Guffo, Perochello Lemonchello, Mangolini Parrocini, Penguino Cocosino, Bananitta Dolfinitta devenu Bananita Dolphinita, Burbaloni Lulliloli devenu Burbaloni Loliloli, Chimpanzini Bananini, Blueberrinni Octopussini devenu Blueberrinni Octopusini, Quivioli Ameleonni, Strawberrelli Flamingelli, Cocosini Mama, Ganganzelli Trulala, Zibra Zubra Zibralini, Orangutini Ananasini devenu Orangutini Ananassini, Rhino Toasterino, Cocofanto Elefanto, Tukanno Bananno, Tigrulli Grapefrutunni devenu

Mitchell
Silberberg &
Knupp LLP

21497576.2

Tigroligre Frutonni, Spaghetti Tualetti, Graipussi Medussi devenu Graipuss Medussi and Tim Cheese.

3.    "AI Tools" means any artificial intelligence, machine learning, or generative AI tool, platform, model, application, or service, including without limitation OpenAI (including ChatGPT and DALL-E), Midjourney, Stable Diffusion, and Adobe Firefly.

4.    "The Game" means the Roblox video game known as "Steal a Brainrot," as described in the Complaint.

5.    "The Demand Letter" means the letter dated March 9, 2025, sent by Matthieu Quiniou of D&A Partners on behalf of Mementum Lab to counsel for Plaintiff.

6.    "Person" means any natural person, entity, association, or organization of any kind.

## GENERAL INSTRUCTIONS

1.    Specify the particular Request to which a response is given.

2.    A denial shall fairly meet the substance of the requested admission, and when good faith requires that You qualify an answer or deny only part of the matter of which an admission is requested, You shall specify so much of it as is true and qualify or deny the remainder.  You may not give lack of information or knowledge as a reason for failure to admit or deny unless your response states that You have made a reasonable inquiry and that the information known or readily obtainable by You is insufficient to enable You to admit or deny the Request.

3.    All grounds for an objection to a Request shall be stated with specificity.

Mitchell
Silberberg &
Knupp LLP

21497576.2

3

**PLAINTIFF'S REQUESTS FOR ADMISSION TO DEFENDANT, SET ONE**

4.      If any Request is objected to on the grounds of attorney-client privilege or work product, the basis for the objection should be stated in detail to permit adequate review by the Court.

5.      If in responding to these Requests you encounter any ambiguity, You shall set forth the matter deemed ambiguous and the construction You used in responding.

6.      These requests are continuing in nature.  If after answering the Requests, You obtain or become aware of any information or answers that are responsive to these Requests, You shall promptly amend or supplement the answers to these Requests as required by Federal Rule of Civil Procedure 26(e).

## REQUESTS FOR ADMISSION

**REQUEST FOR ADMISSION NO. 1:**

Admit that the Brainrot named "Tung Tung Tung Sahur" was created using AI Tools.

**REQUEST FOR ADMISSION NO. 2:**

Admit that the Brainrot named "Tob Tobi Tob" was created using AI Tools.

**REQUEST FOR ADMISSION NO. 3:**

Admit that the Brainrot named "Brr Es Teh Patipum" was created using AI Tools.

**REQUEST FOR ADMISSION NO. 4:**

Admit that the Brainrot named "Pakrahmatmamat" was created using AI Tools.

**REQUEST FOR ADMISSION NO. 5:**

Admit that the Brainrot named "La Esok Sekolah" was created using AI Tools.

**REQUEST FOR ADMISSION NO. 6:**

Admit that the Brainrot named "U Din Din Din Din Dun Ma Din Din Din Dun" was created using AI Tools.

**REQUEST FOR ADMISSION NO. 7:**

Admit that the Brainrot named "Garamararambraraman dan Madudungdung tak tuntung perkuntung" was created using AI Tools.

**REQUEST FOR ADMISSION NO. 8:**

Admit that the Brainrot named "Boneca Ambalabu" was created using AI Tools.

**REQUEST FOR ADMISSION NO. 9:**

Admit that the Brainrot named "Il Cacto Hipopotamo" was created using AI Tools.

**REQUEST FOR ADMISSION NO. 10:**

Admit that the Brainrot named "Brr Brr Patapim" was created using AI Tools.

**REQUEST FOR ADMISSION NO. 11:**

Admit that the Brainrot named "Malamé Amaralé" was created using AI Tools.

**REQUEST FOR ADMISSION NO. 12:**

Admit that the Brainrot named "Frigo Camelo" was created using AI Tools.

**REQUEST FOR ADMISSION NO. 13:**

Admit that the Brainrot named "Ecco Cavallo Virtuoso" was created using AI Tools.

**REQUEST FOR ADMISSION NO. 14:**

Admit that the Brainrot named "Tre Tigri Triste" was created using AI Tools.

**REQUEST FOR ADMISSION NO. 15:**

Admit that the Brainrot named "Giraffa Celeste" was created using AI Tools.

**REQUEST FOR ADMISSION NO. 16:**

Admit that the Brainrot named "Trenostruzzo Turbo 3000" was created using AI Tools.

Mitchell
Silberberg &
Knupp LLP

21497576.2

5

**REQUEST FOR ADMISSION NO. 17:**

Admit that the Brainrot named "La Vacca Saturno Saturnita" was created using AI Tools.

**REQUEST FOR ADMISSION NO. 18:**

Admit that the Brainrot named "Cappuccino Assassino" was created using AI Tools.

**REQUEST FOR ADMISSION NO. 19:**

Admit that the Brainrot named "Avocadini Guffo" was created using AI Tools.

**REQUEST FOR ADMISSION NO. 20:**

Admit that the Brainrot named "Perochello Lemonchello" was created using AI Tools.

**REQUEST FOR ADMISSION NO. 21:**

Admit that the Brainrot named "Mangolini Parrocini" was created using AI Tools.

**REQUEST FOR ADMISSION NO. 22:**

Admit that the Brainrot named "Penguino Cocosino" was created using AI Tools.

**REQUEST FOR ADMISSION NO. 23:**

Admit that the Brainrot named "Bananitta Dolfinitta" was created using AI Tools.

**REQUEST FOR ADMISSION NO. 24:**

Admit that the Brainrot named "Burbaloni Lulliloli" was created using AI Tools.

**REQUEST FOR ADMISSION NO. 25:**

Admit that the Brainrot named "Chimpanzini Bananini" was created using AI Tools.

Mitchell
Silberberg &
Knupp LLP

21497576.2

6

**REQUEST FOR ADMISSION NO. 26:**

Admit that the Brainrot named "Blueberrinni Octopussini" was created using AI Tools.

**REQUEST FOR ADMISSION NO. 27:**

Admit that the Brainrot named "Quivioli Ameleonni" was created using AI Tools.

**REQUEST FOR ADMISSION NO. 28:**

Admit that the Brainrot named "Strawberrelli Flamingelli" was created using AI Tools.

**REQUEST FOR ADMISSION NO. 29:**

Admit that the Brainrot named "Cocosini Mama" was created using AI Tools.

**REQUEST FOR ADMISSION NO. 30:**

Admit that the Brainrot named "Ganganzelli Trulala" was created using AI Tools.

**REQUEST FOR ADMISSION NO. 31:**

Admit that the Brainrot named "Zibra Zubra Zibralini" was created using AI Tools.

**REQUEST FOR ADMISSION NO. 32:**

Admit that the Brainrot named "Orangutini Ananasini" was created using AI Tools.

**REQUEST FOR ADMISSION NO. 33:**

Admit that the Brainrot named "Rhino Toasterino" was created using AI Tools.

**REQUEST FOR ADMISSION NO. 34:**

Admit that the Brainrot named "Cocofanto Elefanto" was created using AI Tools.

Mitchell
Silberberg &
Knupp LLP

21497576.2

7

**REQUEST FOR ADMISSION NO. 35:**

Admit that the Brainrot named "Tukanno Bananno" was created using AI Tools.

**REQUEST FOR ADMISSION NO. 36:**

Admit that the Brainrot named "Tigrulli Grapefrutunni" was created using AI Tools.

**REQUEST FOR ADMISSION NO. 37:**

Admit that the Brainrot named "Spaghetti Tualetti" was created using AI Tools.

**REQUEST FOR ADMISSION NO. 38:**

Admit that the Brainrot named "Graipussi Medussi" was created using AI Tools.

**REQUEST FOR ADMISSION NO. 39:**

Admit that the Brainrot named "Tim Cheese" was created using AI Tools.

**REQUEST FOR ADMISSION NO. 40:**

Admit that You do not own any valid or enforceable copyright in any of the Brainrots.

**REQUEST FOR ADMISSION NO. 41:**

Admit that the characters appearing in the Game, as identified in the Demand Letter, are not substantially similar to any protectable original expression in the Brainrots.

**REQUEST FOR ADMISSION NO. 42:**

Admit that You have not obtained a copyright registration in the United States for any of the Brainrots.

**REQUEST FOR ADMISSION NO. 43:**

Admit that You have not applied for a copyright registration in the United States for any of the Brainrots.

**REQUEST FOR ADMISSION NO. 44:**

Admit that You have not obtained a copyright registration in France or any other non-United States jurisdiction for any of the Brainrots.

**REQUEST FOR ADMISSION NO. 45:**

Admit that You did not use the trademark "Tung Tung Sahur" in United States commerce prior to the Plaintiff's use of Tung Tung Sahur in the Game.

**REQUEST FOR ADMISSION NO. 46:**

Admit that the use of Tung Tung Sahur in the video game *Tung Tung Tung Sahur*, as alleged in Paragraph 13(a) of the Counterclaim, was not authorized by You at the time it was first used on or about May 3, 2025.

**REQUEST FOR ADMISSION NO. 47:**

Admit that You did not control the use of Tung Tung Sahur in the video game *Tung Tung Tung Sahur*, as alleged in Paragraph 13(a) of the Counterclaim, at the time the video game was first released on or about May 3, 2025.

**REQUEST FOR ADMISSION NO. 48:**

Admit that consumers do not associate "Tung Tung Sahur" with You.

**REQUEST FOR ADMISSION NO. 49:**

Admit that You are not aware of any consumer who has been confused or has expressed confusion as to the source, sponsorship, or affiliation of the Game as a result of its use of Tung Tung Sahur.

DATED: APRIL 29, 2026                    MITCHELL SILBERBERG & KNUPP LLP

By: _____
Aaron J. Moss
Joshua M. Geller
Attorneys for Plaintiffs,
SPYDER GAMES LLC and
SIMULATOR GAMING, LLC

Mitchell
Silberberg &
Knupp LLP

21497576.2

9

**PLAINTIFF'S REQUESTS FOR ADMISSION TO DEFENDANT, SET ONE**

## **<u>PROOF OF SERVICE</u>**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California, I am over the age of eighteen years and am not a party to this action; my business address is Mitchell Silberberg & Knupp LLP, 2049 Century Park East, 18th Floor, Los Angeles, CA 90067-3120, and my business email address is cxj@msk.com.

On April 29, 2026, I served a copy of the foregoing document(s) described as **PLAINTIFF SPYDER GAMES LLC'S REQUESTS FOR ADMISSION, SET ONE TO DEFENDANT MEMENTUM LAB** on the interested parties in this action at their last known address as set forth below by taking the action described below:

Steven A. Stein                                        *Attorneys for Defendant*
Andrew P. Lux
GREENBERG GLUSKER LLP
2049 Century Park E, Suite 2600
Los Angeles, CA 90067
Telephone: (310) 553.3610
SStein@GreenbergGlusker.com
ALux@ GreenbergGlusker.com

☐ **BY MAIL**:  I placed the above-mentioned document(s) in sealed envelope(s) addressed as set forth above, and deposited each envelope in the mail at Los Angeles, California.  Each envelope was mailed with postage thereon fully prepaid.

☑ **BY PERSONAL DELIVERY**:  I placed the above-mentioned document(s) in sealed envelope(s), and caused personal delivery by [Name of Person]  of the document(s) listed above to the person(s) at the address(es) set forth above.

☑ **BY ELECTRONIC MAIL**:  I served the above-mentioned document electronically on the parties listed at the email addresses above and, to the best of my knowledge, the transmission was complete and without error in that I did not receive an electronic notification to the contrary.

I declare under penalty of perjury under the laws of the United States that the above is true and correct.  Executed on April 29, 2026, at Los Angeles, California.

_____
Charlyn Jones

1
**PROOF OF SERVICE**

# EXHIBIT 4

GREGG A. MARTIN (SBN 135685)
GMartin@ggfirm.com
STEVEN A. STEIN (SBN 287401)
SStein@ggfirm.com
ANDREW P. LUX (SBN 345915)
ALux@ggfirm.com
GREENBERG GLUSKER FIELDS CLAMAN &
MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California  90067
Telephone:   310-553-3610
Facsimile:   310-553-0687

Attorneys for Defendant and Counterclaimant
MEMENTUM LAB SAS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SPYDER GAMES LLC, a Louisiana limited liability company; and SPEEDY SIMULATOR GAMING, LLC, a Wyoming limited liability company, | Case No. 5:25-cv-10248-NW |
| Plaintiffs and Counter-Defendants, | **DEFENDANT AND COUNTERCLAIMANT MEMENTUM LAB SAS'S RESPONSE TO PLAINTIFF SPYDER GAMES LLC'S REQUEST FOR ADMISSION, SET ONE** |
| v. | |
| MEMENTUM LAB SAS, a French company, | |
| Defendant and Counterclaimant. | |

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California  90067

**PROPOUNDING PARTY:**     Plaintiff and Counter-Defendant SPYDER GAMES LLC

**RESPONDING PARTY:**      Defendant and Counterclaimants MEMENTUM LAB SAS

**SET NO.:**               ONE (1)

Pursuant to Federal Rules of Civil Procedure 26 and 36, Defendant and Counterclaimant Mementum Lab SAS ("Defendant") responds to Plaintiff and Counter-Defendant Spyder Games, LLC's ("Plaintiff") Requests for Admission, Set One, as follows:

## PRELIMINARY STATEMENT

1.      Each of the responses to the individual requests herein incorporates and is subject to this preliminary statement and the general and specific objections set forth below. The preliminary statement and objections form a part of the response to each request and are set forth in this manner to avoid repetition. While the preliminary statement and objections may be referred to specifically in response to an individual request, the failure to do so is not and should not be construed as a waiver thereof.

2.      Defendant has not completed its investigation of the facts relating to this case. In particular, Defendant has not yet had the opportunity to depose or interview all persons who may have knowledge of relevant facts, or to discover or otherwise obtain and review all documents which may have some bearing on this case. The responses herein are thus based on and therefore limited by the documents and information discovered to date. The responses set forth herein are at all times subject to such additional or different information that discovery or further investigation or evaluation may disclose.

3.      Defendant anticipates that further discovery, research and analysis will supply additional facts and additional meaning to the known facts. Without in any way obligating itself to do so, Defendant reserves the right to modify or supplement

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

its responses as additional facts are ascertained, as documents are obtained, as additional contentions are formulated, and as additional discovery, analysis, or research may reveal. Defendant's responses are not in any way to be deemed an admission or representation that there are no further facts, documents, or witnesses with knowledge or information relevant to the subject matter of these requests.

4.    Defendant's responses are made solely for the purposes of this action. Except for express admissions set forth herein, no incidental or implied admissions are intended by these responses. Defendant does not concede the relevance, materiality, propriety, or admissibility of any request or the subject matter to which it relates. These responses are made by Defendant subject to, and without in any way waiving or intending to waive:

a.    Any objections as to competency, materiality, privilege, relevancy, propriety, confidentiality/trade secrecy, admissibility and/or any other objections on grounds which would require exclusion of any information contained herein;

b.    The right to object to other discovery proceedings involving or relating to the same subject matter as these requests; or

c.    The right at any time to revise, correct, add to, or clarify any of the responses set forth herein.  Furthermore, these responses are given subject to correction of any omissions or errors.

5.    Defendant will make reasonable efforts to respond to every request, to the extent it has not been objected to, as Defendant understands and interprets the request, provided that the request is not so vague and ambiguous that a response is impossible. If Plaintiff subsequently asserts an interpretation of the request that differs from that of Defendant, Defendant reserves the right to supplement its objections and response as necessary.

**GENERAL OBJECTIONS**

1.    Defendant makes the following objection based on the French

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

Blocking Statute and an opinion issued by the Strategic Intelligence and Economic Security Service ("SISSE") relating to Plaintiffs' discovery requests:

a. Defendant objects that it is a French company, and the French Blocking Statute (*Loi de Blocage*), Law No. 68-678, which was enacted to counter broad United States discovery rules, prohibits, *inter alia*, the disclosure of sensitive economic, commercial, industrial, financial, or technical information by a French entity for use in foreign judicial proceedings outside the framework of international mutual legal assistance schemes.

b. Based on a 2022 amendment to the statute, French entities that are subject to such requests are required to inform the SISSE of any such request and provide background on the proceedings in order for SISSE to provide an opinion.

c. On May 5, 2026, consistent with the mandatory notification requirement established under the 2022 amendment, Defendant notified SISSE of Plaintiffs' discovery demands at issue in this proceeding, including its Request for Production of Documents, Set One.

d. On June 5, 2026, SISSE issued a formal written opinion, Reference No. SISSE/2026/06/480, signed by Gustave Gauquelin, Chef du Service de L'Information Stratégique et de la Sécurité Économiques, and copied to senior officials of the French Ministry of Foreign Affairs and Ministry of Justice, including the Director of Criminal Affairs and Pardons (the "SISSE Opinion"). A copy of the SISSE Opinion and its certified English translation is attached hereto as **Exhibit A** and incorporated by reference.

e. The SISSE opinion constitutes an official determination by the French government that the economic, commercial, industrial, financial, and technical documents and information sought in this discovery proceeding may constitute evidence in an ongoing legal proceeding, and that their disclosure to Plaintiffs must comply with the framework established by the international agreements in force between France and the United States—specifically the Hague

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

Convention of March 18, 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters (the "Hague Convention Objection")—and be transmitted through the channels of international mutual legal assistance provided for by those agreements.

f.    The SISSE Opinion also confirms that disclosing the information at issue exposes Defendant to criminal penalties in France. Specifically, the SISSE Opinion confirms that any disclosure not in compliance with the French Blocking Statute would likely constitute a criminal violation of the statute, punishable by up to six months' imprisonment and a fine of €90,000. *See* French Law No. 68-678 of July 26, 1968.

g.    Defendant does not object to providing Plaintiffs with discovery but believes that such discovery should be conducted within the framework of the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters protocols, and that the parties should meet and confer concerning the same.

2.    Defendant objects to these requests, and to each of the requests, on the grounds that they seek information outside the framework of the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters of March 18, 1970, to which both France and the United States are signatories. The SISSE Opinion confirms that the Hague Convention is the applicable and required international framework for discovery of information of the type sought here, and that requests for production must be transmitted through French central. Defendant does not object to providing Plaintiffs with discovery but believes that such discovery should be conducted within the framework of the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters, and that the parties should meet and confer concerning the same.

3.    Defendant objects to these requests, and to each of the requests, on the grounds that Plaintiffs' Complaint is moot, the Court lacks subject matter jurisdiction over Plaintiffs' Complaint, and therefore discovery concerning

Plaintiffs' declaratory relief claim and Defendant's defendants is not reasonably calculated to lead to admissible evidence. Specifically, Defendant issued a May 21, 2026 Covenant Not to Sue in which it agreed to not engage in the activities that Plaintiffs allege create an actual controversy for this Court to result, thereby mooting Plaintiffs' sole claim for declaratory relief, and divesting the Court of subject matter jurisdiction over Plaintiffs' Complaint. Defendant has filed a motion to dismiss Plaintiffs' Complaint on this basis.

4.      Defendant objects to these requests for admissions, and to each of the individual requests, to the extent they seek disclosure of information protected from disclosure by the attorney-client privilege, the work product doctrine, or any other applicable claim of privilege ("privileged information"). Defendant does not intend to disclose any privileged information in response to these requests, and any undertaking by Defendant to respond to these requests should be understood to exclude privileged information. Any disclosure of privileged information is inadvertent and shall not be deemed to constitute a waiver of any privilege or protection.

5.      Defendant objects to the requests in their entirety to the extent they attempt or purport to impose obligations on it beyond those set forth in the Federal Rules of Civil Procedure. In the following responses, all definitions and other instructions shall be treated as having no force or effect to the extent that they exceed those duties.

6.      Defendant objects to each request to the extent it calls for proprietary, confidential, and/or trade secret information of Defendant, and/or third parties, and/or information protected by the right of privacy.

7.      Defendant objects to each request to the extent it seeks information that is equally available to Plaintiff and/or within the possession, custody, or control of Plaintiff or any third party.

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

8.    Defendant objects to each request to the extent it attempts or purports to impose an obligation to investigate or discover information from third parties not under its control and/or persons who are equally accessible to Plaintiffs.

9.    Defendant's responses are made subject to all general and specific objections, and it specifically reserves the right to reassert those objections by motion or at any time at trial.

<u>**RESPONSE TO REQUEST FOR ADMISSION**</u>

<u>**REQUESTS FOR ADMISSION NO. 1:**</u>

Admit that the Brainrot named "Tung Tung Tung Sahur" was created using AI Tools.

<u>**RESPONSE TO REQUEST ADMISSION NO. 1:**</u>

Defendant objects to this Request as vague and ambiguous as to the phrase "using AI Tools" is subject to multiple interpretations. Defendant further objects to this Request to the extent it calls for a legal conclusion. Defendant further objects to this Request as Plaintiffs claim is not ripe as Defendant has not threatened to enforce or enforced its rights in the United States and therefore there is no actual controversy for the Court to resolve. Defendant further objects to this Request as Plaintiffs claim is moot as Defendant has covenanted not to sue Plaintiffs for copyright infringement in the United States or to submit a takedown request under the Digital Millennium Copyright Act ("DMCA") as to the Brainrots at issue.

Pursuant to SISSE's formal written opinion, Reference No. SISSE/2026/06/480, dated June 5, 2026, Defendant is unable to respond to Plaintiff's Requests as Defendant cannot provide economic, commercial, industrial, financial, or technical documents and information to Plaintiffs without subjecting itself to criminal liability. *See* French Law No. 68-678 of July 26, 1968. Plaintiffs need to seek discovery from Defendant through the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters.

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California  90067

56669-00002/8040582.4

7

**REQUEST FOR ADMISSION NO. 2:**

Admit that the Brainrot named "Tob Tobi Tob" was created using AI Tools.

**RESPONSE TO REQUEST ADMISSION NO. 2:**

Defendant objects to this Request as vague and ambiguous as to the phrase "using AI Tools" is subject to multiple interpretations. Defendant further objects to this Request to the extent it calls for a legal conclusion. Defendant further objects to this Request as Plaintiffs claim is not ripe as Defendant has not threatened to enforce or enforced its rights in the United States and therefore there is no actual controversy for the Court to resolve. Defendant further objects to this Request as Plaintiffs claim is moot as Defendant has covenanted not to sue Plaintiffs for copyright infringement in the United States or to submit a takedown request under the Digital Millennium Copyright Act ("DMCA") as to the Brainrots at issue.

Pursuant to SISSE's formal written opinion, Reference No. SISSE/2026/06/480, dated June 5, 2026, Defendant is unable to respond to Plaintiff's Requests as Defendant cannot provide economic, commercial, industrial, financial, or technical documents and information to Plaintiffs without subjecting itself to criminal liability. *See* French Law No. 68-678 of July 26, 1968. Plaintiffs need to seek discovery from Defendant through the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters.

**REQUEST FOR ADMISSION NO. 3:**

Admit that the Brainrot named "Brr Es Teh Patipum" was created using AI Tools.

**RESPONSE TO REQUEST ADMISSION NO. 3:**

Defendant objects to this Request as vague and ambiguous as to the phrase "using AI Tools" is subject to multiple interpretations. Defendant further objects to this Request to the extent it calls for a legal conclusion. Defendant further objects to this Request as Plaintiffs claim is not ripe as Defendant has not threatened to enforce or enforced its rights in the United States and therefore there is no actual controversy

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

for the Court to resolve. Defendant further objects to this Request as Plaintiffs claim is moot as Defendant has covenanted not to sue Plaintiffs for copyright infringement in the United States or to submit a takedown request under the Digital Millennium Copyright Act ("DMCA") as to the Brainrots at issue.

Pursuant to SISSE's formal written opinion, Reference No. SISSE/2026/06/480, dated June 5, 2026, Defendant is unable to respond to Plaintiff's Requests as Defendant cannot provide economic, commercial, industrial, financial, or technical documents and information to Plaintiffs without subjecting itself to criminal liability. *See* French Law No. 68-678 of July 26, 1968. Plaintiffs need to seek discovery from Defendant through the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters.

**REQUEST FOR ADMISSION NO. 4:**

Admit that the Brainrot named "Pakrahmatmamat" was created using AI Tools.

**RESPONSE TO REQUEST ADMISSION NO. 4:**

Defendant objects to this Request as vague and ambiguous as to the phrase "using AI Tools" is subject to multiple interpretations. Defendant further objects to this Request to the extent it calls for a legal conclusion. Defendant further objects to this Request as Plaintiffs claim is not ripe as Defendant has not threatened to enforce or enforced its rights in the United States and therefore there is no actual controversy for the Court to resolve. Defendant further objects to this Request as Plaintiffs claim is moot as Defendant has covenanted not to sue Plaintiffs for copyright infringement in the United States or to submit a takedown request under the Digital Millennium Copyright Act ("DMCA") as to the Brainrots at issue.

Pursuant to SISSE's formal written opinion, Reference No. SISSE/2026/06/480, dated June 5, 2026, Defendant is unable to respond to Plaintiff's Requests as Defendant cannot provide economic, commercial, industrial, financial, or technical documents and information to Plaintiffs without subjecting itself to

criminal liability. *See* French Law No. 68-678 of July 26, 1968. Plaintiffs need to seek discovery from Defendant through the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters.

**REQUEST FOR ADMISSION NO. 5:**

Admit that the Brainrot named "La Esok Sekolah" was created using AI Tools.

**RESPONSE TO REQUEST ADMISSION NO. 5:**

Defendant objects to this Request as vague and ambiguous as to the phrase "using AI Tools" is subject to multiple interpretations. Defendant further objects to this Request to the extent it calls for a legal conclusion. Defendant further objects to this Request as Plaintiffs claim is not ripe as Defendant has not threatened to enforce or enforced its rights in the United States and therefore there is no actual controversy for the Court to resolve. Defendant further objects to this Request as Plaintiffs claim is moot as Defendant has covenanted not to sue Plaintiffs for copyright infringement in the United States or to submit a takedown request under the Digital Millennium Copyright Act ("DMCA") as to the Brainrots at issue.

Pursuant to SISSE's formal written opinion, Reference No. SISSE/2026/06/480, dated June 5, 2026, Defendant is unable to respond to Plaintiff's Requests as Defendant cannot provide economic, commercial, industrial, financial, or technical documents and information to Plaintiffs without subjecting itself to criminal liability. *See* French Law No. 68-678 of July 26, 1968. Plaintiffs need to seek discovery from Defendant through the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters.

**REQUEST FOR ADMISSION NO. 6:**

Admit that the Brainrot named "U Din Din Din Din Dun Ma Din Din Din Dun" was created using AI Tools.

**RESPONSE TO REQUEST ADMISSION NO. 6:**

Defendant objects to this Request as vague and ambiguous as to the phrase "using AI Tools" is subject to multiple interpretations. Defendant further objects to

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

this Request to the extent it calls for a legal conclusion. Defendant further objects to this Request as Plaintiffs claim is not ripe as Defendant has not threatened to enforce or enforced its rights in the United States and therefore there is no actual controversy for the Court to resolve. Defendant further objects to this Request as Plaintiffs claim is moot as Defendant has covenanted not to sue Plaintiffs for copyright infringement in the United States or to submit a takedown request under the Digital Millennium Copyright Act ("DMCA") as to the Brainrots at issue.

Pursuant to SISSE's formal written opinion, Reference No. SISSE/2026/06/480, dated June 5, 2026, Defendant is unable to respond to Plaintiff's Requests as Defendant cannot provide economic, commercial, industrial, financial, or technical documents and information to Plaintiffs without subjecting itself to criminal liability. *See* French Law No. 68-678 of July 26, 1968. Plaintiffs need to seek discovery from Defendant through the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters.

**REQUEST FOR ADMISSION NO. 7:**

Admit that the Brainrot named "Garamararambraraman dan Madudungdung tak tuntung perkuntung" was created using AI Tools.

**RESPONSE TO REQUEST ADMISSION NO. 7:**

Defendant objects to this Request as vague and ambiguous as to the phrase "using AI Tools" is subject to multiple interpretations. Defendant further objects to this Request to the extent it calls for a legal conclusion. Defendant further objects to this Request as Plaintiffs claim is not ripe as Defendant has not threatened to enforce or enforced its rights in the United States and therefore there is no actual controversy for the Court to resolve. Defendant further objects to this Request as Plaintiffs claim is moot as Defendant has covenanted not to sue Plaintiffs for copyright infringement in the United States or to submit a takedown request under the Digital Millennium Copyright Act ("DMCA") as to the Brainrots at issue.

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

Pursuant to SISSE's formal written opinion, Reference No. SISSE/2026/06/480, dated June 5, 2026, Defendant is unable to respond to Plaintiff's Requests as Defendant cannot provide economic, commercial, industrial, financial, or technical documents and information to Plaintiffs without subjecting itself to criminal liability. *See* French Law No. 68-678 of July 26, 1968. Plaintiffs need to seek discovery from Defendant through the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters.

**REQUEST FOR ADMISSION NO. 8:**

Admit that the Brainrot named "Boneca Ambalabu" was created using AI Tools.

**RESPONSE TO REQUEST ADMISSION NO. 8:**

Defendant objects to this Request as vague and ambiguous as to the phrase "using AI Tools" is subject to multiple interpretations. Defendant further objects to this Request to the extent it calls for a legal conclusion. Defendant further objects to this Request as Plaintiffs claim is not ripe as Defendant has not threatened to enforce or enforced its rights in the United States and therefore there is no actual controversy for the Court to resolve. Defendant further objects to this Request as Plaintiffs claim is moot as Defendant has covenanted not to sue Plaintiffs for copyright infringement in the United States or to submit a takedown request under the Digital Millennium Copyright Act ("DMCA") as to the Brainrots at issue.

Pursuant to SISSE's formal written opinion, Reference No. SISSE/2026/06/480, dated June 5, 2026, Defendant is unable to respond to Plaintiff's Requests as Defendant cannot provide economic, commercial, industrial, financial, or technical documents and information to Plaintiffs without subjecting itself to criminal liability. *See* French Law No. 68-678 of July 26, 1968. Plaintiffs need to seek discovery from Defendant through the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters.

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

**REQUEST FOR ADMISSION NO. 9:**

Admit that the Brainrot named "Il Cacto Hipopotamo" was created using AI Tools.

**RESPONSE TO REQUEST ADMISSION NO. 9:**

Defendant objects to this Request as vague and ambiguous as to the phrase "using AI Tools" is subject to multiple interpretations. Defendant further objects to this Request to the extent it calls for a legal conclusion. Defendant further objects to this Request as Plaintiffs claim is not ripe as Defendant has not threatened to enforce or enforced its rights in the United States and therefore there is no actual controversy for the Court to resolve. Defendant further objects to this Request as Plaintiffs claim is moot as Defendant has covenanted not to sue Plaintiffs for copyright infringement in the United States or to submit a takedown request under the Digital Millennium Copyright Act ("DMCA") as to the Brainrots at issue.

Pursuant to SISSE's formal written opinion, Reference No. SISSE/2026/06/480, dated June 5, 2026, Defendant is unable to respond to Plaintiff's Requests as Defendant cannot provide economic, commercial, industrial, financial, or technical documents and information to Plaintiffs without subjecting itself to criminal liability. *See* French Law No. 68-678 of July 26, 1968. Plaintiffs need to seek discovery from Defendant through the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters.

**REQUEST FOR ADMISSION NO. 10:**

Admit that the Brainrot named "Brr Brr Patapim" was created using AI Tools.

**RESPONSE TO REQUEST ADMISSION NO. 10:**

Defendant objects to this Request as vague and ambiguous as to the phrase "using AI Tools" is subject to multiple interpretations. Defendant further objects to this Request to the extent it calls for a legal conclusion. Defendant further objects to this Request as Plaintiffs claim is not ripe as Defendant has not threatened to enforce or enforced its rights in the United States and therefore there is no actual controversy

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

for the Court to resolve. Defendant further objects to this Request as Plaintiffs claim is moot as Defendant has covenanted not to sue Plaintiffs for copyright infringement in the United States or to submit a takedown request under the Digital Millennium Copyright Act ("DMCA") as to the Brainrots at issue.

Pursuant to SISSE's formal written opinion, Reference No. SISSE/2026/06/480, dated June 5, 2026, Defendant is unable to respond to Plaintiff's Requests as Defendant cannot provide economic, commercial, industrial, financial, or technical documents and information to Plaintiffs without subjecting itself to criminal liability. *See* French Law No. 68-678 of July 26, 1968. Plaintiffs need to seek discovery from Defendant through the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters.

**REQUEST FOR ADMISSION NO. 11:**

Admit that the Brainrot named "Malamé Amaralé" was created using AI Tools.

**RESPONSE TO REQUEST ADMISSION NO. 11:**

Defendant objects to this Request as vague and ambiguous as to the phrase "using AI Tools" is subject to multiple interpretations. Defendant further objects to this Request to the extent it calls for a legal conclusion. Defendant further objects to this Request as Plaintiffs claim is not ripe as Defendant has not threatened to enforce or enforced its rights in the United States and therefore there is no actual controversy for the Court to resolve. Defendant further objects to this Request as Plaintiffs claim is moot as Defendant has covenanted not to sue Plaintiffs for copyright infringement in the United States or to submit a takedown request under the Digital Millennium Copyright Act ("DMCA") as to the Brainrots at issue.

Pursuant to SISSE's formal written opinion, Reference No. SISSE/2026/06/480, dated June 5, 2026, Defendant is unable to respond to Plaintiff's Requests as Defendant cannot provide economic, commercial, industrial, financial, or technical documents and information to Plaintiffs without subjecting itself to

criminal liability. *See* French Law No. 68-678 of July 26, 1968. Plaintiffs need to seek discovery from Defendant through the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters.

**REQUEST FOR ADMISSION NO. 12:**

Admit that the Brainrot named "Frigo Camelo" was created using AI Tools.

**RESPONSE TO REQUEST ADMISSION NO. 12:**

Defendant objects to this Request as vague and ambiguous as to the phrase "using AI Tools" is subject to multiple interpretations. Defendant further objects to this Request to the extent it calls for a legal conclusion. Defendant further objects to this Request as Plaintiffs claim is not ripe as Defendant has not threatened to enforce or enforced its rights in the United States and therefore there is no actual controversy for the Court to resolve. Defendant further objects to this Request as Plaintiffs claim is moot as Defendant has covenanted not to sue Plaintiffs for copyright infringement in the United States or to submit a takedown request under the Digital Millennium Copyright Act ("DMCA") as to the Brainrots at issue.

Pursuant to SISSE's formal written opinion, Reference No. SISSE/2026/06/480, dated June 5, 2026, Defendant is unable to respond to Plaintiff's Requests as Defendant cannot provide economic, commercial, industrial, financial, or technical documents and information to Plaintiffs without subjecting itself to criminal liability. *See* French Law No. 68-678 of July 26, 1968. Plaintiffs need to seek discovery from Defendant through the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters.

**REQUEST FOR ADMISSION NO. 13:**

Admit that the Brainrot named "Ecco Cavallo Virtuoso" was created using AI Tools.

**RESPONSE TO REQUEST ADMISSION NO. 13:**

Defendant objects to this Request as vague and ambiguous as to the phrase "using AI Tools" is subject to multiple interpretations. Defendant further objects to

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

this Request to the extent it calls for a legal conclusion. Defendant further objects to this Request as Plaintiffs claim is not ripe as Defendant has not threatened to enforce or enforced its rights in the United States and therefore there is no actual controversy for the Court to resolve. Defendant further objects to this Request as Plaintiffs claim is moot as Defendant has covenanted not to sue Plaintiffs for copyright infringement in the United States or to submit a takedown request under the Digital Millennium Copyright Act ("DMCA") as to the Brainrots at issue.

Pursuant to SISSE's formal written opinion, Reference No. SISSE/2026/06/480, dated June 5, 2026, Defendant is unable to respond to Plaintiff's Requests as Defendant cannot provide economic, commercial, industrial, financial, or technical documents and information to Plaintiffs without subjecting itself to criminal liability. *See* French Law No. 68-678 of July 26, 1968. Plaintiffs need to seek discovery from Defendant through the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters.

**REQUEST FOR ADMISSION NO. 14:**

Admit that the Brainrot named "Tre Tigri Triste" was created using AI Tools.

**RESPONSE TO REQUEST ADMISSION NO. 14:**

Defendant objects to this Request as vague and ambiguous as to the phrase "using AI Tools" is subject to multiple interpretations. Defendant further objects to this Request to the extent it calls for a legal conclusion. Defendant further objects to this Request as Plaintiffs claim is not ripe as Defendant has not threatened to enforce or enforced its rights in the United States and therefore there is no actual controversy for the Court to resolve. Defendant further objects to this Request as Plaintiffs claim is moot as Defendant has covenanted not to sue Plaintiffs for copyright infringement in the United States or to submit a takedown request under the Digital Millennium Copyright Act ("DMCA") as to the Brainrots at issue.

Pursuant to SISSE's formal written opinion, Reference No. SISSE/2026/06/480, dated June 5, 2026, Defendant is unable to respond to Plaintiff's

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

Requests as Defendant cannot provide economic, commercial, industrial, financial, or technical documents and information to Plaintiffs without subjecting itself to criminal liability. *See* French Law No. 68-678 of July 26, 1968. Plaintiffs need to seek discovery from Defendant through the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters.

**REQUEST FOR ADMISSION NO. 15:**

Admit that the Brainrot named "Giraffa Celeste" was created using AI Tools.

**RESPONSE TO REQUEST ADMISSION NO. 15:**

Defendant objects to this Request as vague and ambiguous as to the phrase "using AI Tools" is subject to multiple interpretations. Defendant further objects to this Request to the extent it calls for a legal conclusion. Defendant further objects to this Request as Plaintiffs claim is not ripe as Defendant has not threatened to enforce or enforced its rights in the United States and therefore there is no actual controversy for the Court to resolve. Defendant further objects to this Request as Plaintiffs claim is moot as Defendant has covenanted not to sue Plaintiffs for copyright infringement in the United States or to submit a takedown request under the Digital Millennium Copyright Act ("DMCA") as to the Brainrots at issue.

Pursuant to SISSE's formal written opinion, Reference No. SISSE/2026/06/480, dated June 5, 2026, Defendant is unable to respond to Plaintiff's Requests as Defendant cannot provide economic, commercial, industrial, financial, or technical documents and information to Plaintiffs without subjecting itself to criminal liability. *See* French Law No. 68-678 of July 26, 1968. Plaintiffs need to seek discovery from Defendant through the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters.

**REQUEST FOR ADMISSION NO. 16:**

Admit that the Brainrot named "Trenostruzzo Turbo 3000" was created using AI Tools.

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

**RESPONSE TO REQUEST ADMISSION NO. 16:**

Defendant objects to this Request as vague and ambiguous as to the phrase "using AI Tools" is subject to multiple interpretations. Defendant further objects to this Request to the extent it calls for a legal conclusion. Defendant further objects to this Request as Plaintiffs claim is not ripe as Defendant has not threatened to enforce or enforced its rights in the United States and therefore there is no actual controversy for the Court to resolve. Defendant further objects to this Request as Plaintiffs claim is moot as Defendant has covenanted not to sue Plaintiffs for copyright infringement in the United States or to submit a takedown request under the Digital Millennium Copyright Act ("DMCA") as to the Brainrots at issue.

Pursuant to SISSE's formal written opinion, Reference No. SISSE/2026/06/480, dated June 5, 2026, Defendant is unable to respond to Plaintiff's Requests as Defendant cannot provide economic, commercial, industrial, financial, or technical documents and information to Plaintiffs without subjecting itself to criminal liability. *See* French Law No. 68-678 of July 26, 1968. Plaintiffs need to seek discovery from Defendant through the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters.

**REQUEST FOR ADMISSION NO. 17:**

Admit that the Brainrot named "La Vacca Saturno Saturnita" was created using AI Tools.

**RESPONSE TO REQUEST ADMISSION NO. 17:**

Defendant objects to this Request as vague and ambiguous as to the phrase "using AI Tools" is subject to multiple interpretations. Defendant further objects to this Request to the extent it calls for a legal conclusion. Defendant further objects to this Request as Plaintiffs claim is not ripe as Defendant has not threatened to enforce or enforced its rights in the United States and therefore there is no actual controversy for the Court to resolve. Defendant further objects to this Request as Plaintiffs claim is moot as Defendant has covenanted not to sue Plaintiffs for copyright infringement

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

in the United States or to submit a takedown request under the Digital Millennium Copyright Act ("DMCA") as to the Brainrots at issue.

Pursuant to SISSE's formal written opinion, Reference No. SISSE/2026/06/480, dated June 5, 2026, Defendant is unable to respond to Plaintiff's Requests as Defendant cannot provide economic, commercial, industrial, financial, or technical documents and information to Plaintiffs without subjecting itself to criminal liability. *See* French Law No. 68-678 of July 26, 1968. Plaintiffs need to seek discovery from Defendant through the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters.

**REQUEST FOR ADMISSION NO. 18:**

Admit that the Brainrot named "Cappuccino Assassino" was created using AI Tools.

**RESPONSE TO REQUEST ADMISSION NO. 18:**

Defendant objects to this Request as vague and ambiguous as to the phrase "using AI Tools" is subject to multiple interpretations. Defendant further objects to this Request to the extent it calls for a legal conclusion. Defendant further objects to this Request as Plaintiffs claim is not ripe as Defendant has not threatened to enforce or enforced its rights in the United States and therefore there is no actual controversy for the Court to resolve. Defendant further objects to this Request as Plaintiffs claim is moot as Defendant has covenanted not to sue Plaintiffs for copyright infringement in the United States or to submit a takedown request under the Digital Millennium Copyright Act ("DMCA") as to the Brainrots at issue.

Pursuant to SISSE's formal written opinion, Reference No. SISSE/2026/06/480, dated June 5, 2026, Defendant is unable to respond to Plaintiff's Requests as Defendant cannot provide economic, commercial, industrial, financial, or technical documents and information to Plaintiffs without subjecting itself to criminal liability. *See* French Law No. 68-678 of July 26, 1968. Plaintiffs need to

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

seek discovery from Defendant through the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters.

**REQUEST FOR ADMISSION NO. 19:**

Admit that the Brainrot named "Avocadini Guffo" was created using AI Tools.

**RESPONSE TO REQUEST ADMISSION NO. 19:**

Defendant objects to this Request as vague and ambiguous as to the phrase "using AI Tools" is subject to multiple interpretations. Defendant further objects to this Request to the extent it calls for a legal conclusion. Defendant further objects to this Request as Plaintiffs claim is not ripe as Defendant has not threatened to enforce or enforced its rights in the United States and therefore there is no actual controversy for the Court to resolve. Defendant further objects to this Request as Plaintiffs claim is moot as Defendant has covenanted not to sue Plaintiffs for copyright infringement in the United States or to submit a takedown request under the Digital Millennium Copyright Act ("DMCA") as to the Brainrots at issue.

Pursuant to SISSE's formal written opinion, Reference No. SISSE/2026/06/480, dated June 5, 2026, Defendant is unable to respond to Plaintiff's Requests as Defendant cannot provide economic, commercial, industrial, financial, or technical documents and information to Plaintiffs without subjecting itself to criminal liability. *See* French Law No. 68-678 of July 26, 1968. Plaintiffs need to seek discovery from Defendant through the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters.

**REQUEST FOR ADMISSION NO. 20:**

Admit that the Brainrot named "Perochello Lemonchello" was created using AI Tools.

**RESPONSE TO REQUEST ADMISSION NO. 20:**

Defendant objects to this Request as vague and ambiguous as to the phrase "using AI Tools" is subject to multiple interpretations. Defendant further objects to

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

this Request to the extent it calls for a legal conclusion. Defendant further objects to this Request as Plaintiffs claim is not ripe as Defendant has not threatened to enforce or enforced its rights in the United States and therefore there is no actual controversy for the Court to resolve. Defendant further objects to this Request as Plaintiffs claim is moot as Defendant has covenanted not to sue Plaintiffs for copyright infringement in the United States or to submit a takedown request under the Digital Millennium Copyright Act ("DMCA") as to the Brainrots at issue.

Pursuant to SISSE's formal written opinion, Reference No. SISSE/2026/06/480, dated June 5, 2026, Defendant is unable to respond to Plaintiff's Requests as Defendant cannot provide economic, commercial, industrial, financial, or technical documents and information to Plaintiffs without subjecting itself to criminal liability. *See* French Law No. 68-678 of July 26, 1968. Plaintiffs need to seek discovery from Defendant through the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters.

**REQUEST FOR ADMISSION NO. 21:**

Admit that the Brainrot named "Mangolini Parrocini" was created using AI Tools.

**RESPONSE TO REQUEST ADMISSION NO. 21:**

Defendant objects to this Request as vague and ambiguous as to the phrase "using AI Tools" is subject to multiple interpretations. Defendant further objects to this Request to the extent it calls for a legal conclusion. Defendant further objects to this Request as Plaintiffs claim is not ripe as Defendant has not threatened to enforce or enforced its rights in the United States and therefore there is no actual controversy for the Court to resolve. Defendant further objects to this Request as Plaintiffs claim is moot as Defendant has covenanted not to sue Plaintiffs for copyright infringement in the United States or to submit a takedown request under the Digital Millennium Copyright Act ("DMCA") as to the Brainrots at issue.

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

Pursuant to SISSE's formal written opinion, Reference No. SISSE/2026/06/480, dated June 5, 2026, Defendant is unable to respond to Plaintiff's Requests as Defendant cannot provide economic, commercial, industrial, financial, or technical documents and information to Plaintiffs without subjecting itself to criminal liability. *See* French Law No. 68-678 of July 26, 1968. Plaintiffs need to seek discovery from Defendant through the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters.

**REQUEST FOR ADMISSION NO. 22:**

Admit that the Brainrot named "Penguino Cocosino" was created using AI Tools.

**RESPONSE TO REQUEST ADMISSION NO. 22:**

Defendant objects to this Request as vague and ambiguous as to the phrase "using AI Tools" is subject to multiple interpretations. Defendant further objects to this Request to the extent it calls for a legal conclusion. Defendant further objects to this Request as Plaintiffs claim is not ripe as Defendant has not threatened to enforce or enforced its rights in the United States and therefore there is no actual controversy for the Court to resolve. Defendant further objects to this Request as Plaintiffs claim is moot as Defendant has covenanted not to sue Plaintiffs for copyright infringement in the United States or to submit a takedown request under the Digital Millennium Copyright Act ("DMCA") as to the Brainrots at issue.

Pursuant to SISSE's formal written opinion, Reference No. SISSE/2026/06/480, dated June 5, 2026, Defendant is unable to respond to Plaintiff's Requests as Defendant cannot provide economic, commercial, industrial, financial, or technical documents and information to Plaintiffs without subjecting itself to criminal liability. *See* French Law No. 68-678 of July 26, 1968. Plaintiffs need to seek discovery from Defendant through the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters.

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

**REQUEST FOR ADMISSION NO. 23:**

Admit that the Brainrot named "Bananitta Dolfinitta" was created using AI Tools.

**RESPONSE TO REQUEST ADMISSION NO. 23:**

Defendant objects to this Request as vague and ambiguous as to the phrase "using AI Tools" is subject to multiple interpretations. Defendant further objects to this Request to the extent it calls for a legal conclusion. Defendant further objects to this Request as Plaintiffs claim is not ripe as Defendant has not threatened to enforce or enforced its rights in the United States and therefore there is no actual controversy for the Court to resolve. Defendant further objects to this Request as Plaintiffs claim is moot as Defendant has covenanted not to sue Plaintiffs for copyright infringement in the United States or to submit a takedown request under the Digital Millennium Copyright Act ("DMCA") as to the Brainrots at issue.

Pursuant to SISSE's formal written opinion, Reference No. SISSE/2026/06/480, dated June 5, 2026, Defendant is unable to respond to Plaintiff's Requests as Defendant cannot provide economic, commercial, industrial, financial, or technical documents and information to Plaintiffs without subjecting itself to criminal liability. *See* French Law No. 68-678 of July 26, 1968. Plaintiffs need to seek discovery from Defendant through the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters.

**REQUEST FOR ADMISSION NO. 24:**

Admit that the Brainrot named "Burbaloni Lulliloli" was created using AI Tools.

**RESPONSE TO REQUEST ADMISSION NO. 24:**

Defendant objects to this Request as vague and ambiguous as to the phrase "using AI Tools" is subject to multiple interpretations. Defendant further objects to this Request to the extent it calls for a legal conclusion. Defendant further objects to this Request as Plaintiffs claim is not ripe as Defendant has not threatened to enforce

or enforced its rights in the United States and therefore there is no actual controversy for the Court to resolve. Defendant further objects to this Request as Plaintiffs claim is moot as Defendant has covenanted not to sue Plaintiffs for copyright infringement in the United States or to submit a takedown request under the Digital Millennium Copyright Act ("DMCA") as to the Brainrots at issue.

Pursuant to SISSE's formal written opinion, Reference No. SISSE/2026/06/480, dated June 5, 2026, Defendant is unable to respond to Plaintiff's Requests as Defendant cannot provide economic, commercial, industrial, financial, or technical documents and information to Plaintiffs without subjecting itself to criminal liability. *See* French Law No. 68-678 of July 26, 1968. Plaintiffs need to seek discovery from Defendant through the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters.

**REQUEST FOR ADMISSION NO. 25:**

Admit that the Brainrot named "Chimpanzini Bananini" was created using AI Tools.

**RESPONSE TO REQUEST ADMISSION NO. 25:**

Defendant objects to this Request as vague and ambiguous as to the phrase "using AI Tools" is subject to multiple interpretations. Defendant further objects to this Request to the extent it calls for a legal conclusion. Defendant further objects to this Request as Plaintiffs claim is not ripe as Defendant has not threatened to enforce or enforced its rights in the United States and therefore there is no actual controversy for the Court to resolve. Defendant further objects to this Request as Plaintiffs claim is moot as Defendant has covenanted not to sue Plaintiffs for copyright infringement in the United States or to submit a takedown request under the Digital Millennium Copyright Act ("DMCA") as to the Brainrots at issue.

Pursuant to SISSE's formal written opinion, Reference No. SISSE/2026/06/480, dated June 5, 2026, Defendant is unable to respond to Plaintiff's Requests as Defendant cannot provide economic, commercial, industrial, financial,

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

or technical documents and information to Plaintiffs without subjecting itself to criminal liability. *See* French Law No. 68-678 of July 26, 1968. Plaintiffs need to seek discovery from Defendant through the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters.

**REQUEST FOR ADMISSION NO. 26:**

Admit that the Brainrot named "Blueberrinni Octopussini" was created using AI Tools.

**RESPONSE TO REQUEST ADMISSION NO. 26:**

Defendant objects to this Request as vague and ambiguous as to the phrase "using AI Tools" is subject to multiple interpretations. Defendant further objects to this Request to the extent it calls for a legal conclusion. Defendant further objects to this Request as Plaintiffs claim is not ripe as Defendant has not threatened to enforce or enforced its rights in the United States and therefore there is no actual controversy for the Court to resolve. Defendant further objects to this Request as Plaintiffs claim is moot as Defendant has covenanted not to sue Plaintiffs for copyright infringement in the United States or to submit a takedown request under the Digital Millennium Copyright Act ("DMCA") as to the Brainrots at issue.

Pursuant to SISSE's formal written opinion, Reference No. SISSE/2026/06/480, dated June 5, 2026, Defendant is unable to respond to Plaintiff's Requests as Defendant cannot provide economic, commercial, industrial, financial, or technical documents and information to Plaintiffs without subjecting itself to criminal liability. *See* French Law No. 68-678 of July 26, 1968. Plaintiffs need to seek discovery from Defendant through the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters.

**REQUEST FOR ADMISSION NO. 27:**

Admit that the Brainrot named "Quivioli Ameleonni" was created using AI Tools.

**RESPONSE TO REQUEST ADMISSION NO. 27:**

Defendant objects to this Request as vague and ambiguous as to the phrase "using AI Tools" is subject to multiple interpretations. Defendant further objects to this Request to the extent it calls for a legal conclusion. Defendant further objects to this Request as Plaintiffs claim is not ripe as Defendant has not threatened to enforce or enforced its rights in the United States and therefore there is no actual controversy for the Court to resolve. Defendant further objects to this Request as Plaintiffs claim is moot as Defendant has covenanted not to sue Plaintiffs for copyright infringement in the United States or to submit a takedown request under the Digital Millennium Copyright Act ("DMCA") as to the Brainrots at issue.

Pursuant to SISSE's formal written opinion, Reference No. SISSE/2026/06/480, dated June 5, 2026, Defendant is unable to respond to Plaintiff's Requests as Defendant cannot provide economic, commercial, industrial, financial, or technical documents and information to Plaintiffs without subjecting itself to criminal liability. *See* French Law No. 68-678 of July 26, 1968. Plaintiffs need to seek discovery from Defendant through the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters.

**REQUEST FOR ADMISSION NO. 28:**

Admit that the Brainrot named "Strawberrelli Flamingelli" was created using AI Tools.

**RESPONSE TO REQUEST ADMISSION NO. 28:**

Defendant objects to this Request as vague and ambiguous as to the phrase "using AI Tools" is subject to multiple interpretations. Defendant further objects to this Request to the extent it calls for a legal conclusion. Defendant further objects to this Request as Plaintiffs claim is not ripe as Defendant has not threatened to enforce or enforced its rights in the United States and therefore there is no actual controversy for the Court to resolve. Defendant further objects to this Request as Plaintiffs claim is moot as Defendant has covenanted not to sue Plaintiffs for copyright infringement

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

in the United States or to submit a takedown request under the Digital Millennium Copyright Act ("DMCA") as to the Brainrots at issue.

Pursuant to SISSE's formal written opinion, Reference No. SISSE/2026/06/480, dated June 5, 2026, Defendant is unable to respond to Plaintiff's Requests as Defendant cannot provide economic, commercial, industrial, financial, or technical documents and information to Plaintiffs without subjecting itself to criminal liability. *See* French Law No. 68-678 of July 26, 1968. Plaintiffs need to seek discovery from Defendant through the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters.

**REQUEST FOR ADMISSION NO. 29:**

Admit that the Brainrot named "Cocosini Mama" was created using AI Tools.

**RESPONSE TO REQUEST ADMISSION NO. 29:**

Defendant objects to this Request as vague and ambiguous as to the phrase "using AI Tools" is subject to multiple interpretations. Defendant further objects to this Request to the extent it calls for a legal conclusion. Defendant further objects to this Request as Plaintiffs claim is not ripe as Defendant has not threatened to enforce or enforced its rights in the United States and therefore there is no actual controversy for the Court to resolve. Defendant further objects to this Request as Plaintiffs claim is moot as Defendant has covenanted not to sue Plaintiffs for copyright infringement in the United States or to submit a takedown request under the Digital Millennium Copyright Act ("DMCA") as to the Brainrots at issue.

Pursuant to SISSE's formal written opinion, Reference No. SISSE/2026/06/480, dated June 5, 2026, Defendant is unable to respond to Plaintiff's Requests as Defendant cannot provide economic, commercial, industrial, financial, or technical documents and information to Plaintiffs without subjecting itself to criminal liability. *See* French Law No. 68-678 of July 26, 1968. Plaintiffs need to seek discovery from Defendant through the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters.

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

**REQUEST FOR ADMISSION NO. 30:**

Admit that the Brainrot named "Ganganzelli Trulala" was created using AI Tools.

**RESPONSE TO REQUEST ADMISSION NO. 30:**

Defendant objects to this Request as vague and ambiguous as to the phrase "using AI Tools" is subject to multiple interpretations. Defendant further objects to this Request to the extent it calls for a legal conclusion. Defendant further objects to this Request as Plaintiffs claim is not ripe as Defendant has not threatened to enforce or enforced its rights in the United States and therefore there is no actual controversy for the Court to resolve. Defendant further objects to this Request as Plaintiffs claim is moot as Defendant has covenanted not to sue Plaintiffs for copyright infringement in the United States or to submit a takedown request under the Digital Millennium Copyright Act ("DMCA") as to the Brainrots at issue.

Pursuant to SISSE's formal written opinion, Reference No. SISSE/2026/06/480, dated June 5, 2026, Defendant is unable to respond to Plaintiff's Requests as Defendant cannot provide economic, commercial, industrial, financial, or technical documents and information to Plaintiffs without subjecting itself to criminal liability. *See* French Law No. 68-678 of July 26, 1968. Plaintiffs need to seek discovery from Defendant through the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters.

**REQUEST FOR ADMISSION NO. 31:**

Admit that the Brainrot named "Zibra Zubra Zibralini" was created using AI Tools.

**RESPONSE TO REQUEST ADMISSION NO. 31:**

Defendant objects to this Request as vague and ambiguous as to the phrase "using AI Tools" is subject to multiple interpretations. Defendant further objects to this Request to the extent it calls for a legal conclusion. Defendant further objects to this Request as Plaintiffs claim is not ripe as Defendant has not threatened to enforce

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

or enforced its rights in the United States and therefore there is no actual controversy for the Court to resolve. Defendant further objects to this Request as Plaintiffs claim is moot as Defendant has covenanted not to sue Plaintiffs for copyright infringement in the United States or to submit a takedown request under the Digital Millennium Copyright Act ("DMCA") as to the Brainrots at issue.

Pursuant to SISSE's formal written opinion, Reference No. SISSE/2026/06/480, dated June 5, 2026, Defendant is unable to respond to Plaintiff's Requests as Defendant cannot provide economic, commercial, industrial, financial, or technical documents and information to Plaintiffs without subjecting itself to criminal liability. *See* French Law No. 68-678 of July 26, 1968. Plaintiffs need to seek discovery from Defendant through the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters.

**REQUEST FOR ADMISSION NO. 32:**

Admit that the Brainrot named "Orangutini Ananasini" was created using AI Tools.

**RESPONSE TO REQUEST ADMISSION NO. 32:**

Defendant objects to this Request as vague and ambiguous as to the phrase "using AI Tools" is subject to multiple interpretations. Defendant further objects to this Request to the extent it calls for a legal conclusion. Defendant further objects to this Request as Plaintiffs claim is not ripe as Defendant has not threatened to enforce or enforced its rights in the United States and therefore there is no actual controversy for the Court to resolve. Defendant further objects to this Request as Plaintiffs claim is moot as Defendant has covenanted not to sue Plaintiffs for copyright infringement in the United States or to submit a takedown request under the Digital Millennium Copyright Act ("DMCA") as to the Brainrots at issue.

Pursuant to SISSE's formal written opinion, Reference No. SISSE/2026/06/480, dated June 5, 2026, Defendant is unable to respond to Plaintiff's Requests as Defendant cannot provide economic, commercial, industrial, financial,

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

or technical documents and information to Plaintiffs without subjecting itself to criminal liability. *See* French Law No. 68-678 of July 26, 1968. Plaintiffs need to seek discovery from Defendant through the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters.

**REQUEST FOR ADMISSION NO. 33:**

Admit that the Brainrot named "Rhino Toasterino" was created using AI Tools.

**RESPONSE TO REQUEST ADMISSION NO. 33:**

Defendant objects to this Request as vague and ambiguous as to the phrase "using AI Tools" is subject to multiple interpretations. Defendant further objects to this Request to the extent it calls for a legal conclusion. Defendant further objects to this Request as Plaintiffs claim is not ripe as Defendant has not threatened to enforce or enforced its rights in the United States and therefore there is no actual controversy for the Court to resolve. Defendant further objects to this Request as Plaintiffs claim is moot as Defendant has covenanted not to sue Plaintiffs for copyright infringement in the United States or to submit a takedown request under the Digital Millennium Copyright Act ("DMCA") as to the Brainrots at issue.

Pursuant to SISSE's formal written opinion, Reference No. SISSE/2026/06/480, dated June 5, 2026, Defendant is unable to respond to Plaintiff's Requests as Defendant cannot provide economic, commercial, industrial, financial, or technical documents and information to Plaintiffs without subjecting itself to criminal liability. *See* French Law No. 68-678 of July 26, 1968. Plaintiffs need to seek discovery from Defendant through the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters.

**REQUEST FOR ADMISSION NO. 34:**

Admit that the Brainrot named "Cocofanto Elefanto" was created using AI Tools.

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

**RESPONSE TO REQUEST ADMISSION NO. 34:**

Defendant objects to this Request as vague and ambiguous as to the phrase "using AI Tools" is subject to multiple interpretations. Defendant further objects to this Request to the extent it calls for a legal conclusion. Defendant further objects to this Request as Plaintiffs claim is not ripe as Defendant has not threatened to enforce or enforced its rights in the United States and therefore there is no actual controversy for the Court to resolve. Defendant further objects to this Request as Plaintiffs claim is moot as Defendant has covenanted not to sue Plaintiffs for copyright infringement in the United States or to submit a takedown request under the Digital Millennium Copyright Act ("DMCA") as to the Brainrots at issue.

Pursuant to SISSE's formal written opinion, Reference No. SISSE/2026/06/480, dated June 5, 2026, Defendant is unable to respond to Plaintiff's Requests as Defendant cannot provide economic, commercial, industrial, financial, or technical documents and information to Plaintiffs without subjecting itself to criminal liability. *See* French Law No. 68-678 of July 26, 1968. Plaintiffs need to seek discovery from Defendant through the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters.

**REQUEST FOR ADMISSION NO. 35:**

Admit that the Brainrot named "Tukanno Bananno" was created using AI Tools.

**RESPONSE TO REQUEST ADMISSION NO. 35:**

Defendant objects to this Request as vague and ambiguous as to the phrase "using AI Tools" is subject to multiple interpretations. Defendant further objects to this Request to the extent it calls for a legal conclusion. Defendant further objects to this Request as Plaintiffs claim is not ripe as Defendant has not threatened to enforce or enforced its rights in the United States and therefore there is no actual controversy for the Court to resolve. Defendant further objects to this Request as Plaintiffs claim is moot as Defendant has covenanted not to sue Plaintiffs for copyright infringement

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

in the United States or to submit a takedown request under the Digital Millennium Copyright Act ("DMCA") as to the Brainrots at issue.

Pursuant to SISSE's formal written opinion, Reference No. SISSE/2026/06/480, dated June 5, 2026, Defendant is unable to respond to Plaintiff's Requests as Defendant cannot provide economic, commercial, industrial, financial, or technical documents and information to Plaintiffs without subjecting itself to criminal liability. *See* French Law No. 68-678 of July 26, 1968. Plaintiffs need to seek discovery from Defendant through the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters.

**REQUEST FOR ADMISSION NO. 36:**

Admit that the Brainrot named "Tigrulli Grapefrutunni" was created using AI Tools.

**RESPONSE TO REQUEST ADMISSION NO. 36:**

Defendant objects to this Request as vague and ambiguous as to the phrase "using AI Tools" is subject to multiple interpretations. Defendant further objects to this Request to the extent it calls for a legal conclusion. Defendant further objects to this Request as Plaintiffs claim is not ripe as Defendant has not threatened to enforce or enforced its rights in the United States and therefore there is no actual controversy for the Court to resolve. Defendant further objects to this Request as Plaintiffs claim is moot as Defendant has covenanted not to sue Plaintiffs for copyright infringement in the United States or to submit a takedown request under the Digital Millennium Copyright Act ("DMCA") as to the Brainrots at issue.

Pursuant to SISSE's formal written opinion, Reference No. SISSE/2026/06/480, dated June 5, 2026, Defendant is unable to respond to Plaintiff's Requests as Defendant cannot provide economic, commercial, industrial, financial, or technical documents and information to Plaintiffs without subjecting itself to criminal liability. *See* French Law No. 68-678 of July 26, 1968. Plaintiffs need to

seek discovery from Defendant through the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters.

**REQUEST FOR ADMISSION NO. 37:**

Admit that the Brainrot named "Spaghetti Tualetti" was created using AI Tools.

**RESPONSE TO REQUEST ADMISSION NO. 37:**

Defendant objects to this Request as vague and ambiguous as to the phrase "using AI Tools" is subject to multiple interpretations. Defendant further objects to this Request to the extent it calls for a legal conclusion. Defendant further objects to this Request as Plaintiffs claim is not ripe as Defendant has not threatened to enforce or enforced its rights in the United States and therefore there is no actual controversy for the Court to resolve. Defendant further objects to this Request as Plaintiffs claim is moot as Defendant has covenanted not to sue Plaintiffs for copyright infringement in the United States or to submit a takedown request under the Digital Millennium Copyright Act ("DMCA") as to the Brainrots at issue.

Pursuant to SISSE's formal written opinion, Reference No. SISSE/2026/06/480, dated June 5, 2026, Defendant is unable to respond to Plaintiff's Requests as Defendant cannot provide economic, commercial, industrial, financial, or technical documents and information to Plaintiffs without subjecting itself to criminal liability. *See* French Law No. 68-678 of July 26, 1968. Plaintiffs need to seek discovery from Defendant through the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters.

**REQUEST FOR ADMISSION NO. 38:**

Admit that the Brainrot named "Graipussi Medussi" was created using AI Tools.

**RESPONSE TO REQUEST ADMISSION NO. 38:**

Defendant objects to this Request as vague and ambiguous as to the phrase "using AI Tools" is subject to multiple interpretations. Defendant further objects to

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

this Request to the extent it calls for a legal conclusion. Defendant further objects to this Request as Plaintiffs claim is not ripe as Defendant has not threatened to enforce or enforced its rights in the United States and therefore there is no actual controversy for the Court to resolve. Defendant further objects to this Request as Plaintiffs claim is moot as Defendant has covenanted not to sue Plaintiffs for copyright infringement in the United States or to submit a takedown request under the Digital Millennium Copyright Act ("DMCA") as to the Brainrots at issue.

Pursuant to SISSE's formal written opinion, Reference No. SISSE/2026/06/480, dated June 5, 2026, Defendant is unable to respond to Plaintiff's Requests as Defendant cannot provide economic, commercial, industrial, financial, or technical documents and information to Plaintiffs without subjecting itself to criminal liability. *See* French Law No. 68-678 of July 26, 1968. Plaintiffs need to seek discovery from Defendant through the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters.

**REQUEST FOR ADMISSION NO. 39:**

Admit that the Brainrot named "Tim Cheese" was created using AI Tools.

**RESPONSE TO REQUEST ADMISSION NO. 39:**

Defendant objects to this Request as vague and ambiguous as to the phrase "using AI Tools" is subject to multiple interpretations. Defendant further objects to this Request to the extent it calls for a legal conclusion. Defendant further objects to this Request as Plaintiffs claim is not ripe as Defendant has not threatened to enforce or enforced its rights in the United States and therefore there is no actual controversy for the Court to resolve. Defendant further objects to this Request as Plaintiffs claim is moot as Defendant has covenanted not to sue Plaintiffs for copyright infringement in the United States or to submit a takedown request under the Digital Millennium Copyright Act ("DMCA") as to the Brainrots at issue.

Pursuant to SISSE's formal written opinion, Reference No. SISSE/2026/06/480, dated June 5, 2026, Defendant is unable to respond to Plaintiff's

Requests as Defendant cannot provide economic, commercial, industrial, financial, or technical documents and information to Plaintiffs without subjecting itself to criminal liability. *See* French Law No. 68-678 of July 26, 1968. Plaintiffs need to seek discovery from Defendant through the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters.

**REQUEST FOR ADMISSION NO. 40:**

Admit that You do not own any valid or enforceable copyright in any of the Brainrots.

**RESPONSE TO REQUEST ADMISSION NO. 40:**

Defendant objects to this Request on the ground that it calls for a legal conclusion as whether Defendant owns a "valid or enforceable copyright" in any of the Brainrots is a legal conclusion that implicates contested questions of law and fact. Defendant further objects to this request as impermissibly compound, conjunctive, or disjunctive. Defendant further objects to this Request as Plaintiffs claim is not ripe as Defendant has not threatened to enforce or enforced its rights in the United States and therefore there is no actual controversy for the Court to resolve. Defendant further objects to this Request as Plaintiffs claim is moot as Defendant has covenanted not to sue Plaintiffs for copyright infringement in the United States or to submit a takedown request under the Digital Millennium Copyright Act ("DMCA") as to the Brainrots at issue.

Pursuant to SISSE's formal written opinion, Reference No. SISSE/2026/06/480, dated June 5, 2026, Defendant is unable to respond to Plaintiff's Requests as Defendant cannot provide economic, commercial, industrial, financial, or technical documents and information to Plaintiffs without subjecting itself to criminal liability. *See* French Law No. 68-678 of July 26, 1968. Plaintiffs need to seek discovery from Defendant through the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters.

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

56669-00002/8040582.4

35

5:25-CV-10248-NW
DEFENDANT'S RESPONSE TO PLAINTIFF'S
REQUEST FOR ADMISSION, SET ONE

**REQUEST FOR ADMISSION NO. 41:**

Admit that the characters appearing in the Game, as identified in the Demand Letter, are not substantially similar to any protectable original expression in the Brainrots.

**RESPONSE TO REQUEST ADMISSION NO. 41:**

Defendant objects to this Request on the ground that it calls for a legal conclusion as whether the characters appearing in the Game are "substantially similar" to any protectible original expression is a legal conclusion that implicates contested questions of law and fact. Defendant further objects to this Request as impermissibly compound, conjunctive, or disjunctive. Defendant further objects to this Request as vague and ambiguous as to the phrase "any protectible original expression." Defendant further objects to this Request as Plaintiffs claim is not ripe as Defendant has not threatened to enforce or enforced its rights in the United States and therefore there is no actual controversy for the Court to resolve. Defendant further objects to this Request as Plaintiffs claim is moot as Defendant has covenanted not to sue Plaintiffs for copyright infringement in the United States or to submit a takedown request under the Digital Millennium Copyright Act ("DMCA") as to the Brainrots at issue.

Pursuant to SISSE's formal written opinion, Reference No. SISSE/2026/06/480, dated June 5, 2026, Defendant is unable to respond to Plaintiff's Requests as Defendant cannot provide economic, commercial, industrial, financial, or technical documents and information to Plaintiffs without subjecting itself to criminal liability. *See* French Law No. 68-678 of July 26, 1968. Plaintiffs need to seek discovery from Defendant through the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters.

**REQUEST FOR ADMISSION NO. 42:**

Admit that You have not obtained a copyright registration in the United States for any of the Brainrots.

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

**RESPONSE TO REQUEST ADMISSION NO. 42:**

Defendant objects to this Request as irrelevant and not proportional to the needs of the case. Defendant further objects to this Request as impermissibly compound, conjunctive, or disjunctive. Defendant further objects to this Request as Plaintiffs claim is not ripe as Defendant has not threatened to enforce or enforced its rights in the United States and therefore there is no actual controversy for the Court to resolve. Defendant further objects to this Request as Plaintiffs claim is moot as Defendant has covenanted not to sue Plaintiffs for copyright infringement in the United States or to submit a takedown request under the Digital Millennium Copyright Act ("DMCA") as to the Brainrots at issue.

Pursuant to SISSE's formal written opinion, Reference No. SISSE/2026/06/480, dated June 5, 2026, Defendant is unable to respond to Plaintiff's Requests as Defendant cannot provide economic, commercial, industrial, financial, or technical documents and information to Plaintiffs without subjecting itself to criminal liability. *See* French Law No. 68-678 of July 26, 1968. Plaintiffs need to seek discovery from Defendant through the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters.

**REQUEST FOR ADMISSION NO. 43:**

Admit that You have not applied for a copyright registration in the United States for any of the Brainrots.

**RESPONSE TO REQUEST ADMISSION NO. 43:**

Defendant objects to this Request as irrelevant and not proportional to the needs of the case. Defendant further objects to this Request as impermissibly compound, conjunctive, or disjunctive. Defendant further objects to this Request as Plaintiffs claim is not ripe as Defendant has not threatened to enforce or enforced its rights in the United States and therefore there is no actual controversy for the Court to resolve. Defendant further objects to this Request as Plaintiffs claim is moot as Defendant has covenanted not to sue Plaintiffs for copyright infringement in the

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

United States or to submit a takedown request under the Digital Millennium Copyright Act ("DMCA") as to the Brainrots at issue.

Pursuant to SISSE's formal written opinion, Reference No. SISSE/2026/06/480, dated June 5, 2026, Defendant is unable to respond to Plaintiff's Requests as Defendant cannot provide economic, commercial, industrial, financial, or technical documents and information to Plaintiffs without subjecting itself to criminal liability. *See* French Law No. 68-678 of July 26, 1968. Plaintiffs need to seek discovery from Defendant through the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters.

**REQUEST FOR ADMISSION NO. 44:**

Admit that You have not obtained a copyright registration in France or any other non-United States jurisdiction for any of the Brainrots.

**RESPONSE TO REQUEST ADMISSION NO. 44:**

Defendant objects to this Request as irrelevant and not proportional to the needs of the case as non-United States copyright registrations are wholly irrelevant to Plaintiffs' claim for declaratory relief that Plaintiffs do not infringe any U.S. copyright. Defendant further objects to this Request as impermissibly compound, conjunctive, or disjunctive.

Pursuant to SISSE's formal written opinion, Reference No. SISSE/2026/06/480, dated June 5, 2026, Defendant is unable to respond to Plaintiff's Requests as Defendant cannot provide economic, commercial, industrial, financial, or technical documents and information to Plaintiffs without subjecting itself to criminal liability. *See* French Law No. 68-678 of July 26, 1968. Plaintiffs need to seek discovery from Defendant through the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters.

**REQUEST FOR ADMISSION NO. 45:**

Admit that You did not use the trademark "Tung Tung Sahur" in United States commerce prior to the Plaintiff's use of Tung Tung Sahur in the Game.

**RESPONSE TO REQUEST ADMISSION NO. 45:**

Defendant objects to this Request on the ground that it calls for a legal conclusion as when Plaintiff used the trademark "Tung Tung Sahur" in United States commerce prior to Plaintiffs' use is a legal conclusion that implicates contested questions of law and fact. Defendant further objects to this Request as vague and ambiguous as to the phrase "Plaintiff's use of Tung Tung Sahur."

Pursuant to SISSE's formal written opinion, Reference No. SISSE/2026/06/480, dated June 5, 2026, Defendant is unable to respond to Plaintiff's Requests as Defendant cannot provide economic, commercial, industrial, financial, or technical documents and information to Plaintiffs without subjecting itself to criminal liability. *See* French Law No. 68-678 of July 26, 1968. Plaintiffs need to seek discovery from Defendant through the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters.

**REQUEST FOR ADMISSION NO. 46:**

Admit that the use of Tung Tung Sahur in the video game Tung Tung Tung Sahur, as alleged in Paragraph 13(a) of the Counterclaim, was not authorized by You at the time it was first used on or about May 3, 2025.

**RESPONSE TO REQUEST ADMISSION NO. 46:**

Defendant objects to this Request on the ground that it calls for a legal conclusion. Defendant further objects to this Request as impermissibly compound, conjunctive, or disjunctive.

Pursuant to SISSE's formal written opinion, Reference No. SISSE/2026/06/480, dated June 5, 2026, Defendant is unable to respond to Plaintiff's Requests as Defendant cannot provide economic, commercial, industrial, financial, or technical documents and information to Plaintiffs without subjecting itself to criminal liability. *See* French Law No. 68-678 of July 26, 1968. Plaintiffs need to seek discovery from Defendant through the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters.

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

56669-00002/8040582.4

39

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

**REQUEST FOR ADMISSION NO. 47:**

Admit that You did not control the use of Tung Tung Sahur in the video game Tung Tung Tung Sahur, as alleged in Paragraph 13(a) of the Counterclaim, at the time the video game was first released on or about May 3, 2025.

**RESPONSE TO REQUEST ADMISSION NO. 47:**

Defendant objects to this Request on the ground that it calls for a legal conclusion. Defendant further objects to this Request as impermissibly compound, conjunctive, or disjunctive.

Pursuant to SISSE's formal written opinion, Reference No. SISSE/2026/06/480, dated June 5, 2026, Defendant is unable to respond to Plaintiff's Requests as Defendant cannot provide economic, commercial, industrial, financial, or technical documents and information to Plaintiffs without subjecting itself to criminal liability. *See* French Law No. 68-678 of July 26, 1968. Plaintiffs need to seek discovery from Defendant through the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters.

**REQUEST FOR ADMISSION NO. 48:**

Admit that consumers do not associate "Tung Tung Sahur" with You.

**RESPONSE TO REQUEST ADMISSION NO. 48:**

Defendant objects to this Request on the ground that it calls for a legal conclusion. Defendant further objects to this Request as vague and ambiguous as to the term "associate."

Pursuant to SISSE's formal written opinion, Reference No. SISSE/2026/06/480, dated June 5, 2026, Defendant is unable to respond to Plaintiff's Requests as Defendant cannot provide economic, commercial, industrial, financial, or technical documents and information to Plaintiffs without subjecting itself to criminal liability. *See* French Law No. 68-678 of July 26, 1968. Plaintiffs need to seek discovery from Defendant through the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters.

**REQUEST FOR ADMISSION NO. 49:**

Admit that You are not aware of any consumer who has been confused or has expressed confusion as to the source, sponsorship, or affiliation of the Game as a result of its use of Tung Tung Sahur.

**RESPONSE TO REQUEST ADMISSION NO. 49:**

Defendant objects to this Request on the ground that it calls for a legal conclusion. Defendant further objects to this Request as impermissibly compound, conjunctive, or disjunctive.

Pursuant to SISSE's formal written opinion, Reference No. SISSE/2026/06/480, dated June 5, 2026, Defendant is unable to respond to Plaintiff's Requests as Defendant cannot provide economic, commercial, industrial, financial, or technical documents and information to Plaintiffs without subjecting itself to criminal liability. *See* French Law No. 68-678 of July 26, 1968. Plaintiffs need to seek discovery from Defendant through the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters.

DATED:  June 12, 2026

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP

By: _____
STEVEN A. STEIN (SBN 287401)
ANDREW P. LUX (SBN 345915)
Attorneys for Defendant and Counterclaimant MEMENTUM LAB SAS

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

56669-00002/8040582.4

41

# EXHIBIT "A"

**MINISTÈRE
DE L'ÉCONOMIE,
DES FINANCES
ET DE LA SOUVERAINETÉ
INDUSTRIELLE ET NUMÉRIQUE**
*Liberté
Égalité
Fraternité*

**Direction générale
des Entreprises**

**d&a partners**
Maître Matthieu Quiniou
Avocat associé
22 boulevard Malesherbes
75008 Paris

Réf. : SISSE/2026/06/480

Annexe : Traduction en anglais / Courtesy
translation

Paris, le 05/06/2026,

Maître,

Vous nous avez informés le 5 mai 2026 que la société Mementum Lab (société de droit français) est actuellement défenderesse devant la *United States District Court Northern District of California*, dans le cadre d'une procédure civile initiée par la société Spyder Games LLC en matière de droit d'auteur. Dans ce contexte, la juridiction américaine a sollicité, par trois ordonnances de « *discovery* » du 29 avril 2026, la production de documents et renseignements relatifs aux activités de Mementum Lab.

Conformément à la loi n° 68-678 du 26 juillet 1968 et au décret n° 2022-207 du 18 février 2022, vous avez saisi le Service de l'Information Stratégique et de la Sécurité Économiques (SISSE) du Ministère de l'Économie, des Finances et de la Souveraineté industrielle et numérique, en sa qualité de « guichet unique » afin d'obtenir **un avis sur l'applicabilité de l'article 1er *bis* de la loi de 1968 concernant la communication d'informations dans le cadre de cette procédure de « *discovery* »**.

L'article 1er *bis* de la loi susvisée dispose qu'« *il est interdit à toute personne de demander, de rechercher ou de communiquer, par écrit, oralement ou sous toute autre forme, des documents ou renseignements d'ordre économique, commercial, industriel, financier ou technique tendant à la constitution de preuves en vue de procédures judiciaires ou administratives étrangères ou dans le cadre de celles-ci* ». Cette interdiction s'applique « *sous réserve des traités ou accords internationaux et des lois et règlements en vigueur* ».

La portée de l'interdiction définie à l'article 1er *bis* est particulièrement large puisqu'elle s'applique même si la recherche de document ou renseignement n'est pas suivie d'effet, celle-ci étant déterminée par la finalité de la transmission, à savoir « *la constitution de preuves en vue de procédures judiciaires ou administratives étrangères ou dans le cadre de celles-ci* ». **Toute communication, même volontaire, serait ainsi susceptible de constituer une infraction à la loi pénale de 1968 si elle ne suivait pas les canaux de l'entraide judiciaire internationale.**

**En l'espèce, les documents et renseignements d'ordre économique, commercial, industriel, financier ou technique, sollicités dans cette procédure de « *discovery* », sont susceptibles de constituer des preuves dans le cadre d'une procédure judiciaire en cours. Leur transmission à une juridiction américaine doit donc nécessairement respecter le cadre prévu par les accords internationaux en vigueur entre la France et les États-Unis et transiter par les canaux d'entraide judiciaire internationale prévus par ces accords.**

**La Convention de la Haye du 18 mars 1970 relative à l'obtention des preuves à l'étranger en matière civile ou commerciale est applicable entre la France et les Etats-Unis.** Cette convention prévoit que les demandes de production de documents doivent être transmises, par les autorités compétentes américaines (chapitre I de la Convention) ou le commissaire désigné par ces derniers (chapitre II de la Convention), à l'autorité centrale désignée par les autorités françaises, à savoir le Département de l'entraide, du droit international privé et européen de la direction des affaires civiles et du sceau du ministère de la Justice.

**Par ailleurs, toute communication d'informations serait également à évaluer à l'aune de l'article 1er de la loi de 1968** qui dispose : « *Sous réserve des traités ou accords internationaux, il est interdit à toute personne physique de nationalité française ou résidant habituellement sur le territoire français et à tout dirigeant, représentant, agent ou préposé d'une personne morale y ayant son siège ou un établissement de communiquer par écrit, oralement ou sous toute autre forme, en quelque lieu que ce soit, à des autorités publiques étrangères, les documents ou les renseignements d'ordre économique, commercial, industriel, financier ou technique dont la communication est de nature à porter atteinte à la souveraineté, à la sécurité, aux intérêts économiques essentiels de la France ou à l'ordre public, précisés par l'autorité administrative en tant que de besoin*».

La loi n° 68-678 du 26 juillet 1968 poursuit **un objectif majeur de protection de la souveraineté de l'Etat français et de préservation contre les atteintes à l'ordre public.** C'est pourquoi, elle est **appliquée strictement** à l'égard de toute personne qui commettrait l'une des infractions visées sur le territoire national comme toute loi pénale[1]. La violation d'une interdiction édictée par cette loi fait **encourir les peines de 6 mois d'emprisonnement et 18 000 euros d'amende pour les personnes physiques** conformément à l'article 3 de la loi susvisée et **90 000 euros d'amende pour les personnes morales**[2]. Pour rappel, la mise en œuvre de ces sanctions pénales a déjà été confirmée par la Cour de cassation[3].

---

[1] Cf articles 113-2 et suivants du code pénal sur l'application de la loi pénale française

[2] Cf. Article 131-38 du code pénal.

[3] Chambre criminelle de la Cour de cassation, 12 décembre 2007, n°07-83.228 : https://www.legifrance.gouv.fr/juri/id/JURITEXT000017837490/.

En cas d'interrogations sur l'application de la loi de 1968, vous pouvez inviter les autorités américaines à prendre l'attache de notre service (*guichet.sisse@finances.gouv.fr*). Pour toute question relative à une demande d'entraide civile internationale, vous pouvez également inviter les autorités américaines à prendre l'attache du Ministère de la Justice à l'adresse suivante (*entraide-civile-internationale@justice.gouv.fr*).

Je vous prie d'agréer, Maître, l'expression de mes salutations distinguées.

GUSTAVE **GAUQUELIN**
CHEF DU SERVICE DE
L'INFORMATION STRATEGIQUE ET DE
LA SECURITE ECONOMIQUES

**Copies** :
- Ministère de l'Europe et des Affaires Étrangères :
  - o M. Anne GRILLO, Directrice générale de la mondialisation, de la culture, de l'enseignement et du développement international ;
  - o M. Damien LORAS, Directeur de la diplomatie économique.
- Ministère de la Justice :
  - o Mme Valérie DELNAUD, Directrice des affaires civiles et du Sceau ;
  - o M$^{me}$ Laureline PEYREFITTE, Directrice des affaires criminelles et des grâces.
- Cabinet d'avocats d&a partners :
  - o Maître Matthieu Quiniou, avocat associé.

## ANNEXE

## TRADUCTION EN ANGLAIS / COURTESY TRANSLATION

Paris, June 5, 2026,

Counsel,

You informed us on May 5, 2026, that Mementum Lab (a company incorporated under French law) is currently a defendant in the United States District Court for the Northern District of California in a civil proceeding initiated by Spyder Games LLC (a company incorporated under U.S. law) regarding copyright matters. In this context, the U.S. court has requested, through three discovery orders dated April 29, 2026, the production of documents and information relating to Mementum Lab's activities.

In accordance with Law No. 68-678 of July 26, 1968, and Decree No. 2022-207 of February 18, 2022, you have referred the matter to the Strategic Information and Economic Security Service (SISSE) of the Ministry of the Economy, Finance, and Industrial and Digital Sovereignty, in its capacity as a "one-stop shop," to obtain **an opinion on the applicability of Article 1 *bis* of the 1968 Act concerning the disclosure of information in the context of this "discovery" proceeding.**

Article 1 bis of the aforementioned law provides that "*no person shall request, seek, or disclose, in writing, orally, or in any other form, documents or information of an economic, commercial, industrial, financial, or technical nature intended to constitute evidence for, or in the context of, foreign judicial or administrative proceedings.*" This prohibition applies "*subject to international treaties or agreements and the laws and regulations in force.*"

The scope of the prohibition defined in Article 1 bis is particularly broad, as it applies even if the search for documents or information is not successful, since this is determined by the purpose of the transmission, namely *"the gathering of evidence for foreign judicial or administrative proceedings or in the context thereof."* **Any disclosure, even if voluntary, would thus be likely to constitute a violation of the 1968 criminal law if it did not follow the channels of international mutual legal assistance.**

**In this case, the economic, commercial, industrial, financial, or technical documents and information sought in this discovery proceeding may constitute evidence in an ongoing legal proceeding. Their transmission to a U.S. court must therefore necessarily comply with the framework established by the international agreements in force between France and the United States and be transmitted through the channels of international mutual legal assistance provided for by those agreements.**

**The Hague Convention of March 18, 1970, on the Taking of Evidence Abroad in Civil or Commercial Matters is applicable between France and the United States.** This Convention provides that requests for the production of documents must be transmitted by the competent U.S. authorities (Chapter I of the Convention) or the commissioner designated by them (Chapter II of the Convention) to the central authority designated by the French authorities, namely the Department of Mutual Legal Assistance, Private International Law, and European Law within the Directorate of Civil Affairs and the Seal of the Ministry of Justice.

**Furthermore, any disclosure of information must also be assessed in light of Article 1 of the 1968 Act, which provides**: "*Subject to international treaties or agreements, it is prohibited for any natural person of French nationality or habitually residing on French territory, and for any director, representative, agent, or employee of a legal entity having its headquarters or an establishment there, to communicate in writing, orally, or in any other form, in any location whatsoever, to foreign public authorities, documents or information of an economic, commercial, industrial, financial, or technical nature, the disclosure of which is likely to undermine the sovereignty, security, essential economic interests of France, or public order, as specified by the administrative authority as necessary.*"

Law No. 68-678 of July 26, 1968, **has the primary objective of protecting the sovereignty of the French State and safeguarding against breaches of public order.** For this reason, it is strictly enforced against any person who commits one of the offenses specified therein on national territory, just as any criminal law[4]. Violation of a prohibition established by this law is punishable by **six months' imprisonment and a fine of 18,000 euros for individuals**, in accordance with Article 3 of the aforementioned law, **and a fine of 90,000 euros for legal entities**[5]. As a reminder, the enforcement of these criminal penalties has already been confirmed by the Court of Cassation[6].

If you have any questions regarding the application of the 1968 law, you may invite the U.S. authorities to contact our office (guichet.sisse@finances.gouv.fr). For any questions regarding a request for international civil legal assistance, you may also ask the U.S. authorities to contact the Ministry of Justice at the following address (entraide-civile-internationale@justice.gouv.fr).

Sincerely,

---

[4] See Articles 113-2 et seq. of the Criminal Code regarding the application of French criminal law
[5] See Article 131-38 of the Criminal Code.
[6] Criminal Chamber of the Court of Cassation, December 12, 2007, No. 07-83.228:
https://www.legifrance.gouv.fr/juri/id/JURITEXT000017837490/ .

**PROOF OF SERVICE**

I am a resident of the state of California, over the age of eighteen years, and not a party to the within-action. My business address is 2049 Century Park East, Suite 2600, Los Angeles, California 90067.

On June 12, 2026, I served a copy of the within document: **DEFENDANT AND COUNTERCLAIMANT MEMENTUM LAB SAS'S RESPONSE TO PLAINTIFF SPYDER GAMES LLC'S REQUEST FOR ADMISSION, SET ONE** on the interested parties in this action by placing a copy thereof enclosed in a sealed envelope addressed as follows:

Aaron J. Moss                     *Attorneys for Plaintiffs Spyder Games*
Joshua M. Geller                  *LLC and Simulator Gaming, LLC*
MITCHELL SILBERBERG & KNUPP LLP
2049 Century Park East, 18th Floor      Telephone: (310) 312-2000
Los Angeles, CA 90067-3120        Email: aaron.moss@msk.com
                                          Josh.geller@msk.com

☒      **(BY E-MAIL)**  I caused a true copy of the foregoing document to be served by e-mail at the e-mail address set forth above. Each e-mail was complete and no reports of error were received.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on June 12, 2026, at Los Angeles, California.

_____
Andrew P. Lux

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

# EXHIBIT 5

AARON J. MOSS (190625)
aaron.moss@msk.com
JOSHUA M. GELLER (295412)
josh.geller@msk.com
MITCHELL SILBERBERG & KNUPP LLP
2049 Century Park East, 18th Floor
Los Angeles, CA 90067-3120
Telephone: (310) 312-2000
Facsimile: (310) 312-3100

Attorneys for Plaintiffs,
SPYDER GAMES LLC and
SIMULATOR GAMING, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SPYDER GAMES LLC, a Louisiana limited liability company; and SPEEDY SIMULATOR GAMING, LLC, a Wyoming limited liability company,<br><br>Plaintiffs,<br><br>v.<br><br>MEMENTUM LAB, a French company,<br><br>Defendant. | CASE NO. 5:25-CV-10248-NW<br><br>**PLAINTIFF SPYDER GAMES LLC'S REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT MEMENTUM LAB, SET ONE**<br><br>Hon. Noel Wise |

**PROPOUNDING PARTY:**          **Plaintiff SPYDER GAMES LLC**

**RESPONDING PARTY:**          **Defendant MEMENTUM LAB**

**SET NO.:**          **ONE (1)**

Pursuant to Federal Rules of Civil Procedure 26 and 34, Plaintiff Spyder Games LLC ("Plaintiff") hereby requests that Defendant Mementum Lab ("Defendant" or "Mementum") produce the documents and things set forth below, to the undersigned counsel, within 30 days of service.

## DEFINITIONS

As used below, the following terms have the meanings indicated:

1. "Defendant" or "Mementum" or "You" or "Your" means Mementum Lab, and all of its affiliates, predecessors, successors, subsidiaries, divisions, parent companies, and all past or present directors, officers, agents, representatives, employees, consultants, attorneys, and others acting on its behalf.

2. "Brainrots" means the characters identified in Exhibit 1 to the Complaint in this action (ECF No. 1) and Paragraph 5 and footnote 1 of Defendant's Counterclaims, (ECF No. 18), including all versions, iterations, variations, and derivative depictions thereof, whether in final or draft form.  Such Brainrots include, without limitation, Tung Tung Tung Sahur, Tob Tobi Tob, Brr Es Teh Patipum, Pakrahmatmamat, La Esok Sekolah, U Din Din Din Din Dun Ma Din Din Din Dun, Garamararambraraman dan Madudungdung tak tuntung Perkuntung, Boneca Ambalabu, Il Cacto Hipopotamo, Brr Brr Patapim, Malamé Amaralé, Frigo Camelo, Ecco Cavallo Virtuoso, Tre Tigri Triste, Giraffa Celeste, Trenostruzzo Turbo 3000, La Vacca Saturno Saturnita, Cappuccino Assassino, Avocadini Guffo, Perochello Lemonchello, Mangolini Parrocini, Penguino Cocosino, Bananitta Dolfinitta devenu Bananita Dolphinita, Burbaloni Lulliloli devenu Burbaloni Loliloli, Chimpanzini Bananini, Blueberrinni Octopussini devenu Blueberrinni Octopusini, Quivioli Ameleonni, Strawberrelli Flamingelli, Cocosini Mama, Ganganzelli Trulala, Zibra Zubra Zibralini, Orangutini Ananasini devenu Orangutini Ananassini, Rhino Toasterino, Cocofanto Elefanto, Tukanno Bananno, Tigrulli Grapefrutunni devenu

2

Mitchell
Silberberg &
Knupp LLP

21490429.4

Tigroligre Frutonni, Spaghetti Tualetti, Graipussi Medussi devenu Graipuss Medussi and Tim Cheese.

3. "Noxa" means the content creator Fernanda Bagas Indrastata, also known as "@NOXAASHT" or "Noxa," and any agents, representatives, or persons acting on his behalf.

4. "Breno" means the content creator known as "Breno" or "@ofscabreno," and any agents, representatives, or persons acting on his behalf.

5. "Alexey Pigeon" means the content creator known as "Alexey Pigeon," and any agents, representatives, or persons acting on his behalf.

6. "Choppow" means the content creator known as "Choppow," and any agents, representatives, or persons acting on his behalf.

7. "AI Tools" means any artificial intelligence, machine learning, or generative AI tool, platform, model, application, or service, including without limitation OpenAI (including ChatGPT and DALL-E), Midjourney, Stable Diffusion, and Adobe Firefly.

8. "The Game" means the Roblox video game known as "Steal a Brainrot," as described in the Complaint.

9. "Tung Tung Sahur Mark" means the name "Tung Tung Sahur" (and variants including "Tung Tung Tung Sahur"), the character image associated therewith, and any logo, design, or trade dress claimed by Defendant as a trademark in connection with the Tung Tung Sahur Brainrot.

10. "Tung Tung Tung Sahur Game" means the video game titled "Tung Tung Tung Sahur" referenced in Paragraph 13(a) of the Counterclaims, released on or about May 3, 2025.

11. "Licensee Games" means the video games identified in Paragraphs 13(a)–(e) of the Counterclaims, including the Tung Tung Tung Sahur Game, Plants vs Brainrots, Pudgy Party, Fortnite, and Brainrot Fight.

12. "Person" means any natural person, entity, association, or organization of any kind.

13. "Document" means any written, printed, typed, or other graphic matter of any kind or nature, however produced or reproduced, whether or not sent or received, private or confidential, final or draft, including drafts and copies bearing notations or marks not found on the original, or which otherwise differ from the original and includes, but is not limited to, all books, records, memoranda, reports, notes, transcripts, letters, telegrams, cables, telex messages, facsimile cover sheets, ledgers, files, agreements, written communications of any type, correspondence, messages (including reports, notes, notations, and memoranda of or relating to telephone conversations, telegrams, conversations, meetings, conferences, and any oral communication), work papers, worksheets, purchase orders, statements, bills, invoices, receipts, summaries, opinions, journals, desk calendars, appointment books, time sheets, diaries, lists, photographs, videotapes, and other data compilations from which information can be obtained.

14. The term "Document" further encompasses any "electronically stored information" ("ESI"), stored in any electronic medium which includes, without limitation, files stored on computer discs, computer hard drives, smart phones, tablets, "cloud" based services that may be remotely accessed via the Internet such as Dropbox, One Drive, Google Drive, etc., network servers, nodes (i.e., any devices connected to network servers), servers maintained by internet service providers or outside parties (e.g., Google Docs), and removable media (e.g., magnetic tapes, CD-ROMs, DVDs, floppy disks, diskettes, SD cards, USB or "thumb" drives, etc.) or any electronic storage devices, including, without limitation, email messages, cell phone text messages, Microsoft Word, Excel and PowerPoint documents, PDF files, digital photographs and images, information stored in databases, electronically-stored voice mail messages, electronically-stored facsimiles, archives of conversations held via instant message programs or group chat applications (e.g.,

Mitchell
Silberberg &
Knupp LLP

21490429.4

4

**PLAINTIFF'S REQUESTS FOR PRODUCTION TO DEFENDANT MEMENTUM LAB, SET ONE**

WhatsApp, WeChat, Google Chat, Facebook Messenger, Skype, iMessage, Slack, Discord etc.), archives of conversations held via social media programs and websites (e.g., Facebook, Instagram, Twitter), archives of conversations held via artificial intelligence platforms and websites (e.g., ChatGPT, Gemini, Claude, Midjourney etc.), caches of internet browsers which show websites visited and when they were visited and the like, electronically-stored images from security cameras, and information from GPS tracking devices, location services, files stored on smartphones, and other handheld devices (e.g., Androids, iPhones, Tablets etc.) or any other electronically stored information. affidavits; analyses; appointment books; appraisals; articles from publications; cables; calendars; charts; checks (cancelled or uncancelled); check stubs; confirmations; contracts; correspondence; credit card receipts; desk calendars; desk pads; diaries; drafts; estimates; evaluations; filings; financial statements; forms; invoices; journals; ledgers; letters; words; sounds; symbols; lists; memoranda; minutes; notations; notes; opinions; orders; pamphlets; papers; personnel files; permanent files; temporary files; pictures; press releases; projections; prospectuses; publications; receipts; recordings of meetings and conversations; reports; statements; statistical records; studies; summaries; tabulations; telegrams; telephone records; telex messages; text messages; time sheets; transcripts; understandings; videotapes; vouchers; work papers and sheets; or things similar to any of the foregoing, or any combination thereof, however denominated.

15.    The term "Communications" as used herein refers to any and all contact between two or more persons including, without limitation, all written contact by such means as letters, memoranda, telegrams, text messages, archives of conversations held via instant message programs or group chat applications (e.g., WhatsApp, WeChat, Google Chat, Facebook Messenger, Skype, iMessage, Slack etc.), archives of conversations held via social media programs and websites (e.g.,

Facebook, Instagram, Twitter), and email and including, without limitation, all oral contact by such means as face-to-face meetings and telephone conversations.

**INSTRUCTIONS**

1.    These requests require production of Documents or things that are in your possession, custody or control, and Documents or things that are in the possession, custody or control of Your agents, employees, accountants, attorneys, representatives, or other persons who have Documents deemed to be in Your possession, custody or control.

2.    If Documents existed that were responsive to any of these requests, but You contend that such Documents no longer exist or are not within Your possession, custody, or control, then do the following with respect to each and every Document:

a.    Describe the nature of the Document, in sufficient particularity to identify it and to enable You to identify or disclose it in response to an order of the court, including the date and subject matter of such Document

b.    Identify the person(s) who prepared the Document;

c.    Identify the person(s) who sent and received the original and a copy of the Document, or to whom the Document was circulated, or its contents communicated or disclosed; and

d.    State the circumstances which prevent production of the Document.

3.    Words in the singular include their plural meaning, and vice versa. The past tense includes the present tense where the clear meaning is not distorted by a change of tense, and words used in the masculine gender shall include the feminine gender and vice versa. The words "and" and "or" shall be construed conjunctively or disjunctively, whichever makes the request more inclusive.

4.    References to persons and other entities include their agents, employees, officers, directors, affiliated entities and companies, predecessors, successors, accountants, attorneys, and representatives.

5.      Unless otherwise specifically stated, all requests call for production of Documents prepared, received, or dated at any time prior to and including the date of production.

6.      These requests are continuing and you must immediately produce such additional responsive Documents as you may later locate or acquire during the pendency of this action.

7.      Electronically Stored Information includes all documents that exist in electronic format.

a.      Unless otherwise indicated, all Electronically Stored Information should be produced in single-page TIFF images with metadata fields preserved in the load file. The load file should be an Ipro load file (or an ASCII delimited text file with all images and data cross-referenced) containing the Document breaks, a csv or dat file containing the beginning and ending Document breaks.

b.      All hard copy Documents for which native electronic files never existed, no longer exist, or are not reasonably accessible also should be produced in single-page TIFF format. This includes, but is not limited to, scanned images of those Documents which contain unique information after they were printed out, such as paper Documents containing handwriting, signatures, marginalia, drawings, annotations, highlighting, and redactions. All scanned Documents should be kept as they are in the regular course of business or in the alternative provide information identifying the custodian for each Document.

c.      Emails should be produced in multi-page .pdf format. Production of emails must include all metadata relating to any given email (e.g., followup or importance flags set by the sender or recipient, the identity of individuals who were sent a "bcc" or blind carbon copy of the email, etc.) and any electronic attachments.

d.      All ESI Documents containing native text should include an extracted text file.

e.    Excel documents should be produced in native format with all metadata preserved. Spreadsheets created with other software should be produced in a comma delimited format capable of being opened in Excel, if feasible.

f.    PowerPoint documents should be produced in native format with all metadata preserved, including speaker notes.

g.    All logs should be produced in native format.

h.    Audio, video or other recorded information shall be provided separately on a DVD or other storage device capable of being played on a standard Windows operating system in a .wav or .mpeg format.

i.    All image files should include an OCR text file.

j.    All files shall be labeled with a Bates or control number.

k.    Parent/child attachment relationships shall be maintained.

l.    All image files should have a minimum resolution of 300 dpi and meet commonly accepted production standards to ensure that the image file is reliable and authentic.

m.    The metadata fields should include: DocID, EndDoc, Document Date, Sent Date (for email), File Name, Email Subject, File Type or File Extension, Email To, Email From, Email CC, Author, Begattach/Endattach or attachrange, File Extension, Custodian, Beg Group, and End Group.

n.    The Propounding Party reserves the right to request additional Documents in native format if it is determined the Document is not readable or usable in a .pdf format.

## REQUESTS FOR PRODUCTION

### REQUEST FOR PRODUCTION NO. 1:

All agreements between You and Noxa relating to the Brainrots, including without limitation representation agreements, agency agreements, assignment agreements, and license agreements.

Mitchell
Silberberg &
Knupp LLP

21490429.4

8

**PLAINTIFF'S REQUESTS FOR PRODUCTION TO DEFENDANT MEMENTUM LAB, SET ONE**

**REQUEST FOR PRODUCTION NO. 2:**

All agreements between You and Breno relating to the Brainrots, including without limitation representation agreements, agency agreements, assignment agreements, and license agreements.

**REQUEST FOR PRODUCTION NO. 1:**

All agreements between You and Alexey Pigeon relating to the Brainrots, including without limitation representation agreements, agency agreements, assignment agreements, and license agreements.

**REQUEST FOR PRODUCTION NO. 2:**

All agreements between You and Choppow relating to the Brainrots, including without limitation representation agreements, agency agreements, assignment agreements, and license agreements.

**REQUEST FOR PRODUCTION NO. 3:**

All Communications between You and Noxa relating to the Brainrots or any contemplated or actual business dealings.

**REQUEST FOR PRODUCTION NO. 4:**

All Communications between You and Breno relating to the Brainrots or any contemplated or actual business dealings.

**REQUEST FOR PRODUCTION NO. 5:**

All Communications between You and Alexey Pigeon relating to the Brainrots or any contemplated or actual business dealings.

**REQUEST FOR PRODUCTION NO. 6:**

All Communications between You and Choppow relating to the Brainrots or any contemplated or actual business dealings.

**REQUEST FOR PRODUCTION NO. 7:**

All agreements, instruments or other documents evidencing or relating to each assignment, license, transfer, or other conveyance of rights in any of the Brainrots, whether to You or to any other Person in the chain of title, including the specific

Mitchell Silberberg & Knupp LLP

9

**PLAINTIFF'S REQUESTS FOR PRODUCTION TO DEFENDANT MEMENTUM LAB, SET ONE**

21490429.4

rights conveyed, the date of conveyance, and the identity of the transferor and transferee.

**REQUEST FOR PRODUCTION NO. 8:**

All prompts, textual inputs, instructions, or other commands provided to any AI Tool in connection with the creation, development, or ideation of any of the Brainrots, including screenshots or exports of chat sessions, conversation histories or other interfaces with any AI Tool.

**REQUEST FOR PRODUCTION NO. 9:**

The "original prompt from Noxa" referenced in Your April 3, 2026 tweet sent from the @mementumlab Twitter/X account, screenshotted below:



Mementum Lab ✔
@mementumlab

That's genuinely fake.

We're the ones holding the original prompt from Noxa and it's far more complex than what's being shared here.

8:25 AM · Apr 3, 2026 · **106.7K** Views

**REQUEST FOR PRODUCTION NO. 10:**

All outputs generated by any AI Tool in connection with the creation, development, or ideation of any of the Brainrots, including all interim outputs, draft images, and iterative versions.

**REQUEST FOR PRODUCTION NO. 11:**

All reference materials, source images, mood boards, or concept art used as inputs to, or in connection with, the creation of any of the Brainrots.

**REQUEST FOR PRODUCTION NO. 12:**

Metadata or documents sufficient to show the date and time of each input to, and output from, any AI Tool used in the creation of each of the Brainrots, including session logs, chat histories, or API logs.

**REQUEST FOR PRODUCTION NO. 13:**

Documents sufficient to identify each AI Tool used in the creation of each of the Brainrots, including the name, version, and specific model or service used.

**REQUEST FOR PRODUCTION NO. 14:**

Documents sufficient to identify each non-AI software tool or application used in the creation, editing, or modification of any of the Brainrots, including image-editing software and digital design tools.

**REQUEST FOR PRODUCTION NO. 15:**

All human-created artwork, sketches, drawings, or designs created by Noxa relating to any of the Brainrots, whether or not subsequently used as inputs to an AI Tool.

**REQUEST FOR PRODUCTION NO. 16:**

All human-created artwork, sketches, drawings, or designs created by Breno relating to any of the Brainrots, whether or not subsequently used as inputs to an AI Tool.

**REQUEST FOR PRODUCTION NO. 17:**

All documents reflecting or evidencing any editing, manipulation, selection, arrangement, or other human creative decision-making by Noxa in connection with the Brainrots, at any stage of the creation process, whether before, during, or after the use of any AI Tool, including, without limitation, any modifications to AI-generated outputs.

**REQUEST FOR PRODUCTION NO. 18:**

All documents reflecting or evidencing any editing, manipulation, selection, arrangement, or other human creative decision-making by Breno in connection with the Brainrots, at any stage of the creation process, whether before, during, or after the use of any AI Tool, including, without limitation, any modifications to AI-generated outputs.

**REQUEST FOR PRODUCTION NO. 19:**

All documents reflecting or evidencing any editing, manipulation, selection, arrangement, or other human creative decision-making by any Person other than Noxa or Breno in connection with the Brainrots, at any stage of the creation process,

Mitchell
Silberberg &
Knupp LLP

21490429.4

11

whether before, during, or after the use of any AI Tool, including, without limitation, any modifications to AI-generated outputs.

**REQUEST FOR PRODUCTION NO. 20:**

All Communications between Noxa and any person relating to the creation, development, or design of any of the Brainrots.

**REQUEST FOR PRODUCTION NO. 21:**

All Communications between Breno and any person relating to the creation, development, or design of any of the Brainrots.

**REQUEST FOR PRODUCTION NO. 22:**

All account records, subscription records, or usage records from any AI Tool provider for any account used by Noxa or Breno in connection with the creation of any of the Brainrots.

**REQUEST FOR PRODUCTION NO. 23:**

All license agreements, distribution agreements, merchandising agreements, or other contracts between You and Epic Games relating to the use or exploitation of any of the Brainrots.

**REQUEST FOR PRODUCTION NO. 24:**

All license agreements, distribution agreements, merchandising agreements, or other contracts between You and any third party relating to the use or exploitation of any of the Brainrots.

**REQUEST FOR PRODUCTION NO. 25:**

The complete, fully executed license agreements, including all amendments, addenda, side letters, and exhibits, for each of the licensing relationships identified in Paragraphs 13(a)–(f) of the Counterclaims, including without limitation the agreements relating to the Tung Tung Tung Sahur Game, Plants vs Brainrots, Pudgy Party, Fortnite, and Brainrot Fight.

Mitchell
Silberberg &
Knupp LLP

21490429.4

12

**PLAINTIFF'S REQUESTS FOR PRODUCTION TO DEFENDANT MEMENTUM LAB, SET ONE**

**REQUEST FOR PRODUCTION NO. 26:**

All Communications relating to the negotiation or execution of any agreement with Epic Games for the use or exploitation of any of the Brainrots.

**REQUEST FOR PRODUCTION NO. 27:**

All Communications relating to the negotiation or execution of any agreement with any third party for the use or exploitation of any of the Brainrots.

**REQUEST FOR PRODUCTION NO. 28:**

All communications between You and Chartis or any entity affiliated with Chartis relating to the Brainrots, or any business relationship, transaction, or commercial arrangement between You and Chartis.

**REQUEST FOR PRODUCTION NO. 29:**

All documents relating to any valuation or assessment of the Brainrots or of any intellectual property rights claimed by You in the Brainrots, including any analysis of the enforceability, scope, or commercial value of such rights.

**REQUEST FOR PRODUCTION NO. 30:**

Financial records sufficient to show all royalties, license fees, revenue shares, or other compensation received by You in connection with the exploitation of any of the Brainrots.

**REQUEST FOR PRODUCTION NO. 31:**

Documents sufficient to show Your business model, licensing strategy, or monetization strategy relating to the Brainrots, including business plans, pitch decks, or internal strategy memoranda.

**REQUEST FOR PRODUCTION NO. 32:**

All Documents relating to the formation, structure, ownership, operation, or management of Brainrot Factory, including all agreements, term sheets, or memoranda of understanding between You and any Person relating to the establishment or operation of Brainrot Factory.

Mitchell
Silberberg &
Knupp LLP

21490429.4

13

**PLAINTIFF'S REQUESTS FOR PRODUCTION TO DEFENDANT MEMENTUM LAB, SET ONE**

**REQUEST FOR PRODUCTION NO. 33:**

All Communications between You and any Person relating to Brainrot Factory, including communications relating to the licensing, sublicensing, or commercial exploitation of any of the Brainrots through or in connection with Brainrot Factory.

**REQUEST FOR PRODUCTION NO. 34:**

All Documents relating to any offer, proposal, term sheet, letter of intent, or negotiation for the sale, acquisition, merger, or investment in, or transfer of any ownership interest in, Mementum, including any valuation, appraisal, or financial analysis prepared in connection therewith.

**REQUEST FOR PRODUCTION NO. 35:**

All DMCA takedown notices, Digital Services Act notices, or other infringement notices sent by or on behalf of You to any person relating to any of the Brainrots.

**REQUEST FOR PRODUCTION NO. 36:**

All responses received in connection with any takedown notice or infringement notice identified in the preceding Request.

**REQUEST FOR PRODUCTION NO. 37:**

All Communications between You and Plaintiffs, or any agent or counsel of Plaintiffs, relating to the Brainrots, the Game, or any intellectual property claims relating thereto.

**REQUEST FOR PRODUCTION NO. 38:**

All Communications between You and Roblox Corporation relating to the Brainrots, the Game, or any intellectual property claims or content moderation actions relating thereto.

**REQUEST FOR PRODUCTION NO. 39:**

All applications for copyright registration filed with any copyright office worldwide relating to any of the Brainrots, including all materials submitted with

Mitchell
Silberberg &
Knupp LLP

21490429.4

**PLAINTIFF'S REQUESTS FOR PRODUCTION TO DEFENDANT MEMENTUM LAB, SET ONE**

such applications and any disclosures or representations made concerning the use of AI Tools in the creation of the works.

**REQUEST FOR PRODUCTION NO. 40:**

All copyright registration certificates, refusals, or other correspondence received from any copyright office worldwide relating to any of the Brainrots.

**REQUEST FOR PRODUCTION NO. 41:**

All applications for trademark registration filed with any trademark office worldwide relating to any of the Brainrots, including without limitation French Trademark Application Nos. FR5157809 and FR5229605, WIPO Registration No. 1913096, and the Madrid Protocol extension to the United States, including all materials submitted with such applications, all specimens of use, and all correspondence with WIPO or the USPTO in connection therewith.

**REQUEST FOR PRODUCTION NO. 42:**

All trademark registration certificates, office actions, refusals, examination reports, or other correspondence received from any trademark office in any jurisdiction, or from WIPO relating to any of the Brainrots, including all documents relating to the prosecution of the Madrid Protocol extension to the United States.

**REQUEST FOR PRODUCTION NO. 43:**

All Documents identified, referenced, or relied upon in any demand letter, cease and desist letter, or other communication sent by or on behalf of You to Plaintiffs, including all appendices thereto.

**REQUEST FOR PRODUCTION NO. 44:**

All Documents relating to any social media content posted by Noxa or Breno featuring any of the Brainrots, including video files, captions, analytics data, and viewer engagement records.

Mitchell
Silberberg &
Knupp LLP

21490429.4

15

**PLAINTIFF'S REQUESTS FOR PRODUCTION TO DEFENDANT MEMENTUM LAB, SET ONE**

**REQUEST FOR PRODUCTION NO. 45:**

All Documents relating to any claim, demand, or dispute asserted by or against You by any person other than Plaintiffs concerning intellectual property rights in any of the Brainrots.

**REQUEST FOR PRODUCTION NO. 46:**

All Documents relating to any opinion, analysis, or assessment obtained by You concerning the copyrightability or intellectual property status of any of the Brainrots, to the extent not protected by the attorney-client privilege or work-product doctrine.

**REQUEST FOR PRODUCTION NO. 47:**

All terms of service, license agreements, end-user agreements, or other contractual terms governing Your, Noxa's, or Breno's use of any AI Tool used in connection with the creation of any of the Brainrots, including any provisions relating to ownership, licensing, or commercial use of AI-generated outputs.

**REQUEST FOR PRODUCTION NO. 48:**

All Communications between You, Noxa, or Breno and any AI Tool provider relating to ownership, licensing, or rights to any AI-generated output used in connection with the Brainrots.

**REQUEST FOR PRODUCTION NO. 49:**

Documents sufficient to show the organizational structure, formation, and ownership of Mementum Lab, including articles of incorporation or equivalent formation documents, shareholder or membership records, and organizational charts.

**REQUEST FOR PRODUCTION NO. 50:**

Documents sufficient to show the first date of publication, public posting, or other public dissemination of each of the Brainrots, including the platform on which it was first published and the account from which it was posted.

**REQUEST FOR PRODUCTION NO. 51:**

All Documents relating to any Roblox game, application, website, or third party, other than Plaintiffs and the Game, that uses, depicts, or incorporates any of the Brainrots, including any enforcement actions, licenses, or permissions granted or withheld by You in connection therewith.

**REQUEST FOR PRODUCTION NO. 52:**

All notices submitted to Roblox Corporation pursuant to Article 16 of the European Union's Digital Services Act, and all responses received from Roblox in connection therewith.

**REQUEST FOR PRODUCTION NO. 53:**

Documents sufficient to show the first date of use in United States commerce of the Tung Tung Sahur Mark, including the first use of Tung Tung Sahur's name and image as a source identifier on or in connection with any goods or services, with supporting documentation such as dated screenshots, advertisements, product packaging, or in-game depictions, and including any use by any licensee or third party that occurred prior to the execution of a license agreement with You.

**REQUEST FOR PRODUCTION NO. 54:**

All marketing materials, advertising, and promotional materials relating to the Tung Tung Sahur Mark or any of the Brainrots, including print advertisements, digital advertisements, social media promotions, and press releases.

**REQUEST FOR PRODUCTION NO. 55:**

Documents sufficient to show all expenditures by You on advertising, marketing, and promotion of the Tung Tung Sahur Mark or any of the Brainrots, broken out by time period and territory.

**REQUEST FOR PRODUCTION NO. 56:**

All press coverage, media mentions, and third-party publications referencing the Tung Tung Sahur Mark or any of the Brainrots that You collected, solicited, or

Mitchell Silberberg & Knupp LLP

21490429.4

17

**PLAINTIFF'S REQUESTS FOR PRODUCTION TO DEFENDANT MEMENTUM LAB, SET ONE**

facilitated, including paid media placements and Communications with journalists or media outlets.

**REQUEST FOR PRODUCTION NO. 57:**

All Documents relating to any physical merchandise bearing or incorporating the Tung Tung Sahur Mark or any of the Brainrots, including toys, plush products, figurines, apparel, books, and consumer products, and Documents sufficient to show the territories in which such merchandise was offered for sale or distributed.

**REQUEST FOR PRODUCTION NO. 58:**

All business plans, strategy documents, or internal analyses relating to the expansion of the Tung Tung Sahur Mark or any of the Brainrots into additional markets, territories, product categories, or distribution channels.

**REQUEST FOR PRODUCTION NO. 59:**

All Documents relating to the selection, adoption, or creation of the name "Tung Tung Sahur," including the meaning or derivation of the name, and any Documents reflecting the decision to use the name as a trademark or source identifier.

**REQUEST FOR PRODUCTION NO. 60:**

All consumer surveys, market research, brand recognition studies, or consumer perception analyses relating to the Tung Tung Sahur Mark or any of the Brainrots.

**REQUEST FOR PRODUCTION NO. 61:**

All Documents relating to the quality control exercised by You over any licensee's use of the Tung Tung Sahur Mark, including brand manuals, character usage guidelines, style guides, and any standards or specifications provided to licensees.

Mitchell
Silberberg &
Knupp LLP

21490429.4

18

**PLAINTIFF'S REQUESTS FOR PRODUCTION TO DEFENDANT MEMENTUM LAB, SET ONE**

**REQUEST FOR PRODUCTION NO. 62:**

All Communications between You and any licensee relating to compliance with quality control standards, approval of character depictions, or correction of unauthorized uses of the Tung Tung Sahur Mark.

**REQUEST FOR PRODUCTION NO. 63:**

All Documents reflecting or evidencing any instance of actual consumer confusion between the Game and any product or service authorized by You, including consumer inquiries, complaints, misdirected communications, or reports of confusion from licensees or third parties.

**REQUEST FOR PRODUCTION NO. 64:**

All Documents reflecting the licensing rates, royalty rates, or other compensation terms proposed, offered, or agreed to in connection with any license of the Tung Tung Sahur Mark or any of the Brainrots, including all terms proposed to Plaintiffs during the parties' negotiations.

**REQUEST FOR PRODUCTION NO. 65:**

All demand letters, cease-and-desist letters, takedown notices, or other correspondence sent by or on behalf of You to any Person asserting intellectual property rights in the Tung Tung Sahur Mark or any of the Brainrots, other than correspondence sent to Plaintiffs or to Roblox Corporation (which are the subject of existing Requests).

**REQUEST FOR PRODUCTION NO. 66:**

All responses received in connection with any demand letter, cease-and-desist letter, or other correspondence identified in the preceding Request.

**REQUEST FOR PRODUCTION NO. 67:**

All demand letters, cease-and-desist letters, takedown notices, or other correspondence sent by or on behalf of You to the developer, publisher, or any Person involved in the creation or distribution of the Tung Tung Tung Sahur Game,

Mitchell
Silberberg &
Knupp LLP

21490429.4

19

**PLAINTIFF'S REQUESTS FOR PRODUCTION TO DEFENDANT MEMENTUM LAB, SET ONE**

asserting intellectual property rights in the Tung Tung Sahur Mark or any of the Brainrots.

**REQUEST FOR PRODUCTION NO. 68:**

All internal Mementum Communications—including among Your officers, directors, employees, agents, and outside counsel—relating to the Tung Tung Tung Sahur Game, including Communications relating to any unauthorized use of the Brainrots in the Tung Tung Tung Sahur Game prior to the execution of a license agreement.

**REQUEST FOR PRODUCTION NO. 69:**

All Documents relating to the license agreement with an effective date of May 1, 2025 referenced in Paragraph 13(a) of the Counterclaims, including all drafts, the date the agreement was actually executed, and all Communications relating to its negotiation.

**REQUEST FOR PRODUCTION NO. 70:**

All internal Mementum Communications relating to each of the Licensee Games, including Communications regarding any unauthorized use of the Brainrots by any Licensee Game developer prior to the execution of a license agreement.

**REQUEST FOR PRODUCTION NO. 71:**

All Communications between You and the developer or publisher of each of the Licensee Games relating to the Brainrots or any intellectual property rights therein.

**REQUEST FOR PRODUCTION NO. 72:**

All demand letters, cease-and-desist letters, takedown notices, or other correspondence sent by or on behalf of You to the developer or publisher of any of the Licensee Games asserting intellectual property rights in the Tung Tung Sahur Mark or any of the Brainrots, prior to or in connection with the negotiation of a license agreement.

**REQUEST FOR PRODUCTION NO. 73:**

All internal Mementum Communications relating to the licensing negotiations with Plaintiffs described in Paragraphs 10–12 of the Counterclaims.

**REQUEST FOR PRODUCTION NO. 74:**

All draft term sheets, proposed deal terms, redlines, counteroffers, and draft agreements exchanged between the parties during the licensing negotiations described in Paragraph 11 of the Counterclaims.

**REQUEST FOR PRODUCTION NO. 75:**

All Documents reflecting or evidencing any action taken, expenditure made, or opportunity foregone by You in reliance on the licensing negotiations with Plaintiffs.

**REQUEST FOR PRODUCTION NO. 76:**

All Documents relating to the creation of the Tung Tung Sahur video first published on TikTok, including all versions and drafts of the video, voiceover recordings, music tracks, and video editing timeline or project files.

**REQUEST FOR PRODUCTION NO. 77:**

All Documents relating to the enforcement, registration, or assertion of trademark or intellectual property rights in the Tung Tung Sahur Mark or any of the Brainrots in France, the European Union, or any jurisdiction outside the United States, including administrative proceedings, court actions, and rulings or orders received.

**REQUEST FOR PRODUCTION NO. 78:**

Financial records sufficient to show all revenue, royalties, and other compensation received by You in connection with the Tung Tung Sahur Mark or any of the Brainrots, broken out by individual character, territory (with United States revenue separately identified), and time period.

Mitchell
Silberberg &
Knupp LLP

21490429.4

21

**PLAINTIFF'S REQUESTS FOR PRODUCTION TO DEFENDANT MEMENTUM LAB, SET ONE**

**REQUEST FOR PRODUCTION NO. 79:**

All investor materials, pitch decks, or financial projections prepared by or for You relating to the commercial exploitation of the Brainrots, including any materials prepared in connection with fundraising, investment, or valuation.

**REQUEST FOR PRODUCTION NO. 80:**

All Documents supporting Your First Affirmative Defense that Plaintiffs' declaratory relief claim is not ripe.

**REQUEST FOR PRODUCTION NO. 81:**

All Documents supporting Your Second Affirmative Defense of unclean hands.

**REQUEST FOR PRODUCTION NO. 82:**

All Documents supporting Your Third Affirmative Defense of estoppel.

**REQUEST FOR PRODUCTION NO. 83:**

All Documents supporting Your Fourth Affirmative Defense of waiver.

**REQUEST FOR PRODUCTION NO. 84:**

All Documents You intend to produce pursuant to Your obligations under Rule 26(a)(1) of the Federal Rules of Civil Procedure.

**REQUEST FOR PRODUCTION NO. 85:**

All Documents You intend to offer or may use as exhibits at the trial of this action.

**REQUEST FOR PRODUCTION NO. 86:**

All Documents produced to You in response to any third-party subpoena issued in this action.

**REQUEST FOR PRODUCTION NO. 87:**

All Documents provided to any expert witness retained or consulted by You in connection with this action, and all expert reports prepared in connection with this action.

Mitchell
Silberberg &
Knupp LLP

21490429.4

22

**PLAINTIFF'S REQUESTS FOR PRODUCTION TO DEFENDANT MEMENTUM LAB, SET ONE**

**REQUEST FOR PRODUCTION NO. 88:**

All witness statements, declarations, or affidavits obtained by You relating to the subject matter of this action.

DATED: APRIL 29, 2026    MITCHELL SILBERBERG & KNUPP LLP

By: _____
Aaron J. Moss
Joshua M. Geller
Attorneys for Plaintiffs,
SPYDER GAMES LLC and
SIMULATOR GAMING, LLC

# **PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California, I am over the age of eighteen years and am not a party to this action; my business address is Mitchell Silberberg & Knupp LLP, 2049 Century Park East, 18th Floor, Los Angeles, CA 90067-3120, and my business email address is cxj@msk.com.

On April 29, 2026, I served a copy of the foregoing document(s) described as **PLAINTIFF SPYDER GAMES LLC's REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT MEMENTUM LAB, SET ONE** on the interested parties in this action at their last known address as set forth below by taking the action described below:

Steven A. Stein                              *Attorneys for Defendant*
Andrew P. Lux
GREENBERG GLUSKER LLP
2049 Century Park E, Suite 2600
Los Angeles, CA 90067
Telephone: (310) 553.3610
SStein@GreenbergGlusker.com
ALux@ GreenbergGlusker.com

*Attorneys for Defendant*

☐ **BY MAIL**:  I placed the above-mentioned document(s) in sealed envelope(s) addressed as set forth above, and deposited each envelope in the mail at Los Angeles, California.  Each envelope was mailed with postage thereon fully prepaid.

☑ **BY PERSONAL DELIVERY**:  I placed the above-mentioned document(s) in sealed envelope(s), and caused personal delivery by [Name of Person]  of the document(s) listed above to the person(s) at the address(es) set forth above.

☑ **BY ELECTRONIC MAIL**:  I served the above-mentioned document electronically on the parties listed at the email addresses above and, to the best of my knowledge, the transmission was complete and without error in that I did not receive an electronic notification to the contrary.

I declare under penalty of perjury under the laws of the United States that the above is true and correct.  Executed on April 29, 2026, at Los Angeles, California.

_____
Charlyn Jones

Mitchell Silberberg & Knupp LLP

1
**PROOF OF SERVICE**

# EXHIBIT 6

GREGG A. MARTIN (SBN 135685)
GMartin@ggfirm.com
STEVEN A. STEIN (SBN 287401)
SStein@ggfirm.com
ANDREW P. LUX (SBN 345915)
ALux@ggfirm.com
GREENBERG GLUSKER FIELDS CLAMAN &
MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California  90067
Telephone:   310-553-3610
Facsimile:   310-553-0687

Attorneys for Defendant and Counterclaimant
MEMENTUM LAB SAS

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California  90067

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SPYDER GAMES LLC, a Louisiana limited liability company; and SPEEDY SIMULATOR GAMING, LLC, a Wyoming limited liability company,<br><br>    Plaintiffs and Counter-Defendants,<br><br>    v.<br><br>MEMENTUM LAB SAS, a French company,<br><br>    Defendant and Counterclaimant. | Case No. 5:25-cv-10248-NW<br><br>**DEFENDANT AND COUNTERCLAIMANT MEMENTUM LAB SAS'S RESPONSE TO PLAINTIFF SPYDER GAMES LLC'S REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE** |

56669-00002/8040439.5

5:25-CV-10248-NW
DEFENDANT'S RESPONSE TO
PLAINTIFF'S REQUEST FOR
PRODUCTION OF DOCUMENTS, SET ONE

PROPOUNDING PARTY:    **Plaintiff and Counter-Defendant SPYDER GAMES LLC**

RESPONDING PARTY:    **Defendant and Counterclaimant MEMENTUM LAB SAS**

SET NO.:    **ONE**

      Pursuant to Federal Rules of Civil Procedure 26 and 34, Defendant and Counterclaimant Mementum Lab SAS ("Defendant") responds to Plaintiff and Counter-Defendant Spyder Games, LLC's ("Plaintiff") Requests for Production of Documents, Set One ("Requests") as follows:

## PRELIMINARY STATEMENT

    1.    Each of the responses to the individual requests herein incorporates and is subject to this preliminary statement and the general and specific objections set forth below. The preliminary statement and objections form a part of the response to each request and are set forth in this manner to avoid repetition. While the preliminary statement and objections may be referred to specifically in response to an individual request, the failure to do so is not and should not be construed as a waiver thereof.

    2.    Defendant has not completed its investigation of the facts relating to this case. In particular, Defendant has not yet had the opportunity to depose or interview all persons who may have knowledge of relevant facts, or to discover or otherwise obtain and review all documents which may have some bearing on this case. The responses herein are thus based on and therefore limited by the documents and information discovered to date. The responses set forth herein are at all times subject to such additional or different information that discovery or further investigation or evaluation may disclose.

    3.    Defendant anticipates that further discovery, research and analysis will supply additional facts and additional meaning to the known facts. Without in any way obligating itself to do so, Defendant reserves the right to modify or supplement

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

its responses and to produce, introduce or rely upon subsequently acquired or discovered information or documents at trial or in any pretrial proceedings held herein as additional facts are ascertained, as documents are obtained, as additional contentions are formulated, and as additional discovery, analysis, or research may reveal. Defendant's responses are not in any way to be deemed an admission or representation that there are no further facts, documents, or witnesses with knowledge or information relevant to the subject matter of these requests.

4.     Defendant's responses are made solely for the purposes of this action. Except for express admissions set forth herein, no incidental or implied admissions are intended by these responses. Defendant does not concede the relevance, materiality, propriety, or admissibility of any request or the subject matter to which it relates. These responses are made by Defendant subject to, and without in any way waiving or intending to waive:

a.     Any objections as to competency, materiality, privilege, relevancy, propriety, confidentiality/trade secrecy, admissibility and/or any other objections on grounds which would require exclusion of any information contained herein;

b.     The right to object to other discovery proceedings involving or relating to the same subject matter as these requests; or

c.     The right at any time to revise, correct, add to, or clarify any of the responses set forth herein.  Furthermore, these responses are given subject to correction of any omissions or errors.

5.     Defendant will make reasonable efforts to respond to every request, to the extent it has not been objected to, as Defendant understands and interprets the request, provided that the request is not so vague and ambiguous that a response is impossible. If Plaintiff subsequently asserts an interpretation of the request that differs from that of Defendant, Defendant reserves the right to supplement its objections and response as necessary.

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California  90067

56669-00002/8040439.5

3

5:25-CV-10248-NW
DEFENDANT'S RESPONSE TO
PLAINTIFF'S REQUEST FOR
PRODUCTION OF DOCUMENTS, SET ONE

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

## GENERAL OBJECTIONS

1.     Defendant makes the following objection based on the French Blocking Statute and an opinion issued by the Strategic Intelligence and Economic Security Service ("SISSE") relating to Plaintiffs' discovery requests:

a.   Defendant objects that it is a French company, and the French Blocking Statute (*Loi de Blocage*), Law No. 68-678, which was enacted to counter broad United States discovery rules, prohibits, *inter alia*, the disclosure of sensitive economic, commercial, industrial, financial, or technical information by a French entity for use in foreign judicial proceedings outside the framework of international mutual legal assistance schemes.

b.   Based on a 2022 amendment to the statute, French entities that are subject to such requests are required to inform SISSE of any such request and provide background on the proceedings in order for SISSE to provide an opinion.

c.   On May 5, 2026, consistent with the mandatory notification requirement established under the 2022 amendment, Defendant notified SISSE of Plaintiffs' discovery demands at issue in this proceeding, including its Request for Production of Documents, Set One.

d.   On June 5, 2026, SISSE issued a formal written opinion, Reference No. SISSE/2026/06/480, signed by Gustave Gauquelin, Chef du Service de L'Information Stratégique et de la Sécurité Économiques, and copied to senior officials of the French Ministry of Foreign Affairs and Ministry of Justice, including the Director of Criminal Affairs and Pardons (the "SISSE Opinion"). A copy of the SISSE Opinion and its certified English translation is attached hereto as **Exhibit A** and incorporated by reference.

e.   The SISSE opinion constitutes an official determination by the French government that the economic, commercial, industrial, financial, and technical documents and information sought in this discovery proceeding may constitute evidence in an ongoing legal proceeding, and that their disclosure to

Plaintiffs must comply with the framework established by the international agreements in force between France and the United States—specifically the Hague Convention of March 18, 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters (the "Hague Convention Objection")—and be transmitted through the channels of international mutual legal assistance provided for by those agreements.

f.    The SISSE Opinion also confirms that disclosing the information at issue exposes Defendant to criminal penalties in France. Specifically, the SISSE Opinion confirms that any disclosure not in compliance with the French Blocking Statute would likely constitute a criminal violation of the statute, punishable by up to six months' imprisonment and a fine of €90,000. *See* French Law No. 68-678 of July 26, 1968.

g.    Defendant does not object to providing Plaintiffs with discovery but believes that such discovery should be conducted within the framework of the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters protocols, and that the parties should meet and confer concerning the same.

2.    Defendant objects to these requests, and to each of the requests, on the grounds that they seek information outside the framework of the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters of March 18, 1970, to which both France and the United States are signatories. The SISSE Opinion confirms that the Hague Convention is the applicable and required international framework for discovery of information of the type sought here, and that requests for production must be transmitted through French central. Defendant does not object to providing Plaintiffs with discovery but believes that such discovery should be conducted within the framework of the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters, and that the parties should meet and confer concerning the same.

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

3.      Defendant objects to these requests, and to each of the requests, on the grounds that Plaintiffs' Complaint is moot, the Court lacks subject matter jurisdiction over Plaintiffs' Complaint, and therefore discovery concerning Plaintiffs' declaratory relief claim and Defendant's defendants is not reasonably calculated to lead to admissible evidence. Specifically, Defendant issued a May 21, 2026 Covenant Not to Sue in which it agreed to not engage in the activities that Plaintiffs allege create an actual controversy for this Court to result, thereby mooting Plaintiffs' sole claim for declaratory relief, and divesting the Court of subject matter jurisdiction over Plaintiffs' Complaint. Defendant has filed a motion to dismiss Plaintiffs' Complaint on this basis.

4.      Defendant objects to these requests, and to each of the requests, on the grounds that they are overbroad and not reasonably calculated to lead to the discovery of admissible evidence, including to the extent that they use the terms "all" or "any."

5.      Defendant further objects to these requests, and to each of the requests, to the extent they seek information protected from disclosure by the attorney-client privilege, the work product doctrine, or any other applicable claim of privilege ("privileged information"). Defendant does not intend to disclose any privileged information in response to these requests, and any undertaking by Defendant to respond to these requests should be understood to exclude privileged information. Any disclosure of privileged information is inadvertent and shall not be deemed to constitute a waiver of any privilege or protection.

6.      Defendant objects to these requests in their entirety to the extent they attempt or purport to impose obligations on Defendant beyond those set forth in the Federal Rules of Civil Procedure and Central District Local Rules. In the following responses, all definitions and other instructions shall be treated as having no force or effect to the extent that they exceed those obligations.

7. Defendant objects to each request to the extent it calls for proprietary, confidential, and/or trade secret information of Defendant and/or third parties, and/or information protected by the right of privacy. Specifically, and as Defendant has alleged, Plaintiffs are a competitor to Defendant who entered into negotiations to license Defendant's Tung Tung Sahur character and other brainrot characters, filed this lawsuit when negotiations hit a statement. Defendant is informed and believes that Plaintiffs are likely to use information it obtains through discovery for commercial, and not just legal, purposes. As such, and subject to Defendant's other objections, it is important for the parties to enter a stipulated protective order that accounts for these issues before Defendant produces documents.

8. Defendant objects to each request to the extent it seeks information or documents that are equally available to Plaintiff and/or within the possession, custody, or control of Plaintiff or any third party.

9. Defendant objects to each request to the extent it attempts or purports to impose an obligation to investigate or discover information from third parties not under its control and/or persons who are equally accessible to Plaintiff.

10. Defendant objects to the requests to the extent they call for the production of documents that are not in Defendant's possession, custody or control from third parties, including without limitation "Noxa" and "Breno."

11. Defendant's responses are made subject to all general and specific objections and it specifically reserves the right to reassert those objections by motion or at any time at trial.

12. Defendant objects to each request on the basis that the time by which Plaintiff seeks production is not reasonable.

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

56669-00002/8040439.5

7

5:25-CV-10248-NW
DEFENDANT'S RESPONSE TO
PLAINTIFF'S REQUEST FOR
PRODUCTION OF DOCUMENTS, SET ONE

## RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS

**REQUEST FOR PRODUCTION NO. 1:**

All agreements between You and Noxa relating to the Brainrots, including without limitation representation agreements, agency agreements, assignment agreements, and license agreements.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

Defendant objects to this Request to the extent it seeks documents protected by the attorney-client privilege or the attorney work-product doctrine. Defendant further objects to this Request to the extent it seeks confidential, proprietary, or trade secret information of Defendant or of third parties. Defendant further objects to this Request as overbroad in seeking "all agreements" rather than agreements relevant to the claims and defenses at issue.

Pursuant to SISSE's formal written opinion, Reference No. SISSE/2026/06/480, dated June 5, 2026, Defendant is unable to respond to Plaintiff's Requests as Defendant cannot provide economic, commercial, industrial, financial, or technical documents and information to Plaintiffs without subjecting itself to criminal liability. *See* French Law No. 68-678 of July 26, 1968. Plaintiffs need to seek discovery from Defendant through the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters.

**REQUEST FOR PRODUCTION NO. 2:**

All agreements between You and Breno relating to the Brainrots, including without limitation representation agreements, agency agreements, assignment agreements, and license agreements.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

Defendant objects to this Request to the extent it seeks documents protected by the attorney-client privilege or the attorney work-product doctrine. Defendant further objects to this Request to the extent it seeks confidential, proprietary, or trade secret information of Defendant or of third parties. Defendant further objects to this

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

5:25-CV-10248-NW
DEFENDANT'S RESPONSE TO
PLAINTIFF'S REQUEST FOR
PRODUCTION OF DOCUMENTS, SET ONE

Request as overbroad in seeking "all agreements" rather than agreements relevant to the claims and defenses at issue.

Pursuant to SISSE's formal written opinion, Reference No. SISSE/2026/06/480, dated June 5, 2026, Defendant is unable to respond to Plaintiff's Requests as Defendant cannot provide economic, commercial, industrial, financial, or technical documents and information to Plaintiffs without subjecting itself to criminal liability. *See* French Law No. 68-678 of July 26, 1968. Plaintiffs need to seek discovery from Defendant through the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters.

**REQUEST FOR PRODUCTION NO. 3:**

All agreements between You and Alexey Pigeon relating to the Brainrots, including without limitation representation agreements, agency agreements, assignment agreements, and license agreements.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

Defendant objects to this Request to the extent it seeks documents protected by the attorney-client privilege or the attorney work-product doctrine. Defendant further objects to this Request to the extent it seeks confidential, proprietary, or trade secret information of Defendant or of third parties. Defendant further objects to this Request as overbroad in seeking "all agreements" rather than agreements relevant to the claims and defenses at issue. Defendant further

Pursuant to SISSE's formal written opinion, Reference No. SISSE/2026/06/480, dated June 5, 2026, Defendant is unable to respond to Plaintiff's Requests as Defendant cannot provide economic, commercial, industrial, financial, or technical documents and information to Plaintiffs without subjecting itself to criminal liability. *See* French Law No. 68-678 of July 26, 1968. Plaintiffs need to seek discovery from Defendant through the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters.

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

**REQUEST FOR PRODUCTION NO. 4:**

All agreements between You and Choppow relating to the Brainrots, including without limitation representation agreements, agency agreements, assignment agreements, and license agreements.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

Defendant objects to this Request to the extent it seeks documents protected by the attorney-client privilege or the attorney work-product doctrine. Defendant further objects to this Request to the extent it seeks confidential, proprietary, or trade secret information of Defendant or of third parties. Defendant further objects to this Request as overbroad in seeking "all agreements" rather than agreements relevant to the claims and defenses at issue.

Pursuant to SISSE's formal written opinion, Reference No. SISSE/2026/06/480, dated June 5, 2026, Defendant is unable to respond to Plaintiff's Requests as Defendant cannot provide economic, commercial, industrial, financial, or technical documents and information to Plaintiffs without subjecting itself to criminal liability. *See* French Law No. 68-678 of July 26, 1968. Plaintiffs need to seek discovery from Defendant through the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters.

**REQUEST FOR PRODUCTION NO. 5:**

All Communications between You and Noxa relating to the Brainrots or any contemplated or actual business dealings.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

Defendant objects to this Request to the extent it seeks documents protected by the attorney-client privilege or the attorney work-product doctrine. Defendant further objects to this Request to the extent it seeks confidential, proprietary, or trade secret information of Defendant or of third parties. Defendant further objects to this Request as overbroad and unduly burdensome in that it seeks all communications

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

without any time limitation or relevance limitation to the claims and defenses in this action.

Pursuant to SISSE's formal written opinion, Reference No. SISSE/2026/06/480, dated June 5, 2026, Defendant is unable to respond to Plaintiff's Requests as Defendant cannot provide economic, commercial, industrial, financial, or technical documents and information to Plaintiffs without subjecting itself to criminal liability. *See* French Law No. 68-678 of July 26, 1968. Plaintiffs need to seek discovery from Defendant through the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters.

**REQUEST FOR PRODUCTION NO. 6:**

All Communications between You and Breno relating to the Brainrots or any contemplated or actual business dealings.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

Defendant objects to this Request to the extent it seeks documents protected by the attorney-client privilege or the attorney work-product doctrine. Defendant further objects to this Request to the extent it seeks confidential, proprietary, or trade secret information of Defendant or of third parties. Defendant further objects to this Request as overbroad and unduly burdensome in that it seeks all communications without any time limitation or relevance limitation to the claims and defenses in this action.

Pursuant to SISSE's formal written opinion, Reference No. SISSE/2026/06/480, dated June 5, 2026, Defendant is unable to respond to Plaintiff's Requests as Defendant cannot provide economic, commercial, industrial, financial, or technical documents and information to Plaintiffs without subjecting itself to criminal liability. *See* French Law No. 68-678 of July 26, 1968. Plaintiffs need to seek discovery from Defendant through the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters.

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

5:25-CV-10248-NW
DEFENDANT'S RESPONSE TO
PLAINTIFF'S REQUEST FOR
PRODUCTION OF DOCUMENTS, SET ONE

**REQUEST FOR PRODUCTION NO. 7:**

All Communications between You and Alexey Pigeon relating to the Brainrots or any contemplated or actual business dealings.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

Defendant objects to this Request to the extent it seeks documents protected by the attorney-client privilege or the attorney work-product doctrine. Defendant further objects to this Request to the extent it seeks confidential, proprietary, or trade secret information of Defendant or of third parties. Defendant further objects to this Request as overbroad and unduly burdensome in that it seeks all communications without any time limitation or relevance limitation to the claims and defenses in this action.

Pursuant to SISSE's formal written opinion, Reference No. SISSE/2026/06/480, dated June 5, 2026, Defendant is unable to respond to Plaintiff's Requests as Defendant cannot provide economic, commercial, industrial, financial, or technical documents and information to Plaintiffs without subjecting itself to criminal liability. *See* French Law No. 68-678 of July 26, 1968. Plaintiffs need to seek discovery from Defendant through the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters.

**REQUEST FOR PRODUCTION NO. 8:**

All Communications between You and Choppow relating to the Brainrots or any contemplated or actual business dealings.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

Defendant objects to this Request to the extent it seeks documents protected by the attorney-client privilege or the attorney work-product doctrine. Defendant further objects to this Request to the extent it seeks confidential, proprietary, or trade secret information of Defendant or of third parties. Defendant further objects to this Request as overbroad and unduly burdensome in that it seeks all communications

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

without any time limitation or relevance limitation to the claims and defenses in this action.

Pursuant to SISSE's formal written opinion, Reference No. SISSE/2026/06/480, dated June 5, 2026, Defendant is unable to respond to Plaintiff's Requests as Defendant cannot provide economic, commercial, industrial, financial, or technical documents and information to Plaintiffs without subjecting itself to criminal liability. *See* French Law No. 68-678 of July 26, 1968. Plaintiffs need to seek discovery from Defendant through the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters.

**REQUEST FOR PRODUCTION NO. 9:**

All agreements, instruments or other documents evidencing or relating to each assignment, license, transfer, or other conveyance of rights in any of the Brainrots, whether to You or to any other Person in the chain of title, including the specific rights conveyed, the date of conveyance, and the identity of the transferor and transferee.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

Defendant objects to this Request to the extent it seeks documents protected by the attorney-client privilege or the attorney work-product doctrine. Defendant further objects to this Request to the extent it seeks confidential, proprietary, or trade secret information of Defendant or of third parties. Defendant further objects to this Request to the extent it seeks confidential or commercially sensitive information of third parties that Defendant is contractually or legally obligated to protect. Defendant further objects to this Request as overbroad and unduly burdensome in that it seeks documents relating to "any other Person," which encompasses third parties whose documents are not within Defendant's possession, custody, or control.

Pursuant to SISSE's formal written opinion, Reference No. SISSE/2026/06/480, dated June 5, 2026, Defendant is unable to respond to Plaintiff's Requests as Defendant cannot provide economic, commercial, industrial, financial,

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

or technical documents and information to Plaintiffs without subjecting itself to criminal liability. *See* French Law No. 68-678 of July 26, 1968. Plaintiffs need to seek discovery from Defendant through the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters.

**REQUEST FOR PRODUCTION NO. 10:**

All prompts, textual inputs, instructions, or other commands provided to any AI Tool in connection with the creation, development, or ideation of any of the Brainrots, including screenshots or exports of chat sessions, conversation histories or other interfaces with any AI Tool.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

Defendant objects to this Request to the extent it seeks documents protected by the attorney-client privilege or the attorney work-product doctrine. Defendant further objects to this Request to the extent it seeks documents not within Defendant's possession, custody, or control, including documents in the possession of third parties. Fed. R. Civ. P. 34(a)(1). Defendant further objects to this Request as Plaintiffs claim is not ripe as Defendant has not threatened to enforce or enforced its rights in the United States and therefore there is no actual controversy for the Court to resolve. Defendant further objects to this Request as Plaintiffs claim is moot as Defendant has covenanted not to sue Plaintiffs for copyright infringement in the United States or to submit a takedown request under the Digital Millennium Copyright Act ("DMCA") as to the Brainrots at issue.

Pursuant to SISSE's formal written opinion, Reference No. SISSE/2026/06/480, dated June 5, 2026, Defendant is unable to respond to Plaintiff's Requests as Defendant cannot provide economic, commercial, industrial, financial, or technical documents and information to Plaintiffs without subjecting itself to criminal liability. *See* French Law No. 68-678 of July 26, 1968. Plaintiffs need to seek discovery from Defendant through the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters.

**REQUEST FOR PRODUCTION NO. 11:**

The "original prompt from Noxa" referenced in Your April 3, 2026 tweet sent from the @mementumlab Twitter/X account, screenshotted below:



> **Mementum Lab** ✔
> @mementumlab
>
> That's genuinely fake.
>
> We're the ones holding the original prompt from Noxa and it's far more complex than what's being shared here.
>
> 8:25 AM · Apr 3, 2026 · **106.7K** Views

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

Defendant objects to this Request to the extent it seeks documents protected by the attorney-client privilege or the attorney work-product doctrine. Defendant further objects to this Request as vague and ambiguous as to the specific document referenced. Defendant further objects to this Request as Plaintiffs claim is not ripe as Defendant has not threatened to enforce or enforced its rights in the United States and therefore there is no actual controversy for the Court to resolve. Defendant further objects to this Request as Plaintiffs claim is moot as Defendant has covenanted not to sue Plaintiffs for copyright infringement in the United States or to submit a takedown request under the Digital Millennium Copyright Act ("DMCA") as to the Brainrots at issue.

Pursuant to SISSE's formal written opinion, Reference No. SISSE/2026/06/480, dated June 5, 2026, Defendant is unable to respond to Plaintiff's Requests as Defendant cannot provide economic, commercial, industrial, financial, or technical documents and information to Plaintiffs without subjecting itself to criminal liability. *See* French Law No. 68-678 of July 26, 1968. Plaintiffs need to seek discovery from Defendant through the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters.

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

**REQUEST FOR PRODUCTION NO. 12:**

All outputs generated by any AI Tool in connection with the creation, development, or ideation of any of the Brainrots, including all interim outputs, draft images, and iterative versions.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

Defendant objects to this Request to the extent it seeks documents protected by the attorney-client privilege or the attorney work-product doctrine. Defendant further objects to this Request to the extent it seeks documents not within Defendant's possession, custody, or control, including documents in the possession of third parties. Defendant further objects to this Request as overbroad, unduly burdensome and not proportional to the needs of the case as it seeks "all" interim outputs and iterative versions. Defendant further objects to this Request as Plaintiffs claim is not ripe as Defendant has not threatened to enforce or enforced its rights in the United States and therefore there is no actual controversy for the Court to resolve. Defendant further objects to this Request as Plaintiffs claim is moot as Defendant has covenanted not to sue Plaintiffs for copyright infringement in the United States or to submit a takedown request under the Digital Millennium Copyright Act ("DMCA") as to the Brainrots at issue.

Pursuant to SISSE's formal written opinion, Reference No. SISSE/2026/06/480, dated June 5, 2026, Defendant is unable to respond to Plaintiff's Requests as Defendant cannot provide economic, commercial, industrial, financial, or technical documents and information to Plaintiffs without subjecting itself to criminal liability. *See* French Law No. 68-678 of July 26, 1968. Plaintiffs need to seek discovery from Defendant through the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters.

**REQUEST FOR PRODUCTION NO. 13:**

All reference materials, source images, mood boards, or concept art used as inputs to, or in connection with, the creation of any of the Brainrots.

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

Defendant objects to this Request to the extent it seeks documents protected by the attorney-client privilege or the attorney work-product doctrine. Defendant further objects to this Request to the extent it seeks documents not within Defendant's possession, custody, or control, including documents in the possession of third parties. Fed. R. Civ. P. 34(a)(1). Defendant further objects to this Request as overbroad and not proportional to the needs of the case to the extent it seeks "all" reference materials regardless of their relevance to the claims and defenses at issue. Defendant further objects to this Request as vague and ambiguous as to the phrase "reference materials." Defendant further objects to this Request as Plaintiffs claim is not ripe as Defendant has not threatened to enforce or enforced its rights in the United States and therefore there is no actual controversy for the Court to resolve. Defendant further objects to this Request as Plaintiffs claim is moot as Defendant has covenanted not to sue Plaintiffs for copyright infringement in the United States or to submit a takedown request under the Digital Millennium Copyright Act ("DMCA") as to the Brainrots at issue.

Pursuant to SISSE's formal written opinion, Reference No. SISSE/2026/06/480, dated June 5, 2026, Defendant is unable to respond to Plaintiff's Requests as Defendant cannot provide economic, commercial, industrial, financial, or technical documents and information to Plaintiffs without subjecting itself to criminal liability. *See* French Law No. 68-678 of July 26, 1968. Plaintiffs need to seek discovery from Defendant through the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters.

**REQUEST FOR PRODUCTION NO. 14:**

Metadata or documents sufficient to show the date and time of each input to, and output from, any AI Tool used in the creation of each of the Brainrots, including session logs, chat histories, or API logs.

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

Defendant objects to this Request to the extent it seeks documents protected by the attorney-client privilege or the attorney work-product doctrine. Defendant further objects to this Request to the extent it seeks documents not within Defendant's possession, custody, or control, including documents in the possession of third parties. Fed. R. Civ. P. 34(a)(1). Defendant objects to this Request as unduly burdensome and not proportional to the needs of the case to the extent it requires collection of voluminous documents whose relevance is outweighed by the burden of production. Fed. R. Civ. P. 26(b)(1). Defendant further objects to this Request as overbroad in seeking metadata for "each input to, and output from" any AI tool, which may encompass voluminous data whose production would be unduly burdensome. Defendant further objects to this Request as Plaintiffs claim is not ripe as Defendant has not threatened to enforce or enforced its rights in the United States and therefore there is no actual controversy for the Court to resolve. Defendant further objects to this Request as Plaintiffs claim is moot as Defendant has covenanted not to sue Plaintiffs for copyright infringement in the United States or to submit a takedown request under the Digital Millennium Copyright Act ("DMCA") as to the Brainrots at issue.

Pursuant to SISSE's formal written opinion, Reference No. SISSE/2026/06/480, dated June 5, 2026, Defendant is unable to respond to Plaintiff's Requests as Defendant cannot provide economic, commercial, industrial, financial, or technical documents and information to Plaintiffs without subjecting itself to criminal liability. *See* French Law No. 68-678 of July 26, 1968. Plaintiffs need to seek discovery from Defendant through the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters.

**REQUEST FOR PRODUCTION NO. 15:**

Documents sufficient to identify each AI Tool used in the creation of each of the Brainrots, including the name, version, and specific model or service used.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

Defendant objects to this Request to the extent it seeks documents protected by the attorney-client privilege or the attorney work-product doctrine. Defendant further objects to this Request to the extent it seeks documents not within Defendant's possession, custody, or control, including documents in the possession of third parties. Fed. R. Civ. P. 34(a)(1). Defendant further objects to this Request as Plaintiffs claim is not ripe as Defendant has not threatened to enforce or enforced its rights in the United States and therefore there is no actual controversy for the Court to resolve. Defendant further objects to this Request as Plaintiffs claim is moot as Defendant has covenanted not to sue Plaintiffs for copyright infringement in the United States or to submit a takedown request under the Digital Millennium Copyright Act ("DMCA") as to the Brainrots at issue.

Pursuant to SISSE's formal written opinion, Reference No. SISSE/2026/06/480, dated June 5, 2026, Defendant is unable to respond to Plaintiff's Requests as Defendant cannot provide economic, commercial, industrial, financial, or technical documents and information to Plaintiffs without subjecting itself to criminal liability. *See* French Law No. 68-678 of July 26, 1968. Plaintiffs need to seek discovery from Defendant through the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters.

**REQUEST FOR PRODUCTION NO. 16:**

Documents sufficient to identify each non-AI software tool or application used in the creation, editing, or modification of any of the Brainrots, including image-editing software and digital design tools.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

Defendant objects to this Request to the extent it seeks documents protected by the attorney-client privilege or the attorney work-product doctrine. Defendant further objects to this Request to the extent it seeks documents not within Defendant's possession, custody, or control, including documents in the possession of third

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

parties. Fed. R. Civ. P. 34(a)(1). Defendant further objects to this Request as Plaintiffs claim is not ripe as Defendant has not threatened to enforce or enforced its rights in the United States and therefore there is no actual controversy for the Court to resolve. Defendant further objects to this Request as Plaintiffs claim is moot as Defendant has covenanted not to sue Plaintiffs for copyright infringement in the United States or to submit a takedown request under the Digital Millennium Copyright Act ("DMCA") as to the Brainrots at issue.

Pursuant to SISSE's formal written opinion, Reference No. SISSE/2026/06/480, dated June 5, 2026, Defendant is unable to respond to Plaintiff's Requests as Defendant cannot provide economic, commercial, industrial, financial, or technical documents and information to Plaintiffs without subjecting itself to criminal liability. *See* French Law No. 68-678 of July 26, 1968. Plaintiffs need to seek discovery from Defendant through the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters.

**REQUEST FOR PRODUCTION NO. 17:**

All human-created artwork, sketches, drawings, or designs created by Noxa relating to any of the Brainrots, whether or not subsequently used as inputs to an AI Tool.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

Defendant objects to this Request to the extent it seeks documents protected by the attorney-client privilege or the attorney work-product doctrine. Defendant further objects to this Request to the extent it seeks documents not within Defendant's possession, custody, or control, including documents in the possession of third parties. Fed. R. Civ. P. 34(a)(1). Defendant further objects to this Request as overbroad in seeking "all" artwork regardless of whether they were subsequently used as inputs to an AI Tool. Defendant further objects to this Request as vague and ambiguous as to the phrase "human-created." Defendant further objects to this Request as Plaintiffs claim is not ripe as Defendant has not threatened to enforce or

enforced its rights in the United States and therefore there is no actual controversy for the Court to resolve. Defendant further objects to this Request as Plaintiffs claim is moot as Defendant has covenanted not to sue Plaintiffs for copyright infringement in the United States or to submit a takedown request under the Digital Millennium Copyright Act ("DMCA") as to the Brainrots at issue.

Pursuant to SISSE's formal written opinion, Reference No. SISSE/2026/06/480, dated June 5, 2026, Defendant is unable to respond to Plaintiff's Requests as Defendant cannot provide economic, commercial, industrial, financial, or technical documents and information to Plaintiffs without subjecting itself to criminal liability. *See* French Law No. 68-678 of July 26, 1968. Plaintiffs need to seek discovery from Defendant through the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters.

**REQUEST FOR PRODUCTION NO. 18:**

All human-created artwork, sketches, drawings, or designs created by Breno relating to any of the Brainrots, whether or not subsequently used as inputs to an AI Tool.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

Defendant objects to this Request to the extent it seeks documents protected by the attorney-client privilege or the attorney work-product doctrine. Defendant further objects to this Request to the extent it seeks documents not within Defendant's possession, custody, or control, including documents in the possession of third parties. Fed. R. Civ. P. 34(a)(1). Defendant further objects to this Request as overbroad in seeking "all" artwork regardless of whether they were subsequently used as inputs to an AI Tool. Defendant further objects to this Request as vague and ambiguous as to the phrase "human-created." Defendant further objects to this Request as Plaintiffs claim is not ripe as Defendant has not threatened to enforce or enforced its rights in the United States and therefore there is no actual controversy for the Court to resolve. Defendant further objects to this Request as Plaintiffs claim is

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

moot as Defendant has covenanted not to sue Plaintiffs for copyright infringement in the United States or to submit a takedown request under the Digital Millennium Copyright Act ("DMCA") as to the Brainrots at issue.

Pursuant to SISSE's formal written opinion, Reference No. SISSE/2026/06/480, dated June 5, 2026, Defendant is unable to respond to Plaintiff's Requests as Defendant cannot provide economic, commercial, industrial, financial, or technical documents and information to Plaintiffs without subjecting itself to criminal liability. *See* French Law No. 68-678 of July 26, 1968. Plaintiffs need to seek discovery from Defendant through the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters.

**REQUEST FOR PRODUCTION NO. 19:**

All documents reflecting or evidencing any editing, manipulation, selection, arrangement, or other human creative decision-making by Noxa in connection with the Brainrots, at any stage of the creation process, whether before, during, or after the use of any AI Tool, including, without limitation, any modifications to AI-generated outputs.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

Defendant objects to this Request to the extent it seeks documents protected by the attorney-client privilege or the attorney work-product doctrine. Defendant further objects to this Request to the extent it seeks documents not within Defendant's possession, custody, or control, including documents in the possession of third parties. Fed. R. Civ. P. 34(a)(1). Defendant further objects to this Request as overbroad in seeking "all" documents related to any decision-making by Noxa without any limitation as to time. Defendant further objects to this Request as vague and ambiguous as to the phrase "human-creative." Defendant further objects to this Request as Plaintiffs claim is not ripe as Defendant has not threatened to enforce or enforced its rights in the United States and therefore there is no actual controversy for the Court to resolve. Defendant further objects to this Request as Plaintiffs claim is

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

moot as Defendant has covenanted not to sue Plaintiffs for copyright infringement in the United States or to submit a takedown request under the Digital Millennium Copyright Act ("DMCA") as to the Brainrots at issue.

Pursuant to SISSE's formal written opinion, Reference No. SISSE/2026/06/480, dated June 5, 2026, Defendant is unable to respond to Plaintiff's Requests as Defendant cannot provide economic, commercial, industrial, financial, or technical documents and information to Plaintiffs without subjecting itself to criminal liability. *See* French Law No. 68-678 of July 26, 1968. Plaintiffs need to seek discovery from Defendant through the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters.

**REQUEST FOR PRODUCTION NO. 20:**

All documents reflecting or evidencing any editing, manipulation, selection, arrangement, or other human creative decision-making by Breno in connection with the Brainrots, at any stage of the creation process, whether before, during, or after the use of any AI Tool, including, without limitation, any modifications to AI-generated outputs.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

Defendant objects to this Request to the extent it seeks documents protected by the attorney-client privilege or the attorney work-product doctrine. Defendant further objects to this Request to the extent it seeks documents not within Defendant's possession, custody, or control, including documents in the possession of third parties. Fed. R. Civ. P. 34(a)(1). Defendant further objects to this Request as overbroad in seeking "all" documents related to any decision-making by Noxa without any limitation as to time. Defendant further objects to this Request as vague and ambiguous as to the phrase "human-creative." Defendant further objects to this Request as Plaintiffs claim is not ripe as Defendant has not threatened to enforce or enforced its rights in the United States and therefore there is no actual controversy for the Court to resolve. Defendant further objects to this Request as Plaintiffs claim is

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

moot as Defendant has covenanted not to sue Plaintiffs for copyright infringement in the United States or to submit a takedown request under the Digital Millennium Copyright Act ("DMCA") as to the Brainrots at issue.

Pursuant to SISSE's formal written opinion, Reference No. SISSE/2026/06/480, dated June 5, 2026, Defendant is unable to respond to Plaintiff's Requests as Defendant cannot provide economic, commercial, industrial, financial, or technical documents and information to Plaintiffs without subjecting itself to criminal liability. *See* French Law No. 68-678 of July 26, 1968. Plaintiffs need to seek discovery from Defendant through the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters.

**REQUEST FOR PRODUCTION NO. 21:**

All documents reflecting or evidencing any editing, manipulation, selection, arrangement, or other human creative decision-making by any Person other than Noxa or Breno in connection with the Brainrots, at any stage of the creation process, whether before, during, or after the use of any AI Tool, including, without limitation, any modifications to AI-generated outputs.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

Defendant objects to this Request to the extent it seeks documents protected by the attorney-client privilege or the attorney work-product doctrine. Defendant further objects to this Request to the extent it seeks documents not within Defendant's possession, custody, or control, including documents in the possession of third parties. Fed. R. Civ. P. 34(a)(1). Defendant further objects to this Request as overbroad in seeking "all" documents related to any decision-making by Noxa without any limitation as to time. Defendant further objects to this Request as vague and ambiguous as to the phrase "human-creative." Defendant further objects to this Request as Plaintiffs claim is not ripe as Defendant has not threatened to enforce or enforced its rights in the United States and therefore there is no actual controversy for the Court to resolve. Defendant further objects to this Request as Plaintiffs claim is

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

moot as Defendant has covenanted not to sue Plaintiffs for copyright infringement in the United States or to submit a takedown request under the Digital Millennium Copyright Act ("DMCA") as to the Brainrots at issue.

Pursuant to SISSE's formal written opinion, Reference No. SISSE/2026/06/480, dated June 5, 2026, Defendant is unable to respond to Plaintiff's Requests as Defendant cannot provide economic, commercial, industrial, financial, or technical documents and information to Plaintiffs without subjecting itself to criminal liability. *See* French Law No. 68-678 of July 26, 1968. Plaintiffs need to seek discovery from Defendant through the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters.

**REQUEST FOR PRODUCTION NO. 22:**

All Communications between Noxa and any person relating to the creation, development, or design of any of the Brainrots.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

Defendant objects to this Request to the extent it seeks documents protected by the attorney-client privilege or the attorney work-product doctrine. Defendant further objects to this Request to the extent it seeks documents not within Defendant's possession, custody, or control, including documents in the possession of third parties. Fed. R. Civ. P. 34(a)(1). Defendant further objects to this Request as unduly burdensome in seeking all communications between Noxa and "any person," which potentially encompasses an unlimited universe of private communications not within Defendant's control. Defendant further objects to this Request as Plaintiffs claim is not ripe as Defendant has not threatened to enforce or enforced its rights in the United States and therefore there is no actual controversy for the Court to resolve. Defendant further objects to this Request as Plaintiffs claim is moot as Defendant has covenanted not to sue Plaintiffs for copyright infringement in the United States or to submit a takedown request under the Digital Millennium Copyright Act ("DMCA") as to the Brainrots at issue.

Pursuant to SISSE's formal written opinion, Reference No. SISSE/2026/06/480, dated June 5, 2026, Defendant is unable to respond to Plaintiff's Requests as Defendant cannot provide economic, commercial, industrial, financial, or technical documents and information to Plaintiffs without subjecting itself to criminal liability. *See* French Law No. 68-678 of July 26, 1968. Plaintiffs need to seek discovery from Defendant through the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters.

**REQUEST FOR PRODUCTION NO. 23:**

All Communications between Breno and any person relating to the creation, development, or design of any of the Brainrots.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

Defendant objects to this Request to the extent it seeks documents protected by the attorney-client privilege or the attorney work-product doctrine. Defendant further objects to this Request to the extent it seeks documents not within Defendant's possession, custody, or control, including documents in the possession of third parties. Fed. R. Civ. P. 34(a)(1). Defendant further objects to this Request as unduly burdensome in seeking all communications between Breno and "any person," which potentially encompasses an unlimited universe of private communications not within Defendant's control. Defendant further objects to this Request as Plaintiffs claim is not ripe as Defendant has not threatened to enforce or enforced its rights in the United States and therefore there is no actual controversy for the Court to resolve. Defendant further objects to this Request as Plaintiffs claim is moot as Defendant has covenanted not to sue Plaintiffs for copyright infringement in the United States or to submit a takedown request under the Digital Millennium Copyright Act ("DMCA") as to the Brainrots at issue.

Pursuant to SISSE's formal written opinion, Reference No. SISSE/2026/06/480, dated June 5, 2026, Defendant is unable to respond to Plaintiff's Requests as Defendant cannot provide economic, commercial, industrial, financial,

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

or technical documents and information to Plaintiffs without subjecting itself to criminal liability. *See* French Law No. 68-678 of July 26, 1968. Plaintiffs need to seek discovery from Defendant through the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters.

**REQUEST FOR PRODUCTION NO. 22:**

All account records, subscription records, or usage records from any AI Tool provider for any account used by Noxa or Breno in connection with the creation of any of the Brainrots.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

Defendant objects to this Request to the extent it seeks documents protected by the attorney-client privilege or the attorney work-product doctrine. Defendant further objects to this Request to the extent it seeks documents not within Defendant's possession, custody, or control, including documents in the possession of third parties. Fed. R. Civ. P. 34(a)(1). Defendant further objects to this Request to the extent it seeks confidential, proprietary, or trade secret information of Defendant or of third parties. Defendant further objects to this Request on the grounds that it calls for documents beyond the scope of permissible discovery that are not relevant to the subject matter or likely to lead to discovery of admissible evidence. Defendant further objects to this Request as Plaintiffs claim is not ripe as Defendant has not threatened to enforce or enforced its rights in the United States and therefore there is no actual controversy for the Court to resolve. Defendant further objects to this Request as Plaintiffs claim is moot as Defendant has covenanted not to sue Plaintiffs for copyright infringement in the United States or to submit a takedown request under the Digital Millennium Copyright Act ("DMCA") as to the Brainrots at issue.

Pursuant to SISSE's formal written opinion, Reference No. SISSE/2026/06/480, dated June 5, 2026, Defendant is unable to respond to Plaintiff's Requests as Defendant cannot provide economic, commercial, industrial, financial, or technical documents and information to Plaintiffs without subjecting itself to

criminal liability. *See* French Law No. 68-678 of July 26, 1968. Plaintiffs need to seek discovery from Defendant through the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters.

**REQUEST FOR PRODUCTION NO. 23:**

All license agreements, distribution agreements, merchandising agreements, or other contracts between You and Epic Games relating to the use or exploitation of any of the Brainrots.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

Defendant objects to this Request to the extent it seeks documents protected by the attorney-client privilege or the attorney work-product doctrine. Defendant further objects to this Request to the extent it seeks confidential or commercially sensitive information of third parties (including licensees) that Defendant is contractually or legally obligated to protect. Defendant further objects to this Request to the extent it seeks confidential, proprietary, or trade secret information of Defendant or of third parties. Defendant further objects to this Request as overbroad in seeking "all" contracts of multiple types rather than contracts relevant to the claims and defenses at issue.

Pursuant to SISSE's formal written opinion, Reference No. SISSE/2026/06/480, dated June 5, 2026, Defendant is unable to respond to Plaintiff's Requests as Defendant cannot provide economic, commercial, industrial, financial, or technical documents and information to Plaintiffs without subjecting itself to criminal liability. *See* French Law No. 68-678 of July 26, 1968. Plaintiffs need to seek discovery from Defendant through the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters.

**REQUEST FOR PRODUCTION NO. 24:**

All license agreements, distribution agreements, merchandising agreements, or other contracts between You and any third party relating to the use or exploitation of any of the Brainrots.

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

**RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

Defendant objects to this Request to the extent it seeks documents protected by the attorney-client privilege or the attorney work-product doctrine. Defendant further objects to this Request to the extent it seeks confidential or commercially sensitive information of third parties (including licensees) that Defendant is contractually or legally obligated to protect. Defendant further objects to this Request to the extent it seeks confidential, proprietary, or trade secret information of Defendant or of third parties. Defendant further objects to this Request as overbroad in seeking "all" contracts of multiple types rather than contracts relevant to the claims and defenses at issue.

Pursuant to SISSE's formal written opinion, Reference No. SISSE/2026/06/480, dated June 5, 2026, Defendant is unable to respond to Plaintiff's Requests as Defendant cannot provide economic, commercial, industrial, financial, or technical documents and information to Plaintiffs without subjecting itself to criminal liability. *See* French Law No. 68-678 of July 26, 1968. Plaintiffs need to seek discovery from Defendant through the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters.

**REQUEST FOR PRODUCTION NO. 25:**

The complete, fully executed license agreements, including all amendments, addenda, side letters, and exhibits, for each of the licensing relationships identified in Paragraphs 13(a)–(f) of the Counterclaims, including without limitation the agreements relating to the Tung Tung Tung Sahur Game, Plants vs Brainrots, Pudgy Party, Fortnite, and Brainrot Fight.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

Defendant objects to this Request to the extent it seeks documents protected by the attorney-client privilege or the attorney work-product doctrine. Defendant further objects to this Request to the extent it seeks confidential or commercially sensitive information of third parties (including licensees) that Defendant is contractually or

legally obligated to protect. Defendant further objects to this Request to the extent it seeks confidential, proprietary, or trade secret information of Defendant or of third parties.

Pursuant to SISSE's formal written opinion, Reference No. SISSE/2026/06/480, dated June 5, 2026, Defendant is unable to respond to Plaintiff's Requests as Defendant cannot provide economic, commercial, industrial, financial, or technical documents and information to Plaintiffs without subjecting itself to criminal liability. *See* French Law No. 68-678 of July 26, 1968. Plaintiffs need to seek discovery from Defendant through the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters.

**REQUEST FOR PRODUCTION NO. 26:**

All Communications relating to the negotiation or execution of any agreement with Epic Games for the use or exploitation of any of the Brainrots.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

Defendant objects to this Request to the extent it seeks documents protected by the attorney-client privilege or the attorney work-product doctrine. Defendant further objects to this Request to the extent it seeks confidential or commercially sensitive information of third parties (including licensees) that Defendant is contractually or legally obligated to protect. Defendant further objects to this Request to the extent it seeks confidential, proprietary, or trade secret information of Defendant or of third parties. Defendant further objects to this Request as unduly burdensome and not proportional to the needs of the case to the extent it requires collection of voluminous documents whose relevance is outweighed by the burden of production. Fed. R. Civ. P. 26(b)(1).

Pursuant to SISSE's formal written opinion, Reference No. SISSE/2026/06/480, dated June 5, 2026, Defendant is unable to respond to Plaintiff's Requests as Defendant cannot provide economic, commercial, industrial, financial, or technical documents and information to Plaintiffs without subjecting itself to

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

criminal liability. *See* French Law No. 68-678 of July 26, 1968. Plaintiffs need to seek discovery from Defendant through the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters.

**REQUEST FOR PRODUCTION NO. 27:**

All Communications relating to the negotiation or execution of any agreement with any third party for the use or exploitation of any of the Brainrots.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

Defendant objects to this Request to the extent it seeks documents protected by the attorney-client privilege or the attorney work-product doctrine. Defendant further objects to this Request to the extent it seeks confidential or commercially sensitive information of third parties (including licensees) that Defendant is contractually or legally obligated to protect. Defendant further objects to this Request to the extent it seeks confidential, proprietary, or trade secret information of Defendant or of third parties. Defendant further objects to this Request as unduly burdensome and not proportional to the needs of the case to the extent it requires collection of voluminous documents whose relevance is outweighed by the burden of production. Fed. R. Civ. P. 26(b)(1).

Pursuant to SISSE's formal written opinion, Reference No. SISSE/2026/06/480, dated June 5, 2026, Defendant is unable to respond to Plaintiff's Requests as Defendant cannot provide economic, commercial, industrial, financial, or technical documents and information to Plaintiffs without subjecting itself to criminal liability. *See* French Law No. 68-678 of July 26, 1968. Plaintiffs need to seek discovery from Defendant through the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters.

**REQUEST FOR PRODUCTION NO. 28:**

All communications between You and Chartis or any entity affiliated with Chartis relating to the Brainrots, or any business relationship, transaction, or commercial arrangement between You and Chartis.

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

**RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

Defendant objects to this Request to the extent it seeks documents protected by the attorney-client privilege or the attorney work-product doctrine. Defendant further objects to this Request to the extent it seeks confidential, proprietary, or trade secret information of Defendant or of third parties. Defendant further objects to this Request as unduly burdensome and not proportional to the needs of the case to the extent it requires collection of voluminous documents whose relevance is outweighed by the burden of production. Fed. R. Civ. P. 26(b)(1).

Pursuant to SISSE's formal written opinion, Reference No. SISSE/2026/06/480, dated June 5, 2026, Defendant is unable to respond to Plaintiff's Requests as Defendant cannot provide economic, commercial, industrial, financial, or technical documents and information to Plaintiffs without subjecting itself to criminal liability. *See* French Law No. 68-678 of July 26, 1968. Plaintiffs need to seek discovery from Defendant through the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters.

**REQUEST FOR PRODUCTION NO. 29:**

All documents relating to any valuation or assessment of the Brainrots or of any intellectual property rights claimed by You in the Brainrots, including any analysis of the enforceability, scope, or commercial value of such rights.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

Defendant objects to this Request to the extent it seeks documents protected by the attorney-client privilege or the attorney work-product doctrine. Defendant further objects to this Request to the extent it seeks confidential, proprietary, or trade secret information of Defendant or of third parties. Defendant further objects to this Request as unduly burdensome and not proportional to the needs of the case to the extent it requires collection of voluminous documents whose relevance is outweighed by the burden of production. Fed. R. Civ. P. 26(b)(1). Defendant further objects to this Request on the grounds that it calls for documents beyond the scope of

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

permissible discovery that are not relevant to the subject matter or likely to lead to discovery of admissible evidence.

Pursuant to SISSE's formal written opinion, Reference No. SISSE/2026/06/480, dated June 5, 2026, Defendant is unable to respond to Plaintiff's Requests as Defendant cannot provide economic, commercial, industrial, financial, or technical documents and information to Plaintiffs without subjecting itself to criminal liability. *See* French Law No. 68-678 of July 26, 1968. Plaintiffs need to seek discovery from Defendant through the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters.

## REQUEST FOR PRODUCTION NO. 30:

Financial records sufficient to show all royalties, license fees, revenue shares, or other compensation received by You in connection with the exploitation of any of the Brainrots.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 30:

Defendant objects to this Request to the extent it seeks documents protected by the attorney-client privilege or the attorney work-product doctrine. Defendant further objects to this Request to the extent it seeks confidential, proprietary, or trade secret information of Defendant or of third parties. Defendant further objects to this Request as unduly burdensome and not proportional to the needs of the case to the extent it requires collection of voluminous documents whose relevance is outweighed by the burden of production. Fed. R. Civ. P. 26(b)(1). Defendant further objects to this Request on the grounds that it calls for documents beyond the scope of permissible discovery that are not relevant to the subject matter or likely to lead to discovery of admissible evidence.

Pursuant to SISSE's formal written opinion, Reference No. SISSE/2026/06/480, dated June 5, 2026, Defendant is unable to respond to Plaintiff's Requests as Defendant cannot provide economic, commercial, industrial, financial, or technical documents and information to Plaintiffs without subjecting itself to

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

criminal liability. *See* French Law No. 68-678 of July 26, 1968. Plaintiffs need to seek discovery from Defendant through the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters.

**REQUEST FOR PRODUCTION NO. 31:**

Documents sufficient to show Your business model, licensing strategy, or monetization strategy relating to the Brainrots, including business plans, pitch decks, or internal strategy memoranda.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 31:**

Defendant objects to this Request to the extent it seeks documents protected by the attorney-client privilege or the attorney work-product doctrine. Defendant further objects to this Request to the extent it seeks confidential, proprietary, or trade secret information of Defendant or of third parties. Defendant further objects to this Request to the extent it seeks confidential or commercially sensitive information of third parties that Defendant is contractually or legally obligated to protect.

Pursuant to SISSE's formal written opinion, Reference No. SISSE/2026/06/480, dated June 5, 2026, Defendant is unable to respond to Plaintiff's Requests as Defendant cannot provide economic, commercial, industrial, financial, or technical documents and information to Plaintiffs without subjecting itself to criminal liability. *See* French Law No. 68-678 of July 26, 1968. Plaintiffs need to seek discovery from Defendant through the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters.

**REQUEST FOR PRODUCTION NO. 32:**

All Documents relating to the formation, structure, ownership, operation, or management of Brainrot Factory, including all agreements, term sheets, or memoranda of understanding between You and any Person relating to the establishment or operation of Brainrot Factory.

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

**RESPONSE TO REQUEST FOR PRODUCTION NO. 32:**

Defendant objects to this Request to the extent it seeks documents protected by the attorney-client privilege or the attorney work-product doctrine. Defendant further objects to this Request to the extent it seeks confidential, proprietary, or trade secret information of Defendant or of third parties. Defendant further objects to this Request to the extent it seeks confidential or commercially sensitive information of third parties that Defendant is contractually or legally obligated to protect. Defendant further objects to this Request on the grounds that it calls for documents beyond the scope of permissible discovery that are not relevant to the subject matter or likely to lead to discovery of admissible evidence.

Pursuant to SISSE's formal written opinion, Reference No. SISSE/2026/06/480, dated June 5, 2026, Defendant is unable to respond to Plaintiff's Requests as Defendant cannot provide economic, commercial, industrial, financial, or technical documents and information to Plaintiffs without subjecting itself to criminal liability. *See* French Law No. 68-678 of July 26, 1968. Plaintiffs need to seek discovery from Defendant through the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters.

**REQUEST FOR PRODUCTION NO. 33:**

All Communications between You and any Person relating to Brainrot Factory, including communications relating to the licensing, sublicensing, or commercial exploitation of any of the Brainrots through or in connection with Brainrot Factory.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 33:**

Defendant objects to this Request to the extent it seeks documents protected by the attorney-client privilege or the attorney work-product doctrine. Defendant further objects to this Request to the extent it seeks confidential, proprietary, or trade secret information of Defendant or of third parties. Defendant further objects to this Request to the extent it seeks confidential or commercially sensitive information of

third parties that Defendant is contractually or legally obligated to protect. Defendant further objects to this Request on the grounds that it calls for documents beyond the scope of permissible discovery that are not relevant to the subject matter or likely to lead to discovery of admissible evidence.

Pursuant to SISSE's formal written opinion, Reference No. SISSE/2026/06/480, dated June 5, 2026, Defendant is unable to respond to Plaintiff's Requests as Defendant cannot provide economic, commercial, industrial, financial, or technical documents and information to Plaintiffs without subjecting itself to criminal liability. *See* French Law No. 68-678 of July 26, 1968. Plaintiffs need to seek discovery from Defendant through the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters.

**REQUEST FOR PRODUCTION NO. 34:**

All Documents relating to any offer, proposal, term sheet, letter of intent, or negotiation for the sale, acquisition, merger, or investment in, or transfer of any ownership interest in, Mementum, including any valuation, appraisal, or financial analysis prepared in connection therewith.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 34:**

Defendant objects to this Request to the extent it seeks documents protected by the attorney-client privilege or the attorney work-product doctrine. Defendant further objects to this Request to the extent it seeks confidential, proprietary, or trade secret information of Defendant or of third parties. Defendant further objects to this Request to the extent it seeks confidential or commercially sensitive information of third parties (including licensees) that Defendant is contractually or legally obligated to protect. Defendant further objects to this Request on the grounds that it calls for documents beyond the scope of permissible discovery that are not relevant to the subject matter or likely to lead to discovery of admissible evidence.

Pursuant to SISSE's formal written opinion, Reference No. SISSE/2026/06/480, dated June 5, 2026, Defendant is unable to respond to Plaintiff's

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

Requests as Defendant cannot provide economic, commercial, industrial, financial, or technical documents and information to Plaintiffs without subjecting itself to criminal liability. *See* French Law No. 68-678 of July 26, 1968. Plaintiffs need to seek discovery from Defendant through the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters.

**REQUEST FOR PRODUCTION NO. 35:**

All DMCA takedown notices, Digital Services Act notices, or other infringement notices sent by or on behalf of You to any person relating to any of the Brainrots.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 35:**

Defendant objects to this Request as unduly burdensome and not proportional to the needs of the case to the extent it requires collection of voluminous documents whose relevance is outweighed by the burden of production. Fed. R. Civ. P. 26(b)(1). Defendant further objects to this Request on the grounds that it calls for documents beyond the scope of permissible discovery that are not relevant to the subject matter or likely to lead to discovery of admissible evidence. Defendant objects to this Request as overbroad in seeking notices sent to "any person" regardless of their relevance to the claims and defenses in this action.

Pursuant to SISSE's formal written opinion, Reference No. SISSE/2026/06/480, dated June 5, 2026, Defendant is unable to respond to Plaintiff's Requests as Defendant cannot provide economic, commercial, industrial, financial, or technical documents and information to Plaintiffs without subjecting itself to criminal liability. *See* French Law No. 68-678 of July 26, 1968. Plaintiffs need to seek discovery from Defendant through the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters.

**REQUEST FOR PRODUCTION NO. 36:**

All responses received in connection with any takedown notice or infringement notice identified in the preceding Request.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 36:**

Defendant objects to this Request as unduly burdensome and not proportional to the needs of the case to the extent it requires collection of voluminous documents whose relevance is outweighed by the burden of production. Fed. R. Civ. P. 26(b)(1). Defendant further objects to this Request on the grounds that it calls for documents beyond the scope of permissible discovery that are not relevant to the subject matter or likely to lead to discovery of admissible evidence. Defendant objects to this Request as overbroad in seeking notices sent to "any response" from any party that allegedly received a takedown notice regardless of their relevance to the claims and defenses in this action.

Pursuant to SISSE's formal written opinion, Reference No. SISSE/2026/06/480, dated June 5, 2026, Defendant is unable to respond to Plaintiff's Requests as Defendant cannot provide economic, commercial, industrial, financial, or technical documents and information to Plaintiffs without subjecting itself to criminal liability. *See* French Law No. 68-678 of July 26, 1968. Plaintiffs need to seek discovery from Defendant through the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters.

**REQUEST FOR PRODUCTION NO. 37:**

All Communications between You and Plaintiffs, or any agent or counsel of Plaintiffs, relating to the Brainrots, the Game, or any intellectual property claims relating thereto.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 37:**

Defendant objects to this Request on the grounds that it calls for documents beyond the scope of permissible discovery that are not relevant to the subject matter or likely to lead to discovery of admissible evidence. Defendant objects to this Request as overbroad in seeking notices sent to "any intellectual property claim" regardless of their relevance to the claims and defenses in this action. Defendant

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

further objects to this Request to the extent that it seeks documents equally available to Plaintiffs.

Pursuant to SISSE's formal written opinion, Reference No. SISSE/2026/06/480, dated June 5, 2026, Defendant is unable to respond to Plaintiff's Requests as Defendant cannot provide economic, commercial, industrial, financial, or technical documents and information to Plaintiffs without subjecting itself to criminal liability. *See* French Law No. 68-678 of July 26, 1968. Plaintiffs need to seek discovery from Defendant through the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters.

**REQUEST FOR PRODUCTION NO. 38:**

All Communications between You and Roblox Corporation relating to the Brainrots, the Game, or any intellectual property claims or content moderation actions relating thereto.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 38:**

Defendant objects to this Request on the grounds that it calls for documents beyond the scope of permissible discovery that are not relevant to the subject matter or likely to lead to discovery of admissible evidence. Defendant objects to this Request as overbroad in seeking notices sent to "any intellectual property claim" regardless of their relevance to the claims and defenses in this action.

Pursuant to SISSE's formal written opinion, Reference No. SISSE/2026/06/480, dated June 5, 2026, Defendant is unable to respond to Plaintiff's Requests as Defendant cannot provide economic, commercial, industrial, financial, or technical documents and information to Plaintiffs without subjecting itself to criminal liability. *See* French Law No. 68-678 of July 26, 1968. Plaintiffs need to seek discovery from Defendant through the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters.

**REQUEST FOR PRODUCTION NO. 39:**

All applications for copyright registration filed with any copyright office worldwide relating to any of the Brainrots, including all materials submitted with such applications and any disclosures or representations made concerning the use of AI Tools in the creation of the works.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 39:**

Defendant objects to this Request to the extent it seeks documents protected by the attorney-client privilege or the attorney work-product doctrine. Defendant further objects to this Request to the extent it seeks documents that are equally available to Plaintiffs through publicly available sources. Defendant objects to this Request as overbroad in seeking documents from copyright offices in all jurisdictions worldwide, regardless of their relevance to this action. Defendant further objects to this Request as Plaintiffs claim is not ripe as Defendant has not threatened to enforce or enforced its rights in the United States and therefore there is no actual controversy for the Court to resolve. Defendant further objects to this Request as Plaintiffs claim is moot as Defendant has covenanted not to sue Plaintiffs for copyright infringement in the United States or to submit a takedown request under the Digital Millennium Copyright Act ("DMCA") as to the Brainrots at issue.

Pursuant to SISSE's formal written opinion, Reference No. SISSE/2026/06/480, dated June 5, 2026, Defendant is unable to respond to Plaintiff's Requests as Defendant cannot provide economic, commercial, industrial, financial, or technical documents and information to Plaintiffs without subjecting itself to criminal liability. *See* French Law No. 68-678 of July 26, 1968. Plaintiffs need to seek discovery from Defendant through the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters.

**REQUEST FOR PRODUCTION NO. 40:**

All copyright registration certificates, refusals, or other correspondence received from any copyright office worldwide relating to any of the Brainrots.

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

**RESPONSE TO REQUEST FOR PRODUCTION NO. 40:**

Defendant objects to this Request to the extent it seeks documents protected by the attorney-client privilege or the attorney work-product doctrine. Defendant further objects to this Request to the extent it seeks documents that are equally available to Plaintiffs through publicly available sources. Defendant objects to this Request as overbroad in seeking documents from copyright offices in all jurisdictions worldwide, regardless of their relevance to this action. Defendant further objects to this Request as Plaintiffs claim is not ripe as Defendant has not threatened to enforce or enforced its rights in the United States and therefore there is no actual controversy for the Court to resolve. Defendant further objects to this Request as Plaintiffs claim is moot as Defendant has covenanted not to sue Plaintiffs for copyright infringement in the United States or to submit a takedown request under the Digital Millennium Copyright Act ("DMCA") as to the Brainrots at issue.

Pursuant to SISSE's formal written opinion, Reference No. SISSE/2026/06/480, dated June 5, 2026, Defendant is unable to respond to Plaintiff's Requests as Defendant cannot provide economic, commercial, industrial, financial, or technical documents and information to Plaintiffs without subjecting itself to criminal liability. *See* French Law No. 68-678 of July 26, 1968. Plaintiffs need to seek discovery from Defendant through the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters.

**REQUEST FOR PRODUCTION NO. 41:**

All applications for trademark registration filed with any trademark office worldwide relating to any of the Brainrots, including without limitation French Trademark Application Nos. FR5157809 and FR5229605, WIPO Registration No. 1913096, and the Madrid Protocol extension to the United States, including all materials submitted with such applications, all specimens of use, and all correspondence with WIPO or the USPTO in connection therewith.

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

**RESPONSE TO REQUEST FOR PRODUCTION NO. 41:**

Defendant objects to this Request to the extent it seeks documents protected by the attorney-client privilege or the attorney work-product doctrine. Defendant further objects to this Request to the extent it seeks documents that are equally available to Plaintiffs through publicly available sources. Defendant objects to this Request as overbroad in seeking documents from copyright offices in all jurisdictions worldwide, regardless of their relevance to this action.

Pursuant to SISSE's formal written opinion, Reference No. SISSE/2026/06/480, dated June 5, 2026, Defendant is unable to respond to Plaintiff's Requests as Defendant cannot provide economic, commercial, industrial, financial, or technical documents and information to Plaintiffs without subjecting itself to criminal liability. *See* French Law No. 68-678 of July 26, 1968. Plaintiffs need to seek discovery from Defendant through the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters.

**REQUEST FOR PRODUCTION NO. 42:**

All trademark registration certificates, office actions, refusals, examination reports, or other correspondence received from any trademark office in any jurisdiction, or from WIPO relating to any of the Brainrots, including all documents relating to the prosecution of the Madrid Protocol extension to the United States.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 42:**

Defendant objects to this Request to the extent it seeks documents protected by the attorney-client privilege or the attorney work-product doctrine. Defendant further objects to this Request to the extent it seeks documents that are equally available to Plaintiffs through publicly available sources. Defendant objects to this Request as overbroad in seeking documents from copyright offices in all jurisdictions worldwide, regardless of their relevance to this action.

Pursuant to SISSE's formal written opinion, Reference No. SISSE/2026/06/480, dated June 5, 2026, Defendant is unable to respond to Plaintiff's

Requests as Defendant cannot provide economic, commercial, industrial, financial, or technical documents and information to Plaintiffs without subjecting itself to criminal liability. *See* French Law No. 68-678 of July 26, 1968. Plaintiffs need to seek discovery from Defendant through the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters.

**REQUEST FOR PRODUCTION NO. 43:**

All Documents identified, referenced, or relied upon in any demand letter, cease and desist letter, or other communication sent by or on behalf of You to Plaintiffs, including all appendices thereto.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 43:**

Defendant objects to this Request to the extent it seeks documents protected by the attorney-client privilege or the attorney work-product doctrine. Defendant further objects to this Request on the grounds that it calls for documents beyond the scope of permissible discovery that are not relevant to the subject matter or likely to lead to discovery of admissible evidence. Defendant objects to this Request as overbroad in "all documents" related to "any demand letter" regardless of their relevance to the claims and defenses in this action. Defendant further objects to this Request to the extent that it seeks documents equally available to Plaintiffs.

Pursuant to SISSE's formal written opinion, Reference No. SISSE/2026/06/480, dated June 5, 2026, Defendant is unable to respond to Plaintiff's Requests as Defendant cannot provide economic, commercial, industrial, financial, or technical documents and information to Plaintiffs without subjecting itself to criminal liability. *See* French Law No. 68-678 of July 26, 1968. Plaintiffs need to seek discovery from Defendant through the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters.

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

**REQUEST FOR PRODUCTION NO. 44:**

All Documents relating to any social media content posted by Noxa or Breno featuring any of the Brainrots, including video files, captions, analytics data, and viewer engagement records.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 44:**

Defendant objects to this Request on the grounds that it calls for documents beyond the scope of permissible discovery that are not relevant to the subject matter or likely to lead to discovery of admissible evidence. Defendant objects to this Request as overbroad in seeking notices sent to "any social media content" regardless of their relevance to the claims and defenses in this action. Defendant further objects to this Request to the extent that it seeks documents equally available to Plaintiffs.

Pursuant to SISSE's formal written opinion, Reference No. SISSE/2026/06/480, dated June 5, 2026, Defendant is unable to respond to Plaintiff's Requests as Defendant cannot provide economic, commercial, industrial, financial, or technical documents and information to Plaintiffs without subjecting itself to criminal liability. *See* French Law No. 68-678 of July 26, 1968. Plaintiffs need to seek discovery from Defendant through the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters.

**REQUEST FOR PRODUCTION NO. 45:**

All Documents relating to any claim, demand, or dispute asserted by or against You by any person other than Plaintiffs concerning intellectual property rights in any of the Brainrots.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 45:**

Defendant objects to this Request to the extent it seeks documents protected by the attorney-client privilege or the attorney work-product doctrine. Defendant further objects to this Request on the grounds that it calls for documents beyond the scope of permissible discovery that are not relevant to the subject matter or likely to lead to discovery of admissible evidence. Defendant further objects to this Request as

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

overbroad in seeking notices sent to "any claim, demand, or dispute" regardless of their relevance to the claims and defenses in this action.

Pursuant to SISSE's formal written opinion, Reference No. SISSE/2026/06/480, dated June 5, 2026, Defendant is unable to respond to Plaintiff's Requests as Defendant cannot provide economic, commercial, industrial, financial, or technical documents and information to Plaintiffs without subjecting itself to criminal liability. *See* French Law No. 68-678 of July 26, 1968. Plaintiffs need to seek discovery from Defendant through the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters.

**REQUEST FOR PRODUCTION NO. 46:**

All Documents relating to any opinion, analysis, or assessment obtained by You concerning the copyrightability or intellectual property status of any of the Brainrots, to the extent not protected by the attorney-client privilege or work-product doctrine.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 46:**

Defendant objects to this Request to the extent it seeks documents protected by the attorney-client privilege or the attorney work-product doctrine. Defendant further objects to this Request to the extent it seeks confidential, proprietary, or trade secret information of Defendant or of third parties. Defendant further objects to this Request as vague and ambiguous as to the phrase "intellectual property status."

Pursuant to SISSE's formal written opinion, Reference No. SISSE/2026/06/480, dated June 5, 2026, Defendant is unable to respond to Plaintiff's Requests as Defendant cannot provide economic, commercial, industrial, financial, or technical documents and information to Plaintiffs without subjecting itself to criminal liability. *See* French Law No. 68-678 of July 26, 1968. Plaintiffs need to seek discovery from Defendant through the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters.

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

5:25-CV-10248-NW
DEFENDANT'S RESPONSE TO PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE

**REQUEST FOR PRODUCTION NO. 47:**

All terms of service, license agreements, end-user agreements, or other contractual terms governing Your, Noxa's, or Breno's use of any AI Tool used in connection with the creation of any of the Brainrots, including any provisions relating to ownership, licensing, or commercial use of AI-generated outputs.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 47:**

Defendant objects to this Request on the grounds that it calls for documents beyond the scope of permissible discovery that are not relevant to the subject matter or likely to lead to discovery of admissible evidence. Defendant objects to this Request as overbroad in seeking notices sent to "all terms of service, license agreements, end-user agreements, or other contractual terms" regardless of their relevance to the claims and defenses in this action. Defendant further objects to this Request to the extent that it seeks documents equally available to Plaintiffs.

Pursuant to SISSE's formal written opinion, Reference No. SISSE/2026/06/480, dated June 5, 2026, Defendant is unable to respond to Plaintiff's Requests as Defendant cannot provide economic, commercial, industrial, financial, or technical documents and information to Plaintiffs without subjecting itself to criminal liability. *See* French Law No. 68-678 of July 26, 1968. Plaintiffs need to seek discovery from Defendant through the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters.

**REQUEST FOR PRODUCTION NO. 48:**

All Communications between You, Noxa, or Breno and any AI Tool provider relating to ownership, licensing, or rights to any AI-generated output used in connection with the Brainrots.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 48:**

Defendant objects to this Request to the extent it seeks documents protected by the attorney-client privilege or the attorney work-product doctrine. Defendant further objects to this Request to the extent it seeks documents not within Defendant's

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

5:25-CV-10248-NW
DEFENDANT'S RESPONSE TO
PLAINTIFF'S REQUEST FOR
PRODUCTION OF DOCUMENTS, SET ONE

possession, custody, or control, including documents in the possession of third parties. Fed. R. Civ. P. 34(a)(1).

Pursuant to SISSE's formal written opinion, Reference No. SISSE/2026/06/480, dated June 5, 2026, Defendant is unable to respond to Plaintiff's Requests as Defendant cannot provide economic, commercial, industrial, financial, or technical documents and information to Plaintiffs without subjecting itself to criminal liability. *See* French Law No. 68-678 of July 26, 1968. Plaintiffs need to seek discovery from Defendant through the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters.

**REQUEST FOR PRODUCTION NO. 49:**

Documents sufficient to show the organizational structure, formation, and ownership of Mementum Lab, including articles of incorporation or equivalent formation documents, shareholder or membership records, and organizational charts.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 49:**

Defendant objects to this Request to the extent it seeks documents protected by the attorney-client privilege or the attorney work-product doctrine. Defendant further objects to this Request to the extent it seeks confidential, proprietary, or trade secret information of Defendant or of third parties. Defendant further objects to this Request on the grounds that it calls for documents beyond the scope of permissible discovery that are not relevant to the subject matter or likely to lead to discovery of admissible evidence.

Pursuant to SISSE's formal written opinion, Reference No. SISSE/2026/06/480, dated June 5, 2026, Defendant is unable to respond to Plaintiff's Requests as Defendant cannot provide economic, commercial, industrial, financial, or technical documents and information to Plaintiffs without subjecting itself to criminal liability. *See* French Law No. 68-678 of July 26, 1968. Plaintiffs need to seek discovery from Defendant through the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters.

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

**REQUEST FOR PRODUCTION NO. 50:**

Documents sufficient to show the first date of publication, public posting, or other public dissemination of each of the Brainrots, including the platform on which it was first published and the account from which it was posted.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 50:**

Defendant objects to this Request to the extent it seeks documents protected by the attorney-client privilege or the attorney work-product doctrine. Defendant further objects to this Request to the extent it seeks documents that are equally available to Plaintiffs through publicly available sources or their own files as first publication dates and platform information for publicly posted Brainrot content are generally ascertainable from publicly available social media records. Defendant further objects to this Request to the extent it seeks documents not within Defendant's possession, custody, or control, including documents in the possession of third parties. Fed. R. Civ. P. 34(a)(1).

Pursuant to SISSE's formal written opinion, Reference No. SISSE/2026/06/480, dated June 5, 2026, Defendant is unable to respond to Plaintiff's Requests as Defendant cannot provide economic, commercial, industrial, financial, or technical documents and information to Plaintiffs without subjecting itself to criminal liability. *See* French Law No. 68-678 of July 26, 1968. Plaintiffs need to seek discovery from Defendant through the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters.

**REQUEST FOR PRODUCTION NO. 51:**

All Documents relating to any Roblox game, application, website, or third party, other than Plaintiffs and the Game, that uses, depicts, or incorporates any of the Brainrots, including any enforcement actions, licenses, or permissions granted or withheld by You in connection therewith.

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

**RESPONSE TO REQUEST FOR PRODUCTION NO. 51:**

Defendant objects to this Request to the extent it seeks documents protected by the attorney-client privilege or the attorney work-product doctrine. Defendant further objects to this Request to the extent it seeks confidential or commercially sensitive information of third parties that Defendant is contractually or legally obligated to protect. Defendant further objects to this Request to the extent it seeks confidential, proprietary, or trade secret information of Defendant or of third parties. Defendant further objects to this Request as unduly burdensome and not proportional to the needs of the case to the extent it requires collection of voluminous documents whose relevance is outweighed by the burden of production. Fed. R. Civ. P. 26(b)(1).

Pursuant to SISSE's formal written opinion, Reference No. SISSE/2026/06/480, dated June 5, 2026, Defendant is unable to respond to Plaintiff's Requests as Defendant cannot provide economic, commercial, industrial, financial, or technical documents and information to Plaintiffs without subjecting itself to criminal liability. *See* French Law No. 68-678 of July 26, 1968. Plaintiffs need to seek discovery from Defendant through the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters.

**REQUEST FOR PRODUCTION NO. 52:**

All notices submitted to Roblox Corporation pursuant to Article 16 of the European Union's Digital Services Act, and all responses received from Roblox in connection therewith.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 52:**

Defendant objects to this Request to the extent it seeks documents protected by the attorney-client privilege or the attorney work-product doctrine. Defendant further objects to this Request to the extent it seeks confidential or commercially sensitive information of third parties that Defendant is contractually or legally obligated to protect. Defendant further objects to this Request to the extent it seeks confidential, proprietary, or trade secret information of Defendant or of third parties. Defendant

further objects to this Request on the grounds that it calls for documents beyond the scope of permissible discovery that are not relevant to the subject matter or likely to lead to discovery of admissible evidence.

Pursuant to SISSE's formal written opinion, Reference No. SISSE/2026/06/480, dated June 5, 2026, Defendant is unable to respond to Plaintiff's Requests as Defendant cannot provide economic, commercial, industrial, financial, or technical documents and information to Plaintiffs without subjecting itself to criminal liability. *See* French Law No. 68-678 of July 26, 1968. Plaintiffs need to seek discovery from Defendant through the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters.

**REQUEST FOR PRODUCTION NO. 53:**

Documents sufficient to show the first date of use in United States commerce of the Tung Tung Sahur Mark, including the first use of Tung Tung Sahur's name and image as a source identifier on or in connection with any goods or services, with supporting documentation such as dated screenshots, advertisements, product packaging, or in-game depictions, and including any use by any licensee or third party that occurred prior to the execution of a license agreement with You.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 53:**

Defendant objects to this Request to the extent it seeks documents protected by the attorney-client privilege or the attorney work-product doctrine. Defendant further objects to this Request to the extent it seeks documents not within Defendant's possession, custody, or control, including documents in the possession of third parties. Fed. R. Civ. P. 34(a)(1).

Pursuant to SISSE's formal written opinion, Reference No. SISSE/2026/06/480, dated June 5, 2026, Defendant is unable to respond to Plaintiff's Requests as Defendant cannot provide economic, commercial, industrial, financial, or technical documents and information to Plaintiffs without subjecting itself to criminal liability. *See* French Law No. 68-678 of July 26, 1968. Plaintiffs need to

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

seek discovery from Defendant through the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters.

**REQUEST FOR PRODUCTION NO. 54:**

All marketing materials, advertising, and promotional materials relating to the Tung Tung Sahur Mark or any of the Brainrots, including print advertisements, digital advertisements, social media promotions, and press releases.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 54:**

Defendant objects to this Request to the extent it seeks documents protected by the attorney-client privilege or the attorney work-product doctrine. Defendant further objects to this Request to the extent it seeks confidential or commercially sensitive information of third parties (including licensees) that Defendant is contractually or legally obligated to protect. Defendant further objects to this Request as unduly burdensome and not proportional to the needs of the case to the extent it requires collection of voluminous documents whose relevance is outweighed by the burden of production. Fed. R. Civ. P. 26(b)(1). Defendant further objects to this Request as overbroad in seeking "all" marketing materials for "any of the Brainrots," without limitation to materials relevant to the claims and defenses at issue.

Pursuant to SISSE's formal written opinion, Reference No. SISSE/2026/06/480, dated June 5, 2026, Defendant is unable to respond to Plaintiff's Requests as Defendant cannot provide economic, commercial, industrial, financial, or technical documents and information to Plaintiffs without subjecting itself to criminal liability. *See* French Law No. 68-678 of July 26, 1968. Plaintiffs need to seek discovery from Defendant through the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters.

**REQUEST FOR PRODUCTION NO. 55:**

Documents sufficient to show all expenditures by You on advertising, marketing, and promotion of the Tung Tung Sahur Mark or any of the Brainrots, broken out by time period and territory.

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

**RESPONSE TO REQUEST FOR PRODUCTION NO. 55:**

Defendant objects to this Request to the extent it seeks documents protected by the attorney-client privilege or the attorney work-product doctrine. Defendant further objects to this Request to the extent it seeks confidential, proprietary, or trade secret information of Defendant or of third parties. Defendant further objects to this Request as overbroad to the extent it seeks expenditure data for Brainrot characters not at issue in this litigation.

Pursuant to SISSE's formal written opinion, Reference No. SISSE/2026/06/480, dated June 5, 2026, Defendant is unable to respond to Plaintiff's Requests as Defendant cannot provide economic, commercial, industrial, financial, or technical documents and information to Plaintiffs without subjecting itself to criminal liability. *See* French Law No. 68-678 of July 26, 1968. Plaintiffs need to seek discovery from Defendant through the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters.

**REQUEST FOR PRODUCTION NO. 56:**

All press coverage, media mentions, and third-party publications referencing the Tung Tung Sahur Mark or any of the Brainrots that You collected, solicited, or facilitated, including paid media placements and Communications with journalists or media outlets.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 56:**

Defendant objects to this Request to the extent it seeks documents protected by the attorney-client privilege or the attorney work-product doctrine. Defendant further objects to this Request to the extent it seeks documents that are equally available to Plaintiffs through publicly available sources or their own files as press coverage and media mentions are generally publicly available. Defendant further objects to this Request as unduly burdensome and not proportional to the needs of the case to the extent it requires collection of voluminous documents whose relevance is outweighed by the burden of production. Fed. R. Civ. P. 26(b)(1).

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

Pursuant to SISSE's formal written opinion, Reference No. SISSE/2026/06/480, dated June 5, 2026, Defendant is unable to respond to Plaintiff's Requests as Defendant cannot provide economic, commercial, industrial, financial, or technical documents and information to Plaintiffs without subjecting itself to criminal liability. *See* French Law No. 68-678 of July 26, 1968. Plaintiffs need to seek discovery from Defendant through the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters.

**REQUEST FOR PRODUCTION NO. 57:**

All Documents relating to any physical merchandise bearing or incorporating the Tung Tung Sahur Mark or any of the Brainrots, including toys, plush products, figurines, apparel, books, and consumer products, and Documents sufficient to show the territories in which such merchandise was offered for sale or distributed.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 57:**

Defendant objects to this Request to the extent it seeks documents protected by the attorney-client privilege or the attorney work-product doctrine. Defendant further objects to this Request to the extent it seeks confidential or commercially sensitive information of third parties (including licensees) that Defendant is contractually or legally obligated to protect. Defendant further objects to this Request to the extent it seeks confidential, proprietary, or trade secret information of Defendant or of third parties. Defendant further objects to this Request as unduly burdensome and not proportional to the needs of the case to the extent it requires collection of voluminous documents whose relevance is outweighed by the burden of production. Fed. R. Civ. P. 26(b)(1).

Pursuant to SISSE's formal written opinion, Reference No. SISSE/2026/06/480, dated June 5, 2026, Defendant is unable to respond to Plaintiff's Requests as Defendant cannot provide economic, commercial, industrial, financial, or technical documents and information to Plaintiffs without subjecting itself to criminal liability. *See* French Law No. 68-678 of July 26, 1968. Plaintiffs need to

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

seek discovery from Defendant through the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters.

**REQUEST FOR PRODUCTION NO. 58:**

All business plans, strategy documents, or internal analyses relating to the expansion of the Tung Tung Sahur Mark or any of the Brainrots into additional markets, territories, product categories, or distribution channels.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 58:**

Defendant objects to this Request to the extent it seeks documents protected by the attorney-client privilege or the attorney work-product doctrine. Defendant further objects to this Request to the extent it seeks confidential or commercially sensitive information of third parties (including licensees) that Defendant is contractually or legally obligated to protect. Defendant further objects to this Request to the extent it seeks confidential, proprietary, or trade secret information of Defendant or of third parties. Defendant further objects to this Request as unduly burdensome and not proportional to the needs of the case to the extent it requires collection of voluminous documents whose relevance is outweighed by the burden of production. Fed. R. Civ. P. 26(b)(1).

Pursuant to SISSE's formal written opinion, Reference No. SISSE/2026/06/480, dated June 5, 2026, Defendant is unable to respond to Plaintiff's Requests as Defendant cannot provide economic, commercial, industrial, financial, or technical documents and information to Plaintiffs without subjecting itself to criminal liability. *See* French Law No. 68-678 of July 26, 1968. Plaintiffs need to seek discovery from Defendant through the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters.

**REQUEST FOR PRODUCTION NO. 59:**

All Documents relating to the selection, adoption, or creation of the name "Tung Tung Sahur," including the meaning or derivation of the name, and any

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

Documents reflecting the decision to use the name as a trademark or source identifier.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 59:**

Defendant objects to this Request to the extent it seeks documents protected by the attorney-client privilege or the attorney work-product doctrine. Defendant further objects to this Request to the extent it seeks documents not within Defendant's possession, custody, or control, including documents in the possession of third parties. Fed. R. Civ. P. 34(a)(1).

Pursuant to SISSE's formal written opinion, Reference No. SISSE/2026/06/480, dated June 5, 2026, Defendant is unable to respond to Plaintiff's Requests as Defendant cannot provide economic, commercial, industrial, financial, or technical documents and information to Plaintiffs without subjecting itself to criminal liability. *See* French Law No. 68-678 of July 26, 1968. Plaintiffs need to seek discovery from Defendant through the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters.

**REQUEST FOR PRODUCTION NO. 60:**

All consumer surveys, market research, brand recognition studies, or consumer perception analyses relating to the Tung Tung Sahur Mark or any of the Brainrots.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 60:**

Defendant objects to this Request to the extent it seeks documents protected by the attorney-client privilege or the attorney work-product doctrine.

Pursuant to SISSE's formal written opinion, Reference No. SISSE/2026/06/480, dated June 5, 2026, Defendant is unable to respond to Plaintiff's Requests as Defendant cannot provide economic, commercial, industrial, financial, or technical documents and information to Plaintiffs without subjecting itself to criminal liability. *See* French Law No. 68-678 of July 26, 1968. Plaintiffs need to seek discovery from Defendant through the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters.

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

**REQUEST FOR PRODUCTION NO. 61:**

All Documents relating to the quality control exercised by You over any licensee's use of the Tung Tung Sahur Mark, including brand manuals, character usage guidelines, style guides, and any standards or specifications provided to licensees.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 61:**

Defendant objects to this Request to the extent it seeks documents protected by the attorney-client privilege or the attorney work-product doctrine. Defendant further objects to this Request to the extent it seeks confidential or commercially sensitive information of third parties (including licensees) that Defendant is contractually or legally obligated to protect. Defendant further objects to this Request to the extent it seeks confidential, proprietary, or trade secret information of Defendant or of third parties.

Pursuant to SISSE's formal written opinion, Reference No. SISSE/2026/06/480, dated June 5, 2026, Defendant is unable to respond to Plaintiff's Requests as Defendant cannot provide economic, commercial, industrial, financial, or technical documents and information to Plaintiffs without subjecting itself to criminal liability. *See* French Law No. 68-678 of July 26, 1968. Plaintiffs need to seek discovery from Defendant through the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters.

**REQUEST FOR PRODUCTION NO. 62:**

All Communications between You and any licensee relating to compliance with quality control standards, approval of character depictions, or correction of unauthorized uses of the Tung Tung Sahur Mark.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 62:**

Defendant objects to this Request to the extent it seeks confidential or commercially sensitive information of third parties (including licensees) that Defendant is contractually or legally obligated to protect. Defendant further objects

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

to this Request to the extent it seeks confidential, proprietary, or trade secret information of Defendant or of third parties.

Pursuant to SISSE's formal written opinion, Reference No. SISSE/2026/06/480, dated June 5, 2026, Defendant is unable to respond to Plaintiff's Requests as Defendant cannot provide economic, commercial, industrial, financial, or technical documents and information to Plaintiffs without subjecting itself to criminal liability. *See* French Law No. 68-678 of July 26, 1968. Plaintiffs need to seek discovery from Defendant through the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters.

**REQUEST FOR PRODUCTION NO. 63:**

All Documents reflecting or evidencing any instance of actual consumer confusion between the Game and any product or service authorized by You, including consumer inquiries, complaints, misdirected communications, or reports of confusion from licensees or third parties.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 63:**

Defendant objects to this Request to the extent it seeks documents protected by the attorney-client privilege or the attorney work-product doctrine. Defendant further objects to this Request to the extent it seeks confidential or commercially sensitive information of third parties (including licensees) that Defendant is contractually or legally obligated to protect. Defendant further objects to this Request to the extent it seeks confidential, proprietary, or trade secret information of Defendant or of third parties.

Pursuant to SISSE's formal written opinion, Reference No. SISSE/2026/06/480, dated June 5, 2026, Defendant is unable to respond to Plaintiff's Requests as Defendant cannot provide economic, commercial, industrial, financial, or technical documents and information to Plaintiffs without subjecting itself to criminal liability. *See* French Law No. 68-678 of July 26, 1968. Plaintiffs need to

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

seek discovery from Defendant through the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters.

**REQUEST FOR PRODUCTION NO. 64:**

All Documents reflecting the licensing rates, royalty rates, or other compensation terms proposed, offered, or agreed to in connection with any license of the Tung Tung Sahur Mark or any of the Brainrots, including all terms proposed to Plaintiffs during the parties' negotiations.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 64:**

Defendant objects to this Request to the extent it seeks documents protected by the attorney-client privilege or the attorney work-product doctrine. Defendant further objects to this Request to the extent it seeks confidential or commercially sensitive information of third parties (including licensees) that Defendant is contractually or legally obligated to protect. Defendant further objects to this Request to the extent it seeks confidential, proprietary, or trade secret information of Defendant or of third parties.

Pursuant to SISSE's formal written opinion, Reference No. SISSE/2026/06/480, dated June 5, 2026, Defendant is unable to respond to Plaintiff's Requests as Defendant cannot provide economic, commercial, industrial, financial, or technical documents and information to Plaintiffs without subjecting itself to criminal liability. *See* French Law No. 68-678 of July 26, 1968. Plaintiffs need to seek discovery from Defendant through the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters.

**REQUEST FOR PRODUCTION NO. 65:**

All demand letters, cease-and-desist letters, takedown notices, or other correspondence sent by or on behalf of You to any Person asserting intellectual property rights in the Tung Tung Sahur Mark or any of the Brainrots, other than correspondence sent to Plaintiffs or to Roblox Corporation (which are the subject of existing Requests).

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

**RESPONSE TO REQUEST FOR PRODUCTION NO. 65:**

Defendant objects to this Request to the extent it seeks confidential or commercially sensitive information of third parties that Defendant is contractually or legally obligated to protect. Defendant further objects to this Request as unduly burdensome and not proportional to the needs of the case to the extent it requires collection of voluminous documents whose relevance is outweighed by the burden of production. Fed. R. Civ. P. 26(b)(1). Defendant further objects to this Request on the grounds that it calls for documents beyond the scope of permissible discovery that are not relevant to the subject matter or likely to lead to discovery of admissible evidence.

Pursuant to SISSE's formal written opinion, Reference No. SISSE/2026/06/480, dated June 5, 2026, Defendant is unable to respond to Plaintiff's Requests as Defendant cannot provide economic, commercial, industrial, financial, or technical documents and information to Plaintiffs without subjecting itself to criminal liability. *See* French Law No. 68-678 of July 26, 1968. Plaintiffs need to seek discovery from Defendant through the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters.

**REQUEST FOR PRODUCTION NO. 66:**

All responses received in connection with any demand letter, cease-and-desist letter, or other correspondence identified in the preceding Request.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 66:**

Defendant objects to this Request to the extent it seeks confidential or commercially sensitive information of third parties that Defendant is contractually or legally obligated to protect. Defendant further objects to this Request as unduly burdensome and not proportional to the needs of the case to the extent it requires collection of voluminous documents whose relevance is outweighed by the burden of production. Fed. R. Civ. P. 26(b)(1). Defendant further objects to this Request on the grounds that it calls for documents beyond the scope of permissible discovery that

are not relevant to the subject matter or likely to lead to discovery of admissible evidence.

Pursuant to SISSE's formal written opinion, Reference No. SISSE/2026/06/480, dated June 5, 2026, Defendant is unable to respond to Plaintiff's Requests as Defendant cannot provide economic, commercial, industrial, financial, or technical documents and information to Plaintiffs without subjecting itself to criminal liability. *See* French Law No. 68-678 of July 26, 1968. Plaintiffs need to seek discovery from Defendant through the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters.

**REQUEST FOR PRODUCTION NO. 67:**

All demand letters, cease-and-desist letters, takedown notices, or other correspondence sent by or on behalf of You to the developer, publisher, or any Person involved in the creation or distribution of the Tung Tung Tung Sahur Game, asserting intellectual property rights in the Tung Tung Sahur Mark or any of the Brainrots.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 67:**

Defendant objects to this Request to the extent it seeks confidential or commercially sensitive information of third parties that Defendant is contractually or legally obligated to protect. Defendant further objects to this Request as unduly burdensome and not proportional to the needs of the case to the extent it requires collection of voluminous documents whose relevance is outweighed by the burden of production. Fed. R. Civ. P. 26(b)(1). Defendant further objects to this Request on the grounds that it calls for documents beyond the scope of permissible discovery that are not relevant to the subject matter or likely to lead to discovery of admissible evidence.

Pursuant to SISSE's formal written opinion, Reference No. SISSE/2026/06/480, dated June 5, 2026, Defendant is unable to respond to Plaintiff's Requests as Defendant cannot provide economic, commercial, industrial, financial,

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

or technical documents and information to Plaintiffs without subjecting itself to criminal liability. *See* French Law No. 68-678 of July 26, 1968. Plaintiffs need to seek discovery from Defendant through the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters.

**REQUEST FOR PRODUCTION NO. 68:**

All internal Mementum Communications—including among Your officers, directors, employees, agents, and outside counsel—relating to the Tung Tung Tung Sahur Game, including Communications relating to any unauthorized use of the Brainrots in the Tung Tung Tung Sahur Game prior to the execution of a license agreement.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 68:**

Defendant objects to this Request to the extent it seeks documents protected by the attorney-client privilege or the attorney work-product doctrine. Defendant further objects to this Request to the extent it seeks confidential or commercially sensitive information of third parties that Defendant is contractually or legally obligated to protect. Defendant further objects to this Request as unduly burdensome and not proportional to the needs of the case to the extent it requires collection of voluminous documents whose relevance is outweighed by the burden of production. Fed. R. Civ. P. 26(b)(1). Defendant further objects to this Request on the grounds that it calls for documents beyond the scope of permissible discovery that are not relevant to the subject matter or likely to lead to discovery of admissible evidence.

Pursuant to SISSE's formal written opinion, Reference No. SISSE/2026/06/480, dated June 5, 2026, Defendant is unable to respond to Plaintiff's Requests as Defendant cannot provide economic, commercial, industrial, financial, or technical documents and information to Plaintiffs without subjecting itself to criminal liability. *See* French Law No. 68-678 of July 26, 1968. Plaintiffs need to seek discovery from Defendant through the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters.

**REQUEST FOR PRODUCTION NO. 69:**

All Documents relating to the license agreement with an effective date of May 1, 2025 referenced in Paragraph 13(a) of the Counterclaims, including all drafts, the date the agreement was actually executed, and all Communications relating to its negotiation.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 69:**

Defendant objects to this Request to the extent it seeks documents protected by the attorney-client privilege or the attorney work-product doctrine. Defendant further objects to this Request to the extent it seeks confidential or commercially sensitive information of third parties that Defendant is contractually or legally obligated to protect. Defendant further objects to this Request as unduly burdensome and not proportional to the needs of the case to the extent it requires collection of voluminous documents whose relevance is outweighed by the burden of production. Fed. R. Civ. P. 26(b)(1).

Pursuant to SISSE's formal written opinion, Reference No. SISSE/2026/06/480, dated June 5, 2026, Defendant is unable to respond to Plaintiff's Requests as Defendant cannot provide economic, commercial, industrial, financial, or technical documents and information to Plaintiffs without subjecting itself to criminal liability. *See* French Law No. 68-678 of July 26, 1968. Plaintiffs need to seek discovery from Defendant through the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters.

**REQUEST FOR PRODUCTION NO. 70:**

All internal Mementum Communications relating to each of the Licensee Games, including Communications regarding any unauthorized use of the Brainrots by any Licensee Game developer prior to the execution of a license agreement.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 70:**

Defendant objects to this Request to the extent it seeks documents protected by the attorney-client privilege or the attorney work-product doctrine. Defendant further

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

objects to this Request to the extent it seeks confidential or commercially sensitive information of third parties that Defendant is contractually or legally obligated to protect. Defendant further objects to this Request as unduly burdensome and not proportional to the needs of the case to the extent it requires collection of voluminous documents whose relevance is outweighed by the burden of production. Fed. R. Civ. P. 26(b)(1). Defendant further objects to this Request on the grounds that it calls for documents beyond the scope of permissible discovery that are not relevant to the subject matter or likely to lead to discovery of admissible evidence.

Pursuant to SISSE's formal written opinion, Reference No. SISSE/2026/06/480, dated June 5, 2026, Defendant is unable to respond to Plaintiff's Requests as Defendant cannot provide economic, commercial, industrial, financial, or technical documents and information to Plaintiffs without subjecting itself to criminal liability. *See* French Law No. 68-678 of July 26, 1968. Plaintiffs need to seek discovery from Defendant through the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters.

**REQUEST FOR PRODUCTION NO. 71:**

All Communications between You and the developer or publisher of each of the Licensee Games relating to the Brainrots or any intellectual property rights therein.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 71:**

Defendant objects to this Request to the extent it seeks confidential or commercially sensitive information of third parties that Defendant is contractually or legally obligated to protect. Defendant further objects to this Request as unduly burdensome and not proportional to the needs of the case to the extent it requires collection of voluminous documents whose relevance is outweighed by the burden of production. Fed. R. Civ. P. 26(b)(1). Defendant further objects to this Request on the grounds that it calls for documents beyond the scope of permissible discovery that are not relevant to the subject matter or likely to lead to discovery of admissible

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

evidence. Defendant further objects to this Request as unduly burdensome and not proportional to the needs of the case to the extent it requires collection of voluminous documents whose relevance is outweighed by the burden of production. Fed. R. Civ. P. 26(b)(1). Defendant further objects to this Request as cumulative and duplicative of other Requests as this Request substantially overlaps with Requests Nos. 23-27.

Pursuant to SISSE's formal written opinion, Reference No. SISSE/2026/06/480, dated June 5, 2026, Defendant is unable to respond to Plaintiff's Requests as Defendant cannot provide economic, commercial, industrial, financial, or technical documents and information to Plaintiffs without subjecting itself to criminal liability. *See* French Law No. 68-678 of July 26, 1968. Plaintiffs need to seek discovery from Defendant through the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters.

**REQUEST FOR PRODUCTION NO. 72:**

All demand letters, cease-and-desist letters, takedown notices, or other correspondence sent by or on behalf of You to the developer or publisher of any of the Licensee Games asserting intellectual property rights in the Tung Tung Sahur Mark or any of the Brainrots, prior to or in connection with the negotiation of a license agreement.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 72:**

Defendant objects to this Request to the extent it seeks confidential or commercially sensitive information of third parties that Defendant is contractually or legally obligated to protect. Defendant further objects to this Request as unduly burdensome and not proportional to the needs of the case to the extent it requires collection of voluminous documents whose relevance is outweighed by the burden of production. Fed. R. Civ. P. 26(b)(1). Defendant further objects to this Request on the grounds that it calls for documents beyond the scope of permissible discovery that are not relevant to the subject matter or likely to lead to discovery of admissible evidence.

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

Pursuant to SISSE's formal written opinion, Reference No. SISSE/2026/06/480, dated June 5, 2026, Defendant is unable to respond to Plaintiff's Requests as Defendant cannot provide economic, commercial, industrial, financial, or technical documents and information to Plaintiffs without subjecting itself to criminal liability. *See* French Law No. 68-678 of July 26, 1968. Plaintiffs need to seek discovery from Defendant through the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters.

**REQUEST FOR PRODUCTION NO. 73:**

All internal Mementum Communications relating to the licensing negotiations with Plaintiffs described in Paragraphs 10–12 of the Counterclaims.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 73:**

Defendant objects to this Request to the extent it seeks documents protected by the attorney-client privilege or the attorney work-product doctrine. Defendant further objects to this Request to the extent it seeks confidential or commercially sensitive information of third parties that Defendant is contractually or legally obligated to protect. Defendant further objects to this Request as unduly burdensome and not proportional to the needs of the case to the extent it requires collection of voluminous documents whose relevance is outweighed by the burden of production. Fed. R. Civ. P. 26(b)(1). Defendant further objects to this Request on the grounds that it calls for documents beyond the scope of permissible discovery that are not relevant to the subject matter or likely to lead to discovery of admissible evidence.

Pursuant to SISSE's formal written opinion, Reference No. SISSE/2026/06/480, dated June 5, 2026, Defendant is unable to respond to Plaintiff's Requests as Defendant cannot provide economic, commercial, industrial, financial, or technical documents and information to Plaintiffs without subjecting itself to criminal liability. *See* French Law No. 68-678 of July 26, 1968. Plaintiffs need to seek discovery from Defendant through the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters.

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

**REQUEST FOR PRODUCTION NO. 74:**

All draft term sheets, proposed deal terms, redlines, counteroffers, and draft agreements exchanged between the parties during the licensing negotiations described in Paragraph 11 of the Counterclaims.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 74:**

Defendant objects to this Request to the extent it seeks documents protected by the attorney-client privilege or the attorney work-product doctrine. Defendant further objects to this Request to the extent it seeks confidential or commercially sensitive information of third parties that Defendant is contractually or legally obligated to protect. Defendant further objects to this Request as unduly burdensome and not proportional to the needs of the case to the extent it requires collection of voluminous documents whose relevance is outweighed by the burden of production. Fed. R. Civ. P. 26(b)(1). Defendant further objects to this Request on the grounds that it calls for documents beyond the scope of permissible discovery that are not relevant to the subject matter or likely to lead to discovery of admissible evidence. Defendant further objects to this Request as vague and ambiguous as to the phrase "the parties."

Pursuant to SISSE's formal written opinion, Reference No. SISSE/2026/06/480, dated June 5, 2026, Defendant is unable to respond to Plaintiff's Requests as Defendant cannot provide economic, commercial, industrial, financial, or technical documents and information to Plaintiffs without subjecting itself to criminal liability. *See* French Law No. 68-678 of July 26, 1968. Plaintiffs need to seek discovery from Defendant through the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters.

**REQUEST FOR PRODUCTION NO. 75:**

All Documents reflecting or evidencing any action taken, expenditure made, or opportunity foregone by You in reliance on the licensing negotiations with Plaintiffs.

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

**RESPONSE TO REQUEST FOR PRODUCTION NO. 75:**

Defendant objects to this Request to the extent it seeks documents protected by the attorney-client privilege or the attorney work-product doctrine. Defendant further objects to this Request to the extent it seeks confidential, proprietary, or trade secret information of Defendant or of third parties. Defendant further objects to this Request as overbroad and disproportionate to the needs of the case to the extent it seeks financial and commercial data beyond what is necessary to adjudicate the claims and defenses at issue.

Pursuant to SISSE's formal written opinion, Reference No. SISSE/2026/06/480, dated June 5, 2026, Defendant is unable to respond to Plaintiff's Requests as Defendant cannot provide economic, commercial, industrial, financial, or technical documents and information to Plaintiffs without subjecting itself to criminal liability. *See* French Law No. 68-678 of July 26, 1968. Plaintiffs need to seek discovery from Defendant through the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters.

**REQUEST FOR PRODUCTION NO. 76:**

All Documents relating to the creation of the Tung Tung Sahur video first published on TikTok, including all versions and drafts of the video, voiceover recordings, music tracks, and video editing timeline or project files.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 76:**

Defendant objects to this Request to the extent it seeks documents protected by the attorney-client privilege or the attorney work-product doctrine. Defendant further objects to this Request to the extent it seeks documents not within Defendant's possession, custody, or control, including documents in the possession of third parties. Fed. R. Civ. P. 34(a)(1). Defendant further objects to this Request as unduly burdensome and not proportional to the needs of the case to the extent it requires collection of voluminous documents whose relevance is outweighed by the burden of production. Fed. R. Civ. P. 26(b)(1). Defendant further objects to this Request as

overbroad in seeking "all versions and drafts" of the video and associated production files, which may be voluminous.

Pursuant to SISSE's formal written opinion, Reference No. SISSE/2026/06/480, dated June 5, 2026, Defendant is unable to respond to Plaintiff's Requests as Defendant cannot provide economic, commercial, industrial, financial, or technical documents and information to Plaintiffs without subjecting itself to criminal liability. *See* French Law No. 68-678 of July 26, 1968. Plaintiffs need to seek discovery from Defendant through the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters.

**REQUEST FOR PRODUCTION NO. 77:**

All Documents relating to the enforcement, registration, or assertion of trademark or intellectual property rights in the Tung Tung Sahur Mark or any of the Brainrots in France, the European Union, or any jurisdiction outside the United States, including administrative proceedings, court actions, and rulings or orders received.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 77:**

Defendant objects to this Request to the extent it seeks documents protected by the attorney-client privilege or the attorney work-product doctrine. Defendant further objects to this Request to the extent it seeks confidential, proprietary, or trade secret information of Defendant or of third parties. Defendant further objects to this Request as unduly burdensome and not proportional to the needs of the case to the extent it requires collection of voluminous documents whose relevance is outweighed by the burden of production. Fed. R. Civ. P. 26(b)(1). Defendant further objects to this Request as overbroad and disproportionate to the needs of this case (which concerns U.S. intellectual property rights) in seeking documents relating to all enforcement actions in all foreign jurisdictions. Defendant further objects to this Request on the grounds that it calls for documents beyond the scope of permissible

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

discovery that are not relevant to the subject matter or likely to lead to discovery of admissible evidence.

Pursuant to SISSE's formal written opinion, Reference No. SISSE/2026/06/480, dated June 5, 2026, Defendant is unable to respond to Plaintiff's Requests as Defendant cannot provide economic, commercial, industrial, financial, or technical documents and information to Plaintiffs without subjecting itself to criminal liability. *See* French Law No. 68-678 of July 26, 1968. Plaintiffs need to seek discovery from Defendant through the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters.

## REQUEST FOR PRODUCTION NO. 78:

Financial records sufficient to show all revenue, royalties, and other compensation received by You in connection with the Tung Tung Sahur Mark or any of the Brainrots, broken out by individual character, territory (with United States revenue separately identified), and time period.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 78:

Defendant objects to this Request to the extent it seeks documents protected by the attorney-client privilege or the attorney work-product doctrine. Defendant further objects to this Request to the extent it seeks confidential, proprietary, or trade secret information of Defendant or of third parties.

Pursuant to SISSE's formal written opinion, Reference No. SISSE/2026/06/480, dated June 5, 2026, Defendant is unable to respond to Plaintiff's Requests as Defendant cannot provide economic, commercial, industrial, financial, or technical documents and information to Plaintiffs without subjecting itself to criminal liability. *See* French Law No. 68-678 of July 26, 1968. Plaintiffs need to seek discovery from Defendant through the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters.

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

**REQUEST FOR PRODUCTION NO. 79:**

All investor materials, pitch decks, or financial projections prepared by or for You relating to the commercial exploitation of the Brainrots, including any materials prepared in connection with fundraising, investment, or valuation.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 79:**

Defendant objects to this Request to the extent it seeks documents protected by the attorney-client privilege or the attorney work-product doctrine. Defendant further objects to this Request to the extent it seeks confidential, proprietary, or trade secret information of Defendant or of third parties. Defendant further objects to this Request on the grounds that it calls for documents beyond the scope of permissible discovery that are not relevant to the subject matter or likely to lead to discovery of admissible evidence as investor materials and financial projections bear minimal relevance to the claims and defenses at issue. Defendant further objects to this Request as unduly burdensome and not proportional to the needs of the case to the extent it requires collection of voluminous documents whose relevance is outweighed by the burden of production. Fed. R. Civ. P. 26(b)(1).

Pursuant to SISSE's formal written opinion, Reference No. SISSE/2026/06/480, dated June 5, 2026, Defendant is unable to respond to Plaintiff's Requests as Defendant cannot provide economic, commercial, industrial, financial, or technical documents and information to Plaintiffs without subjecting itself to criminal liability. *See* French Law No. 68-678 of July 26, 1968. Plaintiffs need to seek discovery from Defendant through the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters.

**REQUEST FOR PRODUCTION NO. 80:**

All Documents supporting Your First Affirmative Defense that Plaintiffs' declaratory relief claim is not ripe.

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

**RESPONSE TO REQUEST FOR PRODUCTION NO. 80:**

Defendant objects to this Request to the extent it seeks documents protected by the attorney-client privilege or the attorney work-product doctrine.

Pursuant to SISSE's formal written opinion, Reference No. SISSE/2026/06/480, dated June 5, 2026, Defendant is unable to respond to Plaintiff's Requests as Defendant cannot provide economic, commercial, industrial, financial, or technical documents and information to Plaintiffs without subjecting itself to criminal liability. *See* French Law No. 68-678 of July 26, 1968. Plaintiffs need to seek discovery from Defendant through the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters.

**REQUEST FOR PRODUCTION NO. 81:**

All Documents supporting Your Second Affirmative Defense of unclean hands.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 81:**

Defendant objects to this Request to the extent it seeks documents protected by the attorney-client privilege or the attorney work-product doctrine.

Pursuant to SISSE's formal written opinion, Reference No. SISSE/2026/06/480, dated June 5, 2026, Defendant is unable to respond to Plaintiff's Requests as Defendant cannot provide economic, commercial, industrial, financial, or technical documents and information to Plaintiffs without subjecting itself to criminal liability. *See* French Law No. 68-678 of July 26, 1968. Plaintiffs need to seek discovery from Defendant through the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters.

**REQUEST FOR PRODUCTION NO. 82:**

All Documents supporting Your Third Affirmative Defense of estoppel.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 82:**

Defendant objects to this Request to the extent it seeks documents protected by the attorney-client privilege or the attorney work-product doctrine.

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

Pursuant to SISSE's formal written opinion, Reference No. SISSE/2026/06/480, dated June 5, 2026, Defendant is unable to respond to Plaintiff's Requests as Defendant cannot provide economic, commercial, industrial, financial, or technical documents and information to Plaintiffs without subjecting itself to criminal liability. *See* French Law No. 68-678 of July 26, 1968. Plaintiffs need to seek discovery from Defendant through the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters.

**REQUEST FOR PRODUCTION NO. 83:**

All Documents supporting Your Fourth Affirmative Defense of waiver.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 83:**

Defendant objects to this Request to the extent it seeks documents protected by the attorney-client privilege or the attorney work-product doctrine.

Pursuant to SISSE's formal written opinion, Reference No. SISSE/2026/06/480, dated June 5, 2026, Defendant is unable to respond to Plaintiff's Requests as Defendant cannot provide economic, commercial, industrial, financial, or technical documents and information to Plaintiffs without subjecting itself to criminal liability. *See* French Law No. 68-678 of July 26, 1968. Plaintiffs need to seek discovery from Defendant through the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters.

**REQUEST FOR PRODUCTION NO. 84:**

All Documents You intend to produce pursuant to Your obligations under Rule 26(a)(1) of the Federal Rules of Civil Procedure.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 84:**

Defendant objects to this Request to the extent it seeks documents protected by the attorney-client privilege or the attorney work-product doctrine. Defendant further objects to this Request as duplicative of Defendant's obligations under Federal Rule of Civil Procedure 26(a)(1), which Defendant will fulfill through its initial

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

disclosures. Defendant further objects to this Request as cumulative and duplicative of other Requests as this Request is duplicative of all other Requests.

Pursuant to SISSE's formal written opinion, Reference No. SISSE/2026/06/480, dated June 5, 2026, Defendant is unable to respond to Plaintiff's Requests as Defendant cannot provide economic, commercial, industrial, financial, or technical documents and information to Plaintiffs without subjecting itself to criminal liability. *See* French Law No. 68-678 of July 26, 1968. Plaintiffs need to seek discovery from Defendant through the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters.

**REQUEST FOR PRODUCTION NO. 85:**

All Documents You intend to offer or may use as exhibits at the trial of this action.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 85:**

Defendant objects to this Request to the extent it seeks documents protected by the attorney-client privilege or the attorney work-product doctrine, including counsel's strategic decisions regarding which documents to use at trial. Defendant further objects to this Request as premature, as trial exhibit lists have not been prepared, and this litigation is in its early stages.

Pursuant to SISSE's formal written opinion, Reference No. SISSE/2026/06/480, dated June 5, 2026, Defendant is unable to respond to Plaintiff's Requests as Defendant cannot provide economic, commercial, industrial, financial, or technical documents and information to Plaintiffs without subjecting itself to criminal liability. *See* French Law No. 68-678 of July 26, 1968. Plaintiffs need to seek discovery from Defendant through the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters.

**REQUEST FOR PRODUCTION NO. 86:**

All Documents produced to You in response to any third-party subpoena issued in this action.

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

**RESPONSE TO REQUEST FOR PRODUCTION NO. 86:**

Defendant objects to this Request to the extent it seeks documents protected by the attorney-client privilege or the attorney work-product doctrine. Defendant further objects to this Request to the extent it seeks confidential or commercially sensitive information of third parties that Defendant is contractually or legally obligated to protect.

Pursuant to SISSE's formal written opinion, Reference No. SISSE/2026/06/480, dated June 5, 2026, Defendant is unable to respond to Plaintiff's Requests as Defendant cannot provide economic, commercial, industrial, financial, or technical documents and information to Plaintiffs without subjecting itself to criminal liability. *See* French Law No. 68-678 of July 26, 1968. Plaintiffs need to seek discovery from Defendant through the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters.

**REQUEST FOR PRODUCTION NO. 87:**

All Documents provided to any expert witness retained or consulted by You in connection with this action, and all expert reports prepared in connection with this action.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 87:**

Defendant objects to this Request to the extent it seeks documents protected by the attorney-client privilege or the attorney work-product doctrine, including counsel's strategic decisions regarding which documents to use at trial. Defendant further objects to this Request as premature, as Defendant has not yet retained testifying experts and will disclose expert information in accordance with the applicable schedule.

Pursuant to SISSE's formal written opinion, Reference No. SISSE/2026/06/480, dated June 5, 2026, Defendant is unable to respond to Plaintiff's Requests as Defendant cannot provide economic, commercial, industrial, financial, or technical documents and information to Plaintiffs without subjecting itself to

criminal liability. *See* French Law No. 68-678 of July 26, 1968. Plaintiffs need to seek discovery from Defendant through the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters.

**REQUEST FOR PRODUCTION NO. 88:**

All witness statements, declarations, or affidavits obtained by You relating to the subject matter of this action.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 88:**

Defendant objects to this Request to the extent it seeks documents protected by the attorney-client privilege or the attorney work-product doctrine. Defendant further objects to this Request to the extent it seeks witness statements prepared at the direction of counsel or reflecting counsel's mental impressions, which are protected by the attorney work-product doctrine. Fed. R. Civ. P. 26(b)(3).

Pursuant to SISSE's formal written opinion, Reference No. SISSE/2026/06/480, dated June 5, 2026, Defendant is unable to respond to Plaintiff's Requests as Defendant cannot provide economic, commercial, industrial, financial, or technical documents and information to Plaintiffs without subjecting itself to criminal liability. *See* French Law No. 68-678 of July 26, 1968. Plaintiffs need to seek discovery from Defendant through the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters.

DATED:  June 12, 2026

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP

By: _____
STEVEN A. STEIN (SBN 287401)
ANDREW P. LUX (SBN 345915)
Attorneys for Defendant and Counterclaimant MEMENTUM LAB SAS

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

# EXHIBIT "A"

**MINISTÈRE
DE L'ÉCONOMIE,
DES FINANCES
ET DE LA SOUVERAINETÉ
INDUSTRIELLE ET NUMÉRIQUE**
*Liberté
Égalité
Fraternité*

**Direction générale
des Entreprises**

d&a partners
Maître Matthieu Quiniou
Avocat associé
22 boulevard Malesherbes
75008 Paris

Réf. : SISSE/2026/06/480

Annexe : Traduction en anglais / Courtesy translation

Paris, le 05/06/2026,

Maître,

Vous nous avez informés le 5 mai 2026 que la société Mementum Lab (société de droit français) est actuellement défenderesse devant la *United States District Court Northern District of California*, dans le cadre d'une procédure civile initiée par la société Spyder Games LLC en matière de droit d'auteur. Dans ce contexte, la juridiction américaine a sollicité, par trois ordonnances de « discovery » du 29 avril 2026, la production de documents et renseignements relatifs aux activités de Mementum Lab.

Conformément à la loi n° 68-678 du 26 juillet 1968 et au décret n° 2022-207 du 18 février 2022, vous avez saisi le Service de l'Information Stratégique et de la Sécurité Économiques (SISSE) du Ministère de l'Économie, des Finances et de la Souveraineté industrielle et numérique, en sa qualité de « guichet unique » afin d'obtenir **un avis sur l'applicabilité de l'article 1$^{er}$** *bis* **de la loi de 1968 concernant la communication d'informations dans le cadre de cette procédure de** « *discovery* ».

L'article 1$^{er}$ *bis* de la loi susvisée dispose qu'« *il est interdit à toute personne de demander, de rechercher ou de communiquer, par écrit, oralement ou sous toute autre forme, des documents ou renseignements d'ordre économique, commercial, industriel, financier ou technique tendant à la constitution de preuves en vue de procédures judiciaires ou administratives étrangères ou dans le cadre de celles-ci* ». Cette interdiction s'applique « *sous réserve des traités ou accords internationaux et des lois et règlements en vigueur* ».

La portée de l'interdiction définie à l'article 1er *bis* est particulièrement large puisqu'elle s'applique même si la recherche de document ou renseignement n'est pas suivie d'effet, celle-ci étant déterminée par la finalité de la transmission, à savoir « *la constitution de preuves en vue de procédures judiciaires ou administratives étrangères ou dans le cadre de celles-ci* ». **Toute communication, même volontaire, serait ainsi susceptible de constituer une infraction à la loi pénale de 1968 si elle ne suivait pas les canaux de l'entraide judiciaire internationale.**

**En l'espèce, les documents et renseignements d'ordre économique, commercial, industriel, financier ou technique, sollicités dans cette procédure de « *discovery* », sont susceptibles de constituer des preuves dans le cadre d'une procédure judiciaire en cours. Leur transmission à une juridiction américaine doit donc nécessairement respecter le cadre prévu par les accords internationaux en vigueur entre la France et les États-Unis et transiter par les canaux d'entraide judiciaire internationale prévus par ces accords.**

**La Convention de la Haye du 18 mars 1970 relative à l'obtention des preuves à l'étranger en matière civile ou commerciale est applicable entre la France et les Etats-Unis.** Cette convention prévoit que les demandes de production de documents doivent être transmises, par les autorités compétentes américaines (chapitre I de la Convention) ou le commissaire désigné par ces derniers (chapitre II de la Convention), à l'autorité centrale désignée par les autorités françaises, à savoir le Département de l'entraide, du droit international privé et européen de la direction des affaires civiles et du sceau du ministère de la Justice.

**Par ailleurs, toute communication d'informations serait également à évaluer à l'aune de l'article 1er de la loi de 1968** qui dispose : « *Sous réserve des traités ou accords internationaux, il est interdit à toute personne physique de nationalité française ou résidant habituellement sur le territoire français et à tout dirigeant, représentant, agent ou préposé d'une personne morale y ayant son siège ou un établissement de communiquer par écrit, oralement ou sous toute autre forme, en quelque lieu que ce soit, à des autorités publiques étrangères, les documents ou les renseignements d'ordre économique, commercial, industriel, financier ou technique dont la communication est de nature à porter atteinte à la souveraineté, à la sécurité, aux intérêts économiques essentiels de la France ou à l'ordre public, précisés par l'autorité administrative en tant que de besoin*».

La loi n° 68-678 du 26 juillet 1968 poursuit **un objectif majeur de protection de la souveraineté de l'Etat français et de préservation contre les atteintes à l'ordre public**. C'est pourquoi, elle est **appliquée strictement** à l'égard de toute personne qui commettrait l'une des infractions visées sur le territoire national comme toute loi pénale[1]. La violation d'une interdiction édictée par cette loi fait **encourir les peines de 6 mois d'emprisonnement et 18 000 euros d'amende pour les personnes physiques** conformément à l'article 3 de la loi susvisée et **90 000 euros d'amende pour les personnes morales**[2]. Pour rappel, la mise en œuvre de ces sanctions pénales a déjà été confirmée par la Cour de cassation[3].

---

[1] Cf articles 113-2 et suivants du code pénal sur l'application de la loi pénale française

[2] Cf. Article 131-38 du code pénal.

[3] Chambre criminelle de la Cour de cassation, 12 décembre 2007, n°07-83.228 : https://www.legifrance.gouv.fr/juri/id/JURITEXT000017837490/.

En cas d'interrogations sur l'application de la loi de 1968, vous pouvez inviter les autorités américaines à prendre l'attache de notre service (*guichet.sisse@finances.gouv.fr*). Pour toute question relative à une demande d'entraide civile internationale, vous pouvez également inviter les autorités américaines à prendre l'attache du Ministère de la Justice à l'adresse suivante (*entraide-civile-internationale@justice.gouv.fr*).

Je vous prie d'agréer, Maître, l'expression de mes salutations distinguées.

GUSTAVE **GAUQUELIN**
CHEF DU SERVICE DE
L'INFORMATION STRATEGIQUE ET DE
LA SECURITE ECONOMIQUES

<u>Copies</u> :
- Ministère de l'Europe et des Affaires Étrangères :
    - o  M. Anne GRILLO, Directrice générale de la mondialisation, de la culture, de l'enseignement et du développement international ;
    - o  M. Damien LORAS, Directeur de la diplomatie économique.
- Ministère de la Justice :
    - o  Mme Valérie DELNAUD, Directrice des affaires civiles et du Sceau ;
    - o  M$^{me}$ Laureline PEYREFITTE, Directrice des affaires criminelles et des grâces.
- Cabinet d'avocats d&a partners :
    - o  Maître Matthieu Quiniou, avocat associé.

## ANNEXE

## TRADUCTION EN ANGLAIS / COURTESY TRANSLATION

Paris, June 5, 2026,

Counsel,

You informed us on May 5, 2026, that Mementum Lab (a company incorporated under French law) is currently a defendant in the United States District Court for the Northern District of California in a civil proceeding initiated by Spyder Games LLC (a company incorporated under U.S. law) regarding copyright matters. In this context, the U.S. court has requested, through three discovery orders dated April 29, 2026, the production of documents and information relating to Mementum Lab's activities.

In accordance with Law No. 68-678 of July 26, 1968, and Decree No. 2022-207 of February 18, 2022, you have referred the matter to the Strategic Information and Economic Security Service (SISSE) of the Ministry of the Economy, Finance, and Industrial and Digital Sovereignty, in its capacity as a "one-stop shop," to obtain **an opinion on the applicability of Article 1 *bis* of the 1968 Act concerning the disclosure of information in the context of this "discovery" proceeding.**

Article 1 bis of the aforementioned law provides that "*no person shall request, seek, or disclose, in writing, orally, or in any other form, documents or information of an economic, commercial, industrial, financial, or technical nature intended to constitute evidence for, or in the context of, foreign judicial or administrative proceedings.*" This prohibition applies "*subject to international treaties or agreements and the laws and regulations in force.*"

The scope of the prohibition defined in Article 1 bis is particularly broad, as it applies even if the search for documents or information is not successful, since this is determined by the purpose of the transmission, namely *"the gathering of evidence for foreign judicial or administrative proceedings or in the context thereof."* **Any disclosure, even if voluntary, would thus be likely to constitute a violation of the 1968 criminal law if it did not follow the channels of international mutual legal assistance.**

**In this case, the economic, commercial, industrial, financial, or technical documents and information sought in this discovery proceeding may constitute evidence in an ongoing legal proceeding. Their transmission to a U.S. court must therefore necessarily comply with the framework established by the international agreements in force between France and the United States and be transmitted through the channels of international mutual legal assistance provided for by those agreements.**

**The Hague Convention of March 18, 1970, on the Taking of Evidence Abroad in Civil or Commercial Matters is applicable between France and the United States.** This Convention provides that requests for the production of documents must be transmitted by the competent U.S. authorities (Chapter I of the Convention) or the commissioner designated by them (Chapter II of the Convention) to the central authority designated by the French authorities, namely the Department of Mutual Legal Assistance, Private International Law, and European Law within the Directorate of Civil Affairs and the Seal of the Ministry of Justice.

**Furthermore, any disclosure of information must also be assessed in light of Article 1 of the 1968 Act, which provides:** "*Subject to international treaties or agreements, it is prohibited for any natural person of French nationality or habitually residing on French territory, and for any director, representative, agent, or employee of a legal entity having its headquarters or an establishment there, to communicate in writing, orally, or in any other form, in any location whatsoever, to foreign public authorities, documents or information of an economic, commercial, industrial, financial, or technical nature, the disclosure of which is likely to undermine the sovereignty, security, essential economic interests of France, or public order, as specified by the administrative authority as necessary.*"

Law No. 68-678 of July 26, 1968, **has the primary objective of protecting the sovereignty of the French State and safeguarding against breaches of public order.** For this reason, it is strictly enforced against any person who commits one of the offenses specified therein on national territory, just as any criminal law[4]. Violation of a prohibition established by this law is punishable by **six months' imprisonment and a fine of 18,000 euros for individuals**, in accordance with Article 3 of the aforementioned law, **and a fine of 90,000 euros for legal entities**[5]. As a reminder, the enforcement of these criminal penalties has already been confirmed by the Court of Cassation[6].

If you have any questions regarding the application of the 1968 law, you may invite the U.S. authorities to contact our office (guichet.sisse@finances.gouv.fr). For any questions regarding a request for international civil legal assistance, you may also ask the U.S. authorities to contact the Ministry of Justice at the following address (entraide-civile-internationale@justice.gouv.fr).

Sincerely,

---

[4] See Articles 113-2 et seq. of the Criminal Code regarding the application of French criminal law
[5] See Article 131-38 of the Criminal Code.
[6] Criminal Chamber of the Court of Cassation, December 12, 2007, No. 07-83.228:
https://www.legifrance.gouv.fr/juri/id/JURITEXT000017837490/ .

## PROOF OF SERVICE

I am a resident of the state of California, over the age of eighteen years, and not a party to the within-action. My business address is 2049 Century Park East, Suite 2600, Los Angeles, California 90067.

On June 12, 2026, I served a copy of the within document: **DEFENDANT AND COUNTERCLAIMANT MEMENTUM LAB SAS'S RESPONSE TO PLAINTIFF SPYDER GAMES LLC'S REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE** on the interested parties in this action by placing a copy thereof enclosed in a sealed envelope addressed as follows:

Aaron J. Moss                              *Attorneys for Plaintiffs Spyder Games*
Joshua M. Geller                           *LLC and Simulator Gaming, LLC*
MITCHELL SILBERBERG & KNUPP LLP
2049 Century Park East, 18th Floor         Telephone: (310) 312-2000
Los Angeles, CA 90067-3120                 Email: aaron.moss@msk.com
                                                  Josh.geller@msk.com

☒      **(BY E-MAIL)** I caused a true copy of the foregoing document to be served by e-mail at the e-mail address set forth above. Each e-mail was complete and no reports of error were received.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on June 12, 2026, at Los Angeles, California.

_____
Andrew P. Lux

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

56669-00002/8040439.5

5:25-CV-10248-NW
DEFENDANT'S RESPONSE TO
PLAINTIFF'S REQUEST FOR
PRODUCTION OF DOCUMENTS, SET ONE

# EXHIBIT 7

AARON J. MOSS (190625)
aaron.moss@msk.com
JOSHUA M. GELLER (295412)
josh.geller@msk.com
MITCHELL SILBERBERG & KNUPP LLP
2049 Century Park East, 18th Floor
Los Angeles, CA 90067-3120
Telephone: (310) 312-2000
Facsimile: (310) 312-3100

Attorneys for Plaintiffs,
SPYDER GAMES LLC and
SIMULATOR GAMING, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SPYDER GAMES LLC, a Louisiana limited liability company; and SPEEDY SIMULATOR GAMING, LLC, a Wyoming limited liability company,<br><br>            Plaintiffs,<br><br>        v.<br><br>MEMENTUM LAB, a French company,<br><br>            Defendant. | CASE NO. 5:25-CV-10248-NW<br><br>**PLAINTIFF SPYDER GAMES LLC'S INTERROGATORIES, SET ONE TO DEFENDANT MEMENTUM LAB**<br><br>Hon. Noel Wise |

**PROPOUNDING PARTY:**        **Plaintiff SPYDER GAMES LLC**

**RESPONDING PARTY:**        **Defendant MEMENTUM LAB**

**SET NO.:**        **ONE (1)**

Mitchell
Silberberg &
Knupp LLP

21497760.2

**PLAINTIFF'S INTERROGATORIES TO DEFENDANT, SET ONE**

Pursuant to Federal Rules of Civil Procedure 26 and 33, Plaintiff Spyder Games LLC ("Plaintiff") hereby requests that Defendant Mementum Lab ("Defendant" or "Mementum") answer separately and in writing under oath the following interrogatories within 30 days of service.

## DEFINITIONS

As used below, the following terms have the meanings indicated:

1.     "Defendant," "Mementum," "You," or "Your" means Mementum Lab, and all of its affiliates, predecessors, successors, subsidiaries, divisions, parent companies, and all past or present directors, officers, agents, representatives, employees, consultants, attorneys, and others acting on its behalf.

2.     "Brainrots" means the characters identified in Exhibit 1 to the Complaint in this action (ECF No. 1) and Paragraph 5 and footnote 1 of Defendant's Counterclaims, (ECF No. 18), including all versions, iterations, variations, and derivative depictions thereof, whether in final or draft form.  Such Brainrots include, without limitation, Tung Tung Tung Sahur, Tob Tobi Tob, Brr Es Teh Patipum, Pakrahmatmamat, La Esok Sekolah, U Din Din Din Din Dun Ma Din Din Din Dun, Garamararambraraman dan Madudungdung tak tuntung Perkuntung, Boneca Ambalabu, Il Cacto Hipopotamo, Brr Brr Patapim, Malamé Amaralé, Frigo Camelo, Ecco Cavallo Virtuoso, Tre Tigri Triste, Giraffa Celeste, Trenostruzzo Turbo 3000, La Vacca Saturno Saturnita, Cappuccino Assassino, Avocadini Guffo, Perochello Lemonchello, Mangolini Parrocini, Penguino Cocosino, Bananitta Dolfinitta devenu Bananita Dolphinita, Burbaloni Lulliloli devenu Burbaloni Loliloli, Chimpanzini Bananini, Blueberrinni Octopussini devenu Blueberrinni Octopusini, Quivioli Ameleonni, Strawberrelli Flamingelli, Cocosini Mama, Ganganzelli Trulala, Zibra Zubra Zibralini, Orangutini Ananasini devenu Orangutini Ananassini, Rhino Toasterino, Cocofanto Elefanto, Tukanno Bananno, Tigrulli Grapefrutunni devenu Tigroligre Frutonni, Spaghetti Tualetti, Graipussi Medussi devenu Graipuss Medussi and Tim Cheese.

**PLAINTIFF'S INTERROGATORIES TO DEFENDANT, SET ONE**

3.    "Noxa" means the content creator Fernanda Bagas Indrastata, also known as "@NOXAASHT" or "Noxa," and any agents, representatives, or persons acting on his behalf.

4.    "Breno" means the content creator known as "Breno" or "@ofscabreno," and any agents, representatives, or persons acting on his behalf.

5.    "AI Tools" means any artificial intelligence, machine learning, or generative AI tool, platform, model, application, or service, including without limitation OpenAI (including ChatGPT and DALL-E), Midjourney, Stable Diffusion, and Adobe Firefly.

6.    "The Game" means the Roblox video game known as "Steal a Brainrot," as described in the Complaint.

7.    "The Tung Tung Sahur Mark" means the trademark You purport to hold in Tung Tung Sahur, including in the character's name and image, and including as alleged in Paragraphs 21–24 of the Counterclaims.

8.    "Person" means any natural person, entity, association, or organization of any kind.

## INSTRUCTIONS

1.    Each interrogatory is to be answered separately and in full, in writing under oath, unless all portions of an interrogatory are in good faith objected to, in which event the reasons for all of Your objections shall be stated in detail. If Your objection pertains to only a portion of an interrogatory, or to a word, phrase or clause contained within such interrogatory, You shall state Your objection to that portion, and shall answer the interrogatory to the extent it is not objected to in good faith.

2.    You are requested to furnish all information available to You. If You cannot answer or respond in full after exercising due diligence to secure the information, then You shall answer or respond to the full extent possible, specifying the reasons for Your inability to answer or respond to the remainder.

Mitchell
Silberberg &
Knupp LLP

21497760.2

3

**PLAINTIFF'S INTERROGATORIES TO DEFENDANT, SET ONE**

3.      In the event that You elect to produce documents in lieu of providing a written response to an interrogatory pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, You shall provide a list identifying for each such document produced (1) the interrogatory to which the document(s) is responsive and (2) the production number(s) of such documents identified for each response.

4.      In the event that You withhold any requested information responsive to these interrogatories on the grounds of a claim of attorney/client privilege, work product immunity, or some other privilege or immunity, provide a privilege log with sufficient detail to enable the claim of privilege or immunity to be adjudicated, including:

A.      all persons making or receiving the privileged or protected communication;

B.      the steps taken to ensure the confidentiality of the communication, including affirmation that no unauthorized persons have received the communication;

C.      the date of the communication; and

D.      the subject matter of the communication.

5.      Words in the singular include their plural meaning, and vice versa. The past tense includes the present tense where the clear meaning is not distorted by a change of tense, and words used in the masculine gender shall include the feminine gender and vice versa. The words "and" and "or" shall be construed conjunctively or disjunctively, whichever makes the request more inclusive.

6.      References to persons and other entities include their agents, employees, officers, directors, affiliated entities and companies, predecessors, successors, accountants, attorneys, and representatives.

7.      The following interrogatories shall be deemed to seek responses as of the date they are served and are also continuing, imposing upon You the obligations stated in Rule 26 of the Federal Rules of Civil Procedure. Any additional responsive

Mitchell
Silberberg &
Knupp LLP

21497760.2

4

**PLAINTIFF 'S INTERROGATORIES TO DEFENDANT, SET ONE**

information which becomes known to You up to and including the trial of this matter, shall be furnished to the Propounding Party within a reasonable time after such information becomes known to You.

## INTERROGATORIES

### INTERROGATORY NO. 1:

For each of the Brainrots, identify every AI Tool and non-AI software tool used in its creation, including the name, version, and specific model or service used.

### INTERROGATORY NO. 2:

For each of the Brainrots, state the complete text of every prompt, instruction, parameter, or other input provided to each AI Tool used in connection with the creation of that Brainrot.

### INTERROGATORY NO. 3:

For each of the Brainrots, describe in detail the process by which it was created from initial concept to final form, including the sequence of steps taken and the role of each AI Tool or non-AI software tool identified in the preceding interrogatories.

### INTERROGATORY NO. 4:

For each of the Brainrots, identify which specific visual or expressive elements of the final work were generated autonomously by an AI Tool, and which specific visual or expressive elements, if any, were contributed by a human being at any stage of the creation process, whether before, during, or after the use of any AI Tool.

### INTERROGATORY NO. 5:

Identify each human being who contributed to the creation of any of the Brainrots in any capacity, and for each such person, describe the nature and extent of that person's contribution, including any conceptualization, sketching, drafting, directing, prompting, selecting, arranging, editing, or other creative activity.

**INTERROGATORY NO. 6:**

To the extent You contend that any of the Brainrots constitute copyrightable expression, identify each Brainrot for which copyright protection is claimed and describe with specificity the elements of each that You contend constitute protectable original expression.

**INTERROGATORY NO. 7:**

For each of the Brainrots, state whether any human being modified, edited, refined, or otherwise altered the output generated by any AI Tool after that output was produced, and if so, describe in detail each such modification, including: (a) the identity of the person who made the modification; (b) what the AI-generated output looked like before the modification; (c) what the modification consisted of; and (d) the tools used to make the modification.

**INTERROGATORY NO. 8:**

Describe in detail the factual basis for any claim that Plaintiffs' use of any Brainrot in the Game infringes Your purported rights, including: (a) which specific elements of Plaintiffs' depictions You contend are substantially similar to Your purported copyrightable expression; (b) the basis for Your contention that Plaintiffs had access to Your purported works; and (c) any evidence of actual copying.

**INTERROGATORY NO. 9:**

State the amount of all revenue, income, or other monetary benefit You have received or expect to receive in connection with the Brainrots, including revenue from licensing, merchandising, or any other commercial exploitation, and identify the source and amount of each such payment.

**INTERROGATORY NO. 10:**

To the extent You contend that You are the owner, assignee, or licensee of a copyright in any of the Brainrots, state the factual basis for that claim as to each such Brainrot, including: (a) the identity of the author or authors; (b) the nature of each author's contribution; and (c) the chain of title from the author(s) to You.

Mitchell
Silberberg &
Knupp LLP

21497760.2

6

**PLAINTIFF 'S INTERROGATORIES TO DEFENDANT, SET ONE**

**INTERROGATORY NO. 11:**

Identify by name each character, image, design, or work within the "Italian Brainrot universe," other than the Brainrots, in which You claim to own, control, or hold an exclusive license to any intellectual property right, and for each, state: (a) its name or title; (b) the identity of the author or authors; (c) the nature of each author's contribution; and (d) the chain of title from the author(s) to You.

**INTERROGATORY NO. 12:**

State all facts supporting Your contention in Paragraph 22 of the Counterclaims that the Tung Tung Sahur Mark is distinctive and serves to identify the source of Your goods or services in the minds of consumers.

**INTERROGATORY NO. 13:**

State all facts supporting Your contention in Paragraph 22 of the Counterclaims that the Tung Tung Sahur Mark is famous and has "an extremely high degree of recognition among consumers."

**INTERROGATORY NO. 14:**

State the date on which You or any licensee first used the Tung Tung Sahur Mark in commerce in the United States, the nature of that use, the identity of the person or entity that made such use, and whether such use was authorized by You at the time it occurred or whether authorization was granted retroactively.

**INTERROGATORY NO. 15:**

Identify each licensee that has used the Tung Tung Sahur Mark in commerce in the United States, and for each such licensee, state: (a) the date of first use in the United States; (b) the goods or services in connection with which the mark was used; and (c) the geographic scope of use.

**INTERROGATORY NO. 16:**

Identify all instances in which any person has been confused, or has expressed the belief, that the Game is produced by, affiliated with, sponsored by, or approved by You, including: (a) the identity of each such person; (b) the date of the alleged

confusion; (c) the circumstances under which it occurred; and (d) whether the expression of confusion was oral or written.

**INTERROGATORY NO. 17:**

Describe the channels in which You market or advertise using the Tung Tung Sahur Mark, including the specific platforms, media, or outlets used and the geographic markets targeted.

**INTERROGATORY NO. 18:**

State all facts supporting Your contention in Paragraph 25 of the Counterclaim that Plaintiffs' use of Tung Tung Sahur in the Game is likely to cause confusion among ordinary consumers as to the source, sponsorship, affiliation, or approval of the character and/or the Game.

**INTERROGATORY NO. 19:**

State the amount of damages You claim on each counterclaim, including a detailed computation of how each amount was calculated, and identify each category of damage sought (including actual damages, lost profits, disgorgement, punitive or exemplary damages, and attorneys' fees).

**INTERROGATORY NO. 20:**

State all facts supporting Your contention that each licensee's use of the Tung Tung Sahur Mark in United States commerce inures to Your benefit pursuant to 15 U.S.C. § 1055, including the specific quality control measures exercised over each licensee, when such quality control measures were first implemented with respect to each licensee, and whether any licensee used the Tung Tung Sahur Mark in commerce prior to the implementation of any quality control by You

**INTERROGATORY NO. 21:**

State all facts supporting Your contention that You are entitled to protection against unfair competition under 15 U.S.C. § 1126(h) and (i), including the specific acts of unfair competition alleged and the convention, treaty or reciprocal law provisions upon which You rely.

**INTERROGATORY NO. 22:**

For each Request for Admission in Plaintiff's Requests for Admission, Set One, to which Your response is anything other than an unqualified admission, state all facts upon which You base Your response, identify all documents that support Your response, and identify all persons with knowledge of such facts.

DATED: APRIL 29, 2026          MITCHELL SILBERBERG & KNUPP LLP

By: _____
     Aaron J. Moss
     Joshua M. Geller
     Attorneys for Plaintiffs,
     SPYDER GAMES LLC and
     SIMULATOR GAMING, LLC

**<u>PROOF OF SERVICE</u>**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California, I am over the age of eighteen years and am not a party to this action; my business address is Mitchell Silberberg & Knupp LLP, 2049 Century Park East, 18th Floor, Los Angeles, CA 90067-3120, and my business email address is cxj@msk.com.

On April 29, 2026, I served a copy of the foregoing document(s) described as **PLAINTIFF SPYDER GAMES LLC'S INTERROGATORIES, SET ONE TO DEFENDANT MEMENTUM LAB** on the interested parties in this action at their last known address as set forth below by taking the action described below:

Steven A. Stein                          *Attorneys for Defendant*
Andrew P. Lux
GREENBERG GLUSKER LLP
2049 Century Park E, Suite 2600
Los Angeles, CA 90067
Telephone: (310) 553.3610
SStein@GreenbergGlusker.com
ALux@ GreenbergGlusker.com

☐ **BY MAIL**: I placed the above-mentioned document(s) in sealed envelope(s) addressed as set forth above, and deposited each envelope in the mail at Los Angeles, California. Each envelope was mailed with postage thereon fully prepaid.

☑ **BY PERSONAL DELIVERY**: I placed the above-mentioned document(s) in sealed envelope(s), and caused personal delivery by [Name of Person] of the document(s) listed above to the person(s) at the address(es) set forth above.

☑ **BY ELECTRONIC MAIL**: I served the above-mentioned document electronically on the parties listed at the email addresses above and, to the best of my knowledge, the transmission was complete and without error in that I did not receive an electronic notification to the contrary.

I declare under penalty of perjury under the laws of the United States that the above is true and correct. Executed on April 29, 2026, at Los Angeles, California.

_____
Charlyn Jones

Mitchell
Silberberg &
Knupp LLP

1

**PROOF OF SERVICE**

# EXHIBIT 8

GREGG A. MARTIN (SBN 135685)
GMartin@ggfirm.com
STEVEN A. STEIN (SBN 287401)
SStein@ggfirm.com
ANDREW P. LUX (SBN 345915)
ALux@ggfirm.com
GREENBERG GLUSKER FIELDS CLAMAN &
MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California  90067
Telephone:   310-553-3610
Facsimile:   310-553-0687

Attorneys for Defendant and Counterclaimant
MEMENTUM LAB SAS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SPYDER GAMES LLC, a Louisiana limited liability company; and SPEEDY SIMULATOR GAMING, LLC, a Wyoming limited liability company, <br><br> Plaintiffs and Counter-Defendants, <br><br> v. <br><br> MEMENTUM LAB SAS, a French company, <br><br> Defendant and Counterclaimant. | Case No. 5:25-cv-10248-NW <br><br> **DEFENDANT AND COUNTERCLAIMANT MEMENTUM LAB SAS'S RESPONSE TO PLAINTIFF SPYDER GAMES LLC'S INTERROGATORIES, SET ONE** |

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California  90067

PROPOUNDING PARTY:    **Plaintiff and Counter-Defendant SPYDER GAMES LLC**

RESPONDING PARTY:    **Defendant and Counterclaimant MEMENTUM LAB SAS**

SET NO.:    **ONE**

 

Pursuant to Federal Rules of Civil Procedure 26 and 33, Defendant and Counterclaimant Mementum Lab SAS ("Defendant") responds to Plaintiff and Counter-Defendant Spyder Games, LLC's ("Plaintiff") Interrogatories, Set One ("Requests"), as follows:

## PRELIMINARY STATEMENT

1.    Each of the responses to the individual requests herein incorporates and is subject to this preliminary statement and the general and specific objections set forth below. The preliminary statement and objections form a part of the response to each request and are set forth in this manner to avoid repetition. While the preliminary statement and objections may be referred to specifically in response to an individual request, the failure to do so is not and should not be construed as a waiver thereof.

2.    Defendant has not completed its investigation of the facts relating to this case. In particular, Defendant has not yet had the opportunity to depose or interview all persons who may have knowledge of relevant facts, or to discover or otherwise obtain and review all documents which may have some bearing on this case. The responses herein are thus based on and therefore limited by the documents and information discovered to date. The responses set forth herein are at all times subject to such additional or different information that discovery or further investigation or evaluation may disclose.

3.    Defendant anticipates that further discovery, research and analysis will supply additional facts and additional meaning to the known facts. Without in any

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

way obligating itself to do so, Defendant reserves the right to modify or supplement its responses and to produce, introduce or rely upon subsequently acquired or discovered information or documents at trial or in any pretrial proceedings held herein as additional facts are ascertained, as documents are obtained, as additional contentions are formulated, and as additional discovery, analysis, or research may reveal. Defendant's responses are not in any way to be deemed an admission or representation that there are no further facts, documents, or witnesses with knowledge or information relevant to the subject matter of these requests.

4.    Defendant's responses are made solely for the purposes of this action. Except for express admissions set forth herein, no incidental or implied admissions are intended by these responses. Defendant does not concede the relevance, materiality, propriety, or admissibility of any request or the subject matter to which it relates. These responses are made by Defendant subject to, and without in any way waiving or intending to waive:

a.    Any objections as to competency, materiality, privilege, relevancy, propriety, confidentiality/trade secrecy, admissibility and/or any other objections on grounds which would require exclusion of any information contained herein;

b.    The right to object to other discovery proceedings involving or relating to the same subject matter as these requests; or

c.    The right at any time to revise, correct, add to, or clarify any of the responses set forth herein.  Furthermore, these responses are given subject to correction of any omissions or errors.

5.    Defendant will make reasonable efforts to respond to every request, to the extent it has not been objected to, as Defendant understands and interprets the request, provided that the request is not so vague and ambiguous that a response is impossible. If Plaintiff subsequently asserts an interpretation of the request that

differs from that of Defendant, Defendant reserves the right to supplement its objections and response as necessary.

## GENERAL OBJECTIONS

1. Defendant makes the following objection based on the French Blocking Statute and an opinion issued by the Strategic Intelligence and Economic Security Service ("SISSE") relating to Plaintiffs' discovery requests:

a. Defendant objects that it is a French company, and the French Blocking Statute (*Loi de Blocage*), Law No. 68-678, which was enacted to counter broad United States discovery rules, prohibits, *inter alia*, the disclosure of sensitive economic, commercial, industrial, financial, or technical information by a French entity for use in foreign judicial proceedings outside the framework of international mutual legal assistance schemes.

b. Based on a 2022 amendment to the statute, French entities that are subject to such requests are required to inform SISSE of any such request and provide background on the proceedings in order for SISSE to provide an opinion.

c. On May 5, 2026, consistent with the mandatory notification requirement established under the 2022 amendment, Defendant notified SISSE of Plaintiffs' discovery demands at issue in this proceeding, including its Request for Production of Documents, Set One.

d. On June 5, 2026, SISSE issued a formal written opinion, Reference No. SISSE/2026/06/480, signed by Gustave Gauquelin, Chef du Service de L'Information Stratégique et de la Sécurité Économiques, and copied to senior officials of the French Ministry of Foreign Affairs and Ministry of Justice, including the Director of Criminal Affairs and Pardons (the "SISSE Opinion"). A copy of the SISSE Opinion and its certified English translation is attached hereto as **Exhibit A** and incorporated by reference.

e. The SISSE opinion constitutes an official determination by the French government that the economic, commercial, industrial, financial, and

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

technical documents and information sought in this discovery proceeding may constitute evidence in an ongoing legal proceeding, and that their disclosure to Plaintiffs must comply with the framework established by the international agreements in force between France and the United States—specifically the Hague Convention of March 18, 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters (the "Hague Convention Objection")—and be transmitted through the channels of international mutual legal assistance provided for by those agreements.

f. The SISSE Opinion also confirms that disclosing the information at issue exposes Defendant to criminal penalties in France. Specifically, the SISSE Opinion confirms that any disclosure not in compliance with the French Blocking Statute would likely constitute a criminal violation of the statute, punishable by up to six months' imprisonment and a fine of €90,000. *See* French Law No. 68-678 of July 26, 1968.

g. Defendant does not object to providing Plaintiffs with discovery but believes that such discovery should be conducted within the framework of the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters protocols, and that the parties should meet and confer concerning the same.

2. Defendant objects to these requests, and to each of the requests, on the grounds that they seek information outside the framework of the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters of March 18, 1970, to which both France and the United States are signatories. The SISSE Opinion confirms that the Hague Convention is the applicable and required international framework for discovery of information of the type sought here, and that requests for production must be transmitted through French central. Defendant does not object to providing Plaintiffs with discovery but believes that such discovery should be conducted within the framework of the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters, and that the parties

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

should meet and confer concerning the same.

3. Defendant objects to these requests, and to each of the requests, on the grounds that Plaintiffs' Complaint is moot, the Court lacks subject matter jurisdiction over Plaintiffs' Complaint, and therefore discovery concerning Plaintiffs' declaratory relief claim and Defendant's defendants is not reasonably calculated to lead to admissible evidence. Specifically, Defendant issued a May 21, 2026 Covenant Not to Sue in which it agreed to not engage in the activities that Plaintiffs allege create an actual controversy for this Court to result, thereby mooting Plaintiffs' sole claim for declaratory relief, and divesting the Court of subject matter jurisdiction over Plaintiffs' Complaint. Defendant has filed a motion to dismiss Plaintiffs' Complaint on this basis.

4. Defendant objects to these requests, and to each of the requests, on the grounds that they are overbroad and not reasonably calculated to lead to the discovery of admissible evidence, including to the extent that they use the terms "all" or "any."

5. Defendant further objects to these requests, and to each of the requests, to the extent they seek information protected from disclosure by the attorney-client privilege, the work product doctrine, or any other applicable claim of privilege ("privileged information"). Defendant does not intend to disclose any privileged information in response to these requests, and any undertaking by Defendant to respond to these requests should be understood to exclude privileged information. Any disclosure of privileged information is inadvertent and shall not be deemed to constitute a waiver of any privilege or protection.

6. Defendant objects to these requests in their entirety to the extent they attempt or purport to impose obligations on Defendant beyond those set forth in the Federal Rules of Civil Procedure and Central District Local Rules. In the following responses, all definitions and other instructions shall be treated as having no force or effect to the extent that they exceed those obligations.

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

7.    Defendant objects to each request to the extent it calls for proprietary, confidential, and/or trade secret information of Defendant and/or third parties, and/or information protected by the right of privacy.

8.    Defendant objects to each request to the extent it seeks information or documents that are equally available to Plaintiff and/or within the possession, custody, or control of Plaintiff or any third party.

9.    Defendant objects to each request to the extent it attempts or purports to impose an obligation to investigate or discover information from third parties not under its control and/or persons who are equally accessible to Plaintiff.

10.    Defendant's responses are made subject to all general and specific objections and it specifically reserves the right to reassert those objections by motion or at any time at trial.

## RESPONSE TO INTERROGATORIES

### INTERROGATORY NO. 1:

For each of the Brainrots, identify every AI Tool and non-AI software tool used in its creation, including the name, version, and specific model or service used.

### RESPONSE TO INTERROGATORY NO. 1:

Defendant objects to this Interrogatory to the extent it seeks information not within Defendant's possession, custody, or control, including information known solely to third-parties. Defendant further objects to this Interrogatory as impermissibly compound, conjunctive, or disjunctive. Defendant further objects to this Interrogatory as it contains multiple discrete subparts that collectively exceed the presumptive limit of 25 interrogatories under Federal Rule of Civil Procedure 33(a)(1) as it requests information for dozens of Brainrots. Defendant further objects to this Request as Plaintiffs claim is not ripe as Defendant has not threatened to enforce or enforced its rights in the United States and therefore there is no actual controversy for the Court to resolve. Defendant further objects to this Request as

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

Plaintiffs claim is moot as Defendant has covenanted not to sue Plaintiffs for copyright infringement in the United States or to submit a takedown request under the DMCA as to the Brainrots at issue.

Pursuant to SISSE's formal written opinion, Reference No. SISSE/2026/06/480, dated June 5, 2026, Defendant is unable to respond to Plaintiff's Requests as Defendant cannot provide economic, commercial, industrial, financial, or technical documents and information to Plaintiffs without subjecting itself to criminal liability. *See* French Law No. 68-678 of July 26, 1968. Plaintiffs need to seek discovery from Defendant through the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters.

**INTERROGATORY NO. 2:**

For each of the Brainrots, state the complete text of every prompt, instruction, parameter, or other input provided to each AI Tool used in connection with the creation of that Brainrot.

**RESPONSE TO INTERROGATORY NO. 2:**

Defendant objects to this Interrogatory to the extent it seeks information not within Defendant's possession, custody, or control, including information known solely to third-parties. Defendant further objects to this Interrogatory as unduly burdensome and not proportional to the needs of the case as this Interrogatory requires Defendant to compile information for each of the dozens of Brainrot characters across multiple creators, much of which information, if it exists, is in the possession of the creators themselves and not Defendant. Defendant further objects to this Interrogatory as impermissibly compound, conjunctive, or disjunctive. Defendant further objects to this Interrogatory as it contains multiple discrete subparts that collectively exceed the presumptive limit of 25 interrogatories under Federal Rule of Civil Procedure 33(a)(1) as it requests information for dozens of Brainrots. Defendant further objects to this Request as Plaintiffs claim is not ripe as Defendant has not threatened to enforce or enforced its rights in the United States

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

and therefore there is no actual controversy for the Court to resolve. Defendant further objects to this Request as Plaintiffs claim is moot as Defendant has covenanted not to sue Plaintiffs for copyright infringement in the United States or to submit a takedown request under the DMCA as to the Brainrots at issue.

Pursuant to SISSE's formal written opinion, Reference No. SISSE/2026/06/480, dated June 5, 2026, Defendant is unable to respond to Plaintiff's Requests as Defendant cannot provide economic, commercial, industrial, financial, or technical documents and information to Plaintiffs without subjecting itself to criminal liability. *See* French Law No. 68-678 of July 26, 1968. Plaintiffs need to seek discovery from Defendant through the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters.

## INTERROGATORY NO. 3:

For each of the Brainrots, describe in detail the process by which it was created from initial concept to final form, including the sequence of steps taken and the role of each AI Tool or non-AI software tool identified in the preceding interrogatories.

## RESPONSE TO INTERROGATORY NO. 3:

Defendant objects to this Interrogatory to the extent it seeks information not within Defendant's possession, custody, or control, including information known solely to third-parties. Defendant further objects to this Interrogatory as unduly burdensome and not proportional to the needs of the case as this Interrogatory requires Defendant to compile information for each of the dozens of Brainrot characters across multiple creators, much of which information, if it exists, is in the possession of the creators themselves and not Defendant. Defendant further objects to this Interrogatory as the phrase "final form" is vague and ambiguous. Defendant further objects to this Interrogatory as impermissibly compound, conjunctive, or disjunctive. Defendant further objects to this Interrogatory as it contains multiple discrete subparts that collectively exceed the presumptive limit of 25 interrogatories

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

under Federal Rule of Civil Procedure 33(a)(1) as it requests information for dozens of Brainrots. Defendant further objects to this Request as Plaintiffs claim is not ripe as Defendant has not threatened to enforce or enforced its rights in the United States and therefore there is no actual controversy for the Court to resolve. Defendant further objects to this Request as Plaintiffs claim is moot as Defendant has covenanted not to sue Plaintiffs for copyright infringement in the United States or to submit a takedown request under the DMCA as to the Brainrots at issue.

Pursuant to SISSE's formal written opinion, Reference No. SISSE/2026/06/480, dated June 5, 2026, Defendant is unable to respond to Plaintiff's Requests as Defendant cannot provide economic, commercial, industrial, financial, or technical documents and information to Plaintiffs without subjecting itself to criminal liability. *See* French Law No. 68-678 of July 26, 1968. Plaintiffs need to seek discovery from Defendant through the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters.

**INTERROGATORY NO. 4:**

For each of the Brainrots, identify which specific visual or expressive elements of the final work were generated autonomously by an AI Tool, and which specific visual or expressive elements, if any, were contributed by a human being at any stage of the creation process, whether before, during, or after the use of any AI Tool.

**RESPONSE TO INTERROGATORY NO. 4:**

Defendant objects to this Interrogatory to the extent it seeks information not within Defendant's possession, custody, or control, including information known solely to third-parties. Defendant further objects to this Interrogatory as unduly burdensome and not proportional to the needs of the case as this Interrogatory requires Defendant to compile information for each of the dozens of Brainrot characters across multiple creators, much of which information, if it exists, is in the possession of the creators themselves and not Defendant. Defendant further objects to this Interrogatory as it contains multiple discrete subparts that collectively exceed

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

the presumptive limit of 25 interrogatories under Federal Rule of Civil Procedure 33(a)(1) as it requests information for dozens of Brainrots. Defendant further objects to this Interrogatory as vague and ambiguous as to the terms or phrases "generated" and "creation process." Defendant further objects to this Request as Plaintiffs claim is not ripe as Defendant has not threatened to enforce or enforced its rights in the United States and therefore there is no actual controversy for the Court to resolve. Defendant further objects to this Request as Plaintiffs claim is moot as Defendant has covenanted not to sue Plaintiffs for copyright infringement in the United States or to submit a takedown request under the DMCA as to the Brainrots at issue.

Pursuant to SISSE's formal written opinion, Reference No. SISSE/2026/06/480, dated June 5, 2026, Defendant is unable to respond to Plaintiff's Requests as Defendant cannot provide economic, commercial, industrial, financial, or technical documents and information to Plaintiffs without subjecting itself to criminal liability. *See* French Law No. 68-678 of July 26, 1968. Plaintiffs need to seek discovery from Defendant through the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters.

**INTERROGATORY NO. 5:**

Identify each human being who contributed to the creation of any of the Brainrots in any capacity, and for each such person, describe the nature and extent of that person's contribution, including any conceptualization, sketching, drafting, directing, prompting, selecting, arranging, editing, or other creative activity.

**RESPONSE TO INTERROGATORY NO. 5:**

Defendant objects to this Interrogatory as unduly burdensome and not proportional to the needs of the case as this Interrogatory requires Defendant to compile information for each of the dozens of Brainrot characters across multiple creators, much of which information, if it exists, is in the possession of the creators themselves and not Defendant. Defendant further objects to this Interrogatory as impermissibly compound, conjunctive, or disjunctive. Defendant further objects to

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

this Interrogatory as it contains multiple discrete subparts that collectively exceed the presumptive limit of 25 interrogatories under Federal Rule of Civil Procedure 33(a)(1) as it requests information for dozens of Brainrots. Defendant further objects to this Request as Plaintiffs claim is not ripe as Defendant has not threatened to enforce or enforced its rights in the United States and therefore there is no actual controversy for the Court to resolve. Defendant further objects to this Request as Plaintiffs claim is moot as Defendant has covenanted not to sue Plaintiffs for copyright infringement in the United States or to submit a takedown request under the DMCA as to the Brainrots at issue.

Pursuant to SISSE's formal written opinion, Reference No. SISSE/2026/06/480, dated June 5, 2026, Defendant is unable to respond to Plaintiff's Requests as Defendant cannot provide economic, commercial, industrial, financial, or technical documents and information to Plaintiffs without subjecting itself to criminal liability. *See* French Law No. 68-678 of July 26, 1968. Plaintiffs need to seek discovery from Defendant through the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters.

**INTERROGATORY NO. 6:**

To the extent You contend that any of the Brainrots constitute copyrightable expression, identify each Brainrot for which copyright protection is claimed and describe with specificity the elements of each that You contend constitute protectable original expression.

**RESPONSE TO INTERROGATORY NO. 6:**

Defendant objects to this Interrogatory to the extent it calls for a legal conclusion or seeks information that is the subject of expert testimony. Fed. R. Civ. P. 26(a)(2). Defendant further objects to this Interrogatory to the extent it seeks information not within Defendant's possession, custody, or control, including information known solely to third-parties. Defendant further objects to this Interrogatory as unduly burdensome and not proportional to the needs of the case as

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

this Interrogatory requires Defendant to compile information for each of the dozens of Brainrot characters across multiple creators, much of which information, if it exists, is in the possession of the creators themselves and not Defendant. Defendant further objects to this Interrogatory as impermissibly compound, conjunctive, or disjunctive. Defendant further objects to this Interrogatory as it contains multiple discrete subparts that collectively exceed the presumptive limit of 25 interrogatories under Federal Rule of Civil Procedure 33(a)(1) as it requests information for dozens of Brainrots.

Pursuant to SISSE's formal written opinion, Reference No. SISSE/2026/06/480, dated June 5, 2026, Defendant is unable to respond to Plaintiff's Requests as Defendant cannot provide economic, commercial, industrial, financial, or technical documents and information to Plaintiffs without subjecting itself to criminal liability. *See* French Law No. 68-678 of July 26, 1968. Plaintiffs need to seek discovery from Defendant through the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters.

**INTERROGATORY NO. 7:**

For each of the Brainrots, state whether any human being modified, edited, refined, or otherwise altered the output generated by any AI Tool after that output was produced, and if so, describe in detail each such modification, including: (a) the identity of the person who made the modification; (b) what the AI-generated output looked like before the modification; (c) what the modification consisted of; and (d) the tools used to make the modification.

**RESPONSE TO INTERROGATORY NO. 7:**

Defendant objects to this Interrogatory to the extent it seeks information not within Defendant's possession, custody, or control, including information known solely to third-parties. Defendant further objects to this Interrogatory as unduly burdensome and not proportional to the needs of the case as this Interrogatory requires Defendant to compile information for each of the dozens of Brainrot

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

characters across multiple creators, much of which information, if it exists, is in the possession of the creators themselves and not Defendant. Defendant further objects to this Interrogatory as impermissibly compound, conjunctive, or disjunctive. Defendant further objects to this Interrogatory as it contains multiple discrete subparts that collectively exceed the presumptive limit of 25 interrogatories under Federal Rule of Civil Procedure 33(a)(1) as it requests information for dozens of Brainrots. Defendant further objects to this Request as Plaintiffs claim is not ripe as Defendant has not threatened to enforce or enforced its rights in the United States and therefore there is no actual controversy for the Court to resolve. Defendant further objects to this Request as Plaintiffs claim is moot as Defendant has covenanted not to sue Plaintiffs for copyright infringement in the United States or to submit a takedown request under the DMCA as to the Brainrots at issue.

Pursuant to SISSE's formal written opinion, Reference No. SISSE/2026/06/480, dated June 5, 2026, Defendant is unable to respond to Plaintiff's Requests as Defendant cannot provide economic, commercial, industrial, financial, or technical documents and information to Plaintiffs without subjecting itself to criminal liability. *See* French Law No. 68-678 of July 26, 1968. Plaintiffs need to seek discovery from Defendant through the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters.

**INTERROGATORY NO. 8:**

Describe in detail the factual basis for any claim that Plaintiffs' use of any Brainrot in the Game infringes Your purported rights, including: (a) which specific elements of Plaintiffs' depictions You contend are substantially similar to Your purported copyrightable expression; (b) the basis for Your contention that Plaintiffs had access to Your purported works; and (c) any evidence of actual copying.

**RESPONSE TO INTERROGATORY NO. 8:**

Defendant objects to this Interrogatory to the extent it seeks information not within Defendant's possession, custody, or control, including information known

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

solely to third-parties. Defendant further objects to this Interrogatory as unduly burdensome and not proportional to the needs of the case as this Interrogatory requires Defendant to compile information for each of the dozens of Brainrot characters across multiple creators, much of which information, if it exists, is in the possession of the creators themselves and not Defendant. Defendant further objects to this Interrogatory as impermissibly compound, conjunctive, or disjunctive. Defendant further objects to this Interrogatory as it contains multiple discrete subparts that collectively exceed the presumptive limit of 25 interrogatories under Federal Rule of Civil Procedure 33(a)(1) as it requests information for dozens of Brainrots. Defendant further objects to this Request as Plaintiffs claim is not ripe as Defendant has not threatened to enforce or enforced its rights in the United States and therefore there is no actual controversy for the Court to resolve. Defendant further objects to this Request as Plaintiffs claim is moot as Defendant has covenanted not to sue Plaintiffs for copyright infringement in the United States or to submit a takedown request under the DMCA as to the Brainrots at issue.

Pursuant to SISSE's formal written opinion, Reference No. SISSE/2026/06/480, dated June 5, 2026, Defendant is unable to respond to Plaintiff's Requests as Defendant cannot provide economic, commercial, industrial, financial, or technical documents and information to Plaintiffs without subjecting itself to criminal liability. *See* French Law No. 68-678 of July 26, 1968. Plaintiffs need to seek discovery from Defendant through the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters.

**INTERROGATORY NO. 9:**

State the amount of all revenue, income, or other monetary benefit You have received or expect to receive in connection with the Brainrots, including revenue from licensing, merchandising, or any other commercial exploitation, and identify the source and amount of each such payment.

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

**RESPONSE TO INTERROGATORY NO. 9:**

Defendant objects to this Interrogatory to the extent it seeks confidential, proprietary, or trade secret information of Defendant or third parties. Defendant further objects to this Interrogatory as impermissibly compound, conjunctive, or disjunctive. Defendant further objects to this Interrogatory as it exceeds the presumptive limit of 25 interrogatories under Federal Rule of Civil Procedure 33(a)(1). Defendant further objects to this Request as Plaintiffs claim is not ripe as Defendant has not threatened to enforce or enforced its rights in the United States and therefore there is no actual controversy for the Court to resolve. Defendant further objects to this Request as Plaintiffs claim is moot as Defendant has covenanted not to sue Plaintiffs for copyright infringement in the United States or to submit a takedown request under the DMCA as to the Brainrots at issue.

Pursuant to SISSE's formal written opinion, Reference No. SISSE/2026/06/480, dated June 5, 2026, Defendant is unable to respond to Plaintiff's Requests as Defendant cannot provide economic, commercial, industrial, financial, or technical documents and information to Plaintiffs without subjecting itself to criminal liability. *See* French Law No. 68-678 of July 26, 1968. Plaintiffs need to seek discovery from Defendant through the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters.

**INTERROGATORY NO. 10:**

To the extent You contend that You are the owner, assignee, or licensee of a copyright in any of the Brainrots, state the factual basis for that claim as to each such Brainrot, including: (a) the identity of the author or authors; (b) the nature of each author's contribution; and (c) the chain of title from the author(s) to You.

**RESPONSE TO INTERROGATORY NO. 10:**

Defendant objects to this Interrogatory to the extent it seeks confidential, proprietary, or trade secret information of Defendant or third parties. Defendant further objects to this Interrogatory as impermissibly compound, conjunctive, or

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

disjunctive. Defendant further objects to this Interrogatory as it contains multiple discrete subparts that collectively exceed the presumptive limit of 25 interrogatories under Federal Rule of Civil Procedure 33(a)(1) as it requests information for dozens of Brainrots. Defendant further objects to this Request as Plaintiffs claim is not ripe as Defendant has not threatened to enforce or enforced its rights in the United States and therefore there is no actual controversy for the Court to resolve. Defendant further objects to this Request as Plaintiffs claim is moot as Defendant has covenanted not to sue Plaintiffs for copyright infringement in the United States or to submit a takedown request under the DMCA as to the Brainrots at issue.

Pursuant to SISSE's formal written opinion, Reference No. SISSE/2026/06/480, dated June 5, 2026, Defendant is unable to respond to Plaintiff's Requests as Defendant cannot provide economic, commercial, industrial, financial, or technical documents and information to Plaintiffs without subjecting itself to criminal liability. *See* French Law No. 68-678 of July 26, 1968. Plaintiffs need to seek discovery from Defendant through the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters.

**INTERROGATORY NO. 11:**

Identify by name each character, image, design, or work within the "Italian Brainrot universe," other than the Brainrots, in which You claim to own, control, or hold an exclusive license to any intellectual property right, and for each, state: (a) its name or title; (b) the identity of the author or authors; (c) the nature of each author's contribution; and (d) the chain of title from the author(s) to You.

**RESPONSE TO INTERROGATORY NO. 11:**

Defendant objects to this Interrogatory to the extent it seeks confidential, proprietary, or trade secret information of Defendant or third parties. Defendant further objects to this Interrogatory as vague and ambiguous as to the term "Italian Brainrot universe" which is not defined in the Interrogatories. Defendant further objects to this Interrogatory as impermissibly compound, conjunctive, or disjunctive.

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

Defendant further objects to this Request on the grounds that it calls for documents beyond the scope of permissible discovery that are not relevant to the subject matter or likely to lead to discovery of admissible evidence. Defendant further objects to this Interrogatory as it contains multiple discrete subparts that collectively exceed the presumptive limit of 25 interrogatories under Federal Rule of Civil Procedure 33(a)(1). Defendant further objects to this Request as Plaintiffs claim is not ripe as Defendant has not threatened to enforce or enforced its rights in the United States and therefore there is no actual controversy for the Court to resolve. Defendant further objects to this Request as Plaintiffs claim is moot as Defendant has covenanted not to sue Plaintiffs for copyright infringement in the United States or to submit a takedown request under the DMCA as to the Brainrots at issue.

Pursuant to SISSE's formal written opinion, Reference No. SISSE/2026/06/480, dated June 5, 2026, Defendant is unable to respond to Plaintiff's Requests as Defendant cannot provide economic, commercial, industrial, financial, or technical documents and information to Plaintiffs without subjecting itself to criminal liability. *See* French Law No. 68-678 of July 26, 1968. Plaintiffs need to seek discovery from Defendant through the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters.

**INTERROGATORY NO. 12:**

State all facts supporting Your contention in Paragraph 22 of the Counterclaims that the Tung Tung Sahur Mark is distinctive and serves to identify the source of Your goods or services in the minds of consumers.

**RESPONSE TO INTERROGATORY NO. 12:**

Defendant objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege or the attorney work-product doctrine. Defendant further objects to this Interrogatory to the extent it calls for a legal conclusion or seeks information that is the subject of expert testimony. Defendant further objects to this Interrogatory as it exceeds the presumptive limit of 25

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

interrogatories under Federal Rule of Civil Procedure 33(a)(1).

Pursuant to SISSE's formal written opinion, Reference No. SISSE/2026/06/480, dated June 5, 2026, Defendant is unable to respond to Plaintiff's Requests as Defendant cannot provide economic, commercial, industrial, financial, or technical documents and information to Plaintiffs without subjecting itself to criminal liability. *See* French Law No. 68-678 of July 26, 1968. Plaintiffs need to seek discovery from Defendant through the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters.

**INTERROGATORY NO. 13:**

State all facts supporting Your contention in Paragraph 22 of the Counterclaims that the Tung Tung Sahur Mark is famous and has "an extremely high degree of recognition among consumers."

**RESPONSE TO INTERROGATORY NO. 13:**

Defendant objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege or the attorney work-product doctrine. Defendant further objects to this Interrogatory to the extent it calls for a legal conclusion or seeks information that is the subject of expert testimony. Defendant further objects to this Interrogatory as it exceeds the presumptive limit of 25 interrogatories under Federal Rule of Civil Procedure 33(a)(1).

Pursuant to SISSE's formal written opinion, Reference No. SISSE/2026/06/480, dated June 5, 2026, Defendant is unable to respond to Plaintiff's Requests as Defendant cannot provide economic, commercial, industrial, financial, or technical documents and information to Plaintiffs without subjecting itself to criminal liability. *See* French Law No. 68-678 of July 26, 1968. Plaintiffs need to seek discovery from Defendant through the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters.

**INTERROGATORY NO. 14:**

State the date on which You or any licensee first used the Tung Tung Sahur

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

Mark in commerce in the United States, the nature of that use, the identity of the person or entity that made such use, and whether such use was authorized by You at the time it occurred or whether authorization was granted retroactively.

**RESPONSE TO INTERROGATORY NO. 14:**

Defendant objects to this Interrogatory to the extent it seeks confidential, proprietary, or trade secret information of Defendant or third parties. Defendant further objects to this Interrogatory as it exceeds the presumptive limit of 25 interrogatories under Federal Rule of Civil Procedure 33(a)(1).

Pursuant to SISSE's formal written opinion, Reference No. SISSE/2026/06/480, dated June 5, 2026, Defendant is unable to respond to Plaintiff's Requests as Defendant cannot provide economic, commercial, industrial, financial, or technical documents and information to Plaintiffs without subjecting itself to criminal liability. *See* French Law No. 68-678 of July 26, 1968. Plaintiffs need to seek discovery from Defendant through the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters.

**INTERROGATORY NO. 15:**

Identify each licensee that has used the Tung Tung Sahur Mark in commerce in the United States, and for each such licensee, state: (a) the date of first use in the United States; (b) the goods or services in connection with which the mark was used; and (c) the geographic scope of use.

**RESPONSE TO INTERROGATORY NO. 15:**

Defendant objects to this Interrogatory to the extent it seeks confidential, proprietary, or trade secret information of Defendant or third parties. Defendant further objects to this Interrogatory as it exceeds the presumptive limit of 25 interrogatories under Federal Rule of Civil Procedure 33(a)(1).

Pursuant to SISSE's formal written opinion, Reference No. SISSE/2026/06/480, dated June 5, 2026, Defendant is unable to respond to Plaintiff's Requests as Defendant cannot provide economic, commercial, industrial, financial,

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

or technical documents and information to Plaintiffs without subjecting itself to criminal liability. *See* French Law No. 68-678 of July 26, 1968. Plaintiffs need to seek discovery from Defendant through the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters.

**INTERROGATORY NO. 16:**

Identify all instances in which any person has been confused, or has expressed the belief, that the Game is produced by, affiliated with, sponsored by, or approved by You, including: (a) the identity of each such person; (b) the date of the alleged confusion; (c) the circumstances under which it occurred; and (d) whether the expression of confusion was oral or written.

**RESPONSE TO INTERROGATORY NO. 16:**

Defendant objects to this Interrogatory to the extent it seeks confidential, proprietary, or trade secret information of Defendant or third parties. Defendant further objects to this Interrogatory as it exceeds the presumptive limit of 25 interrogatories under Federal Rule of Civil Procedure 33(a)(1). Defendant further objects to this Interrogatory as premature as discovery is ongoing and Defendant has not yet had the opportunity to fully investigate instances of consumer confusion.

Pursuant to SISSE's formal written opinion, Reference No. SISSE/2026/06/480, dated June 5, 2026, Defendant is unable to respond to Plaintiff's Requests as Defendant cannot provide economic, commercial, industrial, financial, or technical documents and information to Plaintiffs without subjecting itself to criminal liability. *See* French Law No. 68-678 of July 26, 1968. Plaintiffs need to seek discovery from Defendant through the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters.

**INTERROGATORY NO. 17:**

Describe the channels in which You market or advertise using the Tung Tung Sahur Mark, including the specific platforms, media, or outlets used and the geographic markets targeted.

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

**RESPONSE TO INTERROGATORY NO. 17:**

Defendant objects to this Interrogatory to the extent it seeks confidential, proprietary, or trade secret information of Defendant or third parties. Defendant further objects to this Interrogatory as it exceeds the presumptive limit of 25 interrogatories under Federal Rule of Civil Procedure 33(a)(1).

Pursuant to SISSE's formal written opinion, Reference No. SISSE/2026/06/480, dated June 5, 2026, Defendant is unable to respond to Plaintiff's Requests as Defendant cannot provide economic, commercial, industrial, financial, or technical documents and information to Plaintiffs without subjecting itself to criminal liability. *See* French Law No. 68-678 of July 26, 1968. Plaintiffs need to seek discovery from Defendant through the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters.

**INTERROGATORY NO. 18:**

State all facts supporting Your contention in Paragraph 25 of the Counterclaim that Plaintiffs' use of Tung Tung Sahur in the Game is likely to cause confusion among ordinary consumers as to the source, sponsorship, affiliation, or approval of the character and/or the Game.

**RESPONSE TO INTERROGATORY NO. 18:**

Defendant objects to this Interrogatory to the extent it seeks confidential, proprietary, or trade secret information of Defendant or third parties. Defendant further objects to this Interrogatory as it exceeds the presumptive limit of 25 interrogatories under Federal Rule of Civil Procedure 33(a)(1). Defendant further objects to this Interrogatory to the extent it calls for a legal conclusion or seeks information that is the subject of expert testimony.

Pursuant to SISSE's formal written opinion, Reference No. SISSE/2026/06/480, dated June 5, 2026, Defendant is unable to respond to Plaintiff's Requests as Defendant cannot provide economic, commercial, industrial, financial, or technical documents and information to Plaintiffs without subjecting itself to

criminal liability. *See* French Law No. 68-678 of July 26, 1968. Plaintiffs need to seek discovery from Defendant through the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters.

**INTERROGATORY NO. 19:**

State the amount of damages You claim on each counterclaim, including a detailed computation of how each amount was calculated, and identify each category of damage sought (including actual damages, lost profits, disgorgement, punitive or exemplary damages, and attorneys' fees).

**RESPONSE TO INTERROGATORY NO. 19:**

Defendant objects to this Interrogatory to the extent it seeks confidential, proprietary, or trade secret information of Defendant or third parties. Defendant further objects to this Interrogatory as it exceeds the presumptive limit of 25 interrogatories under Federal Rule of Civil Procedure 33(a)(1). Defendant further objects to this Interrogatory as premature as discovery is ongoing and Defendant has not yet had the opportunity to fully investigate instances of consumer confusion.

Pursuant to SISSE's formal written opinion, Reference No. SISSE/2026/06/480, dated June 5, 2026, Defendant is unable to respond to Plaintiff's Requests as Defendant cannot provide economic, commercial, industrial, financial, or technical documents and information to Plaintiffs without subjecting itself to criminal liability. *See* French Law No. 68-678 of July 26, 1968. Plaintiffs need to seek discovery from Defendant through the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters.

**INTERROGATORY NO. 20:**

State all facts supporting Your contention that each licensee's use of the Tung Tung Sahur Mark in United States commerce inures to Your benefit pursuant to 15 U.S.C. § 1055, including the specific quality control measures exercised over each licensee, when such quality control measures were first implemented with respect to each licensee, and whether any licensee used the Tung Tung Sahur Mark in

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

commerce prior to the implementation of any quality control by You.

**RESPONSE TO INTERROGATORY NO. 20:**

Defendant objects to this Interrogatory to the extent it seeks confidential, proprietary, or trade secret information of Defendant or third parties. Defendant further objects to this Interrogatory as impermissibly compound, conjunctive, or disjunctive. Defendant further objects to this Interrogatory as it exceeds the presumptive limit of 25 interrogatories under Federal Rule of Civil Procedure 33(a)(1).

Pursuant to SISSE's formal written opinion, Reference No. SISSE/2026/06/480, dated June 5, 2026, Defendant is unable to respond to Plaintiff's Requests as Defendant cannot provide economic, commercial, industrial, financial, or technical documents and information to Plaintiffs without subjecting itself to criminal liability. *See* French Law No. 68-678 of July 26, 1968. Plaintiffs need to seek discovery from Defendant through the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters.

**INTERROGATORY NO. 21:**

State all facts supporting Your contention that You are entitled to protection against unfair competition under 15 U.S.C. § 1126(h) and (i), including the specific acts of unfair competition alleged and the convention, treaty or reciprocal law provisions upon which You rely.

**RESPONSE TO INTERROGATORY NO. 21:**

Defendant objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege or the attorney work-product doctrine. Defendant further objects to this Interrogatory as it exceeds the presumptive limit of 25 interrogatories under Federal Rule of Civil Procedure 33(a)(1).

Pursuant to SISSE's formal written opinion, Reference No. SISSE/2026/06/480, dated June 5, 2026, Defendant is unable to respond to Plaintiff's Requests as Defendant cannot provide economic, commercial, industrial, financial,

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

or technical documents and information to Plaintiffs without subjecting itself to criminal liability. *See* French Law No. 68-678 of July 26, 1968. Plaintiffs need to seek discovery from Defendant through the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters.

**INTERROGATORY NO. 22:**

For each Request for Admission in Plaintiff's Requests for Admission, Set One, to which Your response is anything other than an unqualified admission, state all facts upon which You base Your response, identify all documents that support Your response, and identify all persons with knowledge of such facts.

**RESPONSE TO INTERROGATORY NO. 22:**

Defendant objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege or the attorney work-product doctrine. Defendant further objects to this Interrogatory to the extent it seeks confidential, proprietary, or trade secret information of Defendant or third parties. Defendant further objects to this Interrogatory as impermissibly compound, conjunctive, or disjunctive. Defendant further objects to this Interrogatory as compound and containing multiple discrete subparts that collectively exceed the presumptive limit of 25 interrogatories under Federal Rule of Civil Procedure 33(a)(1).

Pursuant to SISSE's formal written opinion, Reference No. SISSE/2026/06/480, dated June 5, 2026, Defendant is unable to respond to Plaintiff's Requests as Defendant cannot provide economic, commercial, industrial, financial, or technical documents and information to Plaintiffs without subjecting itself to criminal liability. *See* French Law No. 68-678 of July 26, 1968. Plaintiffs need to seek discovery from Defendant through the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters.

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

DATED:  June 12, 2026

GREENBERG GLUSKER FIELDS
CLAMAN & MACHTINGER LLP

By: _____
STEVEN A. STEIN (SBN 287401)
ANDREW P. LUX (SBN 345915)
Attorneys for Defendant and
Counterclaimant MEMENTUM
LAB SAS

56669-00002/8040382.5

26

5:25-CV-10248-NW
DEFENDANT'S RESPONSE TO
PLAINTIFF'S INTERROGATORIES, SET ONE

# EXHIBIT "A"

**MINISTÈRE
DE L'ÉCONOMIE,
DES FINANCES
ET DE LA SOUVERAINETÉ
INDUSTRIELLE ET NUMÉRIQUE**
*Liberté
Égalité
Fraternité*

**Direction générale
des Entreprises**

**d&a partners**
Maître Matthieu Quiniou
Avocat associé
22 boulevard Malesherbes
75008 Paris

Réf. : SISSE/2026/06/480

Annexe : Traduction en anglais / Courtesy
translation

Paris, le 05/06/2026,

Maître,

Vous nous avez informés le 5 mai 2026 que la société Mementum Lab (société de droit français) est actuellement défenderesse devant la *United States District Court Northern District of California*, dans le cadre d'une procédure civile initiée par la société Spyder Games LLC en matière de droit d'auteur. Dans ce contexte, la juridiction américaine a sollicité, par trois ordonnances de « *discovery* » du 29 avril 2026, la production de documents et renseignements relatifs aux activités de Mementum Lab.

Conformément à la loi n° 68-678 du 26 juillet 1968 et au décret n° 2022-207 du 18 février 2022, vous avez saisi le Service de l'Information Stratégique et de la Sécurité Économiques (SISSE) du Ministère de l'Économie, des Finances et de la Souveraineté industrielle et numérique, en sa qualité de « guichet unique » afin d'obtenir **un avis sur l'applicabilité de l'article 1ᵉʳ *bis* de la loi de 1968 concernant la communication d'informations dans le cadre de cette procédure de « *discovery* »**.

L'article 1ᵉʳ *bis* de la loi susvisée dispose qu'« *il est interdit à toute personne de demander, de rechercher ou de communiquer, par écrit, oralement ou sous toute autre forme, des documents ou renseignements d'ordre économique, commercial, industriel, financier ou technique tendant à la constitution de preuves en vue de procédures judiciaires ou administratives étrangères ou dans le cadre de celles-ci* ». Cette interdiction s'applique « *sous réserve des traités ou accords internationaux et des lois et règlements en vigueur* ».

La portée de l'interdiction définie à l'article 1er *bis* est particulièrement large puisqu'elle s'applique même si la recherche de document ou renseignement n'est pas suivie d'effet, celle-ci étant déterminée par la finalité de la transmission, à savoir « *la constitution de preuves en vue de procédures judiciaires ou administratives étrangères ou dans le cadre de celles-ci* ». Toute communication, même volontaire, serait ainsi susceptible de constituer une infraction à la loi pénale de 1968 si elle ne suivait pas les canaux de l'entraide judiciaire internationale.

En l'espèce, les documents et renseignements d'ordre économique, commercial, industriel, financier ou technique, sollicités dans cette procédure de « *discovery* », sont susceptibles de constituer des preuves dans le cadre d'une procédure judiciaire en cours. Leur transmission à une juridiction américaine doit donc nécessairement respecter le cadre prévu par les accords internationaux en vigueur entre la France et les États-Unis et transiter par les canaux d'entraide judiciaire internationale prévus par ces accords.

La Convention de la Haye du 18 mars 1970 relative à l'obtention des preuves à l'étranger en matière civile ou commerciale est applicable entre la France et les Etats-Unis. Cette convention prévoit que les demandes de production de documents doivent être transmises, par les autorités compétentes américaines (chapitre I de la Convention) ou le commissaire désigné par ces derniers (chapitre II de la Convention), à l'autorité centrale désignée par les autorités françaises, à savoir le Département de l'entraide, du droit international privé et européen de la direction des affaires civiles et du sceau du ministère de la Justice.

Par ailleurs, toute communication d'informations serait également à évaluer à l'aune de l'article 1er de la loi de 1968 qui dispose : « *Sous réserve des traités ou accords internationaux, il est interdit à toute personne physique de nationalité française ou résidant habituellement sur le territoire français et à tout dirigeant, représentant, agent ou préposé d'une personne morale y ayant son siège ou un établissement de communiquer par écrit, oralement ou sous toute autre forme, en quelque lieu que ce soit, à des autorités publiques étrangères, les documents ou les renseignements d'ordre économique, commercial, industriel, financier ou technique dont la communication est de nature à porter atteinte à la souveraineté, à la sécurité, aux intérêts économiques essentiels de la France ou à l'ordre public, précisés par l'autorité administrative en tant que de besoin* ».

La loi n° 68-678 du 26 juillet 1968 poursuit **un objectif majeur de protection de la souveraineté de l'Etat français et de préservation contre les atteintes à l'ordre public**. C'est pourquoi, elle est **appliquée strictement** à l'égard de toute personne qui commettrait l'une des infractions visées sur le territoire national comme toute loi pénale[1]. La violation d'une interdiction édictée par cette loi fait **encourir les peines de 6 mois d'emprisonnement et 18 000 euros d'amende pour les personnes physiques** conformément à l'article 3 de la loi susvisée et **90 000 euros d'amende pour les personnes morales**[2]. Pour rappel, la mise en œuvre de ces sanctions pénales a déjà été confirmée par la Cour de cassation[3].

---

[1] Cf articles 113-2 et suivants du code pénal sur l'application de la loi pénale française

[2] Cf. Article 131-38 du code pénal.

[3] Chambre criminelle de la Cour de cassation, 12 décembre 2007, n°07-83.228 : https://www.legifrance.gouv.fr/juri/id/JURITEXT000017837490/.

En cas d'interrogations sur l'application de la loi de 1968, vous pouvez inviter les autorités américaines à prendre l'attache de notre service (*guichet.sisse@finances.gouv.fr*). Pour toute question relative à une demande d'entraide civile internationale, vous pouvez également inviter les autorités américaines à prendre l'attache du Ministère de la Justice à l'adresse suivante (*entraide-civile-internationale@justice.gouv.fr*).

Je vous prie d'agréer, Maître, l'expression de mes salutations distinguées.

GUSTAVE **GAUQUELIN**
CHEF DU SERVICE DE
L'INFORMATION STRATEGIQUE ET DE
LA SECURITE ECONOMIQUES

<u>Copies</u> :
- Ministère de l'Europe et des Affaires Étrangères :
    o M. Anne GRILLO, Directrice générale de la mondialisation, de la culture, de l'enseignement et du développement international ;
    o M. Damien LORAS, Directeur de la diplomatie économique.
- Ministère de la Justice :
    o Mme Valérie DELNAUD, Directrice des affaires civiles et du Sceau ;
    o M$^{me}$ Laureline PEYREFITTE, Directrice des affaires criminelles et des grâces.
- Cabinet d'avocats d&a partners :
    o Maître Matthieu Quiniou, avocat associé.

## ANNEXE

## TRADUCTION EN ANGLAIS / COURTESY TRANSLATION

Paris, June 5, 2026,

Counsel,

You informed us on May 5, 2026, that Mementum Lab (a company incorporated under French law) is currently a defendant in the United States District Court for the Northern District of California in a civil proceeding initiated by Spyder Games LLC (a company incorporated under U.S. law) regarding copyright matters. In this context, the U.S. court has requested, through three discovery orders dated April 29, 2026, the production of documents and information relating to Mementum Lab's activities.

In accordance with Law No. 68-678 of July 26, 1968, and Decree No. 2022-207 of February 18, 2022, you have referred the matter to the Strategic Information and Economic Security Service (SISSE) of the Ministry of the Economy, Finance, and Industrial and Digital Sovereignty, in its capacity as a "one-stop shop," to obtain **an opinion on the applicability of Article 1 *bis* of the 1968 Act concerning the disclosure of information in the context of this "discovery" proceeding.**

Article 1 bis of the aforementioned law provides that *"no person shall request, seek, or disclose, in writing, orally, or in any other form, documents or information of an economic, commercial, industrial, financial, or technical nature intended to constitute evidence for, or in the context of, foreign judicial or administrative proceedings."* This prohibition applies *"subject to international treaties or agreements and the laws and regulations in force."*

The scope of the prohibition defined in Article 1 bis is particularly broad, as it applies even if the search for documents or information is not successful, since this is determined by the purpose of the transmission, namely ***"the gathering of evidence for foreign judicial or administrative proceedings or in the context thereof."* Any disclosure, even if voluntary, would thus be likely to constitute a violation of the 1968 criminal law if it did not follow the channels of international mutual legal assistance.**

**In this case, the economic, commercial, industrial, financial, or technical documents and information sought in this discovery proceeding may constitute evidence in an ongoing legal proceeding. Their transmission to a U.S. court must therefore necessarily comply with the framework established by the international agreements in force between France and the United States and be transmitted through the channels of international mutual legal assistance provided for by those agreements.**

**The Hague Convention of March 18, 1970, on the Taking of Evidence Abroad in Civil or Commercial Matters is applicable between France and the United States.** This Convention provides that requests for the production of documents must be transmitted by the competent U.S. authorities (Chapter I of the Convention) or the commissioner designated by them (Chapter II of the Convention) to the central authority designated by the French authorities, namely the Department of Mutual Legal Assistance, Private International Law, and European Law within the Directorate of Civil Affairs and the Seal of the Ministry of Justice.

**Furthermore, any disclosure of information must also be assessed in light of Article 1 of the 1968 Act, which provides**: "*Subject to international treaties or agreements, it is prohibited for any natural person of French nationality or habitually residing on French territory, and for any director, representative, agent, or employee of a legal entity having its headquarters or an establishment there, to communicate in writing, orally, or in any other form, in any location whatsoever, to foreign public authorities, documents or information of an economic, commercial, industrial, financial, or technical nature, the disclosure of which is likely to undermine the sovereignty, security, essential economic interests of France, or public order, as specified by the administrative authority as necessary.*"

Law No. 68-678 of July 26, 1968, **has the primary objective of protecting the sovereignty of the French State and safeguarding against breaches of public order.** For this reason, it is strictly enforced against any person who commits one of the offenses specified therein on national territory, just as any criminal law[4]. Violation of a prohibition established by this law is punishable by **six months' imprisonment and a fine of 18,000 euros for individuals**, in accordance with Article 3 of the aforementioned law, **and a fine of 90,000 euros for legal entities**[5]. As a reminder, the enforcement of these criminal penalties has already been confirmed by the Court of Cassation[6].

If you have any questions regarding the application of the 1968 law, you may invite the U.S. authorities to contact our office (guichet.sisse@finances.gouv.fr). For any questions regarding a request for international civil legal assistance, you may also ask the U.S. authorities to contact the Ministry of Justice at the following address (entraide-civile-internationale@justice.gouv.fr).

Sincerely,

---

[4] See Articles 113-2 et seq. of the Criminal Code regarding the application of French criminal law
[5]  See Article 131-38 of the Criminal Code.
[6] Criminal Chamber of the Court of Cassation, December 12, 2007, No. 07-83.228: https://www.legifrance.gouv.fr/juri/id/JURITEXT000017837490/ .

**PROOF OF SERVICE**

I am a resident of the state of California, over the age of eighteen years, and not a party to the within-action.  My business address is 2049 Century Park East, Suite 2600, Los Angeles, California  90067.

On June 12, 2026, I served a copy of the within document: **DEFENDANT AND COUNTERCLAIMANT MEMENTUM LAB SAS'S RESPONSE TO PLAINTIFF SPYDER GAMES LLC'S INTERROGATORIES, SET ONE** on the interested parties in this action by placing a copy thereof enclosed in a sealed envelope addressed as follows:

Aaron J. Moss                                           *Attorneys for Plaintiffs Spyder Games*
Joshua M. Geller                                       *LLC and Simulator Gaming, LLC*
MITCHELL SILBERBERG & KNUPP LLP
2049 Century Park East, 18th Floor        Telephone: (310) 312-2000
Los Angeles, CA 90067-3120                  Email: aaron.moss@msk.com
                                                                            Josh.geller@msk.com

☒       **(BY E-MAIL)**  I caused a true copy of the foregoing document to be served by e-mail at the e-mail address set forth above.  Each e-mail was complete and no reports of error were received.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on June 12, 2026, at Los Angeles, California.

_____
Andrew P. Lux

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California  90067

56669-00002/8040382.5

5:25-CV-10248-NW
DEFENDANT'S RESPONSE TO
PLAINTIFF'S INTERROGATORIES, SET ONE