GREGG A. MARTIN (SBN 135685)
GMartin@ggfirm.com
STEVEN A. STEIN (SBN 287401)
SStein@ggfirm.com
ANDREW P. LUX (SBN 345915)
ALux@ggfirm.com
GREENBERG GLUSKER FIELDS CLAMAN &
MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California  90067
Telephone:    310-553-3610
Facsimile:    310-553-0687

Attorneys for Defendant and Counterclaimant
MEMENTUM LAB SAS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SPYDER GAMES LLC, a Louisiana limited liability company; and SPEEDY SIMULATOR GAMING, LLC, a Wyoming limited liability company, | Case No. 5:25-cv-10248-NW |
| Plaintiffs and Counter-Defendants, | **MEMENTUM LAB SAS' REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' COMPLAINT FOR LACK OF SUBJECT MATTER JURISDICTION UNDER FEDERAL RULES 12(B)(1) AND 12(H)(3)** |
| v. | |
| MEMENTUM LAB, a French company, | Hon. Noël Wise |
| Defendant and Counterclaimant. | Date:       September 16, 2026<br>Time:       9:00 a.m.<br>Courtroom:  3 |

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California  90067

## I.     <u>INTRODUCTION</u>

Plaintiffs' Opposition tries to avoid Mementum's covenant mooting the actual controversy that Plaintiffs alleged (whether their use of certain characters *in* their video game constitutes copyright infringement) by asking the Court to resolve a different controversy (whether their use of these and *other* characters *outside* their game constitutes copyright infringement). The controversy that Plaintiffs are asking the Court to resolve is beyond the scope of the actual controversy they alleged. Even if the Court could resolve this unalleged and hypothetical controversy, Plaintiffs have not shown that they have an objectively reasonable, immediate fear of litigation concerning this controversy. The Court should reject Plaintiffs' attempt to rewrite their Complaint to obtain an advisory opinion over a controversy that does not exist.

Plaintiffs argue that they alleged there was an actual controversy as to their use of certain of Mementum's brainrot characters without any limitation as to the type of use. ECF No. 33, 5:14-18. Plaintiffs' Complaint shows otherwise. Plaintiffs asked the Court to resolve a controversy limited to their use of certain characters "in the Game" *Steal a Brainrot* as a result of Mementum sending a cease-and-desist letter asserting that Plaintiffs' use in the Game of one of these characters violated its intellectual property rights. ECF No. 1, ¶¶ 4, 20-22, 24. Yet Plaintiffs' Opposition does not rely on these allegations to argue that there remains an actual controversy for the Court to resolve, but instead on the alleged *remedies* Plaintiffs seek— declarations from the Court that are more broadly worded. ECF No. 33, 8:22-9:4. Plaintiffs have it backward—they cannot obtain these remedies without there being an actual controversy, and they cannot substitute in these remedies for an actual controversy that Mementum has mooted.

Plaintiffs also argue that the Court should consider extrinsic evidence purporting to show that they have engaged in recent uses of certain characters outside the Game, which they argue shows that there is an actual controversy as to these uses. This argument fails for many reasons. A complaint defines a controversy, and a declaratory relief plaintiff cannot argue that an alleged actual controversy that was mooted remains live based on evidence concerning conduct that is outside the scope of the alleged controversy. Regardless, this evidence does not show that Mementum has threatened litigation or otherwise made a claim or demand establishing the

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California  90067

existence of an actual controversy as to these claimed new uses. Plaintiffs are trying to put the procedural cart before the horse. If there are facts outside the scope of what Plaintiffs alleged that support there is an actual controversy to resolve, Plaintiffs should seek leave to amend to allege these facts—which they are concurrently doing, likely because they recognize that such a motion is the proper vehicle to try to address these issues. That their proposed amended complaint is a page-one rewrite of their operative complaint (ECF No. 34-3) underscores that there is not an actual controversy for this Court to resolve in their operative complaint.

In addition to being legally barred, Plaintiffs' declaratory relief claim does not serve the objectives of the Declaratory Judgment Act.  Plaintiffs already have leveraged a thin reed—a single cease-and-desist letter sent by a French attorney on behalf of a French company asserting rights under French and international law concerning the use of a single character in a video game—into a foreign lawsuit that has resulted in Mementum covenanting away rights that go beyond the actual controversy alleged to avoid the burden, expense and risk of litigating Plaintiffs' Complaint. Plaintiffs should not have free rein to put substantially more rights at issue based on arguments and evidence that are outside the scope of the actual controversy they alleged. For these and other reasons, the Court should reject Plaintiffs' attempt to move the rights goalposts and dismiss Plaintiffs' Complaint for lack of subject matter jurisdiction.

## II.  ARGUMENT

### A.  Mementum's Covenant Moots the Only Actual Controversy Plaintiffs Alleged

For a court to have subject matter jurisdiction over a declaratory relief claim, there must be an alleged actual controversy for the court to resolve. *See, e.g., California v. Texas*, 593 U.S. 659, 672 (2021) ("[J]ust like suits for every other type of remedy, declaratory-judgment actions must satisfy Article III's case-or-controversy requirement."); *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 569 n.4 (1992) ("The existence of federal jurisdiction ordinarily depends on the facts as they exist when the complaint is filed.") (internal quotation marks omitted); *Davis v. Fed. Election Comm'n*, 554 U.S. 724, 734 (2008) ("a plaintiff must demonstrate standing for each claim he seeks to press and for each form of relief that is sought") (internal quotation marks omitted). A covenant not to sue that moots the alleged actual controversy extinguishes that controversy,

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

divesting a court of subject matter jurisdiction to issue declaratory relief. *See Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013); *Velvet Underground v. Andy Warhol Found. for the Visual Arts, Inc.*, 890 F. Supp. 2d 398, 404 (S.D.N.Y. 2012). A court's mootness inquiry necessarily concerns the alleged facts that purportedly create the actual controversy for the court to resolve. *See Already*, 568 U.S. at 91 (a defendant claiming mootness bears the burden of showing that it is clear "the **allegedly** wrongful behavior could not reasonably be expected to recur") (emphasis added) (internal quotation marks omitted); *Velvet Underground*, 890 F. Supp. 2d at 404 (while a declaratory relief plaintiff can seek a declaration that rights are invalid, "the dispute **must be presented** in the context of a specific live grievance that justifies invoking the protection of the courts to shield the plaintiff against the defendant's actual interference with its legal interests") (emphasis added) (internal quotation marks and citation omitted); *see infra*, § II.B.1.

Plaintiffs use sleight of hand to claim that there remains an actual controversy to resolve in their operative pleading. They rely on Paragraph 28 of their Complaint to assert that the "Complaint seeks a declaration as to Plaintiffs' 'use' of the Characters in unqualified terms, not limited to any particular game, product, or platform." ECF No. 33, 8:22-9:4; *see id.*, 5:14-18, 19:5-8. But Paragraph 28 concerns the *remedies* that Plaintiffs are requesting from the Court—the declarations they are asking the Court to issue. Plaintiffs' allegations as to the actual controversy for the Court to resolve are set forth in Paragraph 20, 22 and 24:

> 20.    In early 2025, plaintiffs received a cease and desist and demand letter from defendant. Defendant claimed that the TikTok creator known as "Noxa" created the brainrot character "Tung Tung Tung Sahur" ("Tung Tung") and assigned all of his intellectual property rights in Tung Tung to defendant. Defendant claimed that plaintiffs' use of Tung Tung in the Game violated its intellectual property rights, and it threatened to DMCA the Game and sue plaintiffs for copyright infringement. Below are representative examples of the use of Tung Tung

> 22.    Attached as **Exhibit 1** is a list of brainrots and representative images that defendant claims to own or control, and which defendant alleges are in the Game in violation of its intellectual property rights.

> 24.    An actual, present, and justiciable controversy exists within the meaning of 28 U.S.C. § 2201. Defendant has asserted that it owns copyrights in certain "brainrots" appearing in the Game and have claimed that plaintiffs' use of those brainrots infringes its purported copyrights. Defendant has further demanded that plaintiffs cease use of the brainrots and pay monetary damages.

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS
5:25-CV-10248-NW

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

ECF No. 1, ¶¶ 20, 22, 24. As alleged, the purported actual controversy is whether Plaintiffs' use "in the Game"—defined to mean "the video game known as *Steal a Brainrot . . .* played on the Roblox platform" (ECF No. 1, ¶ 1)—of the characters identified in Exhibit 1 to their Complaint infringed Mementum's claimed copyright in these characters under the Copyright Act. Mementum "unconditionally and irrevocably" covenanted not to engage in this conduct—to not sue Plaintiffs or any party in privity with them in the United States for Plaintiffs' "past, current, or substantially similar future" use of these characters "in the Game," make any claim or demand based on such conduct, or send a DMCA takedown notice based on such conduct. ECF No. 28-1, Ex. C. If anything, Mementum's covenant goes well beyond the actual controversy that Plaintiffs alleged, closely tracking the covenants that mooted actual controversies in the two leading covenant cases, *Already* and *Velvet Underground*. Plaintiffs do not dispute in their Opposition that Mementum's covenant moots any controversy over Plaintiffs' use of the identified characters in the Game. The Court should reject Plaintiffs' attempt to use the remedies it is seeking to expand the actual controversy at issue.

Plaintiffs claim that Mementum used the "wrong standard" by asserting that a declaratory relief plaintiff bears the burden of establishing the existence of an actual case or controversy, and that the burden is on Mementum to show that the case is moot. ECF No. 33, 12:4-18. Plaintiffs are conflating two issues. Mementum agrees that as to the "**allegedly wrongful behavior**"—the behavior Plaintiffs alleged constitutes the actual controversy—Mementum bears the burden of showing that it is clear from its covenant that this behavior cannot reasonably be expected to occur. *Id*. (quoting *Already*, 568 U.S. at 91) (emphasis added). Mementum has easily met this burden by showing that it covenanted not to engage in the behavior that Plaintiffs allege constitutes the actual controversy for this Court to resolve. *See* ECF No. 28-1, Ex. C. But Mementum does not bear the burden of showing that it mooted wrongful behavior that Plaintiffs did *not* allege but now claim supports that an actual controversy exists. Instead, Plaintiffs must establish an actual controversy as to this unalleged behavior. As set forth below, they have not done so.

**B.**    **Plaintiffs' Extrinsic Evidence Does Not Support that There Remains an Actual Controversy to Resolve**

Likely because Mementum's covenant has mooted the actual controversy that Plaintiffs alleged, Plaintiffs ask the Court to consider extrinsic evidence—Plaintiffs' purported use of certain characters outside the Game in connection with merchandise that appears to have been first sold around one month ago and a January 2026 film development deal—that they argue shows there is an unalleged actual controversy for the Court to resolve as to their use of certain characters outside the Game. *See* ECF No. 33, 14:3-7; ECF No. 33-3.[1] This argument fails for procedural and substantive reasons.

1.    The Court Should Not Consider Plaintiffs' Extrinsic Evidence that is Not Within the Scope of the Alleged Actual Controversy

Plaintiffs clearly defined the scope of the alleged actual controversy in their Complaint—whether their use of certain characters "in the Game" constituted copyright infringement. While courts can rely on extrinsic evidence to evaluate whether an alleged actual controversy persists,[2] covenant-not-to-sue decisions, including the ones on which Plaintiffs rely (ECF No. 33, 12:4-18), make clear that such evidence must bear on those allegations. *See, e.g., Already,* 568 U.S. at 91 (a case becomes moot "when **the issues presented** are no longer live" and a declaratory defendant bears the burden of showing it is clear that the "**allegedly wrongful behavior** could not reasonably be expected to recur") (emphases added) (internal quotation marks omitted); *Friends*

---

[1] Mementum objects to the supporting Declaration of Justin Peress (ECF No. 33-3) on several evidentiary grounds. Mr. Peress purports to summarize documents, including a film development deal, merchandise licensing agreements, and the parties' written licensing negotiations, without attaching them. *Id.*, ¶¶ 8-9, 11-12. His characterization of what these writings "sought" or "proposed" is inadmissible under the Best Evidence Rule. *See* Fed. R. Evid. 1002. Mr. Peress also asserts that Plaintiffs have "sold and continue to offer" merchandise depicting characters without identifying when this merchandise started to be sold (ECF No. 33-3, ¶¶ 4-7), information that is material to Plaintiffs' merchandising arguments. *Id.*, ¶¶ 4-7. Evidence that does not establish when this conduct began is irrelevant and should be excluded. *See* Fed. R. Evid. 401, 402.

[2] Plaintiffs incorrectly claim that Mementum's position is that the Court is categorically barred from considering extrinsic evidence in evaluating its motion to dismiss. ECF No. 33, 19:3-23. Mementum relied on extrinsic evidence—the cease-and-desist letter that gave rise to Plaintiffs' Complaint and the covenant—in support of its motion. Rather, Mementum's position is that Plaintiffs cannot rely on evidence that is not within the scope of the alleged actual controversy.

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

*of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*, 528 U.S. 167, 190 (2000) ("A case might become moot if subsequent events made it absolutely clear that the **allegedly wrongful behavior** could not reasonably be expected to recur.") (emphasis added) (internal quotation marks omitted); *ArcelorMittal v. AK Steel Corp.*, 856 F.3d 1365, 1369-70 (Fed. Cir. 2017) (quoting the "issues presented are no longer live" language in *Already* and noting that a court must evaluate the "facts alleged") (quoting *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007)). As these cases reflect, a motion to dismiss for lack of subject matter jurisdiction does not trigger an evidentiary free-for-all in which the declaratory relief plaintiff can introduce evidence outside the scope of the alleged actual controversy to show that there is an unalleged controversy to resolve.

2.    Even if the Court Considers Such Evidence, Plaintiffs Have Not Shown an Actual Controversy Exists as to the Newly Claimed Uses

Even if the Court considers the evidence that Plaintiffs claim support they have used certain characters outside the Game, to establish Article III standing, Plaintiffs must show "(1) an injury in fact, (2) a sufficient causal connection between the injury and the conduct complained of, and (3) a likelihood that the injury will be redressed by a favorable decision." *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 157-58 (2014) (internal quotation marks omitted). Such an injury must be "concrete and particularized" and "actual or imminent," not "conjectural" or "hypothetical." *Id*. at 158 (internal quotation marks omitted). While not required to show such an injury, "the best evidence of a reasonable apprehension of suit comes in the form of an express threat of litigation." *Vanguard Rsch., Inc. v. PEAT, Inc.*, 304 F.3d 1249, 1254 (Fed. Cir. 2002) ("The reasonableness of a party's apprehension is judged using an objective standard.").

The supporting declaration of Plaintiffs' representative does not state that Plaintiffs have a reasonable apprehension of being sued by Mementum for their use of the characters outside the Game or identify any express threats of litigation relating to these uses. *See* ECF No. 33-3. Instead, Plaintiffs try to cobble together the existence of an actual controversy as to these uses based on the following: (i) Mementum's September 2025 cease-and-desist letter exclusively concerning Plaintiffs' use of Tung Tung Sahur in the Game and attaching an Executive Summary exclusively relating to the licensing of Tung Tung Sahur with the following preface: "*Tung Tung*

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California  90067

*Sahur* is a protected intellectual property asset, combining copyright, trademark, and unfair competition protections under French and international law." (ECF No. 29-1); (ii) the parties' ensuing licensing negotiations in the fall of 2025; (iii) Mementum's assertion of trademark infringement and related unfair competition counterclaims in this action; and (iv) an allegation in Mementum's Counterclaims (ECF No. 18, 10 n.1) reserving rights on behalf of the creators of certain brainrot characters. *See* ECF No. 33, 16:20-17:4; ECF No. 33-3, ¶¶ 10-12.

None of these items, viewed independently or collectively, supports the existence of an actual controversy as to uses outside the Game. The cease-and-desist letter only concerned claimed rights under French and international law based on Tung Tung Sahur's use in the Game and was sent months before Plaintiffs purportedly entered the film deal and engaged in the referenced merchandising activity. The licensing negotiations also predate these activities by months, and by their nature would not support the existence of an actual controversy given that the parties were negotiating deal terms and discussing the potential legal implications. And both the cease-and-desist letter and licensing negotiations predate Plaintiffs' Complaint—which Plaintiffs filed when the parties' licensing negotiations hit stalemate (ECF No. 25, ¶ 12)—yet Plaintiffs did not allege that either supported an actual controversy as to uses outside the Game. The assertion of *trademark* infringement counterclaims does not support the existence of an actual controversy concerning *copyright* claims. Nor does a reservation of rights in a legal filing.

The cases on which Plaintiffs rely (mostly patent disputes) to argue that Mementum's covenant—which tracks nearly verbatim the covenants in *Already* and *Velvet Underground* (ECF No. 28-1)—is too narrow are inapposite. In *Intellisoft, Ltd. v. Acer Am. Corp.*, 2018 WL 2412179, at *1, *6-7 (N.D. Cal. May 29, 2018), the court determined in a patent invalidity dispute that defendant's counterclaim, read in light of related litigation between the parties in which plaintiff asserted a parallel trade secret claim, supported that there remained an actual controversy to resolve that the covenant at issue did not extinguish. In *Humu, Inc. v. Hulu, LLC*, 2019 WL 3220271, at *1-2 (N.D. Cal. July 17, 2019), the court did not consider extrinsic evidence, instead concluding "[b]ased on the language of the covenant itself" that defendant included definitions limiting the covenant to only a portion of the alleged uses of the mark at issue. In *Diamonds.net*

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

8

*LLC v. Idex Online, Ltd.*, 590 F. Supp. 2d 593, 595-601 (S.D.N.Y. 2008), there were many factors that distinguished the covenant at issue, including that: the covenant involved a patent invalidity counterclaim (which implicated patent-specific case law, obviating the need for the declaratory relief plaintiff to seek leave to amend); the covenant only covered a website as it "currently" or "previously" existed, not as it might exist in the future; and the court determined that the declaratory relief defendants' aggressive litigation strategy signaled the existence of an actual controversy. In *ActiveVideo Networks, Inc. v. Trans Video Elecs.*, 975 F. Supp. 2d 1083, 1094-96 (N.D. Cal. 2013), there were also many factors that distinguished the covenant at issue, including that it did not cover all the parties it should have based on the alleged actual controversy and implicated patent-specific case law. In *Revolution Eyewear, Inc. v. Aspex Eyewear, Inc.*, 556 F.3d 1294, 1296-1300 (Fed. Cir. 2009), the covenant at issue in a patent dispute only covered past infringement, and "did not extend to future sales of the same product as was previously sold."

Plaintiffs also argue that Mementum's declination of their request to broaden the covenant to include characters outside the Game itself supports that there is an actual controversy for the Court to resolve. ECF No. 33, 16:20-17:4. But Plaintiffs did not identify with any specificity these uses when they made this request, and as Mementum noted at the time, it was not "aware of any uses of these characters by Plaintiffs outside of the Game." ECF Nos. 28-2, 28-3, 28-4. Given that Mementum was unaware of uses outside the Game, it has not threatened litigation over, much less asserted a claim or demand concerning, these uses, and as set forth above, Plaintiffs have not introduced any evidence showing otherwise. By declining to broaden a covenant concerning uses that have not been alleged and that Mementum has not put at issue, Mementum has not somehow created an actual controversy over the uses. The cases on which Plaintiffs rely to argue that declining to broaden a covenant supports the existence of an actual controversy are readily distinguishable. In *Intellisoft*, 2018 WL 2412179, at *1, *6-7, as noted above, there was parallel litigation that created an actual controversy that the covenant at issue did not extinguish. And in *Arkema Inc. v. Honeywell Int'l, Inc.*, 706 F.3d 1351, 1353-55, 1358 (Fed. Cir. 2013), the declaratory relief defendant in a patent dispute obtained another patent that created an indirect risk of liability for the declaratory relief plaintiff relating to the patent at issue, the declaratory

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

DEFENDANT'S REPLY IN SUPPORT
OF MOTION TO DISMISS
5:25-CV-10248-NW

relief defendant then declined to broaden the covenant to encompass the new patent, and the Court found that its declination "further suggests that there is an active and substantial controversy between the parties regarding their legal rights with respect to those patents."

### C.    Plaintiffs' Remaining Arguments Lack Merit

Plaintiffs' remaining arguments lack merit. First, as they do with Mementum's cease-and-desist letter, Plaintiffs cherry pick from Mementum's Answer to present a misleading picture, contending that Mementum's admissions can be construed as putting at issue the copyrightability of characters outside the Game. ECF No. 33, 17:11-18:7. But Plaintiffs' allegations were limited to their use of the identified characters "in the Game" and Mementum's admissions have the same limitation. *See* ECF No. 1 (Compl.), ¶¶ 20, 24; ECF No. 18 (Answer), ¶¶ 20, 24). Second, that Mementum has taken the position it has intellectual property rights in its characters and has reserved its ability to assert the rights it did not covenant away does not, as Plaintiffs contend, create an actual controversy for the Court to resolve. *See Alvarez v. Smith*, 558 U.S. 87, 93 (2009) (even where the parties continue to dispute the lawfulness of the conduct that gave rise to the action, the matter is no longer justiciable if that dispute "is no longer embedded in any actual controversy about the plaintiffs' particular legal rights"). Third, Plaintiffs' argument that there must be an actual controversy to resolve because Mementum did not covenant away all of its rights in all of its characters in the U.S., and therefore there is the possibility of a future dispute as to those rights, is an improper request to get the Court to issue an advisory opinion concerning rights not at issue. *See Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 240-41 (1937) (an actual controversy cannot be "hypothetical," "abstract" or "academic"). If there is later a dispute as to these or other rights, Plaintiffs can file a new complaint seeking relief.

### D.    As Plaintiffs' Concurrent Filing Reflects, the Proper Vehicle for Plaintiffs to Assert a Different Alleged Controversy is a Motion for Leave to Amend

Plaintiffs are attempting to rewrite their Complaint to add an actual controversy that they did not allege based on claimed uses of the characters outside the Game that occurred well after Plaintiffs filed suit. The correct procedural vehicle for Plaintiffs to try to put new facts and theories outside the scope of their operative pleading at issue is a motion for leave to amend.

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

Seemingly recognizing this fact, Plaintiffs have concurrently filed such a motion. ECF No. 34. The proposed amended complaint is a complete redraft that includes allegations relating to both the activity that Plaintiffs could have but did not allege in their Complaint (*i.e.*, the licensing negotiations) and the purported uses that have occurred since Plaintiffs filed their Complaint (*i.e.*, merchandising and the film development deal). *See* ECF No. 34-3, ¶¶ 21-27, 33-34. Plaintiffs' request that the Court permit them to amend their Complaint to add these allegations itself reflects that the Complaint does not contain a live actual controversy.

### E.      In Addition to Being Legally Barred, Plaintiffs' Complaint Does Not Serve the Purposes of the Declaratory Judgment Act

"In the declaratory judgment context, the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration." *Wilton v. Seven Falls Co.,* 515 U.S. 277, 288 (1995); *see Velvet Underground,* 890 F. Supp. 2d at 411 n.6 (a court can "exercise its discretion to decline to entertain" declaratory relief). "In deciding whether to entertain a declaratory judgment request, a court must determine whether resolving the case serves the objectives for which the Declaratory Judgment Act was created." *Cat Tech LLC v. TubeMaster, Inc.*, 528 F.3d 871, 883 (Fed. Cir. 2008). Plaintiffs' Complaint does not serve the purposes of the Declaratory Judgment Act. Plaintiffs received a single cease-and-desist letter from a French company asserting rights under French and international law concerning one character in one game. They then leveraged that letter into a declaratory action seeking a blanket ruling that dozens of characters are uncopyrightable. Mementum has not asserted copyright claims in this action, has not applied for U.S. copyright registrations in these characters, and has not threatened copyright litigation in the U.S. Plaintiffs should not be able to wield this letter to tie up a competitor in foreign litigation. Permitting Plaintiffs to move forward with their request for an advisory opinion would be antithetical to the considerations of "practicality" and "wise judicial administration" that underlie declaratory relief.

### III.      CONCLUSION

For the reasons set forth above and in Mementum's motion, the Court should dismiss without prejudice Plaintiffs' Complaint for lack of subject matter jurisdiction.

DATED:  July 1, 2026

GREENBERG GLUSKER FIELDS
CLAMAN & MACHTINGER LLP

By: _____
GREGG A. MARTIN (SBN 135685)
STEVEN A. STEIN (SBN 287401)
ANDREW P. LUX (SBN 345915)
Attorneys for Defendant
MEMENTUM LAB

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California  90067

56669-00002/8098520.3

12

DEFENDANT'S REPLY IN SUPPORT
OF MOTION TO DISMISS
5:25-CV-10248-NW