GREGG A. MARTIN (SBN 135685)
GMartin@ggfirm.com
STEVEN A. STEIN (SBN 287401)
SStein@ggfirm.com
ANDREW P. LUX (SBN 345915)
ALux@ggfirm.com
GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067
Telephone: 310-553-3610
Facsimile: 310-553-0687

Attorneys for Defendant and Counterclaimant
MEMENTUM LAB SAS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

SPYDER GAMES LLC, a Louisiana limited liability company; and SPEEDY SIMULATOR GAMING, LLC, a Wyoming limited liability company,

Plaintiffs and Counter-Defendants,

v.

MEMENTUM LAB SAS, a French company,

Defendant and Counterclaimant.

Case No. 5:25-cv-10248-NW

**DEFENDANT AND COUNTERCLAIMANT MEMENTUM LAB SAS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS AND COUNTER-DEFENDANTS' FIRST AMENDED COMPLAINT FOR DECLARATORY RELIEF**

Hon. Noël Wise

Date: September 23, 2026
Time: 9:00 a.m.
Dept: 3

[*Filed concurrently with Notice of Motion and Motion to Dismiss Plaintiffs' First Amended Complaint; [Proposed] Order*]

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

**TO PLAINTIFFS AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on September 23, 2026, at 9:00 a.m., or as soon thereafter as the matter may be heard, in the courtroom of the Honorable Noël Wise, United States District Court for the Northern District of California, San Jose Division, located at 280 South 1st Street, San Jose, California 95113, Defendant and Counterclaimant Mementum Lab SAS ("Mementum") will move, and hereby does move, this Court for an order dismissing the First Amended Complaint ("FAC") filed by Plaintiffs and Counter-Defendants Spyder Games LLC and Speedy Simulator Gaming, LLC (collectively, "Plaintiffs"), in its entirety, pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(f).

This motion is made on the grounds that Plaintiffs' First Claim for Declaratory Relief fails to plausibly allege the existence of an actual, substantial controversy between parties having adverse legal interests, of sufficient immediacy and reality to warrant declaratory relief, as required to state a claim under the Declaratory Judgment Act, 28 U.S.C. § 2201, and Article III of the United States Constitution. Mementum's unconditional and irrevocable Covenant Not to Sue extinguished any controversy regarding Plaintiffs' use of the brainrot characters in the video game *Steal a Brainrot*, and the new allegations Plaintiffs have added to the FAC do not plausibly allege any new, live controversy.

This motion is also made on the grounds that Plaintiffs' Second Claim for Declaratory Relief—three declaratory relief claims packaged as one—is a mirror image of Mementum's counterclaims. These claims ask the Court to adjudicate the inverse of Mementum's counterclaims—that Mementum does not own valid, enforceable trademark rights in the Tung Tung Sahur name and image marks, and that Plaintiffs' use of those marks does not infringe those rights or constitute unfair competition. FAC, ¶¶ 56(a)-(e). To the extent that these claims are not mirror image claims, they do not present an actual controversy for this Court to resolve.

///

///

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

This motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities and supporting exhibits, the supporting Declaration of Steven A. Stein, the pleadings and papers on file in this action, and such other matters as may be presented to the Court at or before the hearing on this motion.

DATED: August 19, 2026

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP

By: [signature]
STEVEN A. STEIN (SBN 287401)
Attorneys for Defendant and
Counterclaimant MEMENTUM LAB SAS

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

## TABLE OF CONTENTS

Page

I. INTRODUCTION ..... 8
II. BACKGROUND ..... 9
A. Mementum Asserts Rights Under European Law Concerning Plaintiffs' Use of Tung Tung Sahur in the Game ..... 9
B. Plaintiffs File this Lawsuit Seeking Declaratory Relief as to Whether They Infringed Mementum's Claimed Copyrights in Tung Tung Sahur and 16 Other Characters by Using Them "in the Game" ..... 10
C. Mementum Covenants Not to Sue Plaintiffs for their Use of the Characters at Issue in the Game Under the Copyright Act ..... 11
D. Plaintiffs File a Proposed FAC and then a Materially Revised FAC Seeking to Expand their Copyright Declaratory Relief Claim ..... 12
III. LEGAL STANDARD ..... 14
IV. ARGUMENT ..... 15
A. The Court Lacks Subject Matter Jurisdiction Over Plaintiffs' Copyright Declaratory Relief Claim ..... 15
1. Mementum's Covenant Extinguished Any Conceivable Controversy as to Plaintiffs' Copyright Declaratory Relief Claim ..... 15
a. The Parties' Licensing Negotiations Didn't Create a Controversy as to Plaintiffs' Alleged Use of the 17 Characters Outside the Game ..... 17
b. Mementum's Reservation of Rights Doesn't Create a Controversy as to Plaintiffs' Claimed Use of 22 Additional Characters ..... 21
c. Plaintiffs' Allegations Concerning Their Own Commercial Activity, Without More, Do Not Create a Justiciable Controversy ..... 23
B. The Court Should Strike and/or Dismiss Plaintiffs' Declaratory Relief Claim Mirroring Mementum's Trademark and Unfair Competition Claims ..... 24
1. Plaintiffs Did Not Seek Leave to Add the New Claims ..... 25
2. With One Exception, Plaintiffs' New Claims are Mirror Images of Mementum's Counterclaims, not Independent Causes of Action ..... 25
3. There is No Actual Controversy to Resolve as to the Only New Claim that is Not a Mirror Image of Mementum's Counterclaims ..... 27
V. CONCLUSION ..... 28

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

## TABLE OF AUTHORITIES

**Page**

**CASES**

*Aetna Life Ins. Co. v. Haworth*,
300 U.S. 227 (1937) .......... 24

*Alcon Vision, LLC v. Lens.com, Inc.*,
2022 WL 1665453 (E.D.N.Y. May 25, 2022) .......... 26

*Already, LLC v. Nike, Inc.*,
568 U.S. 85 (2013) .......... 16, 17, 24

*Barnes & Noble, Inc. v. LSI Corp.*,
823 F. Supp. 2d 980 (N.D. Cal. 2011) .......... 19, 20

*Beco Dairy Automation, Inc. v. Global Tech Sys.*,
104 F. Supp. 3d 1023 (E.D. Cal. 2015) .......... passim

*BuzzBallz, LLC v. MPL Brands NV, Inc.*,
2025 WL 2052301 (N.D. Cal. July 22, 2025) .......... 16

*California v. Texas*,
593 U.S. 659 (2021) .......... 14

*Clapper v. Amnesty Int'l USA*,
568 U.S. 398 (2013) .......... 23

*Daily v. Fed. Ins. Co.*,
2005 WL 14734 (N.D. Cal. Jan. 3, 2005) .......... 26

*Dow Jones & Co. v. Ablaise Ltd.*,
606 F.3d 1338 (Fed. Cir. 2010) .......... 15

*EMC Corp. v. Norand Corp.*,
89 F.3d 807 (Fed. Cir. 1996) .......... 19

*Expensify, Inc. v. White*,
2019 WL 5295064 (N.D. Cal. Oct. 18, 2019) .......... 16

*Guardant Health, Inc. v. Natera, Inc.*,
580 F. Supp. 3d 691 (N.D. Cal. 2022) .......... 26

*Housing is a Human Right Orange County v. Cnty. of Orange*,
2019 WL 8012374 (C.D. Cal. Oct. 28, 2019) .......... 25

*Impax Lab'ys, Inc. v. Medicis Pharm. Corp.*,
2008 WL 1767044 (N.D. Cal. Apr. 16, 2008) .......... 18, 20, 23

*Indium Corp. of Am. v. Semi-Alloys, Inc.*,
781 F.2d 879 (Fed. Cir. 1985) .......... 19

## TABLE OF AUTHORITIES
(continued)


**Page**

*Inkit, Inc. v. Nintex UK Ltd.*, 2024 WL 3915162 (C.D. Cal. July 19, 2024) ........ 17

*Intel Corp. v. Tela Innovations, Inc.*, 2019 WL 2476620 (N.D. Cal. June 13, 2019) ........ 26

*IT Casino Solutions, LLC v. Transient Path, LLC*, 2022 WL 4913526 (N.D. Cal. Oct. 3, 2022) ........ 26

*Kindred Studio Illustration & Design, LLC v. Elec. Commc'n Tech., LLC*, 2018 WL 6985317 (C.D. Cal. Dec. 3, 2018) ........ 16

*Kustom Signals, Inc. v. Applied Concepts, Inc.*, 1996 WL 568817 (D. Kan. Sept. 16, 1996) ........ 19, 20

*Lauren Moshi, LLC v. Fuentes*, 2019 WL 8690213 (C.D. Cal. June 25, 2019) ........ 16

*Lavco Solutions, Inc. v. Biztracker Sys. of St. John, LLC*, 2020 WL 11648276 (C.D. Cal. Nov. 4, 2020) ........ 26

*Marsh & McLennan Agency, LLC v. Teros Advisors, LLC*, 2021 WL 4846245 (N.D. Cal. Aug. 11, 2021) ........ 26

*MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118 (2007) ........ 17, 19, 20, 23

*Parrino v. FHP, Inc.*, 146 F.3d 699 (9th Cir. 1998) ........ 9, 10

*Prasco, LLC v. Medicis Pharm. Corp.*, 537 F.3d 1329 (Fed. Cir. 2008) ........ 18, 20

*Safe Air for Everyone v. Meyer*, 373 F.3d 1035 (9th Cir. 2004) ........ 9

*Samsung Elecs. Corp. v. Oura Health Oy*, 2025 WL 929410 (N.D. Cal. Mar. 27, 2025) ........ passim

*San Diego Cnty. Credit Union v. Citizens Equity First Credit Union*, 65 F.4th 1012 (9th Cir. 2023) ........ 17, 19, 20, 23

*Splunk Inc. v. Deutsche Telekom AG*, 2021 WL 3140832 (N.D. Cal. July 26, 2021) ........ passim

*Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83 (1998) ........ 15, 24

*Stickrath v. Globalstar, Inc.*, 2008 WL 2050990 (N.D. Cal. May 13, 2008) ........ 9, 26, 28


GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

## TABLE OF AUTHORITIES
(continued)

**Page**

*Susan B. Anthony List v. Driehaus*,
573 U.S. 149 (2014) ........ 14, 24

*United States v. Ritchie*,
342 F.3d 903 (9th Cir. 2003) ........ 9, 10

*Velvet Underground v. Andy Warhol Found. for the Visual Arts, Inc.*,
890 F. Supp. 2d 398 (S.D.N.Y. 2012) ........ 16, 24

**OTHER AUTHORITIES**

5 Patry on Copyright § 17:49 ........ 9, 26

Fed. R. Civ. P. 12 ........ passim

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I. INTRODUCTION

Plaintiffs are abusing the Declaratory Judgment Act by asking this Court to issue sweeping advisory opinions concerning intellectual property rights in 39 different characters that are not, and have never been, at issue. This Court should reject Plaintiffs' attempt to contrive a justiciable controversy and dismiss Plaintiffs' First Amended Complaint.

A justiciable controversy exists only if a plaintiff has a reasonable apprehension of being subject to liability, which requires that the defendant take some affirmative act directed specifically at the plaintiff. Plaintiffs continue to expand their declaratory relief claim yet have not identified any affirmative act creating a live controversy. Nor can they—none exists.

Mementum's inaction speaks volumes. Mementum hasn't applied to register any U.S. copyrights in its characters. After amending its Counterclaims twice, Mementum hasn't asserted copyright infringement, trademark infringement or unfair competition claims other than as to its claimed trademarks in the name and image of the Tung Tung Sahur character. And Mementum hasn't sent any correspondence to Plaintiffs threatening to assert such claims under U.S. law.

So what has Mementum done to warrant declaratory relief claims for copyright, trademark and unfair competition as to 39 different characters? According to Plaintiffs:

- Mementum's French counsel sent a pre-lawsuit cease-and-desist letter asserting rights "under French and international law" based on Plaintiffs' use of Tung Tung Sahur in their video game.
- The parties engaged in licensing negotiations in which Mementum asked for an issue to be "clarified" to avoid "potential" legal action.
- Mementum included a footnote in a filing reserving rights as to 22 characters.
- Mementum has asserted counterclaims against Plaintiffs in this action.

To borrow from a decision in which this district dismissed a similar declaratory relief claim for lack of subject matter jurisdiction, none of these acts comes within a "country mile" of creating a justiciable controversy. *Splunk Inc. v. Deutsche Telekom AG*, 2021 WL 3140832, at *1 (N.D. Cal. July 26, 2021). The cease-and-desist letter concerned Plaintiffs' use of a single

character in their video game, and Mementum covenanted not to sue Plaintiffs for any conceivable controversy created by the letter. The licensing negotiations by their nature should not give rise to a justiciable controversy, and the generic statement at issue ("clarify[ing]" an issue to avoid "potential" legal action) does not. The reservation of rights language means that Mementum is "refrain[ing]" as opposed to "exercising" its rights. *Splunk*, 2021 WL 3140832, at *3. And Plaintiffs' assertion of new declaratory relief claims that are the mirror image of Mementum's counterclaims is "nonsensical" and "entirely superfluous." 5 Patry on Copyright § 17:49; *Stickrath v. Globalstar, Inc.*, 2008 WL 2050990, at *7 (N.D. Cal. May 13, 2008).

The Court should decline Plaintiffs' overreaching request to decide hypothetical copyright and trademark disputes concerning over three-dozen characters and dismiss Plaintiffs' Complaint.

## II. BACKGROUND

### A. Mementum Asserts Rights Under European Law Concerning Plaintiffs' Use of Tung Tung Sahur in the Game

"Brainrot" characters are a genre of absurd, surrealist characters born from content creators that became wildly popular with Gen Alpha and Gen Z starting in early 2025. ECF No. 51, ¶ 1.

Mementum is a French startup that is the exclusive representative of creators of many popular brainrot characters, including the creator of the iconic brainrot character Tung Tung Sahur. *Id.*, ¶ 9. As a startup with limited resources, Mementum has focused to date on enforcing its rights in its characters in Europe. *Id.*; *see* ECF No. 50, ¶ 29.

Plaintiffs own one of the most popular video games in the world, *Steal a Brainrot* (the "Game"), which is hosted on the platform Roblox. ECF No. 50, ¶¶ 1, 2, 14. Plaintiffs used Tung Tung Sahur commercially in their Game without Mementum's consent. *Id.*, ¶¶ 1-2, 16.

On September 3, 2025, Mementum's French counsel emailed Plaintiffs a cease-and-desist letter exclusively concerning Plaintiffs' use of Tung Tung Sahur in the Game. Ex. 1.[1] The cover

[1] Mementum requests that the Court incorporate by reference its September 3, 2025 cease-and-desist correspondence attached as Exhibit 1 as if fully set forth in Plaintiffs' FAC. Mementum brings a factual attack on jurisdiction under Rule 12(b)(1), which permits this Court to consider extrinsic evidence without converting this motion into one for summary judgment. *See Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). Under the incorporation-by-reference doctrine, courts can consider documents that plaintiffs have put at issue in their



GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

email stated that the letter "concern[ed] the unauthorized use of the character *Tung Tung Sahur* in the game *Steal a Brainrot*." *Id*. The letter attached an Executive Summary with the preface that "*Tung Tung Sahur* is a protected intellectual property asset, combining copyright, trademark, and unfair competition protections under French and international law." *Id*. The letter concluded by reiterating that it was asserting rights under French and international law, stating that "*Tung Tung Sahur* constitutes an original creation protected under French copyright law (Articles L.112-1 et seq., CPI), trademark law, and the civil law doctrines of unfair competition and parasitism," "[j]urisprudence has consistently upheld the protectability of original names and characters (*Poil de Carotte*, *Maya l'Abeille*, *Donald*, *Goldorak*, *Fido Dido*, *Professeur Nimbus*)," and "any unauthorized use will be considered willful infringement and will expose infringers to civil and criminal liability under French law, including claims for damages, injunctive relief, and, where applicable, seizure and destruction of infringing goods." *Id*.

### B. Plaintiffs File this Lawsuit Seeking Declaratory Relief as to Whether They Infringed Mementum's Claimed Copyrights in Tung Tung Sahur and 16 Other Characters by Using Them "in the Game"

Plaintiffs removed Tung Tung Sahur from the Game and entered into licensing negotiations with Mementum. ECF No. 51, ¶¶ 11, 12. These negotiations involved substantial back and forth between the parties in which they exchanged revisions and comments to a proposed licensing agreement and related correspondence. *See* Ex. 2.[2] As part of these negotiations, and at Plaintiffs' request, Mementum provided a list of 17 of its characters that Plaintiffs had used in the Game. *Id.*

When the parties' negotiations hit a stalemate, Plaintiffs filed this lawsuit in November 2025, asserting a single claim for copyright declaratory relief. ECF No. 1, ¶¶ 23-28. Plaintiffs

---

complaint without those documents being introduced by declaration. *See Parrino v. FHP, Inc.*, 146 F.3d 699, 705 (9th Cir. 1998); *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). The letter already is part of the record (ECF No. 29-1), and Plaintiffs agree that the Court can consider such documents under the incorporation-by-reference doctrine (ECF No. 39, 7:1-7).

[2] Mementum requests that the Court incorporate by reference the parties' email exchange at issue attached as Exhibit 2 as if fully set forth in Plaintiffs' FAC since this document is quoted in the FAC (ECF No. 50, ¶ 27), and forms in part the basis for Plaintiffs' claim that there is an actual controversy for the Court to resolve. *See Ritchie*, 342 F.3d at 907; *Parrino*, 146 F.3d at 705.

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

alleged that there was an actual controversy as to whether their use of the 17 characters "in the Game"—defined to mean "the video game known as Steal a Brainrot . . . played on the Roblox platform" (ECF No. 1, ¶ 1)—infringed any copyrights Mementum claimed in these characters under the Copyright Act. *Id.*, ¶¶ 20, 22, 24. Plaintiffs alleged that Mementum created this controversy by sending its September 2025 cease-and-desist letter. *See id*. Plaintiffs did not make any allegations about the parties' licensing negotiations or Plaintiffs' claimed use of the characters outside the Game, including in connection with merchandising or on platforms other than Roblox. *See id*.

In response, Mementum asserted trademark infringement and unfair competition counterclaims under the Lanham Act and an unfair competition counterclaim under California common law based on its claimed trademarks in the name and image of Tung Tung Sahur. ECF No. 18. In a footnote, Mementum reserved its rights relating to two brainrot creators whom it had recently started representing and who had created 22 characters used by Plaintiffs in the Game without their permission. ECF No. 18, p. 10 n.1. Plaintiffs have previously recognized that Mementum's Counterclaims do not concern these 22 characters. *See* ECF Nos. 22 (Plaintiffs' motion to dismiss Mementum's counterclaims reflecting its understanding these counterclaims solely concerned Plaintiffs' claimed trademarks in Tung Tung Sahur); ECF No. 32 (Plaintiffs' motion to dismiss Mementum's first amended counterclaims reflecting the same).

### C. <u>Mementum Covenants Not to Sue Plaintiffs for their Use of the Characters at Issue in the Game Under the Copyright Act</u>

On May 21, 2026, Mementum executed and sent Plaintiffs a Covenant Not to Sue effective that date. ECF No. 34-5. Under the covenant, Mementum agreed to:

> [R]efrain from making any claim(s) or demand(s), or from commencing, causing, or permitting to be prosecuted any action in law or equity (collectively, 'Claim'), against [the Spyder Parties and a similarly extensive list of related persons and entities] (collectively, 'Covered Parties') for infringement of any statutory or common law copyright in the brainrot characters identified in Attachment A to this Covenant (the 'Characters') under the copyright law of the United States, regardless of whether said Claim for copyright infringement accrues before, on, or after the Effective Date and regardless of whether said Claim arises from the Spyder Parties' or any other Covered Party's past, current, or substantially similar future use of the Characters in the Game as identified in the Complaint.

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

*Id*. Mementum further covenanted "to refrain from making any claim(s) or demand(s), or from submitting, causing to be submitted, or permitting to be submitted any takedown notice under the Digital Millennium Copyright Act or any other law of the United States based on copyright infringement of the Characters under United States law." *Id.*

Mementum requested that Plaintiffs dismiss their Complaint for lack of subject matter jurisdiction, explaining that there was no longer an actual controversy for this Court to resolve. ECF Nos. 28-1, 34-6. Plaintiffs refused to do so, contending that Plaintiffs' "prayer for relief"—as opposed to any allegations in the body of Plaintiffs' Complaint—"seeks a declaration that Mementum has no enforceable copyright in the Characters and that Plaintiffs' use of the Characters does not infringe." ECF No. 34-7. Purportedly to "remove any ambiguity" as to whether there remained a live controversy to resolve, Plaintiffs requested that Mementum stipulate to an amendment that (i) "makes explicit Plaintiffs' actual use of the Characters across other games, derivative works, marketing materials, and merchandise, and the controversy over those uses," and (ii) "seeks declaratory relief under French copyright law, given that Mementum's September 3 demand expressly invoked French law and Mementum has preserved foreign-law copyright claims in the Covenant." *Id*. Mementum declined to do so, noting that it was not "aware of any uses of these characters by Plaintiffs outside of the Game," and that, regardless, no actual controversy existed as to those uses. ECF No. 34-4. The parties met and conferred extensively about the covenant, and at no point did Plaintiffs contend that any additional characters beyond the 17 identified in their Complaint needed to be included as part of the covenant, or that there existed any controversy to resolve concerning trademark infringement or unfair competition claims relating to any characters other than Tung Tung Sahur. *See* ECF No. 34-6, 34-7, 34-8.

### D. <u>Plaintiffs File a Proposed FAC and then a Materially Revised FAC Seeking to Expand their Copyright Declaratory Relief Claim</u>

On June 24, Plaintiffs filed their Motion for Leave to file a proposed FAC expanding their copyright declaratory relief claim to include 39 characters—the 17 characters identified in their Complaint and the 22 characters listed in the reservation of rights footnote—along with Plaintiffs' alleged use of these characters within and outside the Game. ECF No. 34; 34-2. Plaintiffs alleged

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

an actual controversy existed as to these uses because of Mementum's cease-and-desist letter, the parties' licensing negotiations, and the reservations of rights footnote. *See id*. Plaintiffs did not assert trademark infringement or unfair competition declaratory relief claims. *See id*.

Mementum opposed Plaintiffs' Motion for Leave on the grounds that Plaintiffs' amended allegations were futile because there was no controversy to resolve as to the claimed uses. ECF No. 38. Plaintiffs argued in their Reply brief that Mementum's futility argument was "the work of a motion to dismiss, not a basis to deny leave." ECF No. 40, 11:18-19.

On July 21, after "review[ing] the parties' pending motions," the Court "grant[ed] each party leave to file one round of amended pleadings." ECF No. 42.

On July 30, Plaintiffs filed their FAC. ECF No. 50. Plaintiffs did not file their proposed FAC but instead a substantially revised FAC based on facts that predated the filing of their proposed FAC. *Compare* ECF No. 34-2 *with* ECF No. 50, ¶¶ 52-57; Prayer for Relief, ¶ 2; *see* Declaration of Steven A. Stein ISO Motion to Dismiss, Ex. 1 (redline of proposed FAC to FAC). Plaintiffs made the following material changes to their proposed FAC:

• Plaintiffs added three new declaratory relief claims that they package as a single declaratory relief claim. ECF No. 50, ¶¶ 52-57, Prayer for Relief, ¶ 2. Plaintiffs ask the Court to declare that (1) they are not infringing Mementum's claimed trademarks in the name and image of Tung Tung Sahur under the Lanham Act, (2) they are not engaging in unfair competition in violation of the Lanham Act based on the same conduct, and (3) their claimed use of the 39 characters does not constitute trademark infringement or unfair competition under California common law. ECF No. 50, ¶¶ 52-57. Plaintiffs allege an actual controversy exists as to these claims because Mementum has asserted mirror image counterclaims. *See id*.

• Plaintiffs have added an allegation in support of their copyright declaratory relief claim—that on a call when the parties were negotiating a license, "Mementum conveyed that if the parties did not reach an agreement, Plaintiffs would face legal action, and that Plaintiffs—as a high-profile studio—were the kind of target Mementum wished to make an example of to establish its claimed rights publicly." ECF No. 50, ¶ 28.

Plaintiffs' FAC also includes many allegations that were not included in their Complaint

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

about their claimed commercial use of certain of the 39 characters. For example, Plaintiffs allege that they have a licensed-merchandise program under the "*Steal a Brainrot*" brand, and that certain of Mementum's characters are depicted on this merchandise (a minifigure of La Vacca Saturno Saturnita; stickers depicting Tung Tung Sahur, Brr Brr Patapim, Boneca Ambalabu, Cappuccino Assassino, Chimpanzini Bananini, Il Cacto Hipopotamo, Frigo Camelo and Cavallo Virtuoso; a t-shirt depicting Chimpanzini Bananini). ECF No. 50, ¶¶ 31-32. It appears from Plaintiffs' allegations that this activity began in or around May 2026, contemporaneous with Mementum entering the covenant. *See id*. Plaintiffs also allege that they have "taken concrete steps" toward additional licensed product lines, entering into binding merchandise license agreements and approving other activity with their licensees, apparently involving the depiction of unspecified characters. *Id*., ¶ 33. And Plaintiffs allege that they have entered into a development arrangement for a feature film "based on the Game and its characters," which was publicly announced in January 2026, and anticipate further agreements relating to films or other audiovisual works "derived from the Game and its characters." *Id*., ¶ 34. Plaintiffs do not allege that Mementum has asserted or raised the prospect of asserting claims or otherwise taken any action in response to these alleged commercial activities. *See* ECF No. 50.

## III. LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(1), a complaint must plausibly allege facts, which if taken as true, establish subject matter jurisdiction, including the existence of an Article III case or controversy. "Just like suits for every other type of remedy," a declaratory judgment action must satisfy Article III's case-or-controversy requirement. *California v. Texas*, 593 U.S. 659, 672 (2021). Plaintiffs must show "(1) an injury in fact, (2) a sufficient causal connection between the injury and the conduct complained of, and (3) a likelihood that the injury will be redressed by a favorable decision." *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 157-58 (2014) (internal quotation marks omitted). For a court to have jurisdiction, such an injury must be "concrete and particularized" and "actual or imminent," not "conjectural" or "hypothetical." *Id*. at 158 (internal quotation marks omitted). "Hypothetical jurisdiction produces nothing more than a hypothetical judgment—which comes to the same thing as an advisory opinion,

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

disapproved by this Court from the beginning." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 101 (1998). "Much more than legal niceties are at stake here. The statutory and (especially) constitutional elements of jurisdiction are an essential ingredient of separation and equilibration of powers, restraining the courts from acting at certain times, and even restraining them from acting permanently regarding certain subjects." *Id.*

## IV. ARGUMENT

### A. The Court Lacks Subject Matter Jurisdiction Over Plaintiffs' Copyright Declaratory Relief Claim

#### 1. Mementum's Covenant Extinguished Any Conceivable Controversy as to Plaintiffs' Copyright Declaratory Relief Claim

Mementum's French counsel sent a letter asserting rights in Tung Tung Sahur under European law based solely on Plaintiffs' use of Tung Tung Sahur in the Game—the only use alleged to have existed at the time—that included two references to the DMCA in connection with summarizing Mementum's enforcement strategy against third-party infringers if Plaintiffs entered a licensing deal with Mementum. Ex. 1. Based exclusively on this letter, Plaintiffs filed this lawsuit seeking a declaration that their use of Tung Tung Sahur and 16 other characters "in the Game"—defined to mean "the video game known as Steal a Brainrot . . . played on the Roblox platform" (as opposed to any other platform) (ECF No. 1, ¶¶ 1, 20)—did not infringe any U.S. copyrights Mementum claimed in these characters. As Plaintiffs acknowledge, Mementum's covenant "unconditionally and irrevocably" forecloses any claim based on Plaintiffs' "past, current, or substantially similar future" use of these 17 characters "in the Game." FAC, ¶ 40.

Mementum's covenant went far beyond any conceivable actual controversy that existed and mooted the only actual controversy that Plaintiffs alleged. Where a declaratory relief defendant covenants not to sue for the conduct at issue, the covenant "extinguishe[s] any current or future case or controversy between the parties, and divest[s] the district court of subject matter jurisdiction." *Dow Jones & Co. v. Ablaise Ltd.*, 606 F.3d 1338, 1348 (Fed. Cir. 2010) (where declaratory relief defendant avowed in his covenant that he would not sue declaratory relief plaintiff for any acts of infringement, defendant extinguished any case or controversy between the

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

parties, and "no amount of 'prudential reasons' or perceived increases in efficiency, however sound, can empower a federal court to hear a case where there is no extant case or controversy"); *see Already, LLC v. Nike, Inc.*, 568 U.S. 85, 88-89, 91, 93, 102 (2013) (where plaintiff sued defendant for trademark infringement, defendant counterclaimed challenging the validity of plaintiff's mark and plaintiff issued a covenant not to sue, the Supreme Court unanimously held that the covenant mooted the case); *Velvet Underground v. Andy Warhol Found. for the Visual Arts, Inc.*, 890 F. Supp. 2d 398, 401-04 (S.D.N.Y. 2012) (court granted Rule 12(b)(1) motion where declaratory relief lawsuit was filed seeking a determination that defendant did not have a copyright in a design, defendant executed a covenant "unconditionally and irrevocably" agreeing not to sue plaintiff for copyright infringement based on its use of the design, and the covenant "divests this Court of declaratory judgment jurisdiction over [plaintiff's] claim that the [defendant] holds no copyright" in the design).[3]

Relying on *Already* and *Velvet Underground*, California district courts routinely dismiss declaratory relief claims based on covenants similar to Mementum's. *See BuzzBallz, LLC v. MPL Brands NV, Inc.*, 2025 WL 2052301, at *2-3 (N.D. Cal. July 22, 2025) (relying on *Already* to find that the covenant at issue mooted defendant's declaratory judgment counterclaims for infringement); *Expensify, Inc. v. White*, 2019 WL 5295064, at *5-6 (N.D. Cal. Oct. 18, 2019) (comparing the covenant at issue with the one in *Already* and finding the action moot because "there is no cognizable distinction" between the covenant at issue and the one in *Already*); *Lauren Moshi, LLC v. Fuentes*, 2019 WL 8690213, at *4 (C.D. Cal. June 25, 2019) (observing that "[i]n intellectual property actions involving requests for judicial declarations of infringement or noninfringement, a defendant's covenant not to sue the plaintiff to enforce a certain intellectual property right can put an end to the controversy," and finding that the covenant at issue mooted plaintiff's copyright declaratory relief claim) (internal quotation marks omitted); *Kindred Studio Illustration & Design, LLC v. Elec. Commc'n Tech., LLC*, 2018 WL 6985317, at *4-6 (C.D. Cal. Dec. 3, 2018) (finding that even though there were distinctions between the covenant at issue and

---

[3] Mementum's covenant was modeled after, and closely tracks, the covenants at issue in *Already* and *Velvet Underground*. *See* ECF No. 28-1, Exs. A-C.

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

the covenant in *Already*, the covenant at issue mooted plaintiff's infringement claim).

Like the covenants in the above-referenced cases, Mementum's covenant extinguished any actual controversy as to Plaintiffs' copyright declaratory relief claim. As set forth below, Plaintiffs' attempt to add allegations to salvage this claim fails.

*a. The Parties' Licensing Negotiations Didn't Create a Controversy as to Plaintiffs' Alleged Use of the 17 Characters Outside the Game*

Plaintiffs allege that the parties' licensing negotiations created an actual controversy as to Plaintiffs' claimed use of these 17 characters outside the Game. ECF No. 50, ¶¶ 26-29. Not so.

Courts look at "all the circumstances" to assess whether there is a "substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007) (internal quotation marks omitted). The Ninth Circuit has applied the "reasonable apprehension test" to determine whether a controversy exists in a declaratory judgment action. *San Diego Cnty. Credit Union v. Citizens Equity First Credit Union* ("*Citizens Equity*"), 65 F.4th 1012, 1023 (9th Cir. 2023). Under this test, "a plaintiff has standing to seek declaratory relief of non-infringement if he demonstrates a real and reasonable apprehension that he will be subject to liability if he continues with his course of conduct." *Id*. (internal quotation marks omitted); *see Beco Dairy Automation, Inc. v. Global Tech Sys.*, 104 F. Supp. 3d 1023, 1040 (E.D. Cal. 2015) (dismissing claim where the complaint gave "no basis for believing" that Plaintiffs had a "reasonable apprehension" that they would be subject to "ongoing threats of infringement suits"); *Inkit, Inc. v. Nintex UK Ltd.*, 2024 WL 3915162, at *4 (C.D. Cal. July 19, 2024) (granting motion to dismiss where plaintiff did not sufficiently allege any actions or communications from defendants that threatened liability which would create a justiciable controversy).

For there to be a reasonable apprehension of liability, some "affirmative act must be 'directed specifically at the party seeking declaratory judgment.'" *Samsung Elecs. Corp. v. Oura Health Oy*, 2025 WL 929410, at *3 (N.D. Cal. Mar. 27, 2025) (quoting *Proofpoint, Inc. v. InNova Pat. Licensing, LLC*, 2011 WL 4915847, at *3 (N.D. Cal. Oct. 17, 2011)). For example, in *Oura Health Oy*, the declaratory relief plaintiff claimed that there was an actual controversy because

defendant made public statements to the effect that it would "closely monitor [plaintiff's product's] development for any potential intellectual property violations"—*e.g.*, "We'll see whether or not [plaintiff's product] infringes on [defendant's technology]. And frankly, we'll take the action that's appropriate."; Defendant "will take action to defend our intellectual property." 2025 WL 929410, at *2-5. The court granted defendant's motion to dismiss for lack of subject matter jurisdiction, finding that none of the statements "explicitly threatened suit" and "[w]ithout more, these statements are insufficient to establish an affirmative act." *Id*. at *5. Similarly, in *Impax Lab'ys, Inc. v. Medicis Pharm. Corp.*, 2008 WL 1767044, at *1-4 (N.D. Cal. Apr. 16, 2008), the court found that statements by declaratory relief defendant's CEO that defendant would be "very vigorous" in enforcing its intellectual property, had hired law firms that were "vicious" in their enforcement practices, "want[ed] to send a very strong message," and intended to enforce "with the ultimate vigor" failed to establish an actual controversy, and granted a motion to dismiss for lack of subject matter jurisdiction. Nor does a defendant not disclaiming any future intent to enforce its rights, without an affirmative act directed at the plaintiff, establish the "immediacy and reality" that Article III requires. *See Prasco, LLC v. Medicis Pharm. Corp.*, 537 F.3d 1329, 1335-41 (Fed. Cir. 2008).

The parties' licensing negotiations immediately preceded Plaintiffs filing this lawsuit, and Plaintiffs' attorney who led those negotiations was their lead counsel when they filed suit. *Compare* ECF No. 1 *with* Ex. 2. That Plaintiffs did not include a single allegation about these negotiations in their Complaint, much less alleged that the negotiations created an actual controversy, itself reflects that Plaintiffs did not have a reasonable apprehension that Mementum would sue them for copyright infringement in the United States based on their claimed use of characters outside the Game. That Plaintiffs only sought to add such allegations after Mementum entered the covenant shows that they are contrived.

The passage of time also supports that there is no "substantial controversy" to warrant copyright declaratory relief as to these characters. Plaintiffs have not identified, nor has Mementum taken, a single affirmative act since the parties' licensing negotiations that would support the existence of a justiciable copyright controversy. Just the opposite. Since then,

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

Mementum has filed a Counterclaim, a First Amended Counterclaim and a Second Amended Counterclaim and has not asserted any affirmative copyright claims concerning these characters. Plaintiffs cannot at this point legitimately have a "reasonable apprehension" of "sufficient immediacy and reality to warrant" their requested declaratory relief. *See MedImmune*, 549 U.S. at 127; *Beco Dairy Automation*, 104 F. Supp. 3d at 1040; *Citizens Equity*, 65 F.4th at 1023.

Even setting aside Plaintiffs' failure to make any allegations concerning the parties' licensing negotiations in their Complaint and the passage of time, licensing negotiations by their nature shouldn't create an actual controversy. *See Barnes & Noble, Inc. v. LSI Corp.*, 823 F. Supp. 2d 980, 991 (N.D. Cal. 2011) (no reasonable threat of suit where "the parties had been engaged in good faith negotiations"); *Indium Corp. of Am. v. Semi-Alloys, Inc.*, 781 F.2d 879, 883 (Fed. Cir. 1985) ("mere offer of a license" is not a "sufficient basis for declaratory jurisdiction"); *Kustom Signals, Inc. v. Applied Concepts, Inc.*, 1996 WL 568817, at *5 (D. Kan. Sept. 16, 1996) (noting that "where all that is present is negotiation unaccompanied by threats of legal action, the setting is not sufficiently adverse to create a justiciable controversy," and finding that correspondence inviting negotiations and not containing an express charge of infringement was insufficient to constitute an "explicit threat" creating an actual controversy) (quoting *EMC Corp. v. Norand Corp.*, 89 F.3d 807, 812 (Fed. Cir. 1996)). If the back and forth that inherently comes with negotiating a license could create a justiciable controversy, this would chill parties from engaging in such negotiations and perversely lead to more litigation. *See EMC Corp.*, 89 F.3d at 812 (licensing negotiations "unaccompanied by threats of legal action" do not create a justiciable controversy, and holding otherwise would discourage the very negotiations the law favors).

Even if the parties' licensing negotiations could create an actual controversy, Mementum's alleged statement purportedly doing so is not specific enough to be actionable. Within the context of extensive back and forth between the parties, in which their counsel exchanged revisions and comments to a license agreement and related correspondence, Plaintiffs disclosed that they "have licensed versions [of the Game] on other platforms" than Roblox, Mementum asked for this point to be "clarified" to avoid "potential" legal action, and the parties continued their negotiations, with Plaintiffs not responding to this point. *See* Ex. 2. As is clear,

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

Mementum didn't convey to Plaintiffs that it intended to enforce intellectual property rights in the U.S. or otherwise but instead was seeking clarification about a deal point. Even if Mementum had stated that it intended to enforce such rights, a general statement of intent, untethered to an explicit threat directed at the plaintiff's conduct, does not create a justiciable controversy. *See Oura Health Oy*, 2025 WL 929410, at *2-5 (statements that defendant would "closely monitor" plaintiff's product and "take the action that's appropriate" insufficient); *Impax Lab'ys, Inc. v. Medicis Pharm. Corp.*, 2008 WL 1767044, at *1-4 (N.D. Cal. Apr. 16, 2008) (statements that defendant would be "very vigorous" in enforcing its intellectual property insufficient). This is particularly true as to statements made in the context of licensing negotiations. *See Kustom Signals*, 1996 WL 568817, at *5; *Barnes & Noble*, 823 F. Supp. 2d at 991.

To rescue this claim, Plaintiffs have added an allegation that was not in their Complaint (ECF No. 1) or proposed FAC (ECF No. 34-2)—that "[i]n a telephone call between the parties' principals during the same period, Mementum conveyed that if the parties did not reach an agreement, Plaintiffs would face legal action." ECF No. 50, ¶ 28. Plaintiffs fail to allege who was on the call, who made this statement, when the call occurred, or what specifically was said. *Id*. This eleventh-hour, unparticularized allegation is a generalized statement that cannot supply the "immediacy and reality" necessary to create a justiciable controversy. *See MedImmune*, 549 U.S. at 127; *Beco Dairy Automation*, 104 F. Supp. 3d at 1040; *Citizens Equity*, 65 F.4th at 1023.

Nor does Mementum declining Plaintiffs' requests to expand its covenant support that there is a live controversy. When the parties met and conferred about the covenant, Plaintiffs made overreaching asks—for example, that Mementum covenant away rights in *France* not at issue in this action—that they did not ultimately pursue as part of the claims they asserted in their proposed FAC or FAC, presumably because such claims would be dismissed out of hand. And Plaintiffs did not meet and confer about the bulk of the claims that they are now pursuing—concerning the 22 characters in the reservation of rights footnote and the mirror image claims—because Plaintiffs contrived those claims and there's no genuine actual controversy underlying them. That Mementum has not expanded its covenant does not support the existence of a justiciable controversy. S*ee Prasco, LLC*, 537 F.3d at 1335-41 (where plaintiff had "suffered no

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

actual present injury traceable to the defendants," and defendants had not "taken any affirmative actions," holding that defendants' failure to sign a covenant not to sue is "simply not sufficient to establish that [plaintiff] is at risk of imminent harm from the defendants and that there is an actual controversy between the parties of sufficient immediacy and reality to warrant declaratory judgment jurisdiction," and recognizing that, "[a]lthough we understand [plaintiff's] desire to have a definitive answer on whether its products infringe defendants' patents, were the district court to reach the merits of this case, it would merely be providing an advisory opinion," and this "is impermissible under Article III").

*b. Mementum's Reservation of Rights Doesn't Create a Controversy as to Plaintiffs' Claimed Use of 22 Additional Characters*

Plaintiffs allege that there is an actionable controversy to resolve as to 22 additional characters based on a single footnote in Mementum's Counterclaims stating that Mementum "recently became the exclusive worldwide licensee and representative" of creators Alexey Pigeon and Choppow, Plaintiffs "have used" 22 of those creators' "characters in the Game without their permission," and Mementum "reserves all related rights." ECF No. 50 (FAC), ¶¶ 20, 39; *see* ECF No. 25 (FACC), ¶ 5, n.1. This district's decision in *Splunk* forecloses Plaintiffs' claim.

In *Splunk Inc. v. Deutsche Telekom AG*, 2021 WL 3140832, at *1 (N.D. Cal. July 26, 2021), defendant German company "sent a cease-and-desist letter to [plaintiff], and filed a civil action in Germany against it, over [plaintiff's] use of its color gradient in the European Union," asserting this violated defendant's claimed trademark rights in the color. *Id*. Plaintiff "was concerned [defendant] would come after it in a United States court for trademark infringement, and filed this case as a preemptive strike for declaratory relief," seeking a declaration that it did not infringe defendant's trademark rights under U.S. law. *Id*. Defendant filed a motion to dismiss for lack of subject matter jurisdiction, "insist[ing] that the letter and civil action involved a purely European dispute brought under EU and German law, and for [plaintiff's] conduct in the EU only," and that the "absence of hostile gestures in the United States means that [plaintiff] has not demonstrated a live dispute sufficient for jurisdiction under the Declaratory Judgment Act." *Id*. The "linchpin of [plaintiff's] jurisdiction theory is in the closing sentence of [defendant's] letter,"

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

which stated that defendant "reserves its right to take legal action against the use of [the trademarked color] by plaintiff]" under U.S. trademark law. *Id*. At the hearing, defendant's counsel represented to the court that there "isn't a plan" to sue plaintiff in the United States. *Id*. at *2. The court held that these facts are a "country mile" from the circumstances typically deemed sufficient to establish declaratory jurisdiction. *Id*. The court held that the "**centerpiece of [plaintiff's] argument is merely a reservation of rights**," and "**[i]n ordinary usage, to reserve a right is to refrain from exercising it**." *Id*. at *3 (emphasis added). The court added that the cease-and-desist letter "did not mention, let alone assert, any particular claims or damages under United States laws," and plaintiff "has not presented evidence of any other threats, implicit or otherwise, made against it by [defendant] with respect to the United States." *Id*. The court concluded that "absence of a reasonable apprehension of liability in the circumstances before the Court forecloses justiciability under" the Declaratory Judgment Act," and "[t]his is enough to dismiss the complaint for lack of jurisdiction." *Id*.

The *Splunk* decision precludes Plaintiffs' argument that Mementum's reservation of rights footnote creates any justiciable controversy as to the 22 characters referenced in that footnote.[4] The *Splunk* decision's holding on this point is consistent with the above-referenced case law holding that general statements—like the ones Plaintiffs are relying on to try create a justiciable controversy—do not confer subject matter jurisdiction on a court unless there is an "affirmative act . . . 'directed specifically at the party seeking declaratory judgment.'" *Oura Health Oy*, 2025 WL 929410, at *3 (quoting *Proofpoint, Inc.*, 2011 WL 4915847, at *3).

Even if this language could create a justiciable controversy, Mementum has amended its Counterclaims twice, has not asserted any affirmative claims relating to these characters, and its deadline to do so in this lawsuit has passed. Plaintiffs cannot at this point legitimately have a "reasonable apprehension" of "sufficient immediacy and reality to warrant" declaratory relief as

---

[4] While Mementum's reservation of rights footnote never created any actual controversy as to the 22 referenced characters, for the avoidance of doubt, Mementum added language to this footnote in its Second Amended Counterclaims—that Mementum "does not intend, and has never intended, to assert" claims relating to these 22 characters (ECF No. 51, p. 4, n.1)—that tracks the representations that the *Splunk* defendant's counsel made to the Court at oral argument, and on which the *Splunk* court relied in part to determine that there was not an actual controversy.

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

to these characters. *See MedImmune*, 549 U.S. at 127; *Beco Dairy Automation*, 104 F. Supp. 3d at 1040; *Citizens Equity*, 65 F.4th at 1023.

*c. Plaintiffs' Allegations Concerning Their Own Commercial Activity, Without More, Do Not Create a Justiciable Controversy*

Plaintiffs have added allegations about the commercial activity that they are purportedly engaging in beyond the Game involving certain of Mementum's characters—including entering into a film development deal, licensing the Game for use on other platforms, and entering into merchandising deals—that they allege fall outside the scope of Mementum's covenant and support the existence of a justiciable controversy as to the 39 characters. ECF No. 50, ¶¶ 30-34.

These are red herring allegations. Missing from them is any claim that Mementum has taken a single affirmative act to assert or raise the prospect of asserting a copyright infringement claim as to Plaintiffs' alleged commercial activity—something required to create the existence of an Article III controversy. *See Oura Health Oy*, 2025 WL 929410, at *3; *Impax Lab'ys, Inc.*, 2008 WL 1767044, at *1-4. The absence of such allegations itself supports that there is no actual controversy to resolve as to these uses.

Plaintiffs cannot manufacture a controversy by unilaterally expanding their own commercial footprint and then pointing to that self-generated exposure as the source of an actual controversy. *See Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 416 (2013) ("[R]espondents cannot manufacture standing merely by inflicting harm on themselves based on their fears of hypothetical future harm that is not certainly impending."). Plaintiffs' allegations that they have launched a merchandise program, entered a film development deal, and pursued additional licensing arrangements involving certain of Mementum's characters are precisely this kind of self-inflicted exposure—conduct Plaintiffs undertook on their own initiative, not conduct Mementum induced or threatened. That Plaintiffs may now feel more exposed as a result of choices they made doesn't transform their speculation about how Mementum might someday react into a live case or controversy.

What Plaintiffs are really alleging is that there *could* be a controversy *if* Mementum asserts claims relating to these uses, and therefore the Court needs to issue advisory opinions pre-

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

determining whether such conduct infringes any copyrights Mementum *might* claim in 39 distinct and separately created characters. This is the type of "hypothetical" controversy that courts should not reach to resolve. *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 157-58 (2014); *see Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 240-41 (1937) (an actual controversy cannot be "hypothetical," "abstract" or "academic"); *Steel Co.*, 523 U.S. at 101 ("Hypothetical jurisdiction produces nothing more than a hypothetical judgment—which comes to the same thing as an advisory opinion, disapproved by this Court from the beginning.").

Nor can Plaintiffs' purported concern about "economic harm" resulting from Mementum's retained intellectual property rights create a justiciable controversy. In *Already*, the Supreme Court held that plaintiff's concerns that defendant's retained intellectual property right would deter investment in plaintiff or "hang over" plaintiff's operations "like a Damoclean sword" did not suffice to support Article III standing after defendant issued a covenant making clear that the challenged conduct could not reasonably be expected to recur. 568 U.S. at 96-97. Similarly, in *Velvet Underground*, the court rejected plaintiff's argument that a justiciable controversy existed because defendant's licensing of the work at issue would inflict "commercial injury" and "material adverse economic effect[s]," holding that declaratory relief is available only where there is a substantial controversy between parties with adverse *legal* interests, and that an "adverse economic interest" is "not a legally cognizable interest sufficient to confer declaratory judgment jurisdiction." 890 F. Supp. 2d at 408-09.

In sum, as set forth above, each of Mementum's alleged acts does not create an actual controversy as to Plaintiffs' declaratory relief copyright claim. Even considered together, these acts do not add up to more than their individually insufficient parts, and do not create a justiciable controversy. *See Beco Dairy Automation*, 104 F. Supp. 3d at 1040 (no controversy where plaintiff had "no basis for believing" it would be subject to "ongoing threats of infringement suits").

### B. <u>The Court Should Strike and/or Dismiss Plaintiffs' Declaratory Relief Claim Mirroring Mementum's Trademark and Unfair Competition Claims</u>

Plaintiffs' Second Claim for Declaratory Relief is really three different claims, one of which concerns 39 distinct and separately created characters, and none of which Plaintiffs alleged

in their original Complaint or proposed FAC. With one exception addressed below, Plaintiffs are asking the Court to declare the inverse of Mementum's Counterclaims—that (1) Mementum does not have trademarks in Tung Tung Sahur under the Lanham Act, and Plaintiffs' use of these marks does not constitute trademark infringement (the inverse of Mementum's First Counterclaim); (2) Plaintiffs' use of the Tung Tung Sahur marks does not constitute unfair competition in violation of the Lanham Act (the inverse of Mementum's Second Counterclaim); and (3) Plaintiffs' claimed use of the Tung Tung Sahur marks does not constitute trademark infringement or unfair competition under California common law (the inverse of Mementum's Third Counterclaim). *See* ECF No. 50, ¶¶ 52-57; Prayer for Relief, ¶ 2. As set forth below, the Court should strike and/or dismiss these claims.

**1. Plaintiffs Did Not Seek Leave to Add the New Claims**

Plaintiffs did not seek leave to add their new declaratory relief claims. In response to Mementum's covenant, Plaintiffs sought leave from the Court to file a proposed FAC expanding its copyright declaratory relief claim to include Plaintiffs' claimed use of 39 characters within and outside the Game. ECF No. 34, 34-2. Nothing in Plaintiffs' Motion for Leave, proposed FAC or other filings gave Mementum or the Court any notice that Plaintiffs intended to add entirely new claims for declaratory relief directed at Mementum's counterclaims. Then, when the Court granted leave, Plaintiffs engaged in a bait and switch—they filed a materially expanded FAC, adding three new claims directed at Mementum's counterclaims that Plaintiffs could've asserted when they filed their proposed FAC. Plaintiffs' bait and switch is at odds with the Court's order and principles underlying leave to amend, and is a basis to strike these claims. *See Housing is a Human Right Orange County v. Cnty. of Orange*, 2019 WL 8012374, at *6 (C.D. Cal. Oct. 28, 2019) (striking allegations not requested in Plaintiffs' motion for leave).

**2. With One Exception, Plaintiffs' New Claims are Mirror Images of Mementum's Counterclaims, not Independent Causes of Action**

With one exception addressed below, Plaintiffs' new claims are also subject to dismissal because they are mirror images of Mementum's Counterclaims. *Compare* ECF No. 51, ¶¶ 27-47 *with* ECF No. 50, ¶¶ 52-57.



GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

Courts may strike from a pleading any "insufficient defense, or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "If a district court, in the sound exercise of its judgment, determines after a complaint is filed that a declaratory judgment will serve no useful purpose, it cannot be incumbent upon that court to proceed to the merits before dismissing the action." *Stickrath v. Globalstar, Inc.*, 2008 WL 2050990, at *7 (N.D. Cal. May 13, 2008) (cleaned up). Such declaratory relief claims that "are a mirror image of the complaint and do not provide an independent case or controversy" are "nonsensical" and should be dismissed. 5 Patry on Copyright § 17:49 (collecting cases); *see Lavco Solutions, Inc. v. Biztracker Sys. of St. John, LLC*, 2020 WL 11648276, at *3 (C.D. Cal. Nov. 4, 2020) (dismissing defendant's counterclaim for non-infringement of plaintiff's trademark where counterclaim "serves no useful purpose and is duplicative of the issues presented in the Complaint," and defendant "adds no issues in its counterclaim that will not be resolved by or survive Plaintiff's claim for trademark infringement"); *Alcon Vision, LLC v. Lens.com, Inc*., 2022 WL 1665453, at *8 (E.D.N.Y. May 25, 2022) (dismissing counterclaim for declaratory judgment of non-infringement because it "mirrors [the trademark owner's] claims under the same laws" and "does not broaden the scope of the dispute"). Courts in this district routinely strike claims that overlap with the relief sought in the original pleading. *See Daily v. Fed. Ins. Co.,* 2005 WL 14734, at *6 (N.D. Cal. Jan. 3, 2005) (striking counterclaims where resolution of plaintiff's claim along with the affirmative defenses asserted by defendants would resolve all questions raised by the counterclaims); *Stickrath,* 2008 WL 2050990, at *7 (striking counterclaim that was "entirely superfluous"); *IT Casino Solutions, LLC v. Transient Path, LLC*, 2022 WL 4913526, at *2 (N.D. Cal. Oct. 3, 2022) (dismissing mirror image declaratory relief claims that served no useful purpose); *Guardant Health, Inc. v. Natera, Inc.*, 580 F. Supp. 3d 691, 713-14 (N.D. Cal. 2022) (same); *Marsh & McLennan Agency, LLC v. Teros Advisors, LLC*, 2021 WL 4846245, at *7 (N.D. Cal. Aug. 11, 2021) (same); *Intel Corp. v. Tela Innovations, Inc.*, 2019 WL 2476620, at *8 (N.D. Cal. June 13, 2019) (same).

Mementum's counterclaims require the Court to resolve whether Mementum owns a "valid or enforceable trademark right" in Tung Tung Sahur's name and image, whether Tung Tung Sahur's name and image "function to identify the source of any goods or services," whether

Plaintiffs' use of the Tung Tung Sahur marks "infringe any trademark right of Mementum," and whether Plaintiffs' use of the Tung Tung Sahur marks "constitute trademark infringement or unfair competition under the common law of the State of California." ECF No. 50, Prayer for Relief, ¶ 2. Mementum's counterclaims will necessarily resolve every issue Plaintiffs' new declaratory relief claims purport to raise. Plaintiffs' mirror image claims are "nonsensical," "superfluous," serve no useful purpose, and should be dismissed.

**3. There is No Actual Controversy to Resolve as to the Only New Claim that is Not a Mirror Image of Mementum's Counterclaims**

Plaintiffs assert one new claim that is not a mirror image of Mementum's Counterclaims, alleging that Mementum's Third Counterclaim asks the Court to determine that Plaintiffs' purported use of 39 characters constitutes trademark infringement or unfair competition under California common law, and therefore that Plaintiffs have a live declaratory relief claim as to the same issues. *See* ECF No. 50, ¶¶ 56-57; Prayer for Relief, ¶ 2. Plaintiffs have concocted this claim by alleging that the boilerplate paragraph at the start of Mementum's Third Counterclaim ("Defendant incorporates the foregoing allegations as if set forth fully herein.") incorporates Mementum's reservation of rights footnote into this claim, and that therefore Mementum is asserting this claim as to the 22 characters referenced in that footnote along with Tung Tung Sahur (because Mementum is asserting trademark infringement and unfair competition claims relating to Tung Tung Sahur under the Lanham Act) and the other 16 characters (for reasons that Plaintiffs fail to specify). ECF No. 50, ¶¶ 39, 56, 58. Plaintiffs go so far as to allege that Mementum's Third Counterclaim encompasses **any** "other Disputed Brainrots" that Mementum **may** "assert[] trademark rights in or claim[] trademark infringement of other" in "its anticipated Second Amended Counterclaims or **any future pleadings**." *Id.*, ¶ 57 (emphasis added).

Plaintiffs' convoluted attempt to create a declaratory relief claim under California common law fails. As set forth above, the reservation of rights footnote contains generic language that does not create a justiciable controversy as to the 22 referenced characters (*Splunk*, 2021 WL 3140832, at *3), and Mementum has not asserted counterclaims concerning any character other than Tung Tung Sahur. Mementum limited its Third Counterclaim to the "trademarks at issue"

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

(ECF No. 51, ¶ 45), and the only trademarks at issue in Mementum's counterclaims are the ones it is claiming in Tung Tung Sahur's name and image under the Lanham Act.

Plaintiffs' attempt to allege otherwise is at odds with the two motions to dismiss they previously have filed in this case. In each of those motions, Plaintiffs sought to dismiss the entirety of Mementum's counterclaims, and in each of those motions, Plaintiffs argued that those counterclaims exclusively concerned Mementum's claimed trademarks in Tung Tung Sahur, and not any other characters. *See* ECF No. 22, 13:17-14:2 (arguing that "Mementum's three counterclaims rise or fall together," and these counterclaims fail because Mementum has not properly alleged trademark claims concerning Tung Tung Sahur), ECF No. 33, 13:27-14:12 (same). It is disingenuous for Plaintiffs to now allege otherwise.

The Court should therefore dismiss this new claim for lack of subject matter jurisdiction.[5]

## V. CONCLUSION

For the foregoing reasons, Mementum requests that the Court grant this motion and dismiss Plaintiffs' First Cause of Action in its entirety for lack of subject matter jurisdiction under Rule 12(b)(1), and strike and/or dismiss Plaintiffs' Second Cause of Action in its entirety as procedurally improper and/or wholly duplicative of Mementum's counterclaims under Rule 12(f), and/or for lack of subject matter jurisdiction under Rule 12(b)(1).

DATED: August 19, 2026

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP

By: [signature]
STEVEN A. STEIN (SBN 287401)
Attorneys for Defendant and Counterclaimant MEMENTUM LAB SAS

[5] If, as Plaintiffs incorrectly allege, Mementum has put any of these characters at issue in its Third Counterclaim, then Plaintiffs' declaratory relief claim should be dismissed because it is a mirror image claim. *See Stickrath,* 2008 WL 2050990, at *7.