# EXHIBIT 1

EXHIBIT 1

# JOINT CHART RE: DOCUMENTS AND TESTIMONY OF NON-PARTY LICENSORS

*Spyder Games LLC, et al. v. Mementum Lab SAS*, No. 5:25-cv-10248-NW (SVK)

Request numbers follow Mementum's August 19, 2026 Amended Responses to Plaintiffs' Requests for Production, Set One, which numbered the requests sequentially. "Licensors" has the meaning given in the Joint Statement.

| **Discovery Request(s)** | **Objecting Party's Response or Objection (Mementum's Amended Responses, Aug. 19, 2026)** | **Requesting Party's Proposed Compromise (Plaintiffs)** | **Objecting Party's Proposed Compromise (Mementum)** | **For the Court's Use** |
|---|---|---|---|---|
| **Documents held by the Licensors (RFP Nos. 9, 10–24, 46, 49, 50, 52, 55, 61, 78)** | | | | |
| **RFP No. 9:** All agreements, instruments or other documents evidencing or relating to each assignment, license, transfer, or other conveyance of rights in any of the Brainrots, whether to You or to any other Person in the chain of title, including the specific rights conveyed, the date of conveyance, and the identity of the transferor and transferee. | Defendant objects to this Request to the extent it seeks documents protected by the attorney-client privilege or the attorney work-product doctrine. Defendant further objects to this Request to the extent it seeks confidential, proprietary, or trade secret information of Defendant or of third parties. Defendant further objects to this Request to the extent it seeks confidential or commercially sensitive information of third parties that Defendant is contractually or legally obligated to protect. Defendant further objects to this Request as overbroad and unduly burdensome in that it seeks documents relating to "any other Person," which encompasses third parties whose documents are not within Defendant's possession, custody, or control.<br><br>Subject to and without waiving the foregoing objections, Defendant will produce responsive, non-privileged documents within its possession, custody, or control, located after a reasonable and diligent search, if any such documents exist. | Plaintiffs met and conferred with Mementum regarding each of these Requests as to the specific issue raised by this Motion, namely, Mementum's position that it does not have possession, custody, or control over its Licensors' documents. Mementum must amend its responses to withdraw its objection that documents held by its licensors are not within its "possession, custody, or control."<br><br>Plaintiffs further propose that Mementum will make a written demand on each Licensor in the form and manner identified in the Proposed Order.<br><br>Mementum will file a declaration describing its demands and each Licensor's response by November 12, 2026.<br><br>Mementum will produce each Licensor's documents by December 14, 2026, and will make each Licensor | Plaintiffs met and conferred with Mementum about some of the requests included in this chart, but didn't meet and confer with Mementum as to its responses to RFP Nos. 9, 11, 14, 15, 22, 23, 49, 50, 55, 61, 78. As to the issue of whether Mementum has control under Rule 34 over the creators of the characters assertedly at issue, Mementum's proposed compromise is as follows: Mementum will continue to follow up with the creators on its request that they provide documents, produce any responsive documents they provide, and if Mementum relies on materials that a creator provides that aren't timely produced, Plaintiffs can seek their exclusion. Plaintiffs did not raise the issue of Mementum making a more formal | |
| **RFP No. 10:** All prompts, textual inputs, instructions, or other commands provided to any AI Tool in connection with the creation, development, or ideation of any of the Brainrots, including screenshots or exports of chat sessions, conversation histories or other interfaces with any AI Tool. | Defendant objects to this Request to the extent it seeks documents protected by the attorney-client privilege or the attorney work-product doctrine. Defendant further objects to this Request to the extent it seeks documents not within Defendant's possession, custody, or control, including documents in the possession of third parties. Fed. R. Civ. P. 34(a)(1). Defendant further objects to this Request on the grounds that the Court lacks subject matter jurisdiction over Plaintiffs' Complaint. | | | |

| **Discovery Request(s)** | **Objecting Party's Response or Objection (Mementum's Amended Responses, Aug. 19, 2026)** | **Requesting Party's Proposed Compromise (Plaintiffs)** | **Objecting Party's Proposed Compromise (Mementum)** | **For the Court's Use** |
|---|---|---|---|---|
| | Defendant further objects to the Request on the grounds that it is vague and ambiguous as to the phrase "creation, development, or ideation." Defendant further objects to the Request on the grounds that it is vague and ambiguous and overbroad, including in that it is unclear whether the Request is seeking materials relating to the creation of the Brainrots or materials that go beyond that, and the Request is not limited as to time.<br>Subject to and without waiving the foregoing objections, Defendant is willing to meet and confer with Plaintiffs regarding the scope of this Request and whether any portion seeks documents within the scope of discovery in this action. | available for remote deposition at a mutually agreed time no later than February 26, 2027.<br>If a Licensor's documents are not produced in full, or the Licensor does not sit for deposition, by those dates, Mementum may not offer that Licensor's testimony, declarations, or any documents obtained from that Licensor, on summary judgment or at trial. | demand that the creators provide documents until this joint statement, and Mementum believes its request to the creators was appropriate, but it has no issue with making a more formal demand if the Court believes doing so is appropriate. Mementum will reasonably cooperate with Plaintiffs' efforts to seek responsive documents from these creators through international discovery mechanisms. | |
| **RFP No. 11:** The "original prompt from Noxa" referenced in Your April 3, 2026 tweet sent from the @mementumlab Twitter/X account, screenshotted below: [screenshot] | Defendant objects to this Request to the extent it seeks documents protected by the attorney-client privilege or the attorney work-product doctrine. Defendant further objects to this Request as vague and ambiguous as to the specific document referenced. Defendant further objects to this Request on the grounds that the Court lacks subject matter jurisdiction over Plaintiffs' Complaint.<br>Subject to and without waiving the foregoing objections, Defendant will produce responsive, non-privileged documents within its possession, custody, or control, located after a reasonable and diligent search, if any such documents exist. | | | |
| **RFP No. 12:** All outputs generated by any AI Tool in connection with the creation, development, or ideation of any of the Brainrots, including all interim outputs, draft images, and iterative versions. | Defendant objects to this Request to the extent it seeks documents protected by the attorney-client privilege or the attorney work-product doctrine. Defendant further objects to this Request to the extent it seeks documents not within Defendant's possession, custody, or control, including documents in the possession of third parties. Defendant further objects to this Request as overbroad, unduly burdensome and not proportional | | | |

| Discovery Request(s) | Objecting Party's Response or Objection (Mementum's Amended Responses, Aug. 19, 2026) | Requesting Party's Proposed Compromise (Plaintiffs) | Objecting Party's Proposed Compromise (Mementum) | For the Court's Use |
|---|---|---|---|---|
| | to the needs of the case as it seeks "all" interim outputs and iterative versions. Defendant further objects to this Request on the grounds that the Court lacks subject matter jurisdiction over Plaintiffs' Complaint. Defendant further objects to the Request on the grounds that it is vague and ambiguous as to the phrase "creation, development, or ideation." Defendant further objects to the Request on the grounds that it is vague and ambiguous and overbroad, including in that it is unclear whether the Request is seeking materials relating to the creation of the Brainrots or materials that go beyond that, and the Request is not limited as to time.<br>Subject to and without waiving the foregoing objections, Defendant is willing to meet and confer with Plaintiffs regarding the scope of this Request and whether any portion seeks documents within the scope of discovery in this action. | | | |
| **RFP No. 13:** All reference materials, source images, mood boards, or concept art used as inputs to, or in connection with, the creation of any of the Brainrots. | Defendant objects to this Request to the extent it seeks documents protected by the attorney-client privilege or the attorney work-product doctrine. Defendant further objects to this Request to the extent it seeks documents not within Defendant's possession, custody, or control, including documents in the possession of third parties. Fed. R. Civ. P. 34(a)(1). Defendant further objects to this Request as overbroad and not proportional to the needs of the case to the extent it seeks "all" reference materials regardless of their relevance to the claims and defenses at issue. Defendant further objects to this Request as vague and ambiguous as to the phrase "reference materials, source images, mood boards, or concept art." Defendant further objects to this Request on the grounds that the Court lacks subject matter jurisdiction over Plaintiffs' Complaint. | | | |

| Discovery Request(s) | Objecting Party's Response or Objection (Mementum's Amended Responses, Aug. 19, 2026) | Requesting Party's Proposed Compromise (Plaintiffs) | Objecting Party's Proposed Compromise (Mementum) | For the Court's Use |
|---|---|---|---|---|
| | Subject to and without waiving the foregoing objections, Defendant is willing to meet and confer with Plaintiffs regarding the scope of this Request and whether any portion seeks documents within the scope of discovery in this action. | | | |
| **RFP No. 14:** Metadata or documents sufficient to show the date and time of each input to, and output from, any AI Tool used in the creation of each of the Brainrots, including session logs, chat histories, or API logs. | Defendant objects to this Request to the extent it seeks documents protected by the attorney-client privilege or the attorney work-product doctrine. Defendant further objects to this Request to the extent it seeks documents not within Defendant's possession, custody, or control, including documents in the possession of third parties. Fed. R. Civ. P. 34(a)(1). Defendant objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it requires collection of voluminous documents whose relevance is outweighed by the burden of production. Fed. R. Civ. P. 26(b)(1). Defendant further objects to this Request as overbroad in seeking metadata for "each input to, and output from" any AI tool, which may encompass voluminous data whose production would be unduly burdensome. Defendant further objects to this Request on the grounds that the Court lacks subject matter jurisdiction over Plaintiffs' Complaint.<br><br>Subject to and without waiving the foregoing objections, Defendant will produce responsive, non-privileged documents within its possession, custody, or control, located after a reasonable and diligent search, if any such documents exist. | | | |
| **RFP No. 15:** Documents sufficient to identify each AI Tool used in the creation of each of the Brainrots, including the name, version, and specific model or service used. | Defendant objects to this Request to the extent it seeks documents protected by the attorney-client privilege or the attorney work-product doctrine. Defendant further objects to this Request to the extent it seeks documents not within Defendant's possession, custody, or control, including documents in the possession of third parties. Fed. R. | | | |

| Discovery Request(s) | Objecting Party's Response or Objection (Mementum's Amended Responses, Aug. 19, 2026) | Requesting Party's Proposed Compromise (Plaintiffs) | Objecting Party's Proposed Compromise (Mementum) | For the Court's Use |
|---|---|---|---|---|
| | Civ. P. 34(a)(1). Defendant further objects to this Request on the grounds that the Court lacks subject matter jurisdiction over Plaintiffs' Complaint.<br><br>Subject to and without waiving the foregoing objections, Defendant will produce responsive, non-privileged documents within its possession, custody, or control, located after a reasonable and diligent search, if any such documents exist. | | | |
| **RFP No. 16:** Documents sufficient to identify each non-AI software tool or application used in the creation, editing, or modification of any of the Brainrots, including image-editing software and digital design tools. | Defendant objects to this Request to the extent it seeks documents protected by the attorney-client privilege or the attorney work-product doctrine. Defendant further objects to this Request to the extent it seeks documents not within Defendant's possession, custody, or control, including documents in the possession of third parties. Fed. R. Civ. P. 34(a)(1). Defendant further objects to this Request on the grounds that the Court lacks subject matter jurisdiction over Plaintiffs' Complaint. Defendant further objects to the Request on the grounds that it is vague and ambiguous and overbroad, including in that it is unclear whether the Request is seeking materials relating to the creation of the Brainrots or materials that go beyond that, and the Request is not limited as to time.<br><br>Subject to and without waiving the foregoing objections, Defendant is willing to meet and confer with Plaintiffs regarding the scope of this Request and whether any portion seeks documents within the scope of discovery in this action. | | | |
| **RFP No. 17:** All human-created artwork, sketches, drawings, or designs created by Noxa relating to any of the Brainrots, whether or not subsequently used as inputs to an AI Tool. | Defendant objects to this Request to the extent it seeks documents protected by the attorney-client privilege or the attorney work-product doctrine. Defendant further objects to this Request to the extent it seeks documents not within Defendant's possession, custody, or control, including documents in the possession of third parties. Fed. R. | | | |

| **Discovery Request(s)** | **Objecting Party's Response or Objection (Mementum's Amended Responses, Aug. 19, 2026)** | **Requesting Party's Proposed Compromise (Plaintiffs)** | **Objecting Party's Proposed Compromise (Mementum)** | **For the Court's Use** |
|---|---|---|---|---|
| | Civ. P. 34(a)(1). Defendant further objects to this Request as overbroad in seeking "all" artwork regardless of whether they were subsequently used as inputs to an AI Tool. Defendant further objects to this Request as vague and ambiguous as to the phrase "human-created." Defendant further objects to this Request on the grounds that the Court lacks subject matter jurisdiction over Plaintiffs' Complaint. Defendant further objects to the Request on the grounds that it is vague and ambiguous and overbroad, including in that it is unclear whether the Request is seeking materials relating to the creation of the Brainrots or materials that go beyond that, and the Request is not limited as to time. Defendant further objects that Noxa is not alleged to be, and is not, the creator of many of the defined "Brainrots."<br><br>Subject to and without waiving the foregoing objections, Defendant is willing to meet and confer with Plaintiffs regarding the scope of this Request and whether any portion seeks documents within the scope of discovery in this action. | | | |
| **RFP No. 18:** All human-created artwork, sketches, drawings, or designs created by Breno relating to any of the Brainrots, whether or not subsequently used as inputs to an AI Tool. | Defendant objects to this Request to the extent it seeks documents protected by the attorney-client privilege or the attorney work-product doctrine. Defendant further objects to this Request to the extent it seeks documents not within Defendant's possession, custody, or control, including documents in the possession of third parties. Fed. R. Civ. P. 34(a)(1). Defendant further objects to this Request as overbroad in seeking "all" artwork regardless of whether they were subsequently used as inputs to an AI Tool. Defendant further objects to this Request as vague and ambiguous as to the phrase "human-created." Defendant further objects to this Request on the grounds that the Court lacks subject matter jurisdiction over Plaintiffs' Complaint. Defendant further objects to the Request on the grounds that it is vague and ambiguous and | | | |

| Discovery Request(s) | Objecting Party's Response or Objection (Mementum's Amended Responses, Aug. 19, 2026) | Requesting Party's Proposed Compromise (Plaintiffs) | Objecting Party's Proposed Compromise (Mementum) | For the Court's Use |
|---|---|---|---|---|
| | overbroad, including in that it is unclear whether the Request is seeking materials relating to the creation of the Brainrots or materials that go beyond that, and the Request is not limited as to time. Defendant further objects that Breno is not alleged to be, and is not, the creator of many of the defined "Brainrots."<br><br>Subject to and without waiving the foregoing objections, Defendant is willing to meet and confer with Plaintiffs regarding the scope of this Request and whether any portion seeks documents within the scope of discovery in this action. | | | |
| **RFP No. 19:** All documents reflecting or evidencing any editing, manipulation, selection, arrangement, or other human creative decision-making by Noxa in connection with the Brainrots, at any stage of the creation process, whether before, during, or after the use of any AI Tool, including, without limitation, any modifications to AI-generated outputs. | Defendant objects to this Request to the extent it seeks documents protected by the attorney-client privilege or the attorney work-product doctrine. Defendant further objects to this Request to the extent it seeks documents not within Defendant's possession, custody, or control, including documents in the possession of third parties. Fed. R. Civ. P. 34(a)(1). Defendant further objects to this Request as overbroad in seeking "all" documents related to any decision-making by Noxa without any limitation as to time. Defendant further objects to this Request as vague and ambiguous as to the phrases "human-creative" and "creation process." Defendant further objects to this Request on the grounds that the Court lacks subject matter jurisdiction over Plaintiffs' Complaint. Defendant further objects that Noxa is not alleged to be, and is not, the creator of many of the defined "Brainrots." Defendant further objects to the Request on the grounds that it's vague and ambiguous and overbroad, including in that it is unclear whether the Request is seeking materials relating to the creation of the Brainrots or materials that go beyond that, and the Request is not limited as to time.<br><br>Subject to and without waiving the foregoing objections, Defendant is willing to meet and confer | | | |

| Discovery Request(s) | Objecting Party's Response or Objection (Mementum's Amended Responses, Aug. 19, 2026) | Requesting Party's Proposed Compromise (Plaintiffs) | Objecting Party's Proposed Compromise (Mementum) | For the Court's Use |
|---|---|---|---|---|
| | with Plaintiffs regarding the scope of this Request and whether any portion seeks documents within the scope of discovery in this action. | | | |
| **RFP No. 20:** All documents reflecting or evidencing any editing, manipulation, selection, arrangement, or other human creative decision-making by Breno in connection with the Brainrots, at any stage of the creation process, whether before, during, or after the use of any AI Tool, including, without limitation, any modifications to AI-generated outputs. | Defendant objects to this Request to the extent it seeks documents protected by the attorney-client privilege or the attorney work-product doctrine. Defendant further objects to this Request to the extent it seeks documents not within Defendant's possession, custody, or control, including documents in the possession of third parties. Fed. R. Civ. P. 34(a)(1). Defendant further objects to this Request as overbroad in seeking "all" documents related to any decision-making by Noxa without any limitation as to time. Defendant further objects to this Request as vague and ambiguous as to the phrase "human-creative" and "creation process." Defendant further objects to this Request on the grounds that the Court lacks subject matter jurisdiction over Plaintiffs' Complaint. Defendant further objects that Breno is not alleged to be, and is not, the creator of many of the defined "Brainrots." Defendant further objects to the Request on the grounds that it's vague and ambiguous and overbroad, including in that it is unclear whether the Request is seeking materials relating to the creation of the Brainrots or materials that go beyond that, and the Request is not limited as to time.<br><br>Subject to and without waiving the foregoing objections, Defendant is willing to meet and confer with Plaintiffs regarding the scope of this Request and whether any portion seeks documents within the scope of discovery in this action. | | | |
| **RFP No. 21:** All documents reflecting or evidencing any editing, manipulation, selection, arrangement, or other human creative decision-making by any | Defendant objects to this Request to the extent it seeks documents protected by the attorney-client privilege or the attorney work-product doctrine. Defendant further objects to this Request to the extent it seeks documents not within Defendant's | | | |

| **Discovery Request(s)** | **Objecting Party's Response or Objection (Mementum's Amended Responses, Aug. 19, 2026)** | **Requesting Party's Proposed Compromise (Plaintiffs)** | **Objecting Party's Proposed Compromise (Mementum)** | **For the Court's Use** |
|---|---|---|---|---|
| Person other than Noxa or Breno in connection with the Brainrots, at any stage of the creation process, whether before, during, or after the use of any AI Tool, including, without limitation, any modifications to AI-generated outputs. | possession, custody, or control, including documents in the possession of third parties. Fed. R. Civ. P. 34(a)(1). Defendant further objects to this Request as overbroad in seeking "all" documents related to any decision-making by Noxa without any limitation as to time. Defendant further objects to this Request as vague and ambiguous as to the phrase "human-creative" and "creation process." Defendant further objects to this Request on the grounds that the Court lacks subject matter jurisdiction over Plaintiffs' Complaint. Defendant further objects to the Request on the grounds that it's vague and ambiguous and overbroad, including in that it is unclear whether the Request is seeking materials relating to the creation of the Brainrots or materials that go beyond that, and the Request is not limited as to time.<br><br>Subject to and without waiving the foregoing objections, Defendant is willing to meet and confer with Plaintiffs regarding the scope of this Request and whether any portion seeks documents within the scope of discovery in this action. | | | |
| **RFP No. 22:** All Communications between Noxa and any person relating to the creation, development, or design of any of the Brainrots. | Defendant objects to this Request to the extent it seeks documents protected by the attorney-client privilege or the attorney work-product doctrine. Defendant further objects to this Request to the extent it seeks documents not within Defendant's possession, custody, or control, including documents in the possession of third parties. Fed. R. Civ. P. 34(a)(1). Defendant further objects to this Request as overbroad, unduly burdensome, in seeking all communications between Noxa and "any person," which potentially encompasses an unlimited universe of private communications not within Defendant's control. Defendant further objects to this Request on the grounds that the Court lacks subject matter jurisdiction over Plaintiffs' Complaint. Defendant further objects that Noxa is | | | |

| Discovery Request(s) | Objecting Party's Response or Objection (Mementum's Amended Responses, Aug. 19, 2026) | Requesting Party's Proposed Compromise (Plaintiffs) | Objecting Party's Proposed Compromise (Mementum) | For the Court's Use |
|---|---|---|---|---|
| | not alleged to be, and is not, the creator of many of the defined "Brainrots."<br><br>Subject to and without waiving the foregoing objections, Defendant will produce non-privileged communications in its possession, custody, or control, located after a reasonable and diligent search, responsive to this Request if any such communications exist. | | | |
| **RFP No. 23:** All Communications between Breno and any person relating to the creation, development, or design of any of the Brainrots. | Defendant objects to this Request to the extent it seeks documents protected by the attorney-client privilege or the attorney work-product doctrine. Defendant further objects to this Request to the extent it seeks documents not within Defendant's possession, custody, or control, including documents in the possession of third parties. Fed. R. Civ. P. 34(a)(1). Defendant further objects to this Request as overbroad, unduly burdensome, in seeking all communications between Breno and "any person," which potentially encompasses an unlimited universe of private communications not within Defendant's control. Defendant further objects to this Request on the grounds that the Court lacks subject matter jurisdiction over Plaintiffs' Complaint. Defendant further objects that Breno is not alleged to be, and is not, the creator of many of the defined "Brainrots."<br><br>Subject to and without waiving the foregoing objections, Defendant will produce non-privileged communications in its possession, custody, or control, located after a reasonable and diligent search, responsive to this Request if any such communications exist. | | | |
| **RFP No. 24:** All account records, subscription records, or usage records from any AI Tool provider for any account used by Noxa or | Defendant objects to this Request to the extent it seeks documents protected by the attorney-client privilege or the attorney work-product doctrine. Defendant further objects to this Request to the | | | |

| Discovery Request(s) | Objecting Party's Response or Objection (Mementum's Amended Responses, Aug. 19, 2026) | Requesting Party's Proposed Compromise (Plaintiffs) | Objecting Party's Proposed Compromise (Mementum) | For the Court's Use |
|---|---|---|---|---|
| Breno in connection with the creation of any of the Brainrots. | extent it seeks documents not within Defendant's possession, custody, or control, including documents in the possession of third parties. Fed. R. Civ. P. 34(a)(1). Defendant further objects to this Request to the extent it seeks confidential, proprietary, or trade secret information of Defendant or of third parties. Defendant further objects to this Request on the grounds that it calls for documents beyond the scope of permissible discovery that are not relevant to the subject matter or likely to lead to discovery of admissible evidence. Defendant further objects to this Request on the grounds that the Court lacks subject matter jurisdiction over Plaintiffs' Complaint. Defendant further objects to this Request on the grounds that it is compound. Defendant further objects to this Request on the grounds that it is overbroad in that it is not limited as to subject matter.<br><br>Subject to and without waiving the foregoing objections, Defendant is willing to meet and confer with Plaintiffs regarding the scope of this Request and whether any portion seeks documents within the scope of discovery in this action. | | | |
| **RFP No. 46:** All Documents relating to any social media content posted by Noxa or Breno featuring any of the Brainrots, including video files, captions, analytics data, and viewer engagement records. | Defendant objects to this Request on the grounds that it calls for documents beyond the scope of permissible discovery that are not relevant to the subject matter or likely to lead to discovery of admissible evidence. Defendant objects to this Request as overbroad in seeking notices sent to "any social media content" regardless of their relevance to the claims and defenses in this action. Defendant further objects to this Request to the extent that it seeks documents equally available to Plaintiffs, including because Noxa and Breno are third parties and their social media content is publicly available.<br><br>Subject to and without waiving the foregoing objections, Defendant is willing to meet and confer | | | |

| Discovery Request(s) | Objecting Party's Response or Objection (Mementum's Amended Responses, Aug. 19, 2026) | Requesting Party's Proposed Compromise (Plaintiffs) | Objecting Party's Proposed Compromise (Mementum) | For the Court's Use |
|---|---|---|---|---|
| | with Plaintiffs regarding the scope of this Request and whether any portion seeks documents within the scope of discovery in this action. | | | |
| **RFP No. 49:** All terms of service, license agreements, end-user agreements, or other contractual terms governing Your, Noxa's, or Breno's use of any AI Tool used in connection with the creation of any of the Brainrots, including any provisions relating to ownership, licensing, or commercial use of AI-generated outputs. | Defendant objects to this Request on the grounds that it calls for documents beyond the scope of permissible discovery that are not relevant to the subject matter or likely to lead to discovery of admissible evidence. Defendant objects to this Request as overbroad in seeking notices sent to "all terms of service, license agreements, end-user agreements, or other contractual terms" regardless of their relevance to the claims and defenses in this action. Defendant further objects to this Request to the extent that it seeks documents equally available to Plaintiffs.<br><br>Subject to and without waiving the foregoing objections, Defendant will produce responsive, non-privileged documents within its possession, custody, or control, located after a reasonable and diligent search. | | | |
| **RFP No. 50:** All Communications between You, Noxa, or Breno and any AI Tool provider relating to ownership, licensing, or rights to any AI-generated output used in connection with the Brainrots. | Defendant objects to this Request to the extent it seeks documents protected by the attorney-client privilege or the attorney work-product doctrine. Defendant further objects to this Request to the extent it seeks documents not within Defendant's possession, custody, or control, including documents in the possession of third parties. Fed. R. Civ. P. 34(a)(1). Defendant further objects to this Request on the grounds that it is compound.<br><br>Subject to and without waiving the foregoing objections, after a reasonable and diligent inquiry, Defendant is unable to comply with this Request as no responsive documents ever existed. | | | |
| **RFP No. 52:** Documents sufficient to show the first date of publication, | Defendant objects to this Request to the extent it seeks documents protected by the attorney-client | | | |

| **Discovery Request(s)** | **Objecting Party's Response or Objection (Mementum's Amended Responses, Aug. 19, 2026)** | **Requesting Party's Proposed Compromise (Plaintiffs)** | **Objecting Party's Proposed Compromise (Mementum)** | **For the Court's Use** |
|---|---|---|---|---|
| public posting, or other public dissemination of each of the Brainrots, including the platform on which it was first published and the account from which it was posted. | privilege or the attorney work-product doctrine. Defendant further objects to this Request to the extent it seeks documents that are equally available to Plaintiffs through publicly available sources or their own files as first publication dates and platform information for publicly posted Brainrot content are generally ascertainable from publicly available social media records. Defendant further objects to this Request to the extent it seeks documents not within Defendant's possession, custody, or control, including documents in the possession of third parties. Fed. R. Civ. P. 34(a)(1). Defendant further objects to this Request as unduly burdensome, and not proportional to the needs of the case to the extent it requires collection of voluminous documents whose relevance is outweighed by the burden of production. Fed. R. Civ. P. 26(b)(1).<br><br>Subject to and without waiving the foregoing objections, Defendant is willing to meet and confer with Plaintiffs regarding the scope of this Request and whether any portion seeks documents within the scope of discovery in this action. | | | |
| **RFP No. 55:** Documents sufficient to show the first date of use in United States commerce of the Tung Tung Sahur Mark, including the first use of Tung Tung Sahur's name and image as a source identifier on or in connection with any goods or services, with supporting documentation such as dated screenshots, advertisements, product packaging, or in-game depictions, and including any use by any licensee or third party that | Defendant objects to this Request to the extent it seeks documents protected by the attorney-client privilege or the attorney work-product doctrine. Defendant further objects to this Request to the extent it seeks documents not within Defendant's possession, custody, or control, including documents in the possession of third parties. Fed. R. Civ. P. 34(a)(1).<br><br>Subject to and without waiving the foregoing objections, Defendant will produce responsive, non-privileged documents within its possession, custody, or control, located after a reasonable and diligent search. | | | |

| **Discovery Request(s)** | **Objecting Party's Response or Objection (Mementum's Amended Responses, Aug. 19, 2026)** | **Requesting Party's Proposed Compromise (Plaintiffs)** | **Objecting Party's Proposed Compromise (Mementum)** | **For the Court's Use** |
|---|---|---|---|---|
| occurred prior to the execution of a license agreement with You. | | | | |
| **RFP No. 61:** All Documents relating to the selection, adoption, or creation of the name "Tung Tung Sahur," including the meaning or derivation of the name, and any Documents reflecting the decision to use the name as a trademark or source identifier. | Defendant objects to this Request to the extent it seeks documents protected by the attorney-client privilege or the attorney work-product doctrine. Defendant further objects to this Request to the extent it seeks documents not within Defendant's possession, custody, or control, including documents in the possession of third parties. Fed. R. Civ. P. 34(a)(1).<br><br>Subject to and without waiving the foregoing objections, Defendant will produce responsive, non-privileged documents within its possession, custody, or control, located after a reasonable and diligent search, if any such documents exist. | | | |
| **RFP No. 78:** All Documents relating to the creation of the Tung Tung Sahur video first published on TikTok, including all versions and drafts of the video, voiceover recordings, music tracks, and video editing timeline or project files. | Defendant objects to this Request to the extent it seeks documents protected by the attorney-client privilege or the attorney work-product doctrine. Defendant further objects to this Request to the extent it seeks documents not within Defendant's possession, custody, or control, including documents in the possession of third parties. Fed. R. Civ. P. 34(a)(1). Defendant further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it requires collection of voluminous documents whose relevance is outweighed by the burden of production. Fed. R. Civ. P. 26(b)(1). Defendant further objects to this Request as overbroad in seeking "all versions and drafts" of the video and associated production files, which may be voluminous.<br><br>Subject to and without waiving the foregoing objections, after a reasonable and diligent inquiry, Defendant will produce non-privileged documents in its possession, custody, or control, located after a | | | |

| Discovery Request(s) | Objecting Party's Response or Objection (Mementum's Amended Responses, Aug. 19, 2026) | Requesting Party's Proposed Compromise (Plaintiffs) | Objecting Party's Proposed Compromise (Mementum) | For the Court's Use |
|---|---|---|---|---|
| | reasonable and diligent search, responsive to this Request if any such documents exist. | | | |