United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SPYDER GAMES LLC, et al.,

Plaintiffs,

v.

MEMENTUM LAB,

Defendant.

Case No. 25-cv-10248-NW (SVK)

**ORDER RE DISCOVERY DISPUTE AT DKT. 62**

Re: Dkt. No. 62

Before the Court is the Parties' Joint Submission in which Plaintiffs seek to compel Defendant Mementum to produce documents from Mementum's third-party licensors ("Licensors") and to make the Licensors available for deposition. Plaintiffs also ask for an exclusion order if the documents and witnesses are relied upon by Mementum but not produced. The Court has carefully considered the Parties' arguments, a copy of the agreement between Mementum and its Licensors requested by the Court (Dkt. 64-1; "Agreement"), and the relevant law. The Court determines that these issues may be decided without oral argument. Civ. L.R. 7-1(b).

**Production of Documents**

Both sides rely on the leading Ninth Circuit authority, *In re Citric Acid Litig.*, 191 F.3d 1090, 1107 (9th Cir. 1999) ("*Citric Acid*"), as to whether Mementum has "control" over responsive Licensor documents such that it may be compelled to produce those documents pursuant to Federal Rule of Civil Procedure 34.[1] Dkt. 62 at 4, 8.[2] "Control is defined as the legal

[1] "Rule" refers to the Federal Rules of Civil Procedure unless otherwise stated.

[2] This Court previously ruled that the Federal Rules of Civil Procedure govern discovery in this action. Dkt. 49. Although Mementum states that the Agreement is governed by French law, it does not argue that the Federal Rules of Civil Procedure do not apply to this dispute nor does it cite to any contra French authority. Dkt. 62 at 7, 9.

right to obtain documents upon demand." *Citric Acid*, 191 F.3d at1107 (citations omitted). The determinative factor undermining control in *Citric Acid* is the absence of an express right to obtain documents from the third party. *Id*. Pursuant to the guidance of *Citric Acid*, "[t]he cases are fairly uniform that a contractual obligation to provide documents is dispositive of the issue of control." *In re Social Media Adolescent Addiction/Personal Injury Products Liability Litigation*, No. 22-md-03047-YGR (PHK), 2024 WL 4125618, at *3 (N.D. Cal. Sep. 6, 2024).

The Agreement between Mementum and its Licensors provides the requisite express contractual obligation for the Licensors to cooperate in litigation, including providing responsive documents where Mementum is engaged in enforcement litigation. More specifically:

- **Article 14.1 Enforcement Litigation** authorizes Mementum to "take judicial or extra-judicial action to defend or enhance the Works (infringement, unfair competition, parasitism);" and that "The Author **shall** cooperate (evidence, declarations, approvals).
- **Article 8 Author Obligations** provides that, "The Author **shall** . . .(iii) cooperate in good faith in promotion and enforcement." *See* Dkt. 62 at 4; Dkt. 64-1 (emphasis supplied).[3]

Simply put, if Mementum demands documents in an enforcement action, the Licensor must turn them over. If a Licensor fails to do what the Agreement says it "shall" do, it is subject to legal ramifications – a suit for breach of contract. Because Mementum has a legal right to obtain responsive documents from the Licensors, it must produce responsive Licensor documents to Plaintiffs. Plaintiffs' request is **GRANTED** and the documents are to be produced no later than **November 30, 2026**. The Parties may agree to extend this deadline without leave of Court.

**Licensors' Depositions**

Unlike for the production of documents, "control" does not determine a party's obligation to produce a person for deposition. *Ethypharm S.A. France v. Abbott Laboratories,* 271 F.R.D. 82, 90-92 (D. Del. 2010). Where the party to be deposed is an entity, the entity's obligation is to designate an officer, director, managing agent, or other designee to testify on its behalf. Rule 30(b)(6). The Agreement maintains that the Licensors are independent contractors, and there is

[3] The Court's order directing Mementum to file a copy of the Agreement permitted Mementum to file the Agreement under seal. Dkt. 63. Accordingly, the motion to seal at Dkt. 64 is **GRANTED**. However, the quoted language from the Agreement appears in the public record in the Joint Submission. Dkt. 62 at 4. Accordingly, this Order is not issued under seal.

nothing in record to suggest that they fall within the gambit of Rule 30(b)(6). Accordingly, Plaintiffs' request to compel depositions of the Licensors is **DENIED WITHOUT PREJUDICE** to renewal should facts, such as the inability to secure a Licensor's testimony through international process or Mementum's use of a Licensor's testimony, warrant.

**Exclusion Order**

Plaintiffs seek an order anticipating Defendant's reliance on Licensors' documents or testimony without Plaintiffs having access to same. Plaintiffs' request is premature and **DENIED WITHOUT PREJUDICE** to renewal should additional facts warrant.

**SO ORDERED.**

Dated: October 28, 2026

SUSAN VAN KEULEN
United States Magistrate Judge